IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                                 Civil Action No. 5:05CV202
                                                             (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation
and JOHN DOES,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT PEIRCE, RAIMOND & COULTER, P.C.'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I.   Background

On December 22, 2005, the plaintiff, CSX Transportation, Inc. ("CSX"), filed a complaint against the defendants, Robert Gilkison and Peirce, Raimond & Coulter, P.C. ("the Peirce Firm"), pursuant to 28 U.S.C. §1332, based on the diversity of citizenship of the parties. On November 28, 2006, the Peirce Firm filed a motion to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). CSX responded in opposition and the Peirce Firm replied. This Court has reviewed the parties' memoranda and the applicable law and finds that jurisdiction is proper and the motion should be denied.

II. Facts

In its complaint, CSX asserts various causes of action arising out of occupational asbestosis screenings conducted by the Peirce Firm in the course of the firm's practice of representing asbestosis claimants. CSX contends that the Peirce Firm knowingly aided a client, Ricky May, in pursuing a fraudulent asbestosis claim against CSX. As a result, CSX seeks compensatory and punitive damages, costs and attorney's fees, and costs for establishing a system to ascertan if other claims filed by the Peirce Firm against CSX were also fraudulent.

III. Legal Standard

The burden of proving subject matter jurisdiction on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 201-02 (2d ed. 1990). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the

2

evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

## IV. Discussion

In its motion to dismiss, the Peirce Firm argues that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks diversity jurisdiction. The Peirce Firm does not dispute that the parties are diverse, but argues that the complaint fails to allege facts supporting an amount in controversy greater than the jurisdictional minimum of $75,000.00. The Peirce Firm contends that four types of damages alleged by the plaintiff must be excluded from computation of the amount in controversy for jurisdictional purposes: (1) attorney's fees and expenses incurred in the investigation and prosecution of the May fraud (unrelated to defending Mr. May's lawsuit), (2) attorney's fees and costs incurred in the instant action, (3) costs and expenses to ascertain whether different unidentified and un-pled claims presented by the Peirce Firm on behalf of other FELA litigants are fraudulent, and (4)the amount of settlement entered

with Ricky May regarding the August 2001 lawsuit. CSX argues, on the other hand, that it is entitled to recover attorney's fees and that those fees, alone, are in excess of the amount required to support diversity jurisdiction.

A district court has diversity jurisdiction over any civil action between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The plaintiff, the party asserting jurisdiction, bears the burden of demonstrating that subject matter jurisdiction exists. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The general rule governing dismissal for want of jurisdiction in Federal cases is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Redcap Co., 303 U.S. 283, 288–89 (1938). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Id.

In this case, CSX's counsel, Robert Massie, avers that prior to the filing of the instant matter CSX incurred legal fees and expenses in the amount if $177,374.44 in the investigation and prosecution of this matter. Further, Mr. Massie avers that prior to the filing of any civil action relating to the actions of Ricky May, Danny Jayne, or the defendants in this matter, CSX incurred legal fees and expenses in the amount of $55,455.40 investigating

4

the fraud committed by Mr. May and Mr. Jayne. The Peirce Firm argues that these attorney's fees must be excluded from the amount in controversy in this case because CSX's claim for recovery of attorney's fees is based in common law rather than statute or contract. As support for this argument, the Peirce Firm relies primarily on Burdette v. Reliastar Life Ins. Co., 2006 WL 1644234 (S.D. W. Va. 2006), Virden v. Altria Group, Inc., 304 F. Supp. 2d 832 (S.D. W. Va. 2004), and Missouri State Life Ins. Co. v. Jones, 290 U.S. 199 (1933). Although these cases do stand for the proposition that attorney's fees should be included in determining the amount in controversy if the fees are provided for by statute or contract, the cases do not explicitly or impliedly exclude the inclusion of attorney's fees provided for by common law. In fact, none of the plaintiffs in the above cases cited by the Peirce Firm advanced a common law claim to attorney's fees. See Burdette, 2006 WL 1644234 (contract claim); Virden, 304 F. Supp. 2d 832 (statutory claim); Missouri State Life Ins. Co., 290 U.S. 199 (statutory claim).

It is well established that under West Virginia law, a plaintiff who has been injured by the fraudulent conduct of a defendant is entitled to an award of attorney's fees. Bowling v. Ansted Chrysler-Plymouth-Dodge Inc., 425 S.E.2d 144 (W. Va. 1992). The United States Court of Appeals for the Fourth Circuit has not

addressed the issue of whether attorney's fees, the right to which is provided by statute, contract, or otherwise, should be included when calculating the amount in controversy. This Court, however, has previously held that because attorney's fees are legally available for a claim of fraud under West Virginia law, that such fees may be included in the jurisdictional requirement calculation. CSX Transportation, Inc. v. May, Civil Action No. 5:04CV83, Docket No. 14. Persuasive authority exists to support the application of a rule that a clearly established common law basis for awarding attorney's fees justifies including a reasonable estimate of attorney's fees in the amount in controversy. See Smith v. GTE Corp., 236 F.3d 1292, 1305 (11th Cir. 2001); Ross v. Inter-Ocean Ins. Co., 693 F.2d 659, 661 (7th Cir. 1982)(noting that a reasonable estimate of attorney's fees may be included in the amount in controversy "where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney fees"). Further, this Court is not persuaded that drawing a distinction between a common law right to attorney's fees and a statutory or contractual right to the same is tenable.

Accordingly, a reasonable estimate of the attorney's fees incurred by CSX should be included in determining the amount in controversy in this case. Counsel for CSX has submitted an affidavit showing that CSX incurred over $177,000.00 in legal fees in the investigation and prosecution of this matter prior to the

6

filing of this case.  When considering these legal fees in conjunction with CSX's claim for compensatory and punitive damages, it does not appear to a legal certainty that CSX's claim is for less than the jurisdictional amount.  Because the attorney's fees quoted in Mr. Massie's affidavit appear to have been provided in good faith and because those figures, alone, are far in excess of the requisite amount in controversy, this Court must conclude that CSX has adequately demonstrated that subject matter jurisdiction exists in this case.[1]

## V. Conclusion

For the above stated reasons, the defendant Peirce, Raimond & Coulter, P.C.'s motion to dismiss for lack of subject matter jurisdiction is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

---

[1] Because this Court concludes that the estimate of attorney's fees provided by CSX is sufficient to establish diversity jurisdiction, it is unnecessary to address the Peirce Firm's jurisdictional challenges to the other items of damages sought by CSX.

DATED:      February 22, 2007

                                        /s/ Frederick P. Stamp, Jr.
                                       FREDERICK P. STAMP, JR.
                                       UNITED STATES DISTRICT JUDGE