IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                      Civil Action No. 5:05CV202
                                                     (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation
and JOHN DOES,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT PEIRCE, RAIMOND & COULTER, P.C.'S
REQUEST FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292**

I. Procedural History

On February 22, 2007, this Court entered a memorandum opinion and order denying Peirce, Raimond & Coulter, P.C.'s ("Peirce Firm") motion to dismiss for lack of subject matter jurisdiction. Thereafter, the Peirce Firm filed a request for certification of that memorandum opinion and order to the United States Court of Appeals for the Fourth Circuit. CSX responded in opposition. The Peirce Firm did not file a reply.

II. Applicable Law

Title 28, United States Code, Section 1292(b) permits a district court to certify an order not otherwise appealable and grant an interlocutory appeal if the Court believes that the order involves "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate termination of the litigation." The interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed "to provide early review of difficult rulings in hard cases." North Carolina v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 852 (E.D. N.C. 1995) (citing Abortion Rights Mobilization, Inc. v. Regan, 552 F. Supp. 364, 366 (S.D. N.Y. 1982)). Rather, an appeal under § 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." Abortion Rights Mobilization, Inc., 552 F. Supp. at 366.

The procedural requirements of § 1292(b) are to be strictly construed and applied, Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989), and the decision of whether to certify a question for interlocutory appeal is within the discretion of the court issuing the order. Riley v. Dow Corning Corp., 876 F. Supp. 728, 731 (M.D. N.C. 1992), aff'd, 986 F.2d 1414 (4th Cir. 1993). To determine whether an order should be certified for interlocutory appeal, courts generally apply the two-part test established by the language of § 1292(b). First, courts must determine whether there is a "controlling question of law as to which there is a substantial ground for difference of opinion." Peele, 889 F. Supp. at 852. Second, courts must inquire as to whether an interlocutory appeal would "materially advance the ultimate termination of the litigation." Id.

III. Discussion

CSX argues that the Peirce Firm has failed to set forth a compelling reason for certification of the memorandum opinion and order denying the Peirce Firm's motion to dismiss for lack of subject matter jurisdiction. This Court agrees and declines to exercise its discretion to permit an interlocutory appeal in this matter. The Peirce Firm has not identified any sufficiently persuasive authority to demonstrate that a substantial ground for difference of opinion exists regarding whether a calculation of the amount in controversy may include a reasonable estimate of attorney's fees to which a party is entitled at common law. Rather, the case cited by the Peirce Firm to support its argument that a split of authority exists does not explicitly address the issue. See Spielman v. Genzyme Corp., 251 F.3d 1 (1st Cir. 2001)(stating that attorney's fees should be included in determining the amount in controversy if the fees are provided for by statute or contract, but not addressing whether attorney's fees provided for by common law should be included). Further, it is not clear that an interlocutory appeal in this matter would advance, rather than impede, the ultimate termination of this litigation.

IV. Conclusion

Because this Court should only certify interlocutory appeals in exceptional circumstances and because the factors for interlocutory appeal have not been adequately established, Peirce,

Raimond & Coulter, P.C.'s request for certification pursuant to 28 U.S.C. § 1292 is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   June 20, 2007

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE