IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                        Civil Action No. 5:05CV202
                                                     (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation
and JOHN DOES,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT PEIRCE, RAIMOND & COULTER, P.C.'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS[1]
AND DISMISSING AS MOOT DEFENDANT
PEIRCE, RAIMOND & COULTER, P.C.'S MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS
BASED ON THE ECONOMIC LOSS DOCTRINE**

I.  Background

The above-styled civil action was commenced by CSX Transportation, Inc. ("CSX") based upon allegations that defendants, Robert Gilkison and Peirce, Raimond & Coulter, P.C. ("the Peirce Firm"), knowingly and negligently aided a client, Ricky May, in pursuing a fraudulent asbestosis claim against CSX. The Peirce Firm filed a motion for partial judgment on the

---

[1] This is one of three motions for partial judgment on the pleadings that has been filed by Peirce, Raimond & Coulter, P.C. In their motion, the Pierce Firm seeks dismissal of all fraud claims other than those regarding Mr. May's alleged fraud. (Doc. No. 137.)

pleadings pursuant to Federal Rule of Civil Procedure 12(c) to the extent that the complaint asserts fraud claims other than those regarding Mr. May's alleged fraud. CSX responded in opposition and the Peirce Firm replied. In addition, the Peirce Firm filed a motion for partial judgment on the pleadings based on the economic loss doctrine. CSX responded and the Peirce Firm replied. Following review of the parties' memoranda, this Court finds that the Peirce Firm's motion for partial judgment on the pleadings as to fraud claims other than those regarding Mr. May's alleged fraud must be granted. This Court also finds that the Peirce Firm's motion for partial judgment on the pleadings based on the economic loss doctrine must be denied as moot.

## II.  Facts

This case arises out of occupational asbestosis screenings conducted by the Peirce Firm in the course of the firm's practice of representing asbestosis claimants. On June 13, 2000, Danny Jayne, a CSX employee who had previously tested positive for asbestosis, attended a Peirce Firm screening and allegedly impersonated Ricky May, a CSX employee who had previously tested negative for asbestosis. The allegedly fraudulently obtained x-ray was then used to support a claim by Mr. May against CSX in a lawsuit filed pursuant to the Federal Employer Liability Act ("FELA"). In December 2000, CSX settled Mr. May's claim for $8,000.00.

In its complaint, CSX asserts one count of fraud, three counts of negligence,[2] and one count for punitive damages against the Peirce Firm because of the firm's allegedly unlawful actions regarding the asbestosis claim it filed on behalf of client, Ricky May. CSX seeks, among other things, damages for costs and expenses incurred "to ascertain whether other claims presented by the Peirce Firm on behalf of other FELA litigants are similarly fraudulent [to the May/Jayne fraud]." (Compl. ¶¶ 84, 99; see also ¶¶ 114, 121.) The Peirce Firm now seeks judgment on the pleadings as to the above prayer for relief and as to any fraud claims other than those regarding Mr. May's alleged fraud.

### III. Applicable Law

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) seeks to dispose of a case on the basis of the underlying substantive merits of the parties' claims as they are revealed in the formal pleadings. See 5C Wright & Miller, Federal Practice and Procedure Civil 3d § 1367 (2007). When considering a motion for judgment on the pleadings pursuant to Rule 12(c), a court should apply the same standard as when considering a motion to dismiss pursuant to Rule 12(b)(6). See Burbach Broadcasting Co. of Del. v. Elkins Radio, 278 F.3d 401,

---

[2] On March 16, 2007, this Court granted the Peirce Firm's motion for partial judgment on the pleadings as to Counts III, IV, and V -- the three negligence counts. Therefore, no counts of negligence remain in this action.

405-06 (4th Cir. 2002). Thus, the allegations in the complaint must be construed favorably to the plaintiff. Bruce v. Riddle, 631 F.2d 272, 274 (4th Cir. 1980). Dismissal is warranted only if a court finds "beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Id.

As a general rule, the Federal Rules of Civil Procedure permit simple notice pleading. Rule 8 provides that, for most causes of action, a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Special matters, such as fraud or mistake, however, must be pled with "particularity." Fed. R. Civ. P. 9(b). Specifically, Rule 9 requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "[T]he 'circumstances' required to be plead with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)(quoting 5 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 1297, at 590 (2d ed. 1990)). A plaintiff's failure to meet the specific pleading requirements of Rule 9(b) may result in dismissal of the complaint. See Vess v.

Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir. 2003); Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 980 (4th Cir. 1990).

## IV.  Discussion

In its motion for partial judgment on the pleadings based on the economic loss doctrine, the Peirce Firm seeks judgment on the pleadings as to CSX's negligence claims (Counts III, IV and V). Because those counts were dismissed by this Court's March 16, 2007 memorandum opinion and order, the Peirce Firm's motion for partial judgment on the pleadings based on the economic loss doctrine is moot and will be dismissed as such.

The Peirce Firm's motion for partial judgment on the pleadings as to fraud claims other than those regarding the alleged May/Jayne fraud, on the other hand, is ripe for review.  The Peirce Firm asserts that CSX's complaint does not contain a single factual assertion of additional frauds beyond the May/Jayne fraud.  Rather, the firm contends, CSX has pled only one fraud but seeks to recover damages for its investigation into other unpled and purely hypothetical frauds.  The Peirce Firm moves that this Court strike CSX's request for damages in the form of "costs and expenses to ascertain whether other claims presented by the Peirce Firm on behalf of other FELA litigants are similarly fraudulent" and grant judgment as to any fraud claims other than those regarding the alleged May/Jayne fraud because CSX has failed to plead additional frauds with particularity.

5

CSX argues that the Peirce Firm's motion is inappropriate under the Federal Rules of Civil Procedure because a Rule 12(c) motion is only proper for the dismissal of an entire claim and not for the striking of a particular request for relief. Alternatively, CSX argues that its negligence claims support an award of costs and expenses to ascertain whether other frauds existed because those claims allege that the Peirce Firm has been engaged in a pattern and practice of negligent asbestosis screening. CSX also contends that its complaint satisfies the heightened pleading requirement of Rule 9 because it has specifically alleged such pattern and practice.

Although Rule 12(c) does not specifically authorize a motion for partial judgment on the pleadings, it also does not prohibit such a motion and courts commonly apply Rule 12(c) to individual claims. See William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:340 (2007 ed.)(citing Strigliabotti v. Franklin Resources, Inc., 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005)). Therefore, the Peirce Firm's motion for partial judgment on the pleadings as to fraud claims other than those regarding the alleged May/Jayne fraud is procedurally proper. However, the Peirce Firm's request for partial judgment on the pleadings as to CSX's prayer for costs and expenses to ascertain other frauds is not available under Rule 12(c) because a prayer for relief is not considered part of the

cause of action for purposes of testing the sufficiency of the pleading.  See 5 Wright & Miller, Federal Practice and Procedure Civil § 1255.  Thus, this Court will consider the Peirce Firm's motion for partial judgment on the pleadings only to the extent that it requests judgment on the pleadings as to potential frauds other than the May/Jayne fraud.

A plain reading of the complaint reveals that the only fraud pled with particularity is the May/Jayne fraud.  In the complaint, CSX makes detailed allegations concerning the actions of Ricky May, Danny Jayne and the Peirce Firm and the circumstances surrounding Mr. May's allegedly fraudulent asbestosis claim against CSX.  In contrast, CSX's allegations regarding other frauds are sparse.  CSX simply alleges that "certain individuals or entities other than the listed defendants may have been involved in the fraudulent schemes at issue in this matter and those Defendants being currently unknown to the Plaintiff are designated herein as John Does."  As relief, CSX seeks costs and expenses "to ascertain whether other claims presented by the Peirce Firm on behalf of other FELA litigants are similarly fraudulent [to the May/Jayne claim]."  The complaint does not specify the time, place, or contents of any additional frauds that allegedly resulted from the Peirce Firm's representation.  Nor does the complaint allege the identity of any person or persons whose asbestosis claims were fraudulently made.

Although CSX alleges that the Peirce Firm engaged in a general pattern and practice of negligent asbestos screenings, only May and Jayne are specifically alleged to have fraudulently exploited the screening process. If a plaintiff seeks to proceed on a fraudulent "course of conduct" theory, "the specific allegation of only one fraudulent transaction does not state 'with particularity' 'the circumstances constituting fraud'" as to those frauds for which no specific details were alleged. Segan v. Dreyfus Corp., 513 F.2d 695 (2d Cir. 1975)(affirming dismissal of stockholder derivative action as to any claimed fraudulent conduct other than the one transaction that had been pled with particularity). In this case, CSX does not identify in the complaint specific instances in which the allegedly negligent screenings resulted in fraudulent claims other than the May/Jayne claim.[3]

To satisfy the heightened pleading requirement, a plaintiff must necessarily conduct a pre-complaint investigation "of sufficient depth to assure that the charge of fraud is responsible and supported." Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999). "The clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned

---

[3]Even assuming arguendo that CSX's course of conduct-like negligence allegations were sufficient to satisfy the heightened pleading requirement of Rule 9, CSX cannot rely on those negligence allegations for the purpose of satisfying Rule 9 because those counts were dismissed per the March 16, 2007 memorandum opinion and order of this Court.

through discovery after the complaint is filed." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 789 (4th Cir. 1999). If CSX desires to investigate the potential existence of other fraudulent FELA claims involving the Peirce Firm, it must do so at its own expense. A complaint alleging fraud should "serve to seek redress for a wrong, not to find one." Segal v. Gordon, 467 F.2d 602, 608 (2d Cir. 1972). In this case, the required circumstances of potential frauds other than the May/Jayne fraud are not specifically alleged. Thus, the complaint fails to satisfy the heightened pleading standard of Rule 9(b) as to other potential frauds.

## V. Conclusion

For the above-stated reasons, Peirce, Raimond & Coulter, P.C.'s motion for partial judgment on the pleadings is GRANTED as to any fraud claims other than those relating to the May/Jayne fraud. CSX Transportation, Inc.'s complaint is DISMISSED WITHOUT PREJUDICE as to those fraud claims not relating to the May/Jayne fraud. Because the deficiency in the complaint may be cured by the allegation of more particularized facts regarding other potential frauds, CSX Transportation, Inc. is GRANTED leave to amend its complaint to state additional fraud claims with the requisite particularity. Accordingly, CSX Transportation, Inc. shall file any amendments on or before **July 5, 2007**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 20, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE