IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CSX TRANSPORTATION, INC.,

        Plaintiff,

v.                                        Civil Action No. 5:05CV202
                                                          (STAMP)
ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation
and JOHN DOES,

        Defendants.


            **MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING
IN PART AND VACATING AS MOOT IN PART MEMORANDUM OPINION AND ORDER
      OF MAGISTRATE JUDGE GRANTING IN PART AND DENYING IN PART
      PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL AND GRANTING IN PART
        AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

                           I.  Background

     Discovery in this civil action commenced on April 7, 2006 with

the entry of a scheduling order outlining a two-phase discovery

process.  Since the entry of that order, a number of discovery

disputes have arisen between the parties.  The most recent dispute

involves several of the interrogatories and requests for production

served by plaintiff CSX Transportation, Inc. ("CSX") on defendant

Peirce, Raimond & Coulter, P.C. ("Peirce Firm") on May 30, 2006.

CSX filed a supplemental motion to compel on August 18, 2006

asserting, to date, it had not received adequate responses to

certain of its interrogatories and requests for production.

     Pursuant to an order of reference, this discovery dispute was

referred to United States Magistrate Judge James E. Seibert. Magistrate Judge Seibert directed CSX to file a supplemental brief in support of its motion and directed the Peirce Firm to file a response in opposition. Both parties submitted supplemental briefs. In addition, the Peirce Firm filed a motion for protective order. An evidentiary hearing and argument was held before the magistrate judge regarding CSX's supplemental motion to compel and the Peirce Firm's motion for protective order. Magistrate Judge Seibert then issued a memorandum opinion and order granting in part and denying in part CSX's supplemental motion to compel and granting in part and denying in part Peirce Firm's motion for protective order. The Peirce Firm filed objections to the discovery order of the magistrate judge. Contemporaneously, the Peirce Firm filed a motion to stay pending resolution of its objections. CSX responded to both the objections and the motion to stay. The Peirce Firm also replied to both. Thereafter, this Court issued a memorandum opinion and order granting the Peirce Firm's motion for partial judgment on the pleadings as to fraud claims other than those regarding the alleged May/Jayne fraud.

## II. Standard of Review

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there

is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

### III. Discussion

A. Motion to Stay

As stated in the magistrate judge's order, "[f]iling of objections does not stay this Order." (Mag. J. Order at 24.) Simultaneously with its objections to the magistrate judge's March 23, 2007 discovery order, the Peirce Firm filed a motion to stay pending resolution of its objections to that order. The Peirce Firm requests that it not be required to disclose discovery information that may be deemed moot by its objections.

A motion to stay proceedings is not expressly provided for by the Federal Rules or by statute, but a district court has the inherent discretion to recognize such a motion under its general equity powers. Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). While recognizing this power, the United States Court of Appeals for the Fourth Circuit has observed that "it is not, however, without limitation." Id. "[P]roper use of

3

this authority," the Court of Appeals explained, "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." Id. (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)). The party seeking the stay must demonstrate "a clear case of hardship or inequity, if there is even a fair possibility that the stay would damage another party. Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983)(citing Landis, 299 U.S. at 254-55).

The Peirce Firm has failed to demonstrate the requisite hardship to entitle it to a stay of discovery in this matter pending resolution of its objections. It is in the interest of judicial efficiency to avoid further delay in the resolution of this discovery dispute and in the progress of this civil action. Therefore, the Peirce Firm's motion to stay is DENIED.

B.  Objections to the Magistrate Judge's Discovery Order

This Court has reviewed the magistrate judge's memorandum opinion and order denying the motion to compel as well as the Peirce Firm's objections to that order, CSX's response to the objections, and the Peirce Firm's reply and finds that the magistrate judge's order is neither clearly erroneous nor contrary to law. Nonetheless, because of a recent memorandum opinion and order of this Court granting the Peirce Firm's motion for partial judgment on the pleadings as to fraud claims other than those regarding the May/Jayne fraud, portions of the magistrate judge's

4

March 23, 2007 memorandum opinion and order have been rendered moot. Accordingly, the ruling of the magistrate judge is affirmed and adopted in part and vacated as moot in part.

The Peirce Firm asserts two overarching objections to the discovery order of the magistrate judge: (1) that much of the discovery subject to the discovery order has been mooted by the Court's dismissal of CSX's negligence claims (Counts III, IV and V) and (2) that the production of certain ordered discovery would violate the Peirce firm's ethical duty of attorney-client confidentiality as defined by Pennsylvania Rule of Professional Conduct 1.6.

The Peirce Firm's first objection does not establish that the magistrate judge's opinion and order was clearly erroneous or contrary to law. The Peirce Firm contends that the dismissal of CSX's negligence claims restricts the universe of relevant discovery to information specific to the May/Jayne fraud. This argument, however, overstates the effect of this Court's dismissal of the negligence claims. Prior to the entry of the discovery order, this Court held that the Peirce Firm was under no legal duty to CSX in the evaluation, investigation and filing of Mr. May's asbestos claim, the breach of which would result in liability for negligence. Although the holding resulted in the dismissal of CSX's negligence claims, it did not dismiss the fraud count of CSX's complaint to the extent that it asserts fraud claims other

5

than those arising out of the May/Jayne fraud. When the magistrate judge entered the discovery order at issue here, the Peirce Firm's motion for partial judgment on the pleadings as to fraud claims other than those arising out of the May/Jayne fraud was still pending before this Court. Thus, it was not clearly erroneous for the magistrate judge to conclude that discovery relating to potential frauds other than the May/Jayne fraud is relevant in this case.

Nonetheless, in light of the June 20, 2007 memorandum opinion and order of this Court granting the Peirce Firm's motion for partial judgment on the pleadings, the magistrate judge's discovery order, to the extent that it compels the Peirce Firm to disclose information regarding potential frauds other than the alleged May/Jayne fraud, is vacated as moot. The complaint, as currently pled, contains only one allegation of fraud that meets the heightened pleading standard under Federal Rule of Civil Procedure 9(b). Therefore, information relating to frauds other than the fraud that has been pled with particularity is not relevant and is thus undiscoverable.[1]

To clarify the effect of the June 20, 2007 memorandum opinion and order of this Court granting the Peirce Firm's motion for partial judgment on the pleadings, the individual interrogatories,

---

[1] However, because CSX has been granted leave to amend its complaint, such information may again become relevant provided that CSX pleads additional frauds with the requisite particularity.

6

requests for production and objections thereto will be considered in turn below. The interrogatories and requests for production to which no objection has been filed will not be addressed individually. The Court has reviewed the ruling of the magistrate judge as to those matters of discovery not objected to (Interrogatory 9 and Requests for Production 23, 34, 37, 56, 71), finds no clear error, and therefore, as to those portions of the ruling, affirms and adopts the memorandum opinion and order of the magistrate judge. The Peirce Firm's second objection regarding Rule of Professional Conduct 1.6 is in large part mooted because of this Court's finding that discovery related to potential frauds other than the May/Janye fraud is not relevant. To the extent that the firm's second objection is not moot, it will be discussed below.

1. <u>Interrogatory No. 5</u>

Interrogatory 5 requests the names of Peirce Firm employees who were present at asbestosis screenings conducted between 1998 and the present as well as the locations and dates of screenings attended by each employee and the contact information of those employees. The magistrate judge granted CSX's motion to compel on this interrogatory because the Peirce Firm presented no evidence that the request was unduly burdensome and provided no law to support its contention that it may decline to answer pending resolution of its motion for judgment on the pleadings. In its

objections, the Peirce Firm contends that CSX has failed to plead any frauds other than the May/Jayne fraud with the requisite particularity. Therefore, the Peirce Firm argues that the only information it should be required to disclose in response to Interrogatory 5 is information relating to those employees who were present at the screenings where the May/Jayne fraud was perpetrated. In light of the June 20, 2007 memorandum opinion and order granting the Peirce Firm's motion for judgment on the pleadings, this Court agrees. The Peirce Firm is only required to disclose a list of individuals employed by the firm or acting as agents of the firm who were present at any asbestosis screening attended by Mr. May or Mr. Jayne along with the location and date of the screenings at which they were present, and the last known address and phone number of the employees or agents.

2. <u>Interrogatory No. 14:</u>

Interrogatory 14 requests the gross and net revenues received by the Peirce Firm from the settlement of asbestosis claims with CSX between January 1998 and present. The magistrate judge granted CSX's supplemental motion to compel on this interrogatory. The Peirce Firm objects that settlement amounts other than Mr. May's settlement are irrelevant and have no relation to any compensatory damages that CSX may ultimately recover. In the alternative, the Peirce Firm states that even if such settlement amounts are

8

relevant, the only relevant figure is the gross amount paid out by CSX, not the net revenue received by the Peirce Firm.

This Court finds no clear error in the ruling of the magistrate judge on this interrogatory. CSX is entitled to conduct discovery regarding the financial position of the Peirce Firm because such information would at least be discoverable as to punitive damages.

Additionally, this Court finds no clear error in the magistrate judge's decision declining to place the information sought in this interrogatory under seal or protective order. The Peirce Firm must disclose the information requested in Interrogatory 14.

3. <u>Interrogatory No. 16:</u>

Interrogatory 16 requests the names of each individual who has participated in an occupational disease screening conducted by the Peirce Firm since 1998, including the person's address and phone number. Additionally, the interrogatory requests the date and place of the exam, the type of exam received, the results of the exam, the employer of each person screened, the names of each doctor who read the exam results, information regarding whether suit was filed on behalf of the person screened, and the dates of any settlements of claims. In the discovery order, the magistrate judge determined that this interrogatory is facially overbroad. Therefore, the magistrate granted in part and denied in part CSX's

supplemental motion to compel. The magistrate judge ordered that the Peirce Firm be compelled to disclose only the names and addresses of all CSX employees who underwent asbestosis screenings from six years prior to the institution of this action. However, because CSX's complaint has since been dismissed without prejudice as to frauds other than the May/Jayne fraud, the names of other CSX employees who underwent asbestosis screenings are no longer relevant. Accordingly, because the names and addresses of Ricky May and Danny Jayne have already been disclosed, the Peirce Firm is not obligated to further respond to Interrogatory 16.

4. Interrogatory No. 17

Interrogatory 17 requests the names and contact information of physicians or other individuals retained by the Peirce Firm to read the results of occupational disease screening exams between 1998 and present. The magistrate judge granted in part and denied in part CSX's supplemental motion to compel as to Interrogatory 17 and ordered the Peirce Firm to disclose the information requested by Interrogatory 17 only as to asbestosis screenings. Because CSX's complaint has been dismissed without prejudice as to frauds other than the May/Jayne fraud, the names and contact information of physicians or individuals who read the results of asbestosis screenings other than the ones attended by Mr. May and Mr. Jayne are not relevant. Therefore, the Peirce Firm is required to respond to Interrogatory 17 only to the extent that it requests the

contact information of physicians or other individuals who were retained by the Peirce Firm to read the results of Mr. May's and Mr. Jayne's screening exams.

5. Request for Production No. 10

In Request for Production 10, CSX seeks copies of all advertisements for any occupational disease screening exams issued by the Peirce Firm between 1998 and present. The magistrate judge granted in part and denied in part CSX's supplemental motion to compel Request for Production 10 and ordered that the Peirce Firm disclose all advertisements concerning asbestosis screenings. Because CSX's complaint has been dismissed without prejudice as to frauds other than the May/Jayne fraud, advertisements not related to screenings attended by Mr. May or Mr. Jayne are not relevant. Thus, the Peirce Firm must disclose the advertisements requested only to the extent that the advertisements are related to screenings attended by Mr. May or Mr. Jayne.

6. Request for Production No. 42

In Request for Production 42, CSX seeks any electronic data identifying individuals who attended Peirce Firm screenings more than once. The magistrate judge granted CSX's supplemental motion to compel to the extent that CSX seeks records regarding persons who tested negative on multiple occasions. The magistrate judge denied the supplemental motion to compel as to the records of persons testing positive on multiple occasions because no such

individuals exist. The Peirce Firm objects that "given the only cause of action remaining in the case is for fraud, multiple negative screenings are certainly irrelevant." When the Peirce Firm made this objection, this Court had not yet ruled upon the firm's motion for partial judgment on the pleadings as to frauds other than the May/Jayne fraud. However, now that all frauds other than the May/Jayne fraud have been dismissed without prejudice from CSX's complaint, the decision of the magistrate judge on this request for production is vacated as moot. The Peirce Firm is not required to produce records regarding persons testing negative on multiple occasions because such records are not relevant to the May/Jayne fraud.

7. Request for Production No. 43

In Request for Production 43, CSX seeks a listing of all payments made in settlement by the Peirce Firm to asbestosis clients between 1998 and present. The magistrate judge granted CSX's supplemental motion to compel on this request for production. The Peirce Firm objects that this discovery request has no relevancy to Mr. May's fraud. This Court agrees. Because all frauds other than the May/Janye fraud have been dismissed without prejudice from CSX's complaint, the information sought in Request for Production 43 is no longer relevant. Accordingly, the Pierce Firm is only required to produce, to the extent such information

12

has not already been produced, the amount of settlement made in connection with the May/Jayne fraud.

8. Request for Production No. 66

In Request for Production 66, CSX seeks any document, ledger, spreadsheet or other document addressing the receipt or distribution of any asbestosis settlement money from CSX between 1998 and present. The magistrate judge granted CSX's supplemental motion to compel and ordered that the Peirce Firm produce the requested documents. The Peirce Firm objects that the magistrate judge's ruling would require the filing of extremely voluminous documents and that information about the settlements of clients who are not alleged to have perpetrated frauds is not relevant. The magistrate judge stated in the discovery order that CSX seeks the information in this request for production to know about the financial position of the Peirce Firm. In its motion for a protective order, the Peirce Firm recognizes that the information in Request for Production 66 may be relevant to measure any amount of punitive damages that may be awarded. The Peirce Firm has not met its burden of showing that the discovery sought is unduly burdensome. Further, although the only remaining fraud claim pertains to the May/Jayne fraud, the fact that the other frauds have been dismissed does not render irrelevant financial information that may be relevant to the issue of punitive damages.

The Peirce Firm also argues that its second overarching objection regarding the confidentiality of client information prohibits disclosure of the information sought in this request for production.[2]  Rule of Professional Conduct 1.6, however, permits an attorney to disclose confidential information to the extent necessary to "respond to allegations in any proceeding concerning the lawyer's representation of a client."  Thus, to the extent that Request for Production 66 seeks confidential client information, the Peirce Firm is permitted under Rule 1.6 to disclose such information in response to CSX's allegations in this proceeding.

The ruling of the magistrate judge on this request for production is not clearly erroneous and therefore is affirmed and adopted.  The Peirce Firm must disclose the information sought in Request for Production 66.

## IV.  Conclusion

For the above-stated reasons, the memorandum opinion and order of the magistrate judge is AFFIRMED AND ADOPTED IN PART and VACATED AS MOOT IN PART.  The Peirce Firm's motion to stay is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

---

[2]The Peirce Firm raises this objection under Rule 1.6 of the Pennsylvania Rules of Professional Conduct.  The language of the Pennsylvania rule is the same as the corresponding West Virginia Rule 1.6.

DATED:      June 26, 2007


                                        /s/ Frederick P. Stamp, Jr.
                                       FREDERICK P. STAMP, JR.
                                       UNITED STATES DISTRICT JUDGE