IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

       Plaintiffs,

v.                                                                                                                            Civil Action: 5:05-CV-202
                                                                                                                       (Judge Stamp)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER,
P.C., a Pennsylvania Professional Corporation a/k/a
ROBERT PEIRCE & ASSOCIATES, P.C., a Pennsylvania
Professional Corporation, and JOHN DOES,

       Defendants.

## ORDER DENYING DEFENDANT PEIRCE, RAIMOND & COULTER, P.C.'S MOTION TO LIMIT DISCOVERY

### I. Introduction

A.     <u>Background</u>.

       CSX Transportation, Inc., (Plaintiff) filed this action against Robert V. Gilkinson (Gilkinson), Peirce, Raimond & Coulter (Law Firm), and John Does (Does) on December 22, 2005. The complaint alleges the Law Firm prosecuted actions against Plaintiff on behalf of railroad employees for asbestos claims and that both Gilkinson and the Law Firm perpetrated a fraud upon Plaintiff by having a man named Jayne have an x-ray of his chest while pretending to be a man named May. The complaint also alleged negligence, negligent training of employees, and negligent misrepresentation by the Law Firm.

B.     <u>The Motion</u>.

       Defendant Law Firm's motion to limit discovery (docket 139)

C.  Decision.

The Law Firm's motion to limit discovery is DENIED.

## II. Facts

On April 4, 2006, counsel for Plaintiff submitted the report of the parties regarding their discovery meeting to the Court. The report is copied to all counsel of record (docket 34). On April 7, 2006, the Court adopted a two phase discovery plan in its scheduling order (docket 35). Discovery continued in accordance with the scheduling order. On November 28, 2006, the Law Firm filed this motion.

## III. The Motion

A.  Contentions of the Parties

The Law Firm contends it was "the apparent intent of the parties" to limit phase I discovery to the allegations related to the May fraud. It also argus that the Court's scheduling order of April 7, 2006, has been used by Plaintiff to conduct discovery unrelated to the instant action, i.e., the May fraud. The Law Firm requests that the Court bar Plaintiff from discovery other than the May fraud and give guidance on the scope of phase I discovery.

Plaintiff argues the Law Firm is trying to violate previous agreements with Plaintiff and is taking a position contrary to the Court's scheduling order.

C.  Discussion

The parties submitted a joint discovery plan under Rule 26(f) on April 4, 2006. The district court adopted a scheduling order designed around this plan on April 7, 2006. Discovery was divided into two phases. The scheduling order provided the following areas for phase I discovery:

(1) discovery as to the relationship between the Peirce law firm and Robert V. Gilkison; (2) discovery regarding the facts and circumstances surrounding the asbestosis screening conducted by the Peirce law firm and attended by May and Jayne; (3) discovery regarding the facts and circumstances surrounding other asbestosis screening conducted by the Peirce law firm generally; (4) discovery regarding the facts and circumstances surrounding the claims made by May and Jayne including defendant Gilkison's knowledge of the fraudulent nature of the claims and whether Gilkison imparted this knowledge to any employee of the Peirce law firm; (5) discovery regarding the facts and circumstances surrounding any union meeting where May might have discussed the fraudulent scheme; (6) discovery regarding the facts and circumstances surrounding the Peirce law firm's involvement with union activities and meetings generally; (7) discovery regarding the financial position of the Peirce law firm and Robert V. Gilkison; (8) discovery regarding the facts and circumstances surrounding the retention and employment of James Corbitt and US X Ray or any other entity that performs screening for the defendants; (9) discovery regarding the facts and circumstances surrounding insurance coverage for the defendants; (10) discovery regarding the facts and circumstances surrounding the employment of any other person or investigator other than Gilkison who may have attended any asbestosis screening attended by May or Jayne.

These categories parallel the ten categories of proposed phase I discovery included in the parties' discovery report.

Attached to Plaintiff's response to the Law Firm's motion is an email from Robert Potter, former counsel for the Law Firm, to counsel for Plaintiff. The email contains a statement regarding the discovery report to be filed with the Court. It states that "This report is o.k. by me at this point." Although the Law Firm's brief states that the discovery report "was unilaterally submitted by Plaintiff and was not a joint submission that had been agreed to by the parties," this was clearly not the case.

Accordingly, the Law Firm's argument that the scheduling order goes beyond the parties' and the Court's intentions is without merit. The motion is therefore DENIED.

## IV. Decision

The Law Firm's motion to limit discovery is DENIED.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this order. Filing a motion to stay this order does not stay this order. In the absence of an order from the district court staying this order, all parties must comply with this order in a timely fashion as set forth herein.

DATED: July 2, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE