IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                            Civil Action No. 5:05CV202
                                                                    (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER, and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS COUNTS 1 THROUGH 4 OF AMENDED COMPLAINT,
DENYING MOTION TO DISMISS COUNT 6 OR ALTERNATIVELY TO STRIKE,
DENYING AS MOOT MOTION FOR LEAVE TO AMEND COMPLAINT,
DENYING AS UNTIMELY GILKISON'S MOTION
TO JOIN IN MOTIONS OF CO-DEFENDANTS
AND DENYING MOTION FOR ORAL ARGUMENT**

I.   Background

    The genesis, facts and procedural history of this case are familiar territory. This Court therefore dispenses with a full recitation of the same. For the purpose of resolving the motions currently pending before it, the Court believes that the following abbreviated summary is sufficient. On December 22, 2005, the above-styled civil action was commenced by CSX Transportation, Inc. ("CSX") based upon allegations that defendants, Robert Gilkison ("Gilkison") and Peirce, Raimond & Coulter, P.C. ("the Peirce Firm"), knowingly and negligently aided a client, Ricky May, in

pursuing a fraudulent asbestosis claim against CSX. The complaint asserted fraud, negligence[1] and punitive damages claims against Gilkison and the Peirce Firm.

On June 20, 2007, this Court granted CSX leave to amend its complaint to state additional fraud claims with the requisite particularity. CSX filed its amended complaint on July 5, 2007, adding claims for civil RICO, civil RICO conspiracy, common law fraud and civil conspiracy against four new defendants--Robert Peirce, Jr., Louis A. Raimond, Mark Coulter (collectively "the lawyer defendants") and Ray Harron, M.D. ("Dr. Harron").[2] Thereafter, the lawyer defendants filed a motion to dismiss Counts 1 through 4 (the newly added counts) of the plaintiff's amended complaint. Additionally, the Peirce Firm filed a motion to dismiss Count 6 of the amended complaint or, in the alternative, to strike paragraphs 1 through 102, 103, 144, 153 and 179 of the amended complaint. The Peirce Firm also joined in the motion to dismiss filed by the lawyer defendants. Both motions to dismiss have been fully briefed by the parties.

In the course of responding to the motions to dismiss, CSX filed a motion for leave to amend complaint in which it requests

---

[1] On March 16, 2007, pursuant to a motion by the Peirce Firm, this Court granted partial judgment on the pleadings as to the negligence counts.

[2] On January 4, 2008, Dr. Harron filed a motion to dismiss the amended complaint. That motion is not addressed herein and will be resolved by separate order.

leave for its previously filed amended complaint in the event this Court concludes that it exceeded the scope of the leave to amend permitted by this Court's June 20, 2007 order. This motion has also been fully briefed. On September 25, 2007, nearly a month after the above motions to dismiss were due, defendant Gilkison filed a motion to join in the motions, memoranda and replies of his co-defendants, as applicable. Finally, CSX filed a motion requesting oral argument on the defendants' motions to dismiss.

## II. <u>Applicable Law</u>

The lawyer defendants' motion to dismiss is predicated upon Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. <u>See</u> <u>Erikson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(citing <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007 )); <u>Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990). The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 294 (3d ed. 2007).

A Rule 12(b)(6) motion must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which

goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rules of Civil Procedure 8 or 9. Id. § 1357, at 304, 310. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in limited circumstances. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). A dismissal under Rule 12(b)(6) is granted only in cases in which the facts as alleged in the complaint clearly demonstrate that the plaintiff does not state a claim and is not entitled to relief under the law. 5A Wright & Miller, supra § 1357, at 344-45.

The Peirce Firm's motion to dismiss or alternative motion to strike is based on Federal Rule of Civil Procedure 12(f). Rule 12(f) states in relevant part:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense

> or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). The standard upon which a motion to strike is measured places a substantial burden on the moving party. "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993). Generally, such motions are denied "unless the allegations attacked have no possible relation to the controversy and may prejudice the other party." Steuart Inv. Co. v. Bauer Dredging Constr. Co., 323 F. Supp. 907, 909 (D. Md. 1971). Moreover, "where there is any question of fact or any substantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with." United States v. Fairchild Indus., Inc., 766 F. Supp. 405 (D. Md. 1991).

### III. Discussion

A. Motion for Leave to Amend

This Court will treat CSX's amended complaint as if it did not exceed the bounds of the leave to amend granted by the June 20, 2007 order. Therefore, CSX's later-filed motion to amend complaint will be denied as moot.

B. Motion to Dismiss Counts 1 through 4 of Amended Complaint

1. Counts 1 and 2: RICO

The lawyer defendants assert numerous arguments in support of their motion to dismiss Counts 1 and 2 (respectively, civil RICO

and RICO conspiracy) of the amended complaint. Because this Court believes that the statute of limitations issue raised by the lawyer defendants is dispositive as to those claims, it is unnecessary to reach the merits of their remaining arguments, except with respect to whether CSX has demonstrated pattern of racketeering activity.

CSX's civil RICO, 18 U.S.C. § 1962(c), and RICO conspiracy, 18 U.S.C. § 1962(d), claims are governed by a uniform four-year statute of limitations period. See Agency Holding Corp. v. Malley-Duff & Assoc., 483 U.S. 143, 156 (1987). The lawyer defendants argue that CSX's claims in Counts 1 and 2 must fail because eight of the nine lawsuits that comprise the basis of those claims were filed more than four years before CSX filed its amended complaint in this case. This Court agrees.

In paragraph 71 of the amended complaint, CSX identifies nine instances in which the lawyer defendants allegedly filed objectively baseless personal injury claims against CSX. Specifically, the Peirce Firm filed personal injury suits arising from asbestos exposure on behalf of the following individuals on the following dates: Gene Sanders, March 20, 2000; Ike Bronson and James Lackey, August 1, 2001; Robert Fisher, November 1, 2001; Willie Trice, November 9, 2001; Morris Collier, James Petersen and Donald Wiley, May 19, 2003; and Earl Baylor, February 21, 2006. With the exception of Earl Baylor's lawsuit, each of the above suits were filed more than four years before July 5, 2007 (the date

of the amended complaint). Additionally, three of the lawsuits were settled more than four years prior to the filing of the amended complaint.³

CSX argues that it is inappropriate for this Court to determine whether CSX's claims are time-barred upon a motion to dismiss. CSX contends that application of the injury discovery accrual rule, which applies to CSX's federal and state claims, is a fact-intensive determination. Although the date a cause of action began to accrue may in some cases raise a jury question, when the facts alleged in the complaint indicate that, with reasonable diligence, the plaintiff should have uncovered the alleged injury prior to the limitations period, the claim will be time-barred as a matter of law. In re Merrill Lynch Ltd. Partnerships Litigation, 7 F. Supp. 2d 256, 266 (S.D.N.Y. 1997)(citations omitted) (granting motion to dismiss RICO claims on statute of limitations grounds); Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1273 (4th Cir. 1992) (affirming grant of summary judgment where West Virginia common law fraud claim was time-barred). The injury discovery rule provides that, for the purpose of applying the relevant statute of limitations, the limitations clock begins to run when a plaintiff knows or should know of his or her injury. Rotella v. Wood, 528 U.S. 549, 553

---

³Gene Sanders' claim was settled on August 1, 2002. Ike Bronson's and James Lakey's claims were settled on June 26, 2003 and November 17, 2002, respectively.

7

(2000)(affirming application of injury discovery rule in RICO case); Pocahontas Supreme Coal Co., Inc. v. Bethlehem Steel Corp., 828 F.2d 211, 220 (4th Cir. 1987) (same); Stemple v. Dobson, 400 S.E.2d 561, 565 (W. Va. 1990)(applying injury discovery rule in common law fraud case). In this jurisdiction as in others, plaintiffs are required to exercise due diligence to ascertain the facts from which their claims arise. See Childers, 960 F.2d at 1272; Stemple, 400 S.E.2d at 565. "[W]hen a plaintiff is placed on notice of the probability of fraud, he has a duty to inquire, and he will be charged with all knowledge that he would have obtained had he exercised reasonable diligence." In re Merrill Lynch, 7 F. Supp. 2d at 266.

In this case, CSX was on inquiry notice of the injuries alleged in Counts 1 and 2 when the nine allegedly fraudulent claims against it were filed and/or settled. Under case management orders implemented by the West Virginia Mass Litigation Panel, CSX and the employees represented by the Peirce Firm were required to undergo an early mediation process in an attempt to reach a settlement of most claims. (Pl.'s Am. Compl. ¶ 107.) Pursuant to a mediation order entered on September 6, 2001, CSX was given access to the original x-rays, medical records, and records maintained by the Railroad Retirement Board as to each claimant. (Pl.'s Am. Compl. Ex. HH ¶ 13.) The medical records that CSX had the ability to obtain included the Internal Labor Organization ("ILO") forms which

listed Dr. Harron's opinions regarding the quality of the x-ray and the severity of the injury observed. (Pl.'s Am. Compl. Ex. M.) Additionally, CSX had the right to conduct depositions with respect to the claims of each plaintiff on an as-needed basis. (Pl.'s Am. Compl. Ex. HH ¶ 15.)

As CSX concedes, it was not required to discover both an injury and a pattern of RICO activity before the statute of limitations began to run in this case. Rather, all that is required to begin the limitations clock is actual or inquiry notice that CSX was injured by the defendants. Because CSX had access to the medical information upon which the claimant's lawsuits were based soon after the filing of each of the nine suits, CSX is charged with notice of its injuries on or substantially near the date those cases were filed.[4] Accordingly, because eight of the nine cases were filed prior to May 19, 2003, more than four years prior to date the amended complaint was filed, Counts 1 and 2 are time-barred and must be dismissed.

The fact that one case was filed within the limitations period (Earl Baylor's lawsuit) does not change this result. To state a civil RICO or RICO conspiracy claim, a plaintiff must show a "pattern of racketeering activity." 18 U.S.C. § 1961(5). A "pattern of racketeering activity" requires a showing of at least

---

[4]At the very least, on the face of the amended complaint, CSX knew or should have known it was injured prior to settling three of the nine cases.

two acts of racketeering activity.  Id.  Because only one alleged act of racketeering activity is not time-barred, CSX has failed to show the requisite pattern to sustain its RICO claims.

    2.   <u>Counts 3 and 4: Common Law Fraud and Civil Conspiracy</u>

The foregoing statute of limitations analysis similarly applies to Counts 3 and 4 of the amended complaint.  CSX's common law fraud and civil conspiracy claims are governed by the two-year "catch-all" statute of limitations found in West Virginia Code § 55-2-12.[5]  See <u>Alpine Property Owners Assoc. Inc. v. Mountaintop Development Co.</u>, 365 S.E.2d 57, 66 (W. Va. 1987).  West Virginia also applies the injury discovery rule to the instant state claims.  See <u>Stemple</u>, 400 S.E.2d at 565.  Because eight of the nine lawsuits relied upon by CSX to establish its state claims were filed more than two years before the amended complaint was filed in this case, reliance on those suits is time-barred.  The one remaining lawsuit, which was filed on behalf of Earl Baylor on February 21, 2006, is

---

[5]West Virginia Code § 55-2-12 provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va. Code § 55-2-12.

not time-barred because it was filed less than two-years before July 5, 2007. Unlike CSX's RICO claims, which require a showing of a pattern of racketeering activity, CSX's state law claims can be supported by a single instance of fraud and/or conspiracy. Thus, the lawyer defendants' other arguments in support of dismissal must be considered as to Counts 3 and 4.

First, the lawyer defendants' contend that CSX has failed to plead a claim for common law fraud[6] with the requisite particularity and that the common law fraud count fails to state a claim. Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Following consideration of the allegations in Count 3 along with paragraphs 1 through 95 as realleged in paragraph 96, this Court believes that CSX has set forth a claim for common law fraud with sufficient specificity and has stated a claim upon which relief can be granted.

To the extent that the lawyer defendants attack the sufficiency of the pleadings on CSX's civil conspiracy claim, the challenge is also without merit. Count 4 is subject only to the

---

[6]Under West Virginia law, the essential elements in an action for fraud are: (1) the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that the plaintiff relied upon it and was justified under the circumstances in relying upon it; and (4) that the plaintiff was damaged. <u>Ashworth v. Albers Med., Inc.</u>, 410 F. Supp. 2d 471, 477 (S.D. W. Va. 2005).

11

notice pleading requirements of Federal Rule of Civil Procedure 8(a). Under Rule 8, a plaintiff is required to make only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, the plaintiff's "[f]actual allegations must be enough to raise a right to relief about the speculative level" and the plaintiff must show that the grounds of his or her claim constitute "more than labels and conclusions, and a formulaic recitation of the elements." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). To establish a claim for civil conspiracy in West Virginia, "it must be proved that the defendants have committed some wrongful act or have committed a lawful act in an unlawful manner to the injury of the plaintiff." Cook v. Heck's Inc., 342 S.E.2d 453, 460 (W. Va. 1986). CSX alleges that the lawyer defendants and Dr. Harron conspired to commit fraud as alleged in Count 3. To recover for conspiracy, CSX must prove the underlying fraud. See Roney v. Gencorp, 431 F. Supp. 2d 622, 638 (S.D. W. Va. 2006). Because CSX has sufficiently alleged the underlying fraud, the Court will not dismiss its conspiracy claim as insufficiently pled.

Next, the lawyer defendants contend that CSX's claims are precluded under the Noerr-Pennington doctrine. The Noerr-Pennington doctrine provides a potential defense of immunity against civil liability to those who exercise their First Amendment

right to petition the government for redress of grievances, provided that the petitioning activity is not a sham. <u>Professional Real Estate Investors, Inc. V. Columbia Picture Indus., Inc</u>, 508 U.S. 49, 56-57 (1993). Litigation is a "sham" if the underlying lawsuit was (1) objectively baseless and (2) subjectively intended to abuse process. <u>Id.</u> at 60-61. Assuming, without deciding, that the <u>Noerr-Pennington</u> doctrine is even applicable in this case, dismissal based on the doctrine would be premature. CSX's amended complaint contains sufficient allegations to support the sham exception.[7] However, the application of the sham exception is a factual question that cannot be answered at this stage of litigation. Accordingly, the lawyer defendant's motion to dismiss is denied as to Counts 3 and 4 of the amended complaint.

C. <u>Motion to Strike and Motion to Dismiss Count 6</u>

The Peirce Firm requests that paragraphs 1 through 102, 103, 144, 153, and 179 of the amended complaint be struck from the complaint pursuant to Federal Rule of Civil Procedure 12(f) because they allegedly contain "immaterial, impertinent, or scandalous matter." This Court finds that the Peirce Firm has failed to meet its substantial burden in supporting a Rule 12(f) motion to strike. Accordingly, because these allegations will not be stricken, the

---

[7]Specifically, CSX alleges that the personal injury claim filed on behalf of Earl Baylor was objectively baseless and that the defendants knew that no good faith basis existed for the claim.

Peirce Firm's motion to dismiss Count 6 of the amended complaint is also denied.

IV. Conclusion

For the above-stated reasons, this Court makes the following rulings: The motion of Robert Peirce, Jr., Louis A. Raimond and Mark Coulter to dismiss Counts 1 through 4 of plaintiff's amended complaint is GRANTED as to Counts 1 and 2 and DENIED as to Counts 3 and 4; The Peirce Firm's motion to dismiss Count 6 of the amended complaint or alternatively to strike paragraphs 1 through 102, 103, 144, 153, and 179 of the plaintiff's amended complaint is DENIED; Defendant Gilkison's motion to join in the motions, memoranda and replies of co-defendants, as applicable is DENIED as untimely; and CSX's motion for leave to amend complaint is DENIED AS MOOT. Further, CSX's motion for oral argument is DENIED because the briefs submitted by counsel for the plaintiff and the defendant were sufficient to aid this Court's decision.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     March 28, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE