IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                    Civil Action No. 5:05CV202
                                              (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER, and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
RAY HARRON, M.D.'S MOTION TO DISMISS
THE AMENDED COMPLAINT AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO COMPLETE SERVICE**

The plaintiff, CSX Transportation, Inc. ("CSX"), names Ray Harron, M.D. ("Dr. Harron") in three counts of its amended complaint: Count 2 (civil RICO conspiracy), Count 4 (civil conspiracy) and Count 7 (punitive damages). Dr. Harron has filed a motion to dismiss each of the counts against him in the amended complaint, and that motion is now fully briefed. Dr. Harron's motion to dismiss, in large part, makes the same substantive arguments for dismissal as were made by Robert Peirce, Jr., Louis A. Raimond and Mark T. Coulter (collectively "the lawyer defendants") in their motion to dismiss Counts 1 through 4 of the amended complaint. On March 28, 2008, this Court entered an order

granting the lawyer defendant's motion to dismiss as to Counts 1 and 2 and denying their motion to dismiss as to Counts 3 and 4. For the reasons articulated in that opinion and as set forth below, Dr. Harron's motion to dismiss is granted as to Count 2 and denied as to Counts 4 and 7. This Court also denies as moot CSX's motion for extension of time to complete service of the amended complaint on Dr. Harron because Dr. Harron has now executed a waiver of service.

## I. Count 2: Civil RICO Conspiracy

Like the lawyer defendants, Dr. Harron asserts numerous arguments in support of his motion to dismiss Count 2 (civil RICO conspiracy) of the amended complaint. Because this Court believes that the statute of limitations issue is dispositive as to Count 2, it is unnecessary to reach the merits of his remaining arguments, except with respect to whether CSX has demonstrated a pattern of racketeering activity.

CSX's RICO conspiracy, 18 U.S.C. § 1962(d) claim is governed by a uniform four-year statute of limitations period. See Agency Holding Corp. v. Malley-Duff & Assoc., 483 U.S. 143, 156 (1987). Dr. Harron argues that CSX's claim in Count 2 must fail because eight of the nine lawsuits that comprise the basis of that claim were filed more than four years before CSX filed its amended complaint in this case. This Court agrees.

In paragraph 71 of the amended complaint, CSX identifies nine instances in which the lawyer defendants, in conspiracy with Dr. Harron, allegedly filed objectively baseless personal injury claims against CSX. Specifically, the Peirce Firm filed personal injury suits arising from asbestos exposure on behalf of the following individuals on the following dates: Gene Sanders, March 20, 2000; Ike Bronson and James Lackey, August 1, 2001; Robert Fisher, November 1, 2001; Willie Trice, November 9, 2001; Morris Collier, James Petersen and Donald Wiley, May 19, 2003; and Earl Baylor, February 21, 2006. With the exception of Earl Baylor's lawsuit, each of the above suits were filed more than four years before July 5, 2007 (the date of the amended complaint). Additionally, three of the lawsuits were settled more than four years prior to the filing of the amended complaint.[1]

CSX argues that it is inappropriate for this Court to determine whether CSX's claims are time-barred upon a motion to dismiss. CSX contends that application of the injury discovery accrual rule, which applies to CSX's federal and state claims, is a fact-intensive determination. Although the date a cause of action began to accrue may in some cases raise a jury question, when the facts alleged in the complaint indicate that, with reasonable diligence, the plaintiff should have uncovered the

---

[1] Gene Sanders' claim was settled on August 1, 2002. Ike Bronson's and James Lakey's claims were settled on June 26, 2003 and November 17, 2002, respectively.

alleged injury prior to the limitations period, the claim will be time-barred as a matter of law. In re Merrill Lynch Ltd. Partnerships Litigation, 7 F. Supp. 2d 256, 266 (S.D.N.Y. 1997) (citations omitted) (granting motion to dismiss RICO claims on statute of limitations grounds); Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1273 (4th Cir. 1992) (affirming grant of summary judgment where West Virginia common law fraud claim was time-barred). The injury discovery rule provides that, for the purpose of applying the relevant statute of limitations, the limitations clock begins to run when a plaintiff knows or should known of his or her injury. Rotella v. Wood, 528 U.S. 549, 553 (2000)(affirming application of injury discovery rule in RICO case); Pocahontas Supreme Coal Co., Inc. v. Bethlehem Steel Corp., 828 F.2d 211, 220 (4th Cir. 1987) (same); Stemple v. Dobson, 400 S.E.2d 561, 565 (W. Va. 1990)(applying injury discovery rule in common law fraud case). In this jurisdiction as in others, plaintiffs are required to exercise due diligence to ascertain the facts from which their claims arise. See Childers, 960 F.2d at 1272; Stemple, 400 S.E.2d at 565. "[W]hen a plaintiff is placed on notice of the probability of fraud, he has a duty to inquire, and he will be charged with all knowledge that he would have obtained had he exercised reasonable diligence." In re Merrill Lynch, 7 F. Supp. 2d at 266.

In this case, CSX was on inquiry notice of the injuries alleged in Count 2 when the nine allegedly fraudulent claims against it were filed and/or settled. Under case management orders implemented by the West Virginia Mass Litigation Panel, CSX and the employees represented by the Peirce Firm were required to undergo an early mediation process in an attempt to reach a settlement of most claims. (Pl.'s Am. Compl. ¶ 107.) Pursuant to a mediation order entered on September 6, 2001, CSX was given access to the original x-rays, medical records, and records maintained by the Railroad Retirement Board as to each claimant. (Pl.'s Am. Compl. Ex. HH ¶ 13.) The medical records that CSX had the ability to obtain included the Internal Labor Organization ("ILO") forms which listed Dr. Harron's opinions regarding the quality of the x-ray and the severity of the injury observed. (Pl.'s Am. Compl. Ex. M.) Additionally, CSX had the right to conduct depositions with respect to the claims of each plaintiff on an as-needed basis. (Pl.'s Am. Compl. Ex. HH ¶ 15.)

As CSX concedes, it was not required to discover both an injury and a pattern of RICO activity before the statute of limitations began to run in this case. Rather, all that is required to begin the limitations clock is actual or inquiry notice that CSX was injured by the defendants. Because CSX had access to the medical information upon which the claimant's lawsuits were based soon after the filing of each of the nine suits, CSX is

5

charged with notice of its injuries on or substantially near the date those cases were filed.[2] Accordingly, because eight of the nine cases were filed prior to May 19, 2003, more than four years prior to date the amended complaint was filed, Count 2 is time-barred as to Dr. Harron and must be dismissed.

The fact that one case was filed within the limitations period (Earl Baylor's lawsuit) does not change this result. To state a RICO conspiracy claim, a plaintiff must show a "pattern of racketeering activity." 18 U.S.C. § 1961(5). A "pattern of racketeering activity" requires a showing of at least two acts of racketeering activity. Id. Because only one alleged act of racketeering activity is not time-barred, CSX has failed to show the requisite pattern to sustain its civil RICO conspiracy claim.

## II. Count 4: Civil Conspiracy

The foregoing statute of limitations analysis similarly applies to Count 4 of the amended complaint. CSX's civil conspiracy claim is governed by the two-year "catch-all" statute of limitations found in West Virginia Code § 55-2-12.[3] See Alpine

---

[2]At the very least, on the face of the amended complaint, CSX knew or should have known it was injured prior to settling three of the nine cases.

[3]West Virginia Code § 55-2-12 provides:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have

6

Property Owners Assoc. Inc. v. Mountaintop Development Co., 365 S.E.2d 57, 66 (W. Va. 1987). West Virginia also applies the injury discovery rule to the instant state claim. See Stemple, 400 S.E.2d at 565. Because eight of the nine lawsuits relied upon by CSX to establish its state claims were filed more than two years before the amended complaint was filed in this case, reliance on those suits is time-barred. The one remaining lawsuit, which was filed on behalf of Earl Baylor on February 21, 2006, is not time-barred because it was filed less than two-years before July 5, 2007. Unlike CSX's RICO claims, which require a showing of a pattern of racketeering activity, CSX's state law claim against Dr. Harron can be supported by a single instance of fraud and/or conspiracy. Thus, Dr. Harron's other arguments in support of dismissal must be considered as to Count 4.

First, Dr. Harron contends that CSX has failed to adequately allege a civil conspiracy. This challenge is without merit. Count 4 is subject only to the notice pleading requirements of Federal Rule of Civil Procedure 8(a). Under Rule 8, a plaintiff is required to make only a "short and plain statement of the claim

---

    accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va. Code § 55-2-12.

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, the plaintiff's "[f]actual allegations must be enough to raise a right to relief about the speculative level" and the plaintiff must show that the grounds of his or her claim constitute "more than labels and conclusions, and a formulaic recitation of the elements." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). To establish a claim for civil conspiracy in West Virginia, "it must be proved that the defendants have committed some wrongful act or have committed a lawful act in an unlawful manner to the injury of the plaintiff." Cook v. Heck's Inc., 342 S.E.2d 453, 460 (W. Va. 1986). CSX alleges that the lawyer defendants and Dr. Harron conspired to commit fraud. To recover for conspiracy, CSX must prove the underlying fraud. See Roney v. Gencorp, 431 F. Supp. 2d 622, 638 (S.D. W. Va. 2006). Because CSX has sufficiently alleged the underlying fraud in Count 3, the Court will not dismiss its conspiracy claim as insufficiently pled.

Next, Dr. Harron contends that CSX's claims are precluded under the Noerr-Pennington doctrine. The Noerr-Pennington doctrine provides a potential defense of immunity against civil liability to those who exercise their First Amendment right to petition the government for redress of grievances, provided that the petitioning activity is not a sham. Professional Real Estate Investors, Inc. v. Columbia Picture Indus., Inc, 508 U.S. 49, 56-57 (1993).

Litigation is a "sham" if the underlying lawsuit was (1) objectively baseless and (2) subjectively intended to abuse process. Id. at 60-61. Assuming, without deciding, that the Noerr-Pennington doctrine is even applicable in this case, dismissal based on the doctrine would be premature. CSX's amended complaint contains sufficient allegations to support the sham exception.[4] However, the application of the sham exception is a factual question that cannot be answered at this stage of litigation. Accordingly, the Dr. Harron's motion to dismiss is denied as to Count 4 of the amended complaint.

### III. Count 7: Punitive Damages

In his motion to dismiss, Dr. Harron also requests dismissal of Count 7 of the amended complaint (punitive damages against all defendants). Dr. Harron, however, does not make any substantive arguments regarding dismissal of Count 7 in his briefs in support of the motion to dismiss. This Court declines to dismiss Count 7 without the benefit of briefing.

### IV. Conclusion

For the above-stated reasons, it is ORDERED that Dr. Harron's motion to dismiss is GRANTED as to Count 2 and DENIED as to Counts 4 and 7. CSX's motion for extension of time to complete service of the amended complaint on Dr. Harron is DENIED AS MOOT.

---

[4]Specifically, CSX alleges that the personal injury claim filed on behalf of Earl Baylor was objectively baseless and that the defendants knew that no good faith basis existed for the claim.

9

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     April 1, 2008

>                               /s/ Frederick P. Stamp, Jr.
>                               FREDERICK P. STAMP, JR.
>                               UNITED STATES DISTRICT JUDGE