IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                        Civil Action No. 5:05CV202
                                                            (STAMP)
ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER, and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION OF DEFENDANTS ROBERT PEIRCE, JR.,
LOUIS RAIMOND, MARK T. COULTER AND PEIRCE, RAIMOND
& COULTER, P.C. FOR PERMISSION TO FILE
SURREPLY BRIEF REGARDING CSX'S MOTION FOR RECONSIDERATION
AND DENYING CSX TRANSPORTATION INC.'S MOTIONS FOR RECONSIDERATION**

I.   Background

The genesis, facts, and procedural history of this case are familiar territory. This Court therefore dispenses with a full recitation of the same. For the purposes of resolving the motions currently pending before it, the Court believes that the following abbreviated summary is sufficient. On December 22, 2005, CSX Transportation, Inc. ("CSX") commenced the above-styled civil action based upon allegations that defendants Robert Gilkison ("Gilkison") and Peirce, Raimond & Coulter, P.C. ("the Peirce Firm") knowingly and negligently aided a client, Ricky May, in pursuing a fraudulent asbestos claim against CSX. The complaint

asserted fraud, negligence,[1] and punitive damages claims against Gilkison and the Peirce Firm.

On June 20, 2007, this Court granted CSX leave to amend its complaint to state additional fraud claims with the requisite particularity. CSX filed its amended complaint on July 5, 2007, adding claims for civil RICO, civil RICO conspiracy, common law fraud, and civil conspiracy against four new defendants -- Robert Peirce, Jr., Louis A. Raimond, Mark Coulter (collectively "the lawyer defendants") and Ray Harron, M.D. ("Dr. Harron"). Thereafter, the lawyer defendants filed a motion to dismiss Counts 1 through 4 (the newly added counts) of the plaintiff's amended complaint.[2]

On January 4, 2008, Dr. Harron also filed a motion to dismiss each of the counts against him in the amended complaint.[3] Dr. Harron's motion to dismiss, in large part, made the same substantive arguments for dismissal as were made by the lawyer defendants in their motion to dismiss Counts 1 through 4 of the amended complaint.

---

[1] On March 16, 2007, pursuant to a motion by the Peirce Firm, this Court granted partial judgment on the pleadings as to the negligence counts.

[2] The Peirce Firm also joined in the motion to dismiss filed by the lawyer defendants.

[3] CSX names Dr. Harron in three counts of its amended complaint: Count 2 (civil RICO conspiracy), Count 4 (civil conspiracy), and Count 7 (punitive damages).

Both motions to dismiss were fully briefed by the parties. On March 28, 2008, this Court entered a memorandum opinion and order granting the lawyer defendants' motion to dismiss as to Counts 1 and 2 and denying their motion to dismiss as to Counts 3 and 4. Thereafter, on April 1, 2008,[4] this Court entered a second memorandum opinion and order granting Dr. Harron's motion to dismiss as to Count 2 and denying his motion to dismiss as to Counts 4 and 7.

Currently before this Court are two motions for reconsideration filed by CSX, requesting that this Court reconsider its memorandum opinion and order granting in part and denying in part the lawyer defendants' motion to dismiss Counts 1 through 4 of the amended complaint, as well as its memorandum opinion and order granting in part and denying in part Dr. Harron's motion to dismiss the amended complaint. The motions for reconsideration have been fully briefed by the parties and are ready for disposition by this Court. In addition, the Peirce Firm and the lawyer defendants have filed a motion for permission to file a surreply to CSX's motion for reconsideration of this Court's memorandum opinion and order granting in part and denying in part the lawyer defendants' motion to dismiss Counts 1 through 4 of the amended complaint. For the reasons set forth below, this Court grants the Peirce Firm and the

---

[4]This memorandum opinion and order was signed by the undersigned judge on April 1, 2008 but was not entered until April 2, 2008. For the purposes of this memorandum opinion and order, this Court will refer to that document as the "April 1, 2008 memorandum opinion and order."

lawyers defendants' motion for permission to file a surreply and denies CSX's motions for reconsideration.

## II. Applicable Law

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.... Where evidence is not newly discovered, a party may not submit that evidence in support of the motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision -- a party should not file such a motion "to ask the Court to rethink what the Court had already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); see also Robertson v. Yamaha Motor Corp., USA, 143 F.R.D. 194, 196 (S.D. Ill. 1992). Rather, a "motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaPlant, 151 F.R.D. 678, 679 (D. Kan. 1993).

## III. Discussion

A. Motion to File Surreply

Generally, a surreply is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief. Schwarzer, Tashima, & Wagstaffe, <u>Federal Civil Procedure Before Trial</u> 12:110 (The Rutter Group 2008). <u>See also</u> <u>Khoury v. Meserve</u>, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply.").

Accordingly, because CSX has introduced a new argument in its reply to its motion for reconsideration, the Peirce Firm and the lawyer defendants' motion for permission to file a surreply to CSX's motion for reconsideration regarding this Court's March 28, 2008 memorandum opinion and order is hereby granted. This Court will consider any issues addressed by these defendants in their surreply in analyzing and reaching its ultimate holding stated below.

B. <u>March 28, 2008 Memorandum Opinion and Order Granting in Part and Denying in Part the Lawyer Defendants' Motion to Dismiss Counts 1 through 4 of the Amended Complaint</u>

CSX seeks reconsideration of the March 28, 2008 memorandum opinion and order granting in part and denying in part the lawyer defendants' motion to dismiss Counts 1 through 4 of the amended complaint on the grounds that this Court misapprehended certain critical facts and failed to draw reasonable inferences in its favor. Specifically, CSX argues that this Court misapprehended the

applicability of the West Virginia Mass Litigation Panel's September 6, 2001 mediation order ("Mediation Order"). Additionally, CSX contends that in construing the facts in the amended complaint in a light most favorable to the plaintiff, this Court should not have concluded that CSX had access to the records on which the allegedly fraudulent claims of three claimants were based before the expiration of the statute of limitations period.

CSX presents no new facts or authorities in support of its position that its RICO, common law fraud, and common law conspiracy claims are not time-barred by the applicable statutes of limitations. In its motion for reconsideration, CSX states that the Court based its decision that the statutes of limitations governing the RICO and common law claims began to run "on or substantially near the date [the underlying fraudulent claims] were filed" on the factual assumption that the September 6, 2001 Mediation Order applied to each of the nine claims described in the amended complaint.[5] (Order at 9 (Mar. 28, 2008).) Rather, CSX contends that the Mediation Order applied to, at most, only three of the nine claims, and therefore, it would not have had notice of

---

[5]As explained in this Court's March 28, 2008 memorandum opinion and order, pursuant to the Mediation Order entered on September 6, 2001, CSX was given access to the original x-rays, medical records, and records maintained by the Railroad Retirement Board as to each claimant. (Pl.'s Am. Compl. at Ex. HH ¶ 13.) The medical records that CSX had the ability to obtain included the Internal Labor Organization ("ILO") forms which listed Dr. Harron's opinions regarding the quality of the x-ray and the severity of the injury observed. (Pl.'s Am. Compl. Ex. M.) Additionally, CSX had the right to conduct depositions with respect to the claims of each plaintiff on an as-needed basis. (Pl.'s Am. Compl. Ex. HH ¶ 15.)

the other six claims until the statute of limitations had already run.

Additionally, CSX argues that this Court may have overlooked facts alleged in the amended complaint demonstrating that CSX could not have had access to the medical information on which certain claims were based prior to the statute of limitations cut-off. Particularly, CSX asserts that no facts exist on the face of the complaint providing that CSX had access to the medical information of Robert Fisher, Willie Trice, Morris Collier, James Petersen, and Donald Wiley. Furthermore, because these individuals were plaintiffs in a lawsuit that was not filed until May 19, 2003, and then only referred to the Mass Litigation Panel on July 25, 2003, three weeks after the Court's RICO statute of limitations cut-off, the claims should not be time-barred. Thus, CSX is asking this Court to reverse its dismissal of Counts 1 and 2 of the amended complaint, as well as the dismissal of Counts 3 and 4 as to Robert Fisher, Willie Trice, Morris Collier, James Petersen, and Donald Wiley.[6]

---

[6]In its reply to the motion for reconsideration, CSX argues that its civil RICO claims are subject to the "separate accrual rule." CSX did not raise this argument in its response in opposition to the lawyer defendants' motion to dismiss or in its motion for reconsideration. Nevertheless, CSX's argument relies on authority that was all available at the time this Court decided and entered its initial memorandum opinion and order that CSX is now asking this Court to reconsider. "A motion for reconsideration should not be used...as a vehicle to present authorities available at the time of the first decision." Weirton Steel Corp. Liquidating Tr. v. Am. Commercial Barge Lines, LLC, 2007 WL 2436887, at *2 (N.D.W. Va. 2007). Accordingly, CSX's argument that this Court should adopt and apply the "separate accrual rule" does

7

The lawyer defendants' response to the motion for reconsideration offers three main arguments against this Court's reconsideration of its March 28, 2008 memorandum opinion and order. First, the lawyer defendants' reiterate their argument that Counts 1 and 2 are time-barred by the applicable RICO statute of limitations. Second, they argue that the statute of limitations clock began to run at the time of the initial injury in 2000, or at the latest during the settlement of cases in 2002, because CSX had notice of the injuries either under the discovery provided by the Mediation Order or the West Virginia Rules of Civil Procedure. Lastly, the lawyer defendants contend that West Virginia's two-year statute of limitations applicable to common law fraud and conspiracy claims bar any common law claims of the named claimants Robert Fisher, Willie Trice, Morris Collier, James Petersen, and Donald Wiley.

Displeasure with a particular result is not, standing alone, grounds for a motion for reconsideration. In reaching a decision regarding the lawyer defendants' motion to dismiss, the Court carefully considered the motions, the responses and replies thereto, as well as the applicable law. CSX has not identified any misapprehension by this Court of the applicable law, of the facts, or of CSX's position. Accordingly, this Court finds that CSX's arguments in its motion for reconsideration do not merit an

---

not merit an alteration of the March 28, 2008 memorandum opinion and order.

alteration of the March 28, 2008 memorandum opinion and order granting in part and denying in part the lawyer defendants' motion to dismiss.

1. Counts 1 and 2

This Court is not persuaded by CSX's argument that the memorandum opinion and order should be reconsidered and amended because this Court misapprehended the Mediation Order or overlooked certain critical facts. CSX's civil RICO, 18 U.S.C. § 1962(c), and RICO conspiracy, 18 U.S.C. § 1962(d), claims are governed by a uniform four-year statute of limitations period. See Agency Holding Corp. v. Malley-Duff & Assoc., 483 U.S. 143, 156 (1987). For the purposes of these RICO claims, the limitations clock begins to run when a plaintiff knows or should know of his or her injury. Rotella v. Wood, 528 U.S. 549, 553 (2000). As this Court noted in its March 28, 2008 memorandum opinion and order, in paragraph 71 of the amended complaint, CSX identifies nine instances in which the lawyer defendants allegedly filed objectively baseless personal injury claims arising from asbestos exposure against CSX. The Peirce Firm filed suits on behalf of the following individuals on the following dates: Gene Sanders, March 20, 2000; Ike Bronson and James Lackey, August 1, 2001; Robert Fisher, November 1, 2001; Willie Trice, November 9, 2001; Morris Collier, James Petersen, and Donald Wiley, May 19, 2003; and Earl Baylor, February 21, 2006.[7]

---

[7] Gene Sanders' claim was settled on August 1, 2002. Ike Bronson's and James Lakey's claims were settled on June 26, 2003 and November 17, 2002, respectively.

CSX is now arguing that this Court's statute of limitations analysis in that memorandum opinion and order is somehow based on a misapprehension of the Mediation Order and overlooked facts in the amended complaint. It is not. Instead, this Court carefully analyzed when CSX was put on inquiry notice of the alleged fraudulent claims. Specifically, in the memorandum opinion and order, this Court stated, "CSX was on inquiry notice of the injuries alleged in Counts 1 and 2 when the nine allegedly fraudulent claims against it were filed and/or settled." (Order at 8 (Mar. 28, 2008).) Further, "[b]ecause CSX had access to the medical information upon which the claimant's lawsuits were based soon after the filing of each of the nine suits, CSX is charged with notice of its injuries on or substantially near the date those cases were filed." (Order at 9 (Mar. 28, 2008).) Eight of the nine alleged fraudulent claims were filed prior to May 19, 2003, more than four years before the amended complaint was filed on July 5, 2007. For that reason, and not because of some misapprehension of the Mediation Order or overlooked facts in the amended complaint, Counts 1 and 2 of the amended complaint are time-barred and must be dismissed.[8] Accordingly, CSX's arguments in its

---

[8]A plaintiff must show a "pattern of racketeering activity" to state a civil RICO or RICO conspiracy claim. 18 U.S.C. § 1961(5). To establish a "pattern of racketeering activity," it requires a showing of at least two acts of racketeering activity. Id. Only one claim is not time-barred by the applicable statute of limitations. Thus, CSX has not shown the requisite pattern to sustain its RICO claims. (Order at 9-10 (Mar. 28, 2008).)

motion for reconsideration do not warrant an alteration of the memorandum opinion and order.

2. <u>Counts 3 and 4</u>

This Court is also not persuaded by CSX's argument that this Court should reverse its dismissal of CSX's common law fraud and conspiracy claims against Robert Fisher, Willie Trice, Morris Collier, James Petersen, and Donald Wiley because this Court overlooked the critical fact that CSX did not have access to these claimants' medical information. "The foregoing statute of limitations analysis similarly applies to Counts 3 and 4 of the amended complaint." (Order at 10 (Mar. 28, 2008).) (applicable here). CSX's common law fraud and civil conspiracy claims are governed by a two-year statute of limitations period. W. Va. Code § 55-2-12. Similar to the civil RICO and RICO conspiracy claims, the limitations clock begins to run when a plaintiff knows or should know of his or her injury. <u>Rotella v. Wood</u>, 528 U.S. at 553; <u>Stemple v. Dobson</u>, 400 S.E.2d 561, 565 (W. Va. 1990).

This Court does not believe that it overlooked any facts in the amended complaint. It does believe, however, that the date when CSX received access to these claimants' medical information is not dispositive of the statute of limitations issue. Instead, the critical issue is that CSX was put on inquiry notice of the claims of Fisher, Trice, Collier, Petersen, and Wiley when those lawsuits were filed and/or settled. Because these lawsuits were filed more than two years prior to the filing of the amended complaint, CSX

11

cannot rely upon these claims to establish state common law fraud and civil conspiracy. Accordingly, CSX's argument in its motion for reconsideration do not warrant an alteration of the memorandum opinion and order.

C. <u>April 1, 2008 Memorandum Opinion and Order Granting in Part and Denying in Part Ray Harron, M.D.'s Motion to Dismiss the Amended Complaint</u>

In its motion for reconsideration of this Court's April 1, 2008 memorandum opinion and order granting in part and denying in part Dr. Harron's motion to dismiss the amended complaint, CSX advances identical arguments to those it argued in its motion for reconsideration of this Court's March 28, 2008 memorandum opinion and order. Because this Court already addressed these arguments and held them to be insufficient new argument or authority to persuade this Court to reconsider its March 28, 2008 memorandum opinion and order, CSX's motion for reconsideration of this Court's April 1, 2008 memorandum opinion and order is also accordingly denied.

IV. <u>Conclusion</u>

For the reasons stated above, the Peirce Firm and the lawyer defendants' motion for permission to file a surreply regarding CSX's motion for reconsideration is hereby GRANTED. Furthermore, CSX has not presented sufficient new argument or authority to persuade this Court to reconsider its March 28, 2008 memorandum opinion and order granting in part and denying in part the lawyer

defendants' motion to dismiss Counts 1 through 4 of the amended complaint or it April 1, 2008 memorandum opinion and order granting in part and denying in part Ray Harron, M.D.'s motion to dismiss the amended complaint. Accordingly, CSX's motions for reconsideration are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: November 3, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE