IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                Civil Action No. 5:05CV202
                                                (STAMP)
ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER, and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING CSX TRANSPORTATION, INC.'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

I.    Background

This Court will dispense with a full recitation of the background facts in the opinion because as stated in an opinion dealing with other motions, "[t]he genesis, facts, and procedural history of this case are familiar territory." (Order at 1 (Nov. 3, 2008).) For the purpose of resolving the motions currently pending before it and addressed in this memorandum opinion and order, the Court believes that the following abbreviated summary is sufficient. On December 22, 2005, CSX Transportation, Inc. ("CSX") commenced the above-styled civil action based upon allegations that defendants Robert Gilkison ("Gilkison") and Peirce, Raimond & Coulter, P.C. ("the Peirce Firm") knowingly and negligently aided a client, Ricky May, in pursuing a fraudulent asbestos claim

against CSX. The complaint asserted fraud, negligence,[1] and punitive damages claims against Gilkison and the Peirce Firm.

On June 20, 2007, this Court granted CSX leave to amend its complaint to state additional fraud claims with the requisite particularity. CSX filed its amended complaint on July 5, 2007, adding claims for civil RICO, civil RICO conspiracy, common law fraud, and civil conspiracy against four new defendants--Robert Peirce, Jr., Louis A. Raimond, Mark Coulter (collectively "the lawyer defendants") and Ray Harron, M.D. ("Dr. Harron"). Thereafter, the lawyer defendants filed a motion to dismiss Counts 1 through 4 (the newly added counts) of the plaintiff's amended complaint.[2]

On January 4, 2008, Dr. Harron also filed a motion to dismiss each of the counts against him in the amended complaint.[3] Dr. Harron's motion to dismiss, in large part, made the same substantive arguments for dismissal as were made by the lawyer defendants in their motion to dismiss Counts 1 through 4 of the amended complaint.

---

[1] On March 16, 2007, pursuant to a motion by the Peirce Firm, this Court granted partial judgment on the pleadings as to the negligence counts.

[2] The Peirce Firm also joined in the motion to dismiss filed by the lawyer defendants.

[3] CSX names Dr. Harron in three counts of its amended complaint: Count 2 (civil RICO conspiracy), Count 4 (civil conspiracy), and Count 7 (punitive damages).

Both motions to dismiss were fully briefed by the parties. On March 28, 2008, this Court entered a memorandum opinion and order granting the lawyer defendants' motion to dismiss as to Counts 1 and 2 and denying their motion to dismiss as to Counts 3 and 4. Thereafter, on April 1, 2008,[4] this Court entered a second memorandum opinion and order granting Dr. Harron's motion to dismiss as to Count 2 and denying his motion to dismiss as to Counts 4 and 7.

After this Court entered these two opinions and orders, CSX filed two motions for reconsideration, requesting that this Court reconsider its memorandum opinion and order granting in part and denying in part the lawyer defendants' motion to dismiss Counts 1 through 4 of the amended complaint, as well as its memorandum opinion and order granting in part and denying in part Dr. Harron's motion to dismiss the amended complaint.[5]

Currently before this Court is CSX's motion for leave to file a second amended complaint in which it alleges that Dr. Harron and the lawyer defendants fabricated and prosecuted eleven additional objectively baseless asbestos claims against CSX. The motion for leave to file a second amended complaint has been fully briefed by the parties and is ready for disposition by this Court. For the

---

[4] This memorandum opinion and order was signed by the undersigned judge on April 1, 2008 but was not entered until April 2, 2008.

[5] This Court denied CSX's motions for reconsideration in a memorandum opinion and order entered on November 3, 2008.

reasons set forth below, this Court denies CSX's motion for leave to file a second amended complaint.

## II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course...before being served with a responsive pleading." If a party seeks to amends its pleading in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## III. Discussion

CSX seeks to amend their first amended complaint to seek damages for injuries caused by eleven additional fraudulent asbestos claims that Dr. Harron and the lawyer defendants allegedly fabricated and prosecuted against CSX. Rule 15(a) grants the court

4

broad discretion, and a court should grant leave to amend absent an improper motive such as undue delay, bad faith, or successive motions to amend that do not cure the alleged deficiency. See Ward Elec. Serv., Inc., 819 F.2d at 497. Where counsel for a party has been aware of a possible claim for a long period of time, but nevertheless refrains from moving to amend until the "last minute," a district court does not abuse its discretion by denying that party's motion to amend. Woodson v. Fulton, 614 F.2d 940, 943 (4th Cir. 1980).

Dr. Harron and the lawyer defendants argue that the proposed amended complaint is both futile and dilatory.[6] This Court agrees and finds that the plaintiffs have been dilatory in their request to amend their first amended complaint. In Gum v. Gen. Elec. Co., 5 F. Supp. 2d 412, 415 (S.D.W. Va. 1998), the court held that the plaintiff was dilatory in seeking an amendment to the complaint because the plaintiff was "aware of the facts underlying the proposed allegations, such that he could have included them ab initio, or sought an amendment earlier than he did." Specifically, the court noted that the plaintiff "states he recently became aware of the 'significance of [the defendant's actions],' not that he recently became aware of her actions." Gum, 5 F. Supp. 2d at 415 n. 7.

---

[6]Dr. Harron and the lawyer defendants each filed a separate response to CSX's motion for leave to file a second amended complaint. Nevertheless, both responses assert essentially the same arguments in opposition to CSX's motion.

This Court finds that a similar, if not identical, situation has occurred in this case. CSX is seeking to amend its complaint for the second time to include eleven alleged objectively baseless asbestos claims that Dr. Harron and the lawyer defendants fabricated and prosecuted against it. By its own admission, eight of the eleven claims were part of the <u>Amos, et al.</u>, <u>Abel, et al.</u> and <u>Charles Adams, et al.</u> cases that CSX previously described in its first amended complaint. These cases were filed on May 19, 2003, (both <u>Amos, et al.</u> and <u>Abel, et al.</u>) and February 1, 2006, respectively. The remaining three claims were part of a lawsuit filed five months later on July 27, 2006, and brought by the same individuals in the <u>Charles Adams, et al.</u> lawsuit. CSX admits in its motion for leave to file a second amendment to the complaint that both the <u>Charles Adams, et al</u> lawsuit, and this second lawsuit were both dismissed pursuant to the same order and are part of the same consolidated appeal by the lawyer defendants to the West Virginia Supreme Court of Appeals.

Based upon CSX's own admissions, it appears that CSX was fully aware of these facts prior to its filing of its first amended complaint. Yet, instead of asserting these eleven allegedly fraudulent claims in that first amended complaint, CSX has waited until now to include them and has offered no good reason for its actions. Furthermore, it is curious that CSX's motion for leave to file a second amended complaint follows this Court's recent decisions dismissing several claims against the lawyer defendants

and Dr. Harron. See Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1148 (4th Cir. 1988) ("[A]ppellant's second motion to amend the complaint followed on the heels of appellees' well-supported joint motion for summary judgment...Thus, the proposed amendment appears to have been an after-thought by appellant, possibly prompted only by the concern that it would lose on the summary judgment motion."). Therefore, this Court finds that CSX was dilatory in filing this motion for leave to file a second amended complaint.

Moreover, this Court finds that CSX's proposed amendment to the complaint would be futile. CSX's civil RICO, 18 U.S.C. § 1962(c), and RICO conspiracy, 18 U.S.C. § 1962(d), claims are governed by a uniform four-year statute of limitations period. See Agency Holding Corp. v. Malley-Duff & Assoc., 483 U.S. 143, 156 (1987). The Fourth Circuit applies the injury discovery accrual rule which provides that the statute of limitations accrues or begins to run when a plaintiff knows or should know of his or her injury. Rotella v. Wood, 528 U.S. 549, 553 (2000) (affirming application of injury discovery rule in RICO case); Pocahontas Supreme Coal Co., Inc. v. Bethlehem Steel Corp., 828 F.2d 211, 220 (4th Cir. 1987) (same). "These cases hold that a RICO claim expires if it is not brought in timely fashion following the first incidence of injury. In this regard the cases refuse to recognize any extension of the limitation period attributable to the commission of additional acts of racketeering." Rakoff and

Goldstein, RICO: Civil and Criminal Law and Strategy § 3.04(2) (2008).

Because CSX filed its first amended complaint on July 5, 2007, determining whether the statute of limitations has run essentially turns on whether CSX had inquiry notice of its injury prior to July 5, 2003. This Court held in its March 28, 2008 memorandum opinion and order granting in part and denying in part the lawyer defendants' motion to dismiss Counts 1 through 4 of the amended complaint that "CSX was on inquiry notice of the injuries alleged in Counts 1 and 2 when the nine allegedly fraudulent claims against it were filed and/or settled."[7] (Order at 8 (Mar. 28, 2008).) With the exception of Earl Baylor's lawsuit, each of the other lawsuits were filed more than four years before July 5, 2007. Furthermore, three of the lawsuits were settled more than four years prior to the filing of the first amended complaint.[8] Thus, this Court now reaffirms its earlier decision that pursuant to the injury discovery rule, CSX is charged with notice of its injury by March 2000 when the first alleged objectively baseless and fraudulent

---

[7] The Peirce Firm filed personal injury suits arising from asbestos exposure on behalf of the following individuals on the following dates: Gene Sanders, March 20, 2000; Ike Bronson and James Lackey, August 1, 2001; Robert Fisher, November 1, 2001; Willie Trice, November 9, 2001; Morris Collier, James Petersen, and Donald Wiley, May 19, 2003; and Earl Baylor, February 21, 2006.

[8] Gene Sanders' claim was settled on August 1, 2002. Ike Bronson's and James Lakey's claims were settled on June 26, 2003 and November 17, 2002, respectively.

lawsuit was filed against it.[9]  Now, in an effort to avoid the injury discovery rule, the plaintiff "cannot use an independent, new act as a bootstrap to recover for injuries caused by other predicate acts that took place outside the limitations period." Klehr v. A.O. Smith Corp., 521 U.S. 179, 181 (1997); see also Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc., 262 F.3d 260, 266 (4th Cir. 2001) (same).[10]

This Court is not persuaded by CSX's argument that pursuant to the separate accrual rule, CSX has stated viable RICO causes of action based on the five fraudulent claims filed in 2006 and asserted in its potential second amended complaint.  In a circuit split, federal courts have adopted two tests for determining the accrual date of a RICO cause of action.  Rakoff and Goldstein, RICO: Civil and Criminal Law and Strategy at § 3.04(2).  See also Mary S. Humes, RICO and a Uniform Rule of Accrual, 99 Yale L.J. 1399 (1990) (collecting cases).  The first test adopts the separate accrual rule "which starts a separate limitations period running each time the plaintiff discovers or should have discovered a new injury caused by the defendant's violation...."  Rakoff and Goldstein, RICO: Civil and Criminal Law and Strategy at § 3.04(2). See also, e.g. Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1102

---

[9]Again, to reaffirm its prior holding in the March 28, 2008 memorandum opinion and order, at the very least, CSX knew or should have known it was injured prior to settling three of the nine cases.

[10]This same statutes of limitations analysis applies to CSX's common law claims of fraud and conspiracy.

9

(2d Cir. 1988) (collecting cases). In contrast, the second test follows the injury discovery rule, and a RICO claim accrues when a plaintiff knows, or has reason to know, of his initial injury, not necessarily a pattern of racketeering. Rakoff and Goldstein, <u>RICO: Civil and Criminal Law and Strategy</u> at § 3.04(2) (collecting cases).

The Fourth Circuit has not adopted a separate accrual rule in regard to RICO claims. <u>See, e.g.</u> <u>Cherrey v. Diaz</u>, 1993 WL 118099, at *3 n. 3 (4th Cir. 1993). Instead, the Fourth Circuit has repeatedly and consistently applied the injury discovery rule. <u>See e.g.</u>, <u>Pocahontas Supreme Coal Co.</u>, 828 F.2d at 220; <u>Detrick v. Panalpina, Inc.</u>, 108 F.3d 529, 539-40 (4th Cir. 1997). Accordingly, this Court rejects CSX's argument that the separate accrual rule permits it to assert viable RICO causes of action. Because CSX was on inquiry notice of its injury as early as March 2000, more than four years prior to its asserting RICO claims in its first amended complaint, CSX's RICO counts are time-barred by the applicable statute of limitations. CSX cannot now cure its time-barred claims by a second amendment to its complaint proposing more recent allegedly fraudulent claims. <u>Klehr</u>, 521 U.S. at 181; <u>see also</u> <u>Potomac Elec. Power Co.</u>, 262 F.3d at 266. Therefore, this Court finds that any second amendment to the complaint would be futile.

Lastly, because the plaintiff acted in a dilatory manner, and because any second amendment would only be futile, this Court holds

that allowing CSX to file a second amended complaint would unduly prejudice the defendants by extending discovery when it is not necessary. Under such circumstances, this Court will deny CSX's motion for leave to file a second amended complaint.

## IV. Conclusion

For the reasons set forth above, CSX's motion for leave to file a second amended complaint is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    November 3, 2008

                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE