IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                  Civil Action No. 5:05CV202

ROBERT V. GILKISON, ET AL.,

    Defendants.

**ORDER GRANTING PLAINTIFF, CSX TRANSPORTATION, INC.'S MOTION TO COMPEL DEPOSITION TESTIMONY FROM DEFENDANT RAY HARRON, M.D., AND SETTING A TIME AND PLACE FOR THE RESUMPTION OF HIS DEPOSITION IF THE PARTIES CANNOT AGREE**

I. Introduction

    A.    Background

Plaintiff, CSX Transportation, Inc. (CSX) filed this action[1] December 22, 2005, against Robert V. Gilkison (Gilkison), Peirce, Raimond & Coulter, P.C. (The Peirce Firm) and John Does alleging Gilkison and the Peirce Firm committed fraud against CSX with respect to one May and alleging one count of fraud and three counts of negligence against the Peirce Firm. Subsequently, the Court dismissed the negligence claims and limited the fraud claim to the May claim. On July 5, 2007, Plaintiff filed an Amended Complaint alleging civil RICO, RICO conspiracy, common law fraud and civil conspiracy against Gilkison, the Peirce Firm, Robert Peirce,

---

[1] Doc. No. 1.

Jr., Louis A. Raimond, Mark T. Coulter (the lawyer defendants) and Ray Harron, M.D.[2] The Court dismissed the RICO claims against the lawyer defendants on March 28, 2008.[3]

B. The Motion

Plaintiff, CSX Transportation, Inc.'s Motion to Compel Deposition Testimony from Defendant, Ray Harron, M.D.[4]

C. Decision

The Motion to Compel is **GRANTED** because Fed. R. Civ. P. 30(c)(2) only permits a person to instruct a deponent not to answer when necessary to preserve a privilege, enforce a court ordered limitation or to present a motion under Rule 30(d)(3). None of those three reasons was the basis for counsel's instruction to the witness not to answer.

D. Order

The parties shall have one week from the date of this Order to find a new time and place for the continuance of the deposition and to file a stipulation concerning the same. In the event the parties and counsel cannot agree or do not file the stipulation within one week from the date of this Order, the continued deposition shall begin at **1:30 p.m., Saturday, May 30, 2009, in the Magistrate Judge Courtroom, U.S. Courthouse, 12th and Chapline Streets, Wheeling, West Virginia. It shall end no later than 3:30 p.m.**

---

[2] Doc. No. 208.

[3] Doc. No. 264.

[4] Doc. No. 437.

## II. Facts

The video deposition of Ray A. Harron, M.D. took place on March 11, 2009. Attached to the Motion to Compel is Exhibit C which contains pages 1, 142 through 157 and 190 through 197 of the deposition. Ms. Johnson instructed the witness not to answer because the information sought was not relevant to or outside the scope of this action. Ms. Johnson stated it was not a privilege objection.

## III. The Motion to Compel

### A. Contentions of the Parties

CSX contends that under Fed. R. Civ. P. 30(c)(2) there are only three reasons a person may instruct a witness not to answer - to preserve a privilege, enforce a court ordered limitation or to present a motion under Rule 30(d)(3).

Defendant Harron contends that CSX is seeking to depose him on additional irrelevant topics which will not lead to admissible evidence. Specifically, Harron contends CSX is seeking inadmissible evidence of other bad acts or wrongs.

### B. Discussion

Fed. R. Civ. P. 30(c)(2) is express. There are only three reasons a person may instruct a witness not to answer - to preserve a privilege, enforce a court ordered limitation or to present a motion under Rule 30(d)(3). When a witness is instructed not to answer, a court cannot guess what answers may have been elicited and must assume the answers would have been beneficial, and if not relevant evidence, may lead to it. See Ralston Purina Co. v. McFarland, 550 F.2d 967, 973 (4th Cir. 1977). Further, directing a witness not to answer, for a reason other than the

three reasons stated in Rule 30(d)(3), is indefensible and contrary to the Federal Rules of Civil Procedure. Id. The Ralston Purina case goes on to discuss that Rule 26(b)(1) provides that any non-privileged matter, relevant to the subject matter involved in the pending action is discoverable even if inadmissible if it may lead to the discovery of admissible evidence. Id. The Court acknowledges Rule 26(b)(1) was subsequently amended in 2000 to limit the scope of discovery to nonprivileged matters relevant to any party's claim or defense.

Harron contends that the information sought is not relevant to any party's claim or defense involved in this action. But relevance and admissibility are to be tested after the fact. Relevance and admissibility are not to be decided by counsel at the deposition. That is the reason for Rule 30(c)(2). The Rule is designed to specifically avoid the problem we have here. If counsel for Defendant Harron had simply objected to each question (or made a continuing objection as did counsel for The Peirce Firm and the lawyer defendants) and let the witness answer, there would be no need to have a second deposition. Counsel for Defendant Harron made her choice. She was wrong and expressly violated the Federal Rules of Civil Procedure. No rule is more clearly stated than Rule 30(c)(2). The instruction to Harron by his counsel not to answer because the questions were irrelevant expressly violates Fed. R. Civ. P. (30)(c)( 2). The Court must grant the Motion to Compel.

    C.    <u>Decision</u>

The Motion to Compel is **<u>GRANTED</u>** because Fed. R. Civ. P. 30(c)(2) only permits a person to instruct a deponent not to answer when necessary to preserve a privilege, enforce a court ordered limitation or to present a motion under Rule 30(d)(3). None of those three reasons was the basis for counsel's instruction to the witness not to answer.

D.  Order

The parties shall have one week from the date of this Order to find a new time and place for the continuance of the deposition and to file a stipulation concerning the same. In the event the parties and counsel cannot agree or do not file the stipulation within one week from the date of this Order, the continued deposition shall begin at **1:30 p.m., Saturday, May 30, 2009, in the Magistrate Judge Courtroom, U.S. Courthouse, 12th and Chapline Streets, Wheeling, WV. It shall end no later than 3:30 p.m.**

Counsel for Plaintiff shall have fourteen (14) days from the date of this Order to file its Affidavit of Reasonable Expenses related to this motion.

Counsel for Defendant Harron shall have twenty-eight (28) days from the date of this Order to file any response to the Affidavit of Reasonable Expenses.

Counsel for Defendant Harron shall be given an **Opportunity to be Heard at 9:30 a.m., Saturday, June 13, 2009, in the Magistrate Judge Courtroom, Room 433, United States Courthouse, Twelfth and Chapline Streets, Wheeling, West Virginia**, why reasonable expenses and sanctions should not be awarded.

**THE COURT WILL NOT PERMIT ANY LAWYERS TO PARTICIPATE BY TELEPHONE.**

**EVERY PARTY AND ALL COUNSEL OF RECORD SHALL APPEAR IN PERSON, EXCEPT IF THERE IS A MAJOR FAMILY EVENT THAT WAS SCHEDULED PRIOR TO THE DATE OF THIS ORDER.**

**PARTIES OTHER THAN INDIVIDUALS SHALL APPEAR BY A PERSON WHO HAS THE LEGAL AUTHORITY TO BIND THE PARTY WITHOUT CONSULTING ANY OTHER PERSON WHO HAS LEGAL AUTHORITY TO BIND A PARTY**.

Any party who appears pro se and any counsel of record, as applicable, may, **within eleven (11) days from the date of this Order**, file with the Clerk of the Court the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 14, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE