IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

       Plaintiff,

v.                                                                               Civil Action: 5:05-CV-202
                                                                             (Judge Stamp)

ROBERT V. GILKISON, *et al.*,

       Defendants.

**MEMORANDUM, OPINION, and ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, RAY HARRON, M.D.**

On March 18, 2009, came the above named Plaintiff, by J. David Bolen and Mitchell Morris, in person, Defendant Peirce, Raimond & Coulter *aka* Robert Peirce & Associates, P.C., by David Berardinelli and Robert Lockhart, in person, and Defendant Dr. Ray A. Harron by Elizabeth Johnson and Jerald Jones, via telephone, for Plaintiff's Motion to Compel Responses to its First Requests for Production of Documents to Defendant, Ray Harron, M.D. Testimony was not taken, and no other evidence was introduced.

## I. Introduction

A.    Background.

This case involves allegations of fraud. Defendant, Peirce, Raimond & Coulter, PC is a law firm who represented persons bringing asbestosis claims against Plaintiff. Defendant used health screenings to determine persons with potential claims against Plaintiff. Plaintiff alleges that on one occasion a man named Danny Jayne participated in a screening and was found by Defendant's radiologist to have symptoms consistent with asbestosis. It is further alleged that

one Ricky May attended a screening and tested negative for asbestosis. May later arranged for Jayne to attend a second screening in his place to obtain a fraudulent chest x-ray showing asbestosis. Plaintiff alleges Defendant Gilkison, who was an employee of the law firm, facilitated this fraud, and that Defendant later ratified his actions. Plaintiff eventually settled a lawsuit with May. In July, 2007, Plaintiff amended its Complaint to include Dr. Ray A. Harron as a defendant and named three lawyer defendants. Plaintiff alleges that Dr. Harron conspired with the lawyer defendants. Plaintiff alleges that Dr. Harron was hired by the Peirce Firm because of his willingness to read unusually large numbers of x-rays at a time. Plaintiff alleges that Dr. Harron's role in the conspiracy was to "read" the x-rays for signs of asbestosis. The goal, says Plaintiff, was to deliberately orchestrate the asbestosis screenings so as to maximize the likelihood of false positive diagnoses.

Plaintiff has sought discovery to determine Dr. Harron's role in the alleged conspiracy. The parties engaged in discovery and a dispute arose. Plaintiff filed its Motion to Compel on February 27, 2009. **NO RESPONSIVE PLEADINGS WERE FILED BY ANY DEFENDANTS**. Subsequently, Defendant, the Peirce Firm, filed a Motion for Protective Order on March 13, 2009. Some of the documents that Defendant the Peirce Firm seeks to have withheld from discovery were at issue in Plaintiff's Motion to Compel directed to Defendant Harron. This Court set an evidentiary hearing and argument on the Motion to Compel for March 18, 2009. The hearing was held on that date.

B. <u>The Motion</u>.

Plaintiff's Motion to Compel[1]

---

[1] Docket No. 363

2

C.  Decision.

Plaintiff's Motion to Compel is GRANTED because Defendant Harron has waived any attorney-client privilege or work product doctrine protection by failing to comply with Fed. R. Civ. P. 26(b)(5) and Local Rule 26.04(a)(2). Defendant Harron is ORDERED to respond to Request for Production Nos. 6, 11 and 27. Request for Production No. 6 shall be answered pursuant to a confidentiality order agreed upon by both parties.

II. Facts

1. On July 5, 2007, Plaintiff amended its Complaint to include Dr. Harron as a Defendant.[2] CSX alleged that Dr. Harron was part of an ongoing conspiracy with his Co-Defendants and has engaged in fraudulent conduct while working as a B-reader and that he either recklessly disregarded or deliberately misrepresented the contend of the x-rays he read for and on behalf of Defendant Peirce, Raimond & Coulter, P.C.

2. On March 28, 2008, Judge Stamp entered a Memorandum Opinion and Order limiting this case only to claims related to Earl Baylor.[3]

4. On July 13, 2008, Judge Stamp entered an Order Staying Discovery pending resolution of any and all motions to dismiss, motions to strike, or other appropriate motions pursuant to Federal Rules of Civil Procedure 12 or 15. Judge Stamp also denied CSX's request to extend the deadline for Phase I discovery.[4]

5. A status and scheduling conference was held before Judge Stamp on December 3, 2008.

---

[2] Docket No. 208

[3] Docket No. 264

[4] Docket No. 224

On December 8, 2008, Judge Stamp entered the Scheduling Order.[5] All discovery was to have been "fully served and completed by April 2, 2009."

6. Plaintiff served Defendant Dr. Harron with its First Request for Production of Documents on December 22, 2008.[6]

7. Defendant Harron served his responses on January 21, 2009.

8. Plaintiff filed its Motion to Compel directed at Defendant Harron on February 27, 2009.

9. A hearing on the Motion to Compel was held on March 18, 2009.

### III. Plaintiff's Motion to Compel Responses to Its First Requests for Production of Documents to Defendant Ray Harron, M.D.

A. <u>Contentions of the Parties</u>

Plaintiff alleges that Defendant Harron's responses were deficient and in violation of the applicable rules of civil procedure. Plaintiff avers that Defendant Harron produced no documents whatsoever. Secondly, Plaintiff contends that Dr. Harron relied almost entirely on non-specific "General Objections," which are impermissible under Fed. R. Civ. P. 34(b)(2)(B) and Local Rule 34.01(b)(1). Also, Plaintiff contends that Dr. Harron failed to produce a privilege log in violation of Fed. R. Civ. P. 26(b)(5) and Local Rule 26.04(a)(2).

Defendant Harron argued against the relevance of the documents at issue and was simply a stakeholder to the lawyer defendants' work product claim. After having been served with Plaintiff's Request for Production of Documents, Defendant Harron's counsel conferred with counsel for the Peirce law firm and provided to them the documents responsive to Nos. 11 and 27 because the Peirce firm had objections based on work product covering these types of

---

[5] Docket No. 293

[6] Docket No. 295

documents. Plaintiff argues that counsel for Defendant Harron holds certain documents responsive to Request Nos. 11 and 27 that the Peirce firm claims are privileged. At the hearing on the Motion to Compel, counsel for Defendant Harron informed the Court that there are three categories of documents at issue. The first is financial dealings, which have been produced; the second is transmittal letters; and the third are the documents in which Dr. Harron was requested to do a chart review. Counsel for Defendant Harron argued that it is this third category of documents that the Peirce Firm has a work product objection.

Counsel for the Peirce Firm argued at the hearing that he had no idea that Dr. Harron was in possession of documents that he would be objecting to producing until after counsel for Dr. Harron sent the documents to him. He argues that as soon as they learned Dr. Harron was in possession of these documents, he began to take steps to assert the privilege.

The specific discovery requests at issue were requests for production 6, 9, 11, 16, and 27. The Court was informed at the hearing that Dr. Harron had filed supplemental responses to Nos. 9 and 16. Therefore, the only requests in dispute before the Court are Nos. 6, 11 and 27.

B. Discussion

1. Dr. Harron's Claim

The Court notes that counsel for Defendant Harron intentionally and willfully failed to comply with the Federal and Local Rules of Civil Procedure, specifically Fed. R. Civ. P. 26(b)(5) and L. R. Civ. P. 26.04(2). Therefore, the Court finds this Defendant has waived any right to claim protection from the attorney client privilege or work product doctrine. For objections based on claims of privilege, these rules require that the objecting party describe the documents not produced with sufficient particularity to "enable parties to assess the claim."

Defendant Harron did not comply with these rules here.

Total and complete failure to comply with Fed. R. Civ. P. 26(b)(5) and Local Rule 26.04(a)(2) constitutes an absolute waiver of the attorney-client privilege and work product doctrine protection. The advisory committee notes to Rule 26(b)(5) of the Federal Rules of Civil Procedure make clear that failure to comply with the rule may constitute a waiver of privilege. When, as here, a party files no responsive pleading, refuses to comply with the rule and the Court finds the request is not patently improper, finding waiver of privilege is appropriate. Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 662 (D. Colo. 2000).

2. The Peirce Firm Claim

The Peirce Firm has waived any standing to object to this motion. Because of the long and close relation between defendants Harron and the Peirce Firm, Counsel for Defendant the Peirce Firm knew or should have known from the time the amended complaint was filed that Defendant Harron would likely have documents in which the Peirce Firm claimed a protection. When the request for production of documents was filed on December 22, 2009 against Harron, counsel for the Peirce Firm knew exactly which documents were sought and were on notice which documents it may want to claim protection. The Peirce Firm made no inquiry and took no action. Counsel for the Peirce Firm filed no response to this motion. The Peirce Firm has totally and completely waived any attorney-client privilege or work product doctrine protection with respect to **THE DOCUMENTS IN DR. HARRON'S POSSESSION BECAUSE IT FILED NO RESPONSIVE PLEADING AND ASSERTED NO CLAIM OF ATTORNEY CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE PROTECTION AS TO THE DOCUMENTS IN DR. HARRON'S POSSESSION**.

IV. Decision

Plaintiff's Motion to Compel is **GRANTED**. As for Request for Production No. 6, Defendant is **ORDERED** to respond pursuant to a confidentiality order agreed upon by both parties. Defendant Harron is **ORDERED** to produce the documents responsive to Plaintiff's discovery requests regarding Dr. Harron within eleven (11) days from the date of this Order. The Court will address the issues of reasonable expenses and sanctions at a later day.

Filing of objections does not stay this Order. Any party may, within eleven (11) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATE: May 14, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE