IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

**CSX TRANSPORTATION, INC.,**

                      Plaintiff,

v.                                         Civil Action No.: 5:05-cv-202

**ROBERT V. GILKISON;**
**PEIRCE, RAIMOND & COULTER, P.C.,**
a Pennsylvania Professional Corporation a/k/a
**ROBERT PEIRCE & ASSOCIATES, P.C.,**
a Pennsylvania Professional Corporation;
**ROBERT PEIRCE, JR.; LOUIS A. RAIMOND;**
**MARK T. COULTER; and RAY HARRON, M.D.;**

                      Defendants.

## AGREED LIMITED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby ORDERED that certain information which is produced during discovery is confidential under the terms of this Order and shall not be released in any fashion to any person or entity outside the designation contained in the Order and shall not be released in any fashion to any person or entity outside of this case, including but not limited to the following:

    A.    Any media outlet of any kind or such persons that may disclose such information to any media outlet.

    B.    Other railroads or employees of railroad workers, including their counsel.

    C.    Any employees of CSXT other than representatives of the plaintiff corporation.

It is hereby ORDERED that this Limited Protective Order shall only apply to the following information and documents:

{H0477810.1 }

1. Federal 1099 forms from law firms having engaged Dr. Harron's services, and federal W-2 forms for Dr. Harron's employees produced in connection with this agreement and clearly marked "Confidential" on at least the first page of multipage documents.

The Court in entering this Protective Order recognizes that certain of the information requested by the plaintiff to be disclosed by the Defendant Harron in this litigation may involve third parties and be considered sensitive, possibly confidential, possibly privileged, possibly subject to the rules, regulation and statutes regarding HIPPA or otherwise private as contemplated by Rule 1.6 of the Rules of Professional Conduct. This Court does ORDER as follows:

1. The information designated as Confidential during the course of this action shall be disclosed only to counsel for CSXT and the parties, and if they so choose, to experts retained on behalf of each party, upon the condition that such experts agree in writing to comply with this Protective Order prior to disclosure of information and documents to them.

2. The information and documents described herein shall be used only for the purpose of preparing for and prosecuting the trial of this action.

3. The documents described herein and disclosed during this action shall not be submitted in any pleading filed with the court unless such pleading, motion or other paper is filed under seal and maintained under seal by the Clerk until further Order of the Court.

4. The production of the information and documents by either party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality which they may have or wish to assert.

5.  Upon the termination of this action, all details and copies of the information and documents disclosed pursuant to this Agreed Protective Order, together with all copies, notes, sketches, data, compilations, extracts and reproductions hereafter created, shall be returned to disclosing counsel.

6.  This Order shall have continuing effect without respect to the termination of this action.

7.  CSXT shall have the right to seek modification of this order at any time during the pendency of this litigation should the circumstances warrant.

8.  This order shall not prevent any party from using relevant information and documentation for appropriate litigation purposes, including but not limited to the questioning of witnesses under oath, nor shall it prevent any party from complying with any lawful obligation to produce information to a third party, nor shall such order prohibit the disclosure of information or documents to any appropriate law enforcement agency or agency or body regulating the practice of law.

ENTERED this __15th__ day of ____May____, 2009.

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

/s/ Jerald E. Jones
Jerald E. Jones, Esquire
**WEST & JONES**
360 Washington Avenue
P.O. Box 2348
Clarksburg, WV 26302
Telephone:   304-624-5501
Facsimile:    304-624-4454

/s/ Elizabeth M. Johnson
Lawrence S. Goldman, Esquire
Elizabeth M. Johnson, Esquire
**LAW OFFICES OF LAWRENCE S. GOLDMAN**
500 Fifth Avenue, 29th Floor
New York, NY 10110
Telephone:   212-997-7499
Facsimile:    212-997-7707

S/ Ron Barroso
5350 S. Staples
Suite 401
Corpus Christi, TX 78411
Telephone:   361-994-7200
Facsimile:    361-994-0069

**COUNSEL FOR DEFENDANT
DR. RAY HARRON**

/s/ J. David Bolen
Marc E. Williams, Esquire
Robert L. Massie, Esquire
J. David Bolen, Esquire
**HUDDLESTON BOLEN LLP**
611 Third Avenue
P.O. Box 2185
Huntington, WV 25722-2185
Telephone:   304-529-6181
Facsimile:    304-522-4312

E. Duncan Getchell, Jr., Esquire
Samuel L. Tarry, Jr., Esquire
Mitchell K. Morris, Esquire
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219
(804) 775-1000 (T)
(804) 775-1061 (F)

**COUNSEL FOR PLAINTIFF
CSX TRANSPORTATION, INC.**