IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                          Civil Action No. 5:05CV202
                                                             (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT ROBERT PEIRCE & ASSOCIATES, P.C. AND
THE LAWYER DEFENDANTS' EMERGENCY MOTION FOR PARTIAL
STAY OF AND OBJECTIONS TO MAGISTRATE JUDGE SEIBERT'S
MAY 14, 2009 DISCOVERY ORDER REGARDING PRODUCTION OF
PRIVILEGED DOCUMENTS FROM DEFENDANT RAY HARRON, M.D.
AND DENYING DEFENDANT ROBERT PEIRCE & ASSOCIATES, P.C.
AND THE LAWYER DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

I.  Background

    Discovery in this civil action commenced on April 7, 2006 with the entry of a scheduling order outlining the discovery process. Since the entry of that order, a number of discovery disputes have arisen between the parties. The most recent dispute involves the first request for production of documents served by the plaintiff, CSX Transportation, Inc. ("CSX"), on defendant Ray Harron, M.D. ("Dr. Harron") on December 22, 2008. All defendants received copies of this discovery request. Dr. Harron served his responses on January 21, 2009. Alleging that Dr. Harron's responses were deficient and in violation of the applicable rules of civil

procedure, the plaintiff filed a motion to compel directed at Dr. Harron on February 27, 2009.  None of the defendants filed a responsive pleading, but defendant Peirce, Raimond & Coulter, P.C. (the "Peirce Firm") and Robert Peirce and Louis Raimond (collectively the "lawyer defendants") (all three defendants are collectively referred to as the "Peirce Firm defendants") filed a collateral motion for protective order on March 13, 2009, concerning the same documents at issue in the motion to compel.[1]

Pursuant to an order of reference, this discovery dispute was referred to United States Magistrate Judge James E. Seibert.  An evidentiary hearing and argument was held before the magistrate judge regarding CSX's motion to compel.  At this hearing, the Peirce Firm defendants argued that Dr. Harron holds certain documents that are privileged under the work product doctrine.  Specifically, the Peirce Firm defendants argued that it had no idea that Dr. Harron was in possession of these privileged documents until Dr. Harron's counsel notified the Peirce Firm during the week of March 5, 2009, but that it immediately filed its motion for a protective order upon learning this fact.

Magistrate Judge Seibert issued a memorandum opinion and order granting the plaintiff's motion to compel. Concerning the Peirce Firm defendants' claim, the magistrate judge held that these defendants knew or should have known that Dr. Harron was in

---

[1] The magistrate judge has not issued a memorandum opinion and order on this motion for protective order.

possession of privileged documents and that when the request for production of documents was filed on December 22, 2009 against Dr. Harron, counsel for the Peirce Firm defendants knew exactly which documents were sought and were on inquiry notice which documents it may have wanted to claim protection.  Thus, in granting the plaintiff's motion to compel, the magistrate judge stated:

> The Peirce Firm made no inquiry and took no action. Counsel for the Peirce Firm filed no response to this motion.  The Peirce Firm has totally and completely waived any attorney-client privilege or work product doctrine protection with respect to **THE DOCUMENTS IN DR. HARRON'S POSSESSION BECAUSE IT FILED NO RESPONSIVE PLEADING AND ASSERTED NO CLAIM OF ATTORNEY CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE PROTECTION AS TO THE DOCUMENTS IN DR. HARRON'S POSSESSION.**

(Mag. J. Order at 6) (emphasis included).

The Peirce Firm defendants filed an emergency motion for partial stay of and objections to the order of the magistrate judge.  Specifically, the Peirce Firm defendants ask this Court to (1) grant their objections to the magistrate judge's order and modify the order by striking the objected to findings and preventing the disclosure of the privileged documents until the magistrate judge rules on the pending motion for protective order; and (2) stay any production of these documents pending resolution of the Peirce Firm defendants' objections.  CSX filed a response in opposition to the motion to which the Peirce Firm defendants replied.

For the reasons set forth below, this Court denies both the Peirce Firm defendants' emergency motion for partial stay of and

objections to Magistrate Judge Seibert's May 14, 2009 discovery order regarding production of privileged documents from defendant Dr. Harron, as well as the Peirce Firm defendants' motion for protective order.

## II.  Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused.  Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

## III.  Discussion

A.  Motion to Stay

As stated in the magistrate judge's order, "[f]iling of objections does not stay this Order."  (Mag. J. Order at 7.) Simultaneously with its objections to the magistrate judge's May 14, 2009 discovery order, the Peirce Firm defendants filed a motion to stay pending resolution of its objections to that order.

4

A motion to stay proceedings is not expressly provided for by the Federal Rules or by statute, but a district court has the inherent discretion to recognize such a motion under its general equity powers. Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).  While recognizing this power, the United States Court of Appeals for the Fourth Circuit has observed that "it is not, however, without limitation."  Id.  "[P]roper use of this authority," the Court of Appeals explained, "calls for the exercise of judgment which must weigh competing interests and maintain an even balance."  Id. (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)).  The party seeking the stay must demonstrate "a clear case of hardship or inequity, if there is even a fair possibility that the stay would damage another party."  Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983) (citing Landis, 299 U.S. at 254-55).

The Peirce Firm defendants have failed to demonstrate the requisite hardship to entitle it to the stay of the magistrate judge's discovery order in this matter pending resolution of its objections.  It is in the interest of judicial efficiency to avoid further delay in the resolution of this discovery dispute and in the progress of this civil action.  Therefore, the Peirce Firm defendants' motion to stay is denied.

B.  Objections to the Magistrate Judge's Discovery Order

This Court has reviewed the magistrate judge's memorandum opinion and order granting the motion to compel, as well as the

Peirce Firm defendants' objections to that order, CSX's response to the objections, and the Peirce Firm defendants' reply and finds that the magistrate judge's order is neither clearly erroneous nor contrary to law.  Accordingly, the ruling of the magistrate judge is affirmed and adopted in its entirety.

The Peirce Firm contends that the magistrate judge's decision is premised on two incorrect grounds: (1) that the Peirce Firm defendants should have known that Dr. Harron was in possession of privileged materials; and (2) that the Peirce Firm defendants had an obligation to respond and object to the discovery addressed to another party and failed to timely do so.  In support of their objections, the Peirce Firm defendants rely primarily upon SEC v. Lavin, 111 F.3d 921 (D.C. Cir. 1997).  In Lavin, the Securities and Exchange Commission ("SEC") attempted to compel production of taped telephone conversations between a husband and wife.  Id. at 923. The husband knew that these tapes existed, but only upon learning that the SEC sought these tapes did he move to prevent their production.  Id. at 924.  The Court of Appeals denied the SEC's argument that any privilege had been waived, finding that "the [husband and wife] took all reasonable steps to protect their taped conversations from disclosure and thus did not waive the privilege."  Id. at 929-32.  The Peirce Firm defendants submits, upon this case law, that the key fact in determining when action is required is the time when a party obtains knowledge that privileged information may be disclosed.

The Peirce Firm defendants' objection does not establish that the magistrate judge's memorandum opinion and order was clearly erroneous or contrary to law. The court in <u>Lavin</u> articulates a persuasive reasonableness standard, stating that a court must look at the privilege holder's actions to determine if the holder took reasonable steps to protect the privileged documents. <u>Id.</u> at 929-32. Even assuming that this Court adopts this analysis, however, the magistrate judge was not clearly erroneous in finding that the Peirce Firm defendants failed to take reasonable steps to protect the alleged privileged documents in Dr. Harron's possession. Unlike the privilege holder in <u>Lavin</u> who immediately objected to the proposed discovery, the Peirce Firm defendants took no such action. CSX's first set of production of documents to Dr. Harron was filed on December 22, 2008 and copies were provided to all defendants, including the Peirce Firm defendants. Dr. Harron responded on January 26, 2009, to which CSX filed its motion to compel on February 27, 2009. The Peirce Firm defendants failed to file any responsive pleadings asserting any claims of attorney-client privilege or work product doctrine protection. Rather, it only filed a motion for protective order on March 13, 2009, almost three months after the discovery was requested and two months after Dr. Harron responded.

Furthermore, to the extent that the Peirce Firm defendants argue that it had no knowledge that the privileged information may be disclosed until the week of March 5, 2009, to which it then

filed a motion for protective order, this claim misstates the record before this Court.  As the magistrate judge found, when the request for production of documents was filed on December 22, 2009 to Dr. Harron, because of the close relationship between Dr. Harron and the Peirce Firm defendants, counsel for the Peirce Firm defendants knew which documents were sought and were on notice of which documents it may have wanted to claim protection.  Thus, this argument is meritless.

Accordingly, the ruling of the magistrate judge on this request for production is not clearly erroneous and therefore is affirmed and adopted.  Dr. Harron is thus ordered to respond to request for production numbers 6, 11, and 27.  Request for production number 6 shall be answered pursuant to a confidentiality order agreed upon by both parties.

## IV.  Conclusion

For the above-stated reasons, the Peirce Firm defendants' emergency motion for partial stay of and objections to Magistrate Judge Seibert's May 14, 2009 discovery order regarding production of privileged documents from defendant Dr. Harron is DENIED, and the memorandum opinion and order of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Furthermore, in light of this Court's decision, and for the same reasons pronounced above, the Peirce Firm defendants' motion for protective order is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 4, 2009

/s/Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE