IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                      Civil Action No. 5:05CV202
                                                 (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
OVERRULING DEFENDANT RAY HARRON, M.D.'S OBJECTIONS
TO MAGISTRATE JUDGE SEIBERT'S MAY 14, 2009 ORDER
REGARDING THE DEPOSITION OF DR. HARRON**

I. Background

Discovery in this civil action commenced on April 7, 2006 with the entry of a scheduling order outlining the discovery process. Since the entry of that order, a number of discovery disputes have arisen between the parties. The most recent dispute involves testimony from defendant Ray Harron, M.D. ("Dr. Harron") regarding questions that he was instructed not to answer during his March 11, 2009 deposition. Alleging that counsel for Dr. Harron violated the Federal Rules of Civil Procedure by instructing Dr. Harron not to answer several questions, the plaintiff filed a motion to compel directed at Dr. Harron on April 10, 2009.

Pursuant to an order of reference, this discovery dispute was referred to United States Magistrate Judge James E. Seibert. An

evidentiary hearing and argument was held before the magistrate judge regarding CSX's motion to compel. Magistrate Judge Seibert issued an order granting the plaintiff's motion to compel. Moreover, the magistrate judge directed a hearing to be held regarding the award of reasonable expenses or sanctions against Dr. Harron related to the motion to compel. That hearing has not yet been held.

Dr. Harron filed objections to the order of the magistrate judge. CSX did not file a response. For the reasons set forth below, this Court denies Dr. Harron's objections to Magistrate Judge Seibert's May 14, 2009 order granting CSX's motion to compel deposition testimony from Dr. Harron.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

III. <u>Discussion</u>

This Court has reviewed the magistrate judge's memorandum opinion and order granting the motion to compel, as well as Dr. Harron's objections to that order, and finds that the magistrate judge's order is neither clearly erroneous nor contrary to law. Accordingly, the ruling of the magistrate judge is affirmed and adopted in its entirety.

Dr. Harron does not object to the substantive provisions of Magistrate Judge Seibert's order regarding the continuation of his deposition. Rather, Dr. Harron objects that a hearing be held regarding the award of reasonable expenses and sanctions against him. Dr. Harron states that while no order either granting or denying expenses or sanctions has yet been made, he files these objections to preserve his opportunity to appeal after the hearing. Alternatively, Dr. Harron objects to the potential awarding of any sanctions.

Although Dr. Harron requests that this Court not address his objections until after the magistrate judge has entered an order regarding expenses or sanctions, this Court hereby overrules Dr. Harron's objections as premature. To date, Magistrate Judge Seibert has not entered an order regarding expenses or sanctions as a result of CSX's motion to compel. Should the magistrate judge award CSX expenses or sanctions, Dr. Harron is permitted to file objections within the applicable time period after the order is entered. Likewise, should the magistrate judge decide against

awarding expenses or sanctions, CSX is not prohibited from filing its own objections. Accordingly, the magistrate judge's May 14, 2009 order is affirmed and adopted.

## IV. Conclusion

For the above-stated reasons, Dr. Harron's objections to Magistrate Judge Seibert's May 14, 2009 order regarding the deposition of Dr. Harron are OVERRULED, and the order of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    July 7, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE