IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                                  Civil Action No. 5:05CV202
                                                                 (STAMP)
ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT ROBERT PEIRCE & ASSOCIATES, P.C.
AND THE LAWYER DEFENDANTS' OBJECTIONS TO
MAGISTRATE JUDGE SEIBERT'S MAY 14, 2009
DISCOVERY ORDER REGARDING RICHARD CASSOFF, M.D.**

I. Background

Discovery in this civil action commenced on April 7, 2006 with the entry of a scheduling order outlining the discovery process. Since the entry of that order, a number of discovery disputes have arisen between the parties. The most recent dispute involves discovery related to Richard Cassoff, M.D. ("Dr. Cassoff"). Several motions were filed. Dr. Cassoff filed a motion to terminate or limit deposition examination of himself and for a protective order. Defendant Peirce, Raimond & Coulter, P.C. (the "Peirce Firm") and Robert Peirce, Jr., Mark Coulter, and Louis Raimond (collectively the "lawyer defendants")(all three defendants are collectively referred to as the "Peirce Firm defendants") filed an emergency motion for protective order regarding the third party

deposition of Dr. Cassoff.  Finally, the Peirce Firm defendants filed an emergency motion to quash the plaintiff's subpoena duces tecum directed to Dr. Cassoff.

Pursuant to an order of reference, this discovery dispute was referred to United States Magistrate Judge James E. Seibert.  An evidentiary hearing and argument was held before the magistrate judge concerning the various motions.  On May 14, 2009, Magistrate Judge Seibert issued an order denying the motion to terminate the deposition of Dr. Cassoff, granting in part Dr. Cassoff's motion for a protective order, denying the Peirce Firm defendants' emergency motion for protective order regarding the third party deposition of Dr. Cassoff, and denying the Peirce Firm defendants' emergency motion to quash the plaintiff's subpoena duces tecum directed at Dr. Cassoff.

The Peirce Firm defendants filed objections to the magistrate judge's order.  CSX filed a response to which the Peirce Firm defendants replied.  For the reasons set forth below, this Court overrules the Peirce Firm defendants' objections and affirms and adopts the order of the magistrate judge.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire

2

evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

### III. Discussion

This Court has reviewed the magistrate judge's order, as well as the Peirce Firm defendants' objections to that order, CSX's response to the objections, and the Peirce Firm defendants' reply, and finds that the magistrate judge's order is neither clearly erroneous nor contrary to law. Accordingly, the ruling of the magistrate judge is affirmed and adopted in its entirety.

A. Motion for Protective Order

In his order, referring to the Peirce Firm defendants' emergency motion for protective order, Magistrate Judge Seibert stated, "As filed the motion was absurd. As modified at the evidentiary hearing and argument the motion must be considered." (Mag. J. Order at 10). The Peirce Firm defendants first argue that the magistrate judge's characterization of their emergency motion for a protective order regarding the third party deposition of Dr. Cassoff as "absurd" is unfair and should be stricken. Conversely, CSX argues that the Peirce Firm defendants are merely criticizing the magistrate judge's language, not his decision, and that Rule

3

72(a) of the Federal Rules of Civil Procedure does not allow such objections.

This Court agrees with CSX that the Peirce Firm defendants' argument lacks merit. The Peirce Firm defendants admit that they "are not filing objections to the scope of the questioning of Dr. Cassoff authorized by Magistrate Judge Seibert." (Objections at 2). Rather, the Peirce Firm defendants want language that the motion for protective order was "absurd" stricken from the magistrate judge's order. Federal Rule of Civil Procedure 72, however, states that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." It does not allow this Court to consider objections that merely argue with a magistrate judge's word choice. See Andrews v. Whitman, 2009 WL 857604, at *5 (S.D. Cal. Mar. 27, 2009) ("In large part, the objections . . . quibble baselessly with wording. The Court will not address these objections, which have no bearing on the outcome of this and which are thus moot."); Johnson v. Law Offices of Marshall C. Watson, 2007 WL 4531548, at *1 (N.D. Fla. Dec. 19, 2007) (dismissing objections that "merely quibble with unimportant facts detailed in the Magistrate's Report, rather than addressing the essential faults of the complaint"); Hudson v. Michigan, 2007 WL 1295854, at *2 (W.D. Mich. Apr. 30, 2007) ("The Court declines to specifically discuss every minor quibble with the Magistrate Judge's language and characterization of the claims that do not

affect the legal disposition."). Thus, this argument is meritless, and this Court denies the Peirce Firm defendants' request to strike the magistrate judge's statement from his May 14, 2009 order.

B.  Motion to Quash

The Peirce Firm defendants next argue that the magistrate judge's findings denying the motion to quash the plaintiff's subpoena duces tecum directed to Dr. Cassoff should be overturned because they had standing to object to the subpoena. The magistrate judge held that a party has no standing to quash a subpoena served upon a third party except as to claims of privilege to the documents being sought, and that these defendants made no claim of privilege.

The Peirce Firm defendants' objection does not establish that the magistrate judge's order was clearly erroneous or contrary to law. "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997) (citing Oliver Cannon & Son, Inc. v. Fidelity & Cas. Co. of N.Y., 519 F. Supp. 668 (D. Del. 1981)). The Peirce Firm defendants make no claim of privilege to the documents in their objections to the magistrate judge's order. Thus, the magistrate judge's order concerning the plaintiff's subpoena duces tecum shall not be overturned.

C.  Expenses and Sanctions

Finally, the Peirce Firm defendants argue that this Court should strike the magistrate judge's sua sponte request for CSX to file a cost petition and order requiring the Peirce Firm defendants to show cause why reasonable expenses and sanctions should not be awarded.  This request must be denied.

In regard to discovery motions, Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure states, "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and <u>may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.</u>" (emphasis added).  Furthermore, Federal Rule of Civil Procedure 11(c)(3) asserts that "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  Given the magistrate judge's findings in his May 14, 2009 order, it was within his discretion and authority to order the Peirce Firm defendants to show cause why expenses and sanctions should not be awarded.  Accordingly, the Peirce Firm defendants' final objection is denied.

## IV.  Conclusion

For the above-stated reasons, the Peirce Firm defendants' objections to Magistrate Judge Seibert's May 14, 2009 discovery order regarding Dr. Cassoff are OVERRULED, and the order of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   July 9, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE