IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                       Civil Action No. 5:05CV202
                                                          (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF CSX TRANSPORTATION, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
DEFENDANT ROBERT PEIRCE & ASSOCIATES,
DENYING PLAINTIFF CSX TRANSPORTATION, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
DEFENDANT ROBERT V. GILKISON,
DENYING DEFENDANT PEIRCE, RAIMOND & COULTER, P.C.'S
MOTION FOR SUMMARY JUDGMENT REGARDING COUNT 6
(FRAUD RELATED TO RICKY MAY) AND
DENYING DEFENDANT ROBERT V. GILKISON'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT 5 OF PLAINTIFF'S
AMENDED COMPLAINT (FRAUD RELATED TO RICKY MAY)**[1]

I.  Background

    This Court will dispense with a full recitation of the background facts in this opinion. For the purpose of resolving the motions currently pending before it and addressed in this memorandum opinion and order, the Court believes that the following abbreviated summary is sufficient.

---

[1]This memorandum opinion and order sets forth in more detail the pronounced ruling made by this Court at the pretrial conference with the parties conducted on Monday, July 27, 2009.

On December 22, 2005, CSX Transportation, Inc. ("CSX") commenced the above-styled civil action based upon allegations that defendants Robert V. Gilkison ("Gilkison") and Peirce, Raimond & Coulter, P.C. ("the Peirce Firm") knowingly and negligently aided a client, Ricky May, in pursuing a fraudulent asbestosis claim against CSX. The complaint asserted fraud, negligence,[2] and punitive damages claims against Gilkison and the Peirce Firm. The complaint arises out of occupational asbestosis screenings conducted by the Peirce Firm in the course of the firm's practice of representing asbestosis claimants. On June 13, 2000, Danny Jayne, a CSX employee who had previously tested positive for asbestosis, attended a Peirce Firm screening and allegedly impersonated Ricky May, a CSX employee who had previously tested negative for asbestosis. Defendant Gilkison, an employee of the Peirce Firm, was present at this screening to assist and facilitate the screening process. The allegedly fraudulently obtained x-ray was then used to support a claim by Mr. May against CSX in a lawsuit filed pursuant to the Federal Employer Liability Act ("FELA"). In December 2000, CSX settled Mr. May's claim for $8,000.00.

On June 20, 2007, this Court granted CSX leave to amend its complaint to state additional fraud claims with the requisite particularity. CSX filed its amended complaint on July 5, 2007,

---

[2]On March 16, 2007, pursuant to a motion by the Peirce Firm, this Court granted partial judgment on the pleadings as to the negligence counts.

adding claims for civil RICO (Count 1), civil RICO conspiracy (Count 2), common law fraud (Count 3), and civil conspiracy (Count 4) against four new defendants--Robert Peirce, Jr., Louis A. Raimond, Mark Coulter (collectively "the lawyer defendants") and Ray Harron, M.D. ("Dr. Harron").  Thereafter, the lawyer defendants filed a motion to dismiss Counts 1 through 4 (the newly added counts) of the plaintiff's amended complaint.[3]  The Peirce Firm also joined in this motion to dismiss.

On January 4, 2008, Dr. Harron also filed a motion to dismiss each of the counts against him in the amended complaint.[4]  Dr. Harron's motion to dismiss, in large part, made the same substantive arguments for dismissal as were made by the lawyer defendants in their motion to dismiss Counts 1 through 4 of the amended complaint.

On March 28, 2008, this Court entered a memorandum opinion and order granting the lawyer defendants' motion to dismiss as to Counts 1 and 2 and denying their motion to dismiss as to Counts 3 and 4.  Thereafter, on April 1, 2008, this Court entered a second memorandum opinion and order granting Dr. Harron's motion to

---

[3]The remaining counts of the amended complaint were as follows: fraud as to Gilkison as to the May/Jayne incident (Count 5); fraud as to the Peirce Firm as to the May/Jayne incident (Count 6); and punitive damages (Count 7).

[4]CSX names Dr. Harron in three counts of its amended complaint: Count 2 (civil RICO conspiracy), Count 4 (civil conspiracy), and Count 7 (punitive damages).

dismiss as to Count 2 and denying his motion to dismiss as to Counts 4 and 7.

CSX thereafter filed two motions for reconsideration, requesting that this Court reconsider its memorandum opinion and order granting in part and denying in part the lawyer defendants' motion to dismiss Counts 1 through 4 of the amended complaint, as well as its memorandum opinion and order granting in part and denying in part Dr. Harron's motion to dismiss the amended complaint. This Court denied both of CSX's motions for reconsideration.

CSX then filed a motion for leave to file a second amended complaint in which it alleged that Dr. Harron and the lawyer defendants fabricated and prosecuted eleven additional objectively baseless asbestosis claims against CSX. Finding that CSX was dilatory in their request to amend their complaint, that a second amendment to the complaint would only be futile, and that allowing CSX to file a second amended complaint would unduly prejudice the defendants, this Court denied CSX's motion.

Currently before this Court are the following fully-briefed motions: (1) CSX's motion for partial summary judgment as to the Peirce Firm on Count 6 of its amended complaint; (2) CSX's motion for partial summary judgment as to Gilkison on Count 5 of its amended complaint; (3) defendant Peirce Firm's motion for summary judgment regarding Count 6 of the amended complaint; (4) and defendant Gilkison's motion for partial summary judgment as to

4

Count 5 of the amended complaint. For the reasons set forth below, these motions for summary judgment are denied.

## II.  Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed--whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597

F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 812 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III.  Discussion

A.  CSX's Motion for Partial Summary Judgment as to the Pierce Firm on Count 6

In support of its motion for partial summary judgment, CSX contends that Gilkison assisted the May/Jayne production of a false asbestosis claim by knowing of the fraudulent scheme but intentionally refusing to report it.  Specifically, CSX contends

that Gilkison's deposition testimony, including the following, establishes Gilkison's affirmative knowledge of the fraud:

> A:   I believe that was the other meeting though when he said somebody tested for him. And I said Rick, you didn't have somebody test for you? He said oh, yeah, and I've had two or three surgeries and never had nothing wrong with me, too. He said both my hands operated on, I think back surgery. He said I never had anything wrong with me.

(Gilkison Dep. at 194.) Because Gilkison is an employee of the Peirce Firm, and "the fundamental rule . . . is that if it can be shown that an individual is an agent and if he is acting within the scope of his employment when he commits a tort, then the principal is liable for the tort as well as the agent," Barath v. Performance Trucking Co., Inc., 424 S.E.2d 602, 605 (W. Va. 1992), CSX argues that Gilkison's fraudulent conduct is imputed to the Peirce Firm for purposes of establishing liability.

The Peirce Firm first responds that CSX's fraud claim against the Peirce Firms is time-barred by the statute of limitations. Particularly, the Peirce Firm argues that although CSX became aware of the fraud in October 2003, it choose not to file suit against the Peirce Firm until December 22, 2006, more than one year after the applicable statute of limitations had run. Furthermore, the Peirce Firm contends that it cannot be held vicariously liable for Gilkison's conduct because Gilkison was acting outside the scope of his employment.

After a thorough review of the record, this Court holds that summary judgment is inappropriate. Under West Virginia law, the

7

essential elements in an action for fraud are as follows: "(1) that the act of fraud was committed by the defendant; (2) that it was material and false; (3) that plaintiff relied upon the misrepresentation and was justified in relying upon it; and (4) that plaintiff was damaged because he relied upon it." Martin v. ERA Goodfellow Agency, Inc., 423 S.E.2d 379, 381 (W. Va. 1992). Genuine issues of material fact remain in this case, including, but not limited to, whether CSX's fraud claim against the Peirce Firm is barred by the applicable statute of limitations, whether Gilkison had knowledge of the fraud, whether Gilkison acted reasonably, and whether Gilkison was acting in the scope of his employment duties so as to impute any knowledge of the fraud to the Peirce Firm. See e.g. Syl. Pt. 3, Stemple v. Dobson, 400 S.E.2d 561, 561 (W. Va. 1990) ("Where a cause of action is based on . . . a claim of fraud, the statute of limitations does not begin to run until the injured person knows, or by the exercise of reasonable diligence should know, of the nature of his injury, and determining that point in time is a question of fact to be answered by the jury."); Syl. Pt. 1, Cremeans v. Maynard, 246 S.E.2d 253, 253 ("When the evidence is conflicting the questions of whether the relation of principal and agent existed and, if so, whether the agent acted within the scope of his authority and in behalf of his principal are questions for the jury.").

Where a reasonable jury could draw different conclusions as to liability from the facts in evidence, summary judgment must be

denied. Pierce v. Ford Motor Co., 190 F.2d 910, 915 (4th Cir. 1951). In this case, the plaintiff's alleged fraud claim against the Peirce Firm presents genuine factual issues that can properly be resolved in favor of either party on the evidence in the jury trial of this case. Accordingly, CSX's motion for partial summary judgment as to the Peirce Firm on Count 6 must be denied.

B. <u>CSX's Motion for Partial Summary Judgment as to Defendant Gilkison on Count 5</u>

CSX advances the same arguments in this motion for partial summary judgment as it did in its motion for partial summary judgment as to the Peirce Firm on Count 6, discussed above. In accordance with this Court's findings and ruling above, these arguments lack merit and do not warrant summary judgment in this matter.

C. <u>The Peirce Firm's Motion for Summary Judgment as to Count 6</u>

In its cross-motion for summary judgment, the Peirce Firm argues that it is entitled to summary judgment as to Count 6 of CSX's amended complaint because CSX's claim for fraud is time-barred by the applicable statute of limitations. Additionally, the Peirce Firm contends that because Gilkison was acting outside the scope of his employment, the Peirce Firm cannot be held vicariously liable for his conduct. Because these issues are all addressed by this Court in deciding CSX's motion for partial summary judgment as to the Peirce Firm on Count 6, and this Court has held that genuine

9

issues of material fact exist concerning these issues, the Peirce Firm's motion for summary judgment is accordingly denied.

D. <u>Gilkison's Motion for Partial Summary Judgment as to Count 5</u>

Gilkison filed a brief motion for partial summary judgment as to Count 5 of CSX's amended complaint requesting that summary judgment be granted in his favor "for the reason that any claim of fraud in any form, as alleged, is indisputably time barred," and "for the additional reason more exhaustively explicated" in the Peirce Firm's motion for partial summary judgment, which he "joins and otherwise moves to incorporate in his motion." (Gilkison's Mot. Summ. J. at 1-2.) For the same reasons that the Peirce Firm's motion for summary judgment is denied, therefore, Gilkison's motion for partial summary judgment as to Count 5 of CSX's amended complaint must also be denied.

## IV. <u>Conclusion</u>

For the above-stated reasons, CSX's motion for partial summary judgment as to the Peirce Firm is DENIED; CSX's motion for partial summary judgment as to Gilkison is DENIED; defendant Peirce Firm's motion for summary judgment regarding Count 6 is DENIED; and defendant Gilkison's motion for partial summary judgment as to Count 5 of plaintiff's amended complaint is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     July 30, 2009


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE