IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT WHEELING

| | |
|---|---|
| CSX TRANSPORTATION, INC., <br> Plaintiffs <br> v. <br><br> ROBERT V. GILKISON, et al. <br> Defendants. | ) <br> ) Civil Action No. 5:05-CV-202 <br> ) <br> ) Assigned to: <br> ) The Hon. Frederick P. Stamp, Jr. <br> ) <br> ) Referred to: <br> ) The Hon. James E. Seibert |

### RESPONSE OF DEFENDANT PEIRCE, RAIMOND & COULTER, P.C. AND THE LAWYER DEFENDANTS TO CSX'S MOTION FOR CLARIFICATION (DOC. NO. 635) OF JUNE 4TH, 2009 MEMORANDUM OPINION AND ORDER (DOC. NO. 560) DENYING THE PEIRCE DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING HARRON-RELATED DOCUMENTS

And now come Defendant Peirce, Raimond & Coulter, P.C. (hereinafter the "Peirce Firm") and Defendants Robert Peirce and Louis Raimond (together, the "Lawyer Defendants") (all three Defendants are collectively referred to herein as the "Peirce Firm Defendants" or "Defendants"), by their undersigned counsel, and hereby file the following Response to CSX's Motion for Clarification (Doc. No. 635) of June 4th, 2009 Memorandum Opinion and Order (Doc. No. 560) Denying the Peirce Defendants' Motion for Protective Order Concerning Harron-Related Documents. The Defendants file this short Response to clarify the record and their positions, which we believe have been incorrectly stated by CSX in the Motion for Clarification.

CSX misconstrues both the record and the Court's June 4, 2009 Order (Doc. No. 560). The documents referenced in CSX's Motion for Clarification (Doc. No. 635) were not before the Court when it issued its June 4, 2009 Order and the Court has never heard argument or received briefing regarding these documents.

What has yet to be produced, because the Motion for Protective Order regarding them has never been ruled upon, are documents consisting of correspondence between Dr. Harron and the

Peirce Firm **unrelated** to Mr. Baylor.  ***The Peirce Firm has asserted privilege and other objections to production of these documents and those objections have yet to be ruled on by Judge Seibert or this Court.***  At his request, the documents in question were submitted to Judge Seibert for *in camera* review on March 31, 2009.  <u>See</u> Ex. 1 (March 31, 2009 letter from David Berardinelli, Esq. to Magistrate Judge Seibert).  Judge Seibert has yet to rule on the production of these documents.

To fully understand the issues here, it is important to understand the scope of the Motion for Protective Order (Doc. No. 377) that, in part, is still pending before Magistrate Judge Seibert, as well as the chronology related thereto and the Court orders that have addressed certain aspects of the Motion.  Once these undisputed facts -- which CSX ignores -- are understood, it is clear that CSX's assertion in its Motion that the Court has "unconditionally" decided the remaining aspects of the Motion for Protective Order -- the merits of which have never been addressed by either Judge Seibert or the Court -- is not correct.  Further, once the factual history and the remaining issues before Judge Seibert are understood, it is clear that, contrary to the implication in CSX's Motion, the Peirce Firm Defendants have done anything wrong.

Relevant Factual Chronology

•   January 29, 2009: CSX serves its discovery requests, which were not received until January 30, 2009 making the Peirce Firm Defendants' response due on March 3, 2009.

•   February 24, 2009: CSX grants the Peirce Firm Defendants a 14-day extension of time to file their formal discovery responses and related production, making the responses due on March 17, 2009.  The Peirce Firm agrees to informally produce non-privileged documents related to Mr. Baylor on March 3, 2009.  <u>See</u> Ex. 2 (email correspondence dated February 24, 2009).

- March 3, 2009: The Peirce Firm Defendants make the requested informal production regarding Mr. Baylor. See Ex. 3.

- March 13, 2009: The Peirce Firm Defendants file their Motion for Protective Order (Doc. No. 377). ***Importantly, the Motion covers two related but distinct groups of documents.*** First, it concerns documents in the Peirce Firm's possession unrelated to Mr. Baylor but covered by CSX's discovery requests, including correspondence between the Peirce Firm and Dr. Harron related to clients other than Mr. Baylor. The Peirce Firm Defendants moved for a protective order regarding these documents both on grounds of privilege and improper scope of discovery (Doc. No. 377). Second, the Motion for Protective Order concerns correspondence between the Peirce Firm and Dr. Harron in Dr. Harron's possession unrelated to Mr. Baylor. Again, the Peirce Firm Defendants have asserted in the Motion for Protective Order that these documents are privileged and outside the scope of proper discovery. As discussed further below, ***the first group of documents and the Peirce Firm Defendant's privilege and scope objections thereto have never been ruled on by Judge Seibert and the issues and arguments related thereto, thus, have never been before this Court.*** The second group of documents were the subject of Judge Seibert's May 14, 2009 Order, which was affirmed by the Court in its June 4, 2009 Order. Neither of these Orders addressed the first group of documents or the claims of privilege and other arguments related to them; rather, the second group of documents was ordered to be produced based only on a waiver theory. See Doc. No. 526 and Doc No. 560. ***These documents have been produced.*** See Ex. 4.

- March 17, 2009: The Peirce Firm Defendants file their formal responses to CSX's discovery, produce responsive documents and a detailed privilege log. See Ex. 5 (March 17, 2009 letter from David Berardinelli, Esq. to Marc Williams, Esq. and Samuel Tarry, Esq.) and

3

Ex. 6. (March 17, 2009 Privilege Log).  CSX made no objection to the privilege log or the content thereof.

•	March 18, 2009:  Judge Seibert holds a hearing on CSX's Motion to Compel related to Dr. Harron.  At this hearing, the second group of documents referenced above and in Defendants' Motion for Protective Order was discussed, as well as the first set of documents. Judge Seibert requests that all the documents (both categories) be submitted for *in camera* review and that a revised privilege log be attached in a format that he ordered.  See March 18, 2009 Tr. pp. 24-27.

•	March 31, 2009: The Peirce Firm Defendants submit to Judge Seibert the requested information along with a detailed cover letter.  See Ex. 1.

•	April 4, 2009:  Magistrate Judge Seibert holds a hearing on the Peirce Firm Defendants' Motion for Protective Order.

•	May 14, 2009:  Magistrate Judge Seibert issues his Order (Doc. No. 526) concerning the second group of documents covered by the Motion for Protective Order, namely the documents in Dr. Harron's possession.  ***This Order in no manner addresses the first group of documents discussed in the Motion for Protective Order***.  The basis for Judge Seibert's ruling regarding the second group of documents is a theory of waiver of any claimed privilege or scope objection. Doc No. 526 p. 6.  ***Magistrate Judge Seibert's Order does not address the privilege or scope issues raised by the Motion for Protective Order; further, his waiver ruling was not directed to the first group of documents covered by the Motion for Protective Order and could not apply to these documents because the objections thereto were timely raised in the March 17, 2009 discovery responses, a privilege log was timely provided on March 17, 2009 and the Motion for Protective Order was timely filed on March 13, 2009 even before the discovery was due.***

4

- May 18, 2009: The Peirce Firm Defendants file Objections (Doc No. 534) to Judge Seibert's May 14, 2009 Order. Because Magistrate Judge Seibert's Order addressed only the second category of documents, these Objections likewise addressed only the second category of documents and the waiver theory on which Judge Seibert's order was based.

- May 26, 2009: The documents covered by Judge Seibert's Order, *i.e.* the category two documents, were produced. See Ex. 4.

- June 4, 2009: the Court enters its Order (Doc. No. 560) denying the Objections (Doc. No. 534) and affirming Judge Seibert's Order (Doc. No. 526). Again, because this Order is related to Judge Seibert's May 14, 2009 Order, its scope *per se* must be limited to the documents covered by Judge Seibert's Order, *i.e.* the second group of documents. The Order cannot apply to the first group of documents because the objections and arguments related to these documents have yet to be ruled on by Judge Seibert. No arguments regarding the second group of documents were ever made to the Court.

- July 30, 2009: CSX files its Motion for Clarification asserting that the Court has ordered production of the category one documents and that the Peirce Firm Defendants are improperly withholding the category one documents -- which have never been ruled upon by Judge Seibert or this Court.

Argument

As the above chronology clearly demonstrates, neither Magistrate Judge Seibert nor the Court has ever ruled on the category one documents covered by the Peirce Firm Defendants' Motion for Protective Order. Those documents were not the subject of Magistrate Judge Seibert's May 14, 2009 Order (Doc No. 526) or the Court's June 4, 2009 Order affirming the May 14, 2009 Order (Doc. No. 560). The waiver theory adopted in both those Orders has no

applicability to the category one documents.  Evidence and argument regarding the category one documents have never been before Your Honor.

Accordingly, we respectfully submit that any language in the Court's June 4, 2009 Order concerning denial of the Peirce Firm Defendants' Motion for Protective Order was not and could not have been addressed to the category one documents.  To have ordered their production absent a ruling from Magistrate Judge Seibert and without the issues being presented to the Court, as CSX advocates, we submit would be a violation of due process.  <u>See generally</u> <u>Mathews v. Eldridge</u>, 424 U.S. 319, 333 ("fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (citations omitted).  This is particularly true since the documents mentioned by CSX in paragraph 10 of its Motion are *internal* Peirce Firm memoranda to which privilege has been asserted but not yet ruled upon.  Accordingly, because the category one documents, which we believe are both privileged and improper discovery, have never been ruled upon, they have not yet been produced nor should they have been produced.

S/ Walter P. DeForest
Walter P. DeForest, W. Va. I.D. No. 7388
David J. Berardinelli, W. Va. I.D. No. 10479
DEFOREST KOSCELNIK YOKITIS
KAPLAN & BERARDINELLI
3000 Koppers Building
Pittsburgh, PA 15219
Email: deforest@dkykb.com

Dated: July 31, 2009

Robert A. Lockhart, W.Va. I.D. No. 4657
SCHUDA & ASSOCIATES, PLLC
232 Capitol Street, Suite 200, P. O. Box 3425
Charleston, WV  25335-3425
Email: rlockhart@schudalaw.net

Attorneys for Defendant
Peirce, Raimond & Coulter, P.C., a/k/a
Robert Peirce & Associates, P.C.,
Robert N. Peirce, Jr. and Louis Raimond

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | |
|---|---|
| CSX TRANSPORTATION, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROBERT V. GILKISON; )<br>PEIRCE, RAIMOND & COULTER, P.C., )<br>A Pennsylvania Professional Corporation a/k/a )<br>ROBERT PEIRCE & ASSOCIATES, P.C., a )<br>Pennsylvania Professional Corporation; ROBERT )<br>PEIRCE, JR.; LOUIS A. RAIMOND; MARK T. )<br>COULTER; and RAY HARRON, M.D., )<br>)<br>Defendants. ) | Civil Action No. 5:05-CV-202<br><br>Assigned to:<br>The Hon. Frederick P. Stamp, Jr.<br><br>Referred to:<br>The Hon. James E. Seibert |

**<u>CERTIFICATE OF SERVICE OF RESPONSE OF DEFENDANT
PEIRCE, RAIMOND & COULTER, P.C. AND THE LAWYER DEFENDANTS
TO CSX'S MOTION FOR CLARIFICATION (DOC. NO. 635) OF JUNE 4TH, 2009
MEMORANDUM OPINION AND ORDER (DOC. NO. 560)
DENYING THE PEIRCE DEFENDANTS' MOTION FOR PROTECTIVE ORDER
CONCERNING HARRON-RELATED DOCUMENTS</u>**

I hereby certify that on this 31st day of July 2009, a true and correct copy of the foregoing has been served by ECF electronic filing upon the following counsel:

Marc E. Williams (WVSB #4062)
Robert L. Massie (WVSB #5743)
Huddleston Bolen, LLP
P.O. Box 2185
Huntington, WV 25722-2185
Counsel for Plaintiff

Stanley W. Greenfield
Greenfield & Kraut
1040 Fifth Avenue
Pittsburgh, PA 15219-6201
Counsel for Defendant Gilkison

E. Duncan Getchell, Jr.
Samuel L. Tarry, Jr.
Mitchell K. Morris
McGuire Woods
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Counsel for Plaintiff

Jerald E. Jones
West & Jones
PO Box 2348
Clarksburg, WV 26302-2348
Counsel for Defendant Harron

7

Lawrence S. Goldman
Elizabeth M. Johnson
Law Offices of Lawrence S. Goldman
500 Fifth Ave., 29th Floor
New York, NY  10110
Counsel for Defendant Harron

Elgine McArdle
McArdle Law Firm
80 12th Street, Suite 206
Wheeling, WV  26003
Counsel for Richard Cassoff, M.D.

Ron Barroso
5350 S. Staples, Suite 401
Corpus Christi, TX  78411
Counsel for Defendant Harron

David A. Strassburger
Strassburger McKenna Gutnick &
Gefsky, P.C.
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA  15222
Counsel for Richard Cassoff, M.D.

S/ David J. Berardinelli
Walter P. DeForest (W.Va. I.D. No. 7388)
David J. Berardinelli (W.Va. I.D. No. 10479)
DEFOREST KOSCELNIK YOKITIS KAPLAN &
BERARDINELLI
3000 Koppers Building
Pittsburgh, PA  15219
Telephone (412) 227-3100

8