IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

Plaintiff,

v. Civil Action No. 5:05CV202
(STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/k ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

Defendants.

**ORDER CONFIRMING PRONOUNCED ORDERS OF THE COURT GRANTING IN PART AND DENYING IN PART CSX TRANSPORTATION ("CSX TRANSPORTATION"), INC'S OMNIBUS MOTION IN LIMINE TO STRIKE ALL EVIDENCE RELATED TO THE SETTLEMENT OF CLAIMS AGAINST RICKY D. MAY AND DANIEL L. JAYNE AND TO EXCLUDE ALL EVIDENCE CONCERNING AMOUNTS EXPENDED BY PLAINTIFF IN THE PROSECUTION OF THIS ACTION, DENYING AS FRAMED DEFENDANT PEIRCE, RAIMOND & COULTER, P.C.'S (THE "PEIRCE FIRM") MOTION IN LIMINE TO PRECLUDE MARK WADE AND AL NEPA, SR. FROM TESTIFYING AT TRIAL, DENYING AS FRAMED THE PEIRCE FIRM'S MOTION IN LIMINE TO PRECLUDE RECOVERY OF OR SUBMISSION OF EVIDENCE REGARDING PUNITIVE DAMAGES AND TO STRIKE CSX'S PUNITIVE DAMAGES CLAIM, GRANTING IN PART AND DENYING IN PART THE PEIRCE FIRM'S MOTION IN LIMINE TO PRECLUDE CSX FROM SUBMITTING EVIDENCE OR ARGUING TO THE JURY REGARDING ALLEGEDLY FRAUDULENT BENEFITS AND REIMBURSEMENTS PAID TO MR. GILKISON BY THE PEIRCE FIRM, GRANTING THE PEIRCE FIRM'S MOTION IN LIMINE TO PRECLUDE CSX FROM ARGUING TO THE JURY THAT ANY EMPLOYEE OF THE PEIRCE FIRM OTHER THAN MR. GILKISON HAD KNOWLEDGE OF THE FRAUD COMMITTED BY MAY AND JAYNE, GRANTING IN PART AND DENYING IN PART THE PEIRCE FIRM'S MOTION IN LIMINE TO PRECLUDE CSX FROM SUBMITTING "OTHER ACT" EVIDENCE OR ARGUING TO THE JURY REGARDING CONDUCT OF THE PEIRCE FIRM OR ITS LAWYERS UNRELATED TO THE MAY FRAUD,**

**GRANTING AS FRAMED THE PEIRCE FIRM'S MOTION IN LIMINE TO PRECLUDE CSX FROM SUBMITTING EVIDENCE OR ARGUING TO THE JURY REGARDING ALLEGED CONDUCT OF THE PEIRCE FIRM THAT SOUNDS IN NEGLIGENCE AND DEFERRING THE PEIRCE FIRM'S MOTION IN LIMINE TO PRECLUDE HEARSAY TESTIMONY CONCERNING AN ALLEGED CONVERSATION BETWEEN MR. MAY AND MR. JAYNE REGARDING DEFENDANT GILKISON'S ALLEGED KNOWLEDGE OF THE FRAUD**

## I. Facts and Procedural History

On December 22, 2005, CSX Transportation, Inc. ("CSX") commenced the above-styled civil action based upon allegations that defendants Robert V. Gilkison ("Gilkison") and Peirce, Raimond & Coulter, P.C. (the "Peirce Firm") knowingly and negligently aided a client, Ricky May, in pursuing a fraudulent asbestosis claim against CSX.

During the days leading up to trial, the parties filed several motions in limine. This Court held a hearing on the following motions on August 3, 2009: CSX's omnibus motion in limine to strike all evidence related to the settlement of claims against Ricky D. May and Daniel L. Jayne and to exclude all evidence concerning amounts expended by plaintiff in the prosecution of this action; the Peirce Firm's motion in limine to preclude Mark Wade and Al Nepa, Sr. from testifying at trial; the Peirce Firm's motion in limine to preclude recovery of or submission of evidence regarding punitive damages and to strike CSX's punitive damages claim; the Peirce Firm's motion in limine to preclude CSX from submitting evidence or arguing to the jury regarding allegedly fraudulent benefits and reimbursements paid to Mr. Gilkison by the Peirce Firm; the Peirce Firm's motion in limine to preclude CSX

from arguing to the jury that any employee of the Peirce Firm other than Mr. Gilkison had knowledge of the fraud committed by May and Jayne; the Peirce Firm's motion in limine to preclude CSX from submitting "other act" evidence or arguing to the jury regarding conduct of the Peirce Firm or its lawyers unrelated to the May fraud; the Peirce Firm's motion in limine to preclude CSX from submitting evidence or arguing to the jury regarding alleged conduct of the Peirce Firm that sounds in negligence; and the Peirce Firm's motion in limine to preclude hearsay testimony concerning an alleged conversation between Mr. May and Mr. Jayne regarding defendant Gilkison's alleged knowledge of the fraud. At that hearing, this Court pronounced its rulings on all of the above-mentioned motions.

This memorandum opinion and order is confirming the pronounced orders of this Court at the motions hearing on August 3, 2009.

## II. Discussion

### A. CSX's Omnibus Motion in Limine Regarding Settlement and Expenditures

CSX filed a two-part motion in limine in which it first seeks to exclude all evidence regarding settlement payments received by CSX from Ricky May, as well as the introduction into evidence of the actual settlement agreements entered into between Mr. May, Mr. Jayne, and CSX. CSX argues that this evidence has no relevancy because this trial is to determine the defendants' liability only, not the issue of damages. Also, CSX argues that this evidence

should be excluded under Federal Rules of Evidence 403 and 408 because the evidence's probative value is outweighed by the danger of unfair prejudice, confusion, or misleading the jury, and that evidence of compromising claims is generally inadmissible, respectively. In the second part of its motion, CSX requests that all argument, testimony, and evidence related to legal fees incurred by CSX, both expended in this litigation as well as the prosecution of CSX's claims against Mr. May and Mr. Jayne, be excluded from evidence.[1]

In response, as to the settlement agreements, the Peirce Firm argues it may cross-examine Mr. May and Mr. Jayne about these settlement agreements as a way to attack the credibility of the witnesses pursuant to Federal Rule of Evidence 607. The Peirce Firm also contends that Rule 408 of the Federal Rules of Evidence is inapplicable because the evidence is not being "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Fed. R. Evid. 408. Finally, the Peirce Firm argues that the probative value of this evidence outweighs any prejudice to CSX.

This Court held that evidence regarding settlement payments entered into between Mr. May, Mr. Jayne, and CSX could be entered

[1]At the motions hearing, the Peirce Firm advised this Court that it is no longer opposing the part of the motion in limine dealing with counsel fees. Accordingly, this Court granted that part of CSX's motion in limine.

into evidence for the limited purpose to impeach. Federal Rule of Evidence 607 states that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness." The Peirce Firm proposes to enter this evidence, if necessary, for this limited purpose only, and despite CSX's argument, Federal Rule of Evidence 408(b) allows the Peirce Firm to present this evidence to prove a witness's bias or prejudice. In this limited context, the Court held, that this evidence is not unduly prejudicial. Accordingly, this Court denied the part of CSX's motion in limine dealing with evidence of the settlement. CSX's motion in limine, thus, was granted in part and denied in part.

B. The Peirce Firm's Motion in Limine Regarding Testimony of Mark Wade and Al Nepa, Sr.

The Peirce Firm argues in this motion in limine that Mark Wade, a former lawyer with the Peirce Firm, and Al Nepa, Sr., a former investigator for the Peirce Firm, should be precluded from testifying at trial. Specifically, the Peirce Firm contends that because neither Mr. Wade nor Mr. Nepa had any involvement with or knowledge of the May/Jayne fraud, that their testimony would be irrelevant, improper, and inadmissible. CSX responds that if it seeks testimony from either Mr. Wade or Mr. Nepa it would be for impeachment purposes only.

The Court held that testimony by Mr. Wade and Mr. Nepa could be used for rebuttal or impeachment evidence. See Fed. R. Evid.

607. Accordingly, this Court denied as framed the Peirce Firm's motion in limine.

C. The Peirce Firm's Motion in Limine Regarding Punitive Damages

In this motion in limine, the Peirce Firm argues that CSX's punitive damages claim should be stricken and that CSX should be precluded from submitting any evidence related to its claim for punitive damages. CSX responds that the Peirce Firm's motion is untimely and that the issue of punitive damages should have been raised in a motion for summary judgment.

This Court agreed with CSX and held that this matter could have been raised as a partial summary judgment motion. See e.g. Saunders v. Alois, 604 So.2d 18, 19 (Fl. App. 4 Dist. 1992) ("The trial court's ruling was erroneous because the motion in limine was in essence a substitute for a motion for partial summary judgment on a portion of the damage claim of appellant. We have held in the past that this is an improper use of a motion in limine."). Moreover, this Court held that because the August 11, 2009 trial deals with the issue of liability, and that a separate bench trial on damages would be held at a later time, if necessary, that this motion in limine should be denied. Accordingly, this Court denied as framed the Peirce Firm's motion in limine regarding punitive damages.[2]

[2]On August 12, 2009, counsel for the parties advised this Court that they reached an agreement that any question regarding entitlement and amount of punitive damages would be handled by this Court in a separate bench trial, should liability be found.

D. The Peirce Firm's Motion in Limine Regarding Benefits and Reimbursements to Gilkison

In this motion in limine, the Peirce Firm requests that CSX be precluded from arguing that any reimbursements or benefits that the Peirce Firm paid to defendant Gilkison were either inappropriate or fraudulent. The Peirce Firm contends that this evidence is irrelevant, constitutes improper character evidence, is prejudicial, would be confusing to the jury, and would be a waste of judicial time.

CSX responds that this evidence is relevant to demonstrate the importance of defendant Gilkison as an employee to the Peirce Firm, as well as to show that it was within defendant Gilkison's scope of employment to keep union officials, like Mr. May, content with the Peirce Firm, even if that meant refusing to report an alleged fraudulent asbestosis screening.

This Court granted in part and denied in part the Peirce Firm's motion in limine. Particularly, this Court held that CSX is permitted to show that the Peirce Firm provided defendant Gilkison with additional benefits that it did not provide to other employees, as a way to demonstrate defendant Gilkison's employment status. CSX is not permitted, however, to argue to the jury that providing these benefits is in any way fraudulent, inappropriate, or an indication that defendant Gilkison was intricately involved in the May/Jayne fraud.

E. The Peirce Firm's Motion in Limine Regarding Knowledge of the Fraud

The Peirce Firm's motion in limine regarding knowledge of the fraud seeks to preclude CSX from arguing that any employee of the Peirce Firm, other than Mr. Gilkison, had knowledge of the May/Jayne fraud. In its response, CSX argues that it has no objection to the Peirce Firm's motion in limine. Nevertheless, it reminds this Court and the defendants that it does intend to argue that defendant Gilkison's knowledge of the May/Jayne fraud is imputed to the Peirce Law firm. In light of CSX having no objections, this Court granted the Peirce Firm's motion in limine on this issue.

F. The Peirce Firm's Motion in Limine Regarding "Other Act" Evidence

In this motion in limine, the Peirce Firm seeks to preclude CSX from submitting evidence concerning allegations that the Peirce Firm obtained union clients through bribery, or made fraudulent payments to employees who were retired railroad workers. The Peirce Firm argues that this evidence is highly prejudicial, constitutes improper character evidence, and has no bearing on whether defendant Gilkison was involved in the May/Jayne fraud or whether the Peirce Firm can be held vicariously liable for his conduct. CSX responds that this evidence is necessary to establish the Peirce Firm's relationship with the rail unions and show the

motivation of defendant Gilkison to participate in the May/Jayne fraud.

The Court held that such evidence runs the risk of violating Rules 404(b) and 403 of the Federal Rules of Evidence. Thus, the Court held that CSX could submit evidence that the Peirce Firm had a relationship with the union, which is undisputed, and that it may have done some work to form that relationship and represent the union. Nevertheless, CSX is precluded from suggesting to the jury that any campaign contributions, or the like, were somehow improper, illegal, or tainted the union, the Peirce Law Firm, or defendant Gilkison to the disadvantage of CSX. Accordingly, this motion in limine was granted in part and denied in part.

G. The Peirce Firm's Motion in Limine Regarding Conduct that Sounds in Negligence

The Peirce Firm seeks to preclude evidence that sounds in negligence, specifically whether the asbestosis screenings were properly conducted, whether certain precautions were taken at screenings, whether the fraud could have been stopped if certain screening procedures were in place, and whether the Peirce Firm had a duty to have certain screening procedures in place. Additionally, the Peirce Firm requests that CSX be precluded from arguing that the Peirce Firm failed to ensure that all claims against CSX were true and accurate. The Peirce Firm contends that these type of negligence allegations have been previously dismissed by this Court.

In its response in opposition, CSX claims that it seeks to present evidence of (1) the lack of requirement by the Peirce Firm for potential claimants to show any sort of identification at these screenings, and (2) the Peirce Firm's failure to take steps to ensure that all claims against CSX were true and accurate. CSX contends that this evidence is highly relevant to demonstrating how the fraud occurred, and that this evidence's probative value is not substantially outweighed by any adverse consideration.

At the motions hearing, however, CSX agreed that it would not raise the identification issue. The parties also informed this Court that they had reached a stipulation that resolves the issue of whether the Peirce Firm had a duty to ensure that all claims against CSX were true and accurate. Accordingly, this Court granted as framed the Peirce Firm's motion in limine as agreed to by the parties.

H. The Peirce Firm's Motion in Limine Regarding Hearsay

In its final motion in limine, the Peirce Firm seeks to preclude testimony from Mr. Jayne's deposition where he states that Mr. May told him that the fraudulent asbestosis screening was defendant Gilkison's suggestion. The Peirce Firm contends that this testimony is hearsay evidence tainted by a motive to fabricate. See Fed. R. Evid. 801(d)(1)(B); Tome v. United States, 513 U.S. 150, 159 (1995).

In response, CSX argues that the statement at issue is not hearsay because it is not being offered for the truth of the matter

asserted, but rather only to demonstrate Mr. Jayne's state of mind at the time that the fraudulent scheme was developed.

At the hearing, this Court deferred a ruling on the Peirce Firm's motion in limine. Most importantly, the Peirce Firm failed to attach Mr. Jayne's deposition that includes the pertinent language at issue.[3] Moreover, this Court held that it could not rule on this motion until the time of trial, as issues remained concerning whether the statement is a prior consistent statement, and whether it is considered hearsay. Accordingly, a ruling on this motion was deferred.

## III. Conclusion

For the reasons set forth above, this Court confirms the following rulings: (1) CSX's omnibus motion in limine to strike all evidence related to the settlement of claims against Ricky D. May and Daniel L. Jayne and to exclude all evidence concerning amounts expended by plaintiff in the prosecution of this action is GRANTED IN PART and DENIED IN PART; (2) the Peirce Firm's motion in limine to preclude Mark Wade and Al Nepa, Sr. from testifying at trial is DENIED AS FRAMED; (3) the Peirce Firm's motion in limine to preclude recovery of or submission of evidence regarding punitive damages and to strike CSX's punitive damages claim is DENIED AS FRAMED; (4) the Peirce Firm's motion in limine to preclude CSX from submitting evidence or arguing to the jury regarding allegedly

[3]Since the hearing, counsel for the parties have provided the Court with a copy of that deposition.

fraudulent benefits and reimbursements paid to Mr. Gilkison by the Peirce Firm is GRANTED IN PART and DENIED IN PART; (5) the Peirce Firm's motion in limine to preclude CSX from arguing to the jury that any employee of the Peirce Firm other than Mr. Gilkison had knowledge of the fraud committed by May and Jayne is GRANTED; (6) the Peirce Firm's motion in limine to preclude CSX from submitting "other act" evidence or arguing to the jury regarding conduct of the Peirce Firm or its lawyers unrelated to the May fraud is GRANTED IN PART and DENIED IN PART; and (7) the Peirce Firm's motion in limine to preclude CSX from submitting evidence or arguing to the jury regarding alleged conduct of the Peirce Firm that sounds in negligence is GRANTED AS FRAMED. Furthermore, the Peirce Firm's motion in limine to preclude hearsay testimony concerning an alleged conversation between Mr. May and Mr. Jayne regarding defendant Gilkison's alleged knowledge of the fraud is DEFERRED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED: August 13, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE