IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

      Plaintiff,

v.                                        Civil Action No. 5:05CV202
                                                       (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,

      Defendants.

## **FINAL CIVIL JURY INSTRUCTIONS**

Now that you have heard all of the evidence and the closing statements of counsel, it is my job as judge to tell you about the laws that apply to this case. As jurors, you have two jobs. First, you must determine from the evidence the facts of this case. Then you must apply the rules of law that I will give you to those facts in order to determine whether the plaintiff, CSX Transportation, Inc., is entitled to recover from the defendant Robert V. Gilkison, or defendants Robert V. Gilkison and Peirce, Raimond & Coulter, which is now known as Robert Peirce & Associates, hereinafter referred to as the Peirce Law Firm.

It is your duty as jurors to follow the law as stated in the Court's instructions and to apply these rules of law to the facts as you find them from the evidence in the case.

I will permit you to take a copy of these instructions with you to the jury room. However, you must not single out one

instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what you believe the law ought to be, it would be a violation of your sworn duty as a juror to base your verdict upon any other view of the law than that given in the instructions; just as you realize it would be a violation of your sworn duty, as judges of the facts of this case, to base your verdict upon anything but the evidence in this case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all of the jurors; and to arrive at a verdict by applying the same rules of law, as given in the Court's instructions.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of the plaintiff and the answer thereto of the defendants. You must perform your duty without any bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court's instructions, and then reach a just verdict, regardless of the consequences.

This case must be decided by you as an action against persons of equal standing and worth in the community. By that, I mean that a corporation such as CSX Transportation, Inc. and a professional corporation such as the Peirce Law Firm are entitled to the same fair trial in your hands as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of law.

### A. Contentions of the Parties

This matter involves claims by CSX Transportation, Inc. that the defendants committed actual fraud in the presentation of an asbestosis claim. Fraud is an intentional misrepresentation of a material fact or facts made by a person with knowledge of its falsity for the purpose of inducing another to act and upon which the other person relies with a resulting injury or damage.

"Intentional" denotes that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.

The essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.

### B. Statute of Limitations

The defendants have asserted as a defense to the claims of the plaintiff that CSX Transportation, Inc. did not file its lawsuit

within the time period provided by West Virginia law. This time period is called the statute of limitations. Under West Virginia law, the statute of limitations for fraud is two (2) years. CSX Transportation, Inc. filed this civil action on December 22, 2005.

For purposes of fraud, the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been defrauded, (2) the identity of the individual or individuals who may have committed the fraud, and (3) that the conduct of the individual or individuals has a causal relation to the injury. This rule tolls the statute of limitations until a plaintiff, acting as a reasonable, diligent entity, discovers the essential elements of a possible cause of action.

For the defendants to prevail on their statute of limitations defense, the defendants must prove by a preponderance of the evidence that CSX Transportation, Inc. knew or should have known that the defendants were involved in the scheme to defraud and the manner in which they were involved in the scheme to defraud more than two years prior to the date that CSX Transportation, Inc. filed its complaint on December 22, 2005.

To prove something by a "preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means that such evidence, when considered and compared with that opposed to it, has

4

more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

In evaluating when CSX Transportation, Inc. knew that the defendants had injured it, knowledge, sufficient to trigger the limitation period, requires something more than a mere apprehension that something may be wrong. In other words, merely suspecting that the defendants were involved is not enough to start the two year statutory period.

It is possible for the actions of a perpetrator of fraud to stop the running of the statute of limitations. If a perpetrator of a fraud improperly prevents the injured party from knowing or discovering the full extent of the fraud, the limitations period is tolled or stopped during that time. Accordingly, if you believe from a preponderance of the evidence presented that CSX Transportation, Inc. did know more than two years prior to the filing of this suit, but believe that the defendants in any improper manner prevented CSX Transportation, Inc. from discovering the fraud, you should give additional time to CSX Transportation, Inc. for the time period that the defendants obstructed any investigation.

At the same time, the statute of limitations may be tolled only if the plaintiff makes a strong showing that some improper action by the defendants prevented the plaintiff from knowing of its injury or identifying that the defendants may have caused the injury. In this case, to extend the period for filing its suit

against the Peirce Law Firm, CSX Transportation, Inc. must make a strong showing both (1) that the Peirce Law Firm improperly acted to prevent CSX Transportation, Inc. from learning facts needed for it to identify that it had been defrauded and that the Peirce Law Firm may have been involved in the fraud, and (2) that, but for the Peirce Firm's improper action, CSX Transportation, Inc. would have had the information needed to timely file its suit. If CSX Transportation, Inc. proves such improper action by the Peirce Law Firm, then the statute of limitations may be tolled for the time period of any delay resulting from such improper action.

Should you find that CSX Transportation, Inc.'s claims are barred by the two year statute of limitations, your verdict must be in favor of the defendants.

### C. Burden of Proof and Proximate Cause

Only if you find that CSX Transportation, Inc.'s claims are not barred by the statute of limitations, may you then decide whether defendant Robert V. Gilkison, or both Robert V. Gilkison and the Peirce Law Firm, are liable to CSX Transportation, Inc. for fraud.

The burden is on the party asserting a claim in a civil action for fraud, such as this, to prove every essential element to the claims for fraud by the plaintiff by clear and convincing evidence. CSX Transportation, Inc. must establish the necessary elements of fraud by clear and convincing proof.

"Clear and convincing evidence" means evidence indicating that the thing to be proved is highly probable or reasonably certain. Clear and convincing evidence is more than a preponderance of the evidence standard. In order to be clear and convincing evidence, the evidence must produce in your minds a definite and firm conviction that a fact alleged has been established.

In order for the plaintiff CSX Transportation, Inc. to recover, it must prove by clear and convincing evidence that the defendants' conduct was a "proximate cause" of the injuries suffered by it. The generally accepted definition of "proximate cause" of an injury is the cause that necessarily sets in operation the factors which accomplish an injury that is reasonably foreseeable by an ordinary, prudent person as the natural and probable consequence of his or her act or his or her failure to act and which produce, in natural and continuous sequence unbroken by any efficient, intervening cause, the injury and without which it would not have occurred.

An act or omission may be deemed to be a proximate cause of an injury if it was a substantial contributing factor in bringing about the wrong of which the plaintiff complains. To establish proximate cause, the plaintiff needs not eliminate every other possible cause. If the plaintiff shows facts and circumstances which prove wrongdoing on the part of the defendants and show that such wrongdoing caused or contributed to his injuries, then the plaintiff who makes these showings may so recover.

D.  <u>Plaintiff CSX Transportation, Inc.'s Claim of Fraud</u>

I have earlier explained the elements of fraud that the plaintiff CSX Transportation, Inc. must prove by clear and convincing evidence. It is uncontested that Daniel L. Jayne attended an x-ray screening sponsored by the defendant Peirce Law Firm representing himself to be Ricky D. May, for the purposes of obtaining a positive x-ray for asbestosis, that the defendant Peirce Law Firm submitted this x-ray to CSX Transportation, Inc. with the intention that it rely upon it for settlement purposes, and that CSX Transportation, Inc. relied upon that x-ray, was reasonable in that reliance, and was damaged by that reliance. It is undisputed that a fraud occurred. What is disputed is whether Robert V. Gilkison, or both Robert V. Gilkison and the Peirce Law Firm, are liable to CSX Transportation, Inc. for that fraud.

This case concerns claims alleging what is commonly referred to as "actual fraud." Actual fraud is intentional fraud; it involves a deception, intentionally practiced to induce another to part with property. Plaintiff CSX Transportation, Inc. has asserted two claims of fraud. CSX Transportation, Inc. alleges that Robert V. Gilkison committed fraud in connection with a lawsuit filed on behalf of Ricky May. CSX Transportation, Inc. further alleges that the Peirce Law Firm is liable for fraud because it employed Robert V. Gilkison, and Robert V. Gilkison was acting within the scope of his employment in committing the fraud.

This is a case claiming fraud, not negligence. You may not find Robert V. Gilkison liable for fraud unless you find by clear and convincing evidence that he specifically intended to deceive the plaintiff.

Similarly, this means that you may find the Peirce Law Firm liable to CSX Transportation, Inc. only if you first find that Robert V. Gilkison committed fraud against CSX Transportation, Inc., and additionally, that he committed fraud in the course of his employment with the Peirce Law Firm and for the benefit of the Peirce Law Firm. A finding of fraud may not be based on whether you believe the Peirce Law Firm or Robert V. Gilkison acted reasonably or unreasonably under the circumstances. Those are negligence concepts that have no bearing in this lawsuit.

Fraud is never presumed, but must, as I have said, always be proved by clear and convincing evidence. The existence of fraud is not deducible from facts and circumstances which would be equally consistent with honest intentions. In sum, a presumption always exists in favor of innocence and honesty in a given transaction and the burden is upon one who alleges fraud to prove it by clear and convincing evidence.

If you find Robert V. Gilkison liable for fraud, you must then determine whether the Peirce Law Firm is liable for Robert V. Gilkison's conduct. CSX Transportation, Inc. claims that the Peirce Law Firm is liable for fraud because of the conduct of its employee, Robert V. Gilkison. This means that you may not find in

favor of CSX Transportation, Inc. against the Peirce Law Firm unless you first find that Robert V. Gilkison committed fraud.

If and only if you find that Robert V. Gilkison committed fraud, then, in determining whether the Peirce Law Firm can be liable for Robert V. Gilkison's conduct, you must consider whether (1) he committed the fraud within the scope of his authority and duties to the Peirce Law Firm, and (2) he committed the fraud to further the Peirce Law Firm's business. If and only if each of these elements is established, can you find the Peirce Law Firm liable.

For purposes of determining whether the Peirce Law Firm is responsible for fraud committed by Robert V. Gilkison as its employee, you may impute to the Peirce Law Firm knowledge of facts that Robert V. Gilkison obtained only if and while acting within the scope of his employment and for the benefit of the Peirce Law Firm. You may not, however, impute to the Peirce Law Firm knowledge of facts obtained by Robert V. Gilkison, in the course of acting contrary to the Peirce Law Firm's interests, acting of his own purposes, or acting for the purposes of another person.

Whether an act by an employee is within the scope of his employment is determined by the relations which the act bears to the employment. In evaluating scope of employment, you may consider the character of Robert V. Gilkison's employment, the nature of the wrongful deed, the time and place of its commission, and the purpose of the act.

E. <u>Consideration of Evidence</u>

As I mentioned at the start of this trial, there are, generally speaking, two types of evidence from which you, the jury, may properly find the truth as to the facts of the case. One is direct evidence -- such as the testimony of an eye witness. The other is indirect or circumstantial evidence -- proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all of the evidence in the case, both direct and circumstantial.

Statements and arguments of counsel are not evidence in the case. If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact.

When counsel on both sides stipulate or agree to the existence of a fact, or when the Court brings to your attention that certain facts are uncontroverted or undisputed, then the jury must, unless otherwise instructed, regard those facts as proven. The parties entered into such stipulations, which were read to you throughout this jury trial.

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, either presented live or by deposition, regardless of who may have called them; all

exhibits received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts which have been brought to your attention as being uncontroverted and undisputed; and all applicable presumptions stated in these instructions.

Any evidence to which an objection was sustained by the Court during the course of trial, and any evidence ordered stricken by the Court, must be entirely disregarded by you in your deliberations.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded by you.

You are to consider only the evidence in the case, but in your consideration of the evidence, you are not limited to the mere statements of the witnesses. In other words, you are not limited solely to what you have seen and that to which you have heard the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as seem justified in the light of your experience.

An inference is a deduction or conclusion which reason and common sense lead the jury to draw from the facts which have been established from the evidence in the case.

A presumption is a deduction or conclusion which the law requires the jury to make under certain circumstances, in the absence of evidence in the case which leads the jury to a different or contrary conclusion.

Although the burden is on the party who asserts the affirmative of an issue to prove that claim by the burden of proof explained to you earlier, the rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

You, as jurors in this case, are the sole judges of the credibility of the witnesses, and the weight and value their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony of the witness.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, demeanor and manner while on the stand. Consider each witness' ability to observe the matters to which the witness has testified, and whether each witness impresses you as having an accurate recollection of these matters. Consider also any relation the witness may bear to either side of the case. Consider the manner in which each witness might be affected by the verdict, if at all, and the extent to which, if at all, the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not

cause you as jurors to discredit the witness' testimony. Two or more persons witnessing an incident or transaction may see it or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance, or an unimportant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment, you will then give the testimony of each witness in this case just such weight, if any, as you think it deserves.

### F.  Damages Not to be Decided by Jury

It is your role as jurors to decide whether defendant Robert V. Gilkison, or both Robert V. Gilkison and the Peirce Law Firm, are liable to CSX Transportation, Inc. for fraud. What damages, if any, CSX Transportation, Inc. shall recover, and the amount thereof, should you find liability, will then be decided by this Court and will not be your responsibility to determine.

### G.  Returning a Verdict

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

Some of you have taken notes during the course of this trial. Notes are only an aid to memory and should not be given precedence over your independent recollection of the facts. A juror who did not take notes should rely on his or her independent recollection

of the proceedings and should not be influenced by the notes of other jurors.

As you have noticed, we have an official court reporter making a record of the trial. However, as I mentioned earlier, we will not have typewritten transcripts of this record available for use in reaching your decision in this case.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. You must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts of this case. Your sole interest in serving as jurors in this case is to seek the truth from the evidence in the case.

Upon retiring to the jury room, select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in Court.

You will take this verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson complete this form by answering the questions under

the written instructions on the verdict form and then stating the verdict upon which you unanimously agree. The foreperson will then sign and date the form and the jury will then return with your verdict to the courtroom.

This form of verdict has been prepared for your convenience.

**[Review verdict form.]**

If you should desire to communicate with the Court at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.