IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                     Civil Action: 5:05-CV-202
                       (Senior Judge Stamp)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER AND RAY HARRON, M.D.,

    Defendant.

## MEMORANDUM, OPINION, AND ORDER GRANTING
## PLAINTIFF REASONABLE EXPENSES

  On May 4, 2009 came the above named Plaintiff, by J. David Bolen, in person, the above named Defendants Peirce, Raimond & Coulter, PC, Robert Peirce, Jr., Louis A. Raimond, and Mark T. Coulter, by Walter DeForest, Robert Lockhart, and Daniel Schuda, via telephone, and the above named Defendant Ray Harron, by Jerald Jones, in person, and Elizabeth Johnson, via telephone, for an evidentiary hearing and argument on Plaintiff's Motion to Compel Deposition Testimony from Defendant Ray Harron, M.D.[1] Testimony was not taken, and no other evidence was introduced. Thereafter, CSX Transportation Inc.'s Motion to Compel Deposition Testimony from Defendant Ray Harron, M.D. was granted, and Defendant Ray Harron, M.D. was given an opportunity to be heard on the awarding of reasonable expenses and sanctions on July 27, 2009.

---

[1] Doc. No. 511

1

# I. INTRODUCTION

A.  Background

Plaintiff, CSX Transportation, Inc. (CSX) filed this action[2] December 22, 2005, against Robert V. Gilkison (Gilkison), Peirce, Raimond & Coulter, P.C. (The Peirce Firm) and John Does alleging Gilkison and the Peirce Firm committed fraud against CSX with respect to one May and alleging once count of fraud and three counts of negligence against The Peirce Firm. Subsequently, the Court dismissed the negligence claims and limited the fraud claim to the May claim. On July 5, 2007, Plaintiff filed an Amended Complaint alleging civil RICO, RICO conspiracy, common law fraud and civil conspiracy against Gilkison, The Peirce Firm, Robert Peirce, Jr., Louis A. Raimond, Mark T. Coulter (the lawyer defendants) and Ray Harron, M.D. ("Defendant Harron").[3] The Court dismissed the RICO claims against the lawyer defendants on March 28, 2008.[4] For trial, the Court bifurcated the claim into the May claim and the Baylor claim.[5] Dr. Harron and the individual lawyers are not parties to the May claim.[6]

B.  The Motion

Plaintiff, CSX Transportation, Inc.'s Motion to Compel Deposition Testimony from Defendant, Ray Harron, M.D.[7]

---

[2] Doc. No. 1

[3] Doc. No. 208

[4] Doc. No. 264

[5] Doc. No. 293

[6] Doc. No. 289, P. 7 - 8

[7] Doc. No. 437

C.   Decision

Plaintiff is **GRANTED** reasonable expenses as hereinafter set forth.

## II.  FACTS

1. Discovery in this civil action commenced on April 7, 2006.

2. A number of discovery disputes have arisen between the parties.

3. The most recent dispute arises from Defendant Harron's deposition taken on March 11, 2009.

4. Plaintiff filed a motion to compel directed at Defendant Harron on April 10, 2009, alleging that counsel for Defendant Harron violated the Federal Rules of Civil Procedure by instructing Defendant Harron not to answer several questions during the deposition.[8]

5. On May 4, 2009, an evidentiary hearing and argument was held before this Court regarding CSX's motion to compel.[9]

6. On May 14, 2009, this Court issued an Order granting CSX's motion to compel and directed a hearing be held regarding the award of reasonable expenses or sanctions against Defendant Harron related to the motion to compel.[10]

7. Defendant Harron filed objections to the May 14, 2009 Order on May 26, 2009.[11]

8. CSX filed affidavit of costs in connection with the May 14, 2009 Order on May

---

[8] Doc. No. 437

[9] Doc. No. 511

[10] Doc. No. 525

[11] Doc. No. 547

28, 2009.[12]

9. On July 7, 2009, the District Court entered a Memorandum Opinion and Order affirming and adopting this Court's May 14, 2009 Order granting CSX's motion to compel in its entirety.[13]

10. On July 27, 2009, a hearing was held regarding awarding reasonable expenses or sanctions against Defendant Harron related to the May 14, 2009 Order granting CSX's motion to compel.

### III. PLAINTIFF'S MOTION FOR SANCTIONS

A. <u>Contentions of the Parties</u>

CSX contends that under Fed. R. Civ. P. 30(c)(2) there are only three reasons a person may instruct a witness not to answer - to preserve a privilege, enforce a court ordered limitation or to present a motion under Rule 30(d)(3).

CSX is seeking $3,892.50 for fees and expenses.

Defendant Harron contends that CSX is seeking to depose him on additional irrelevant topics which will not lead to admissible evidence. Specifically, Harron contends CSX is seeking inadmissible evidence of other bad acts or wrongs.

Defendant Harron made no response to CSX's financial affidavit.

B. <u>Discussion</u>

Rule 37 of the Federal Rules of Civil Procedure governs imposition of expenses and sanctions for discovery violations. A party may move for an order compelling discovery or

---

[12] Doc. No. 550

[13] Doc. No. 588

4

disclosure after attempting to obtain discovery without court action. Fed. R. Civ. P. 37(a)(1). Rule 37(a)(3)(B)(i) permits a party to move for an order compelling a deponent to answer a question under Rule 30 governing depositions by oral examination. If the motion is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court must not order the payment if the movant filed the motion before attempting in good faith to obtain discovery without court action, the opposing party's action was substantially justified, or other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

CSX filed its Motion to Compel Deposition Testimony from Defendant Ray Harron, M.D. on April 10, 2009, regarding questions he was instructed not to answer during his March 11, 2009 deposition.[14] This Court granted CSX's Motion to Compel because counsel for Defendant Harron had no legal basis to object to the questions.[15] Defendant Harron and his counsel were given an opportunity to be heard on July 27, 2009, as to why reasonable expenses and sanctions should not be awarded. On oral argument, counsel for Defendant Harron again argued that the information was not properly discoverable; therefore, the Court is capable of finding the position was justified.[16] This Court does not find that counsel for Defendant Harron was substantially justified in instructing Defendant Harron not to respond to questions during his

---

[14] Doc. No. 437

[15] Doc. No. 525

[16] Tr. P. 8

5

deposition. Rule 30(c)(2) states, "a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Counsel for Defendant Harron had no legal basis for her conduct and acted expressly contrary to the Federal Rules of Civil Procedure.

C.  Decision

Reasonable expenses against Defendant Harron and counsel for Defendant Harron are necessary here because counsel for Defendant Harron had no legal basis for her conduct and acted expressly in violation of the Federal Rules of Civil Procedure. Plaintiff seeks $3,892.50 in attorneys' fees and expenses.

Plaintiff CSX is **GRANTED** reasonable expenses. Because Plaintiff CSX prevailed on its Motion to Compel Deposition Testimony from Defendant Ray Harron, M.D., and counsel for Defendant Harron acted in direct violation of the Federal Rules of Civil Procedure, Defendant Harron and counsel for Defendant Harron shall pay Plaintiff CSX the sum of Three Thousand Eight Hundred and Ninety-Two Dollars and Fifty Cents (**$3,892.50**) for reasonable expenses incurred in relation to the motions to compel discovery responses on or before September 18, 2009. The Court believes that intentional and willful action in blatant violation of the Federal Rules of Civil Procedure should be sanctionable. Failure to sanction only encourages this intentional and willful conduct that violates the Federal Rules of Civil Procedure. Nonetheless, the Court cannot find any authority that sanctions are appropriate in absence of a violation of a court order. Therefore, no sanctions will be ordered.

Filing of objections does not stay this Order. Any party may, within ten (10) days after

being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

      The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: September 2, 2009

                      */s/ James E. Seibert*
                      JAMES E. SEIBERT
                      UNITED STATES MAGISTRATE JUDGE