IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

        Plaintiff,

v.

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER AND RAY HARRON, M.D.,

        Defendant.

Civil Action: 5:05-CV-202
(Senior Judge Stamp)

## MEMORANDUM, OPINION, AND ORDER GRANTING PLAINTIFF REASONABLE EXPENSES

On March 18, 2009 came the above named Plaintiff, by J. David Bolen and Mitchell Morris, in person, the above named Defendants Peirce, Raimond & Coulter, P.C., by David Berardinelli and Robert Lockhart, and the above named Defendant Ray Harron, by Jerald Jones, and Elizabeth Johnson, via telephone, for an evidentiary hearing and argument on Plaintiff's Motion to Compel.[1]  Thereafter, this Court issued a Memorandum Opinion and Order Granting Plaintiff's Motion to Compel.[2]  The District Court affirmed this Court's Memorandum Opinion and Order and also denied Defendant Robert Peirce & Associates, P.C. and the Lawyer Defendants' Motion for Protective Order.[3]  All defendants were given an opportunity to be heard

---

[1] Doc. No. 409

[2] Doc. No. 526

[3] Doc. No. 560

on the awarding of reasonable expenses on July 27, 2009.[4]

## I. INTRODUCTION

A.   Background

Plaintiff, CSX Transportation, Inc. (CSX) filed this action[5] December 22, 2005, against Robert V. Gilkison (Gilkison), Peirce, Raimond & Coulter, P.C. (the Peirce Firm) and John Does alleging Gilkison and the Peirce Firm committed fraud against CSX with respect to one May and alleging once count of fraud and three counts of negligence against The Peirce Firm. Subsequently, the Court dismissed the negligence claims and limited the fraud claim to the May claim. On July 5, 2007, Plaintiff filed an Amended Complaint alleging civil RICO, RICO conspiracy, common law fraud and civil conspiracy against Gilkison, The Peirce Firm, Robert Peirce, Jr., Louis A. Raimond, Mark T. Coulter (the lawyer defendants) and Ray Harron, M.D. ("Defendant Harron").[6] The Court dismissed the RICO claims against the lawyer defendants on March 28, 2008.[7] For trial, the Court bifurcated the claim into the May claim and the Baylor claim.[8] Dr. Harron and the individual lawyers are not parties to the May claim.[9]

B.   The Motion

Plaintiff, CSX Transportation, Inc.'s Motion to Compel Responses to its First Request for

---

[4] Doc. No. 613

[5] Doc. No. 1

[6] Doc. No. 208

[7] Doc. No. 264

[8] Doc. No. 293

[9] Doc. No. 289, P. 7 - 8

Production to Defendant Ray Harron, M.D.[10]

The Peirce Firm and the lawyer defendants' Motion for Protective Order.[11]

C. <u>Decision</u>

Plaintiff is **GRANTED** reasonable expenses as hereinafter set forth.

## II. FACTS

1. Discovery in this civil action commenced on April 7, 2006.

2. A number of discovery disputes have arisen between the parties.

3. The most recent dispute involves CSX's first request for production of documents served on Defendant Harron on December 22, 2008.

4. Defendant Harron served his responses on January 21, 2009.

5. On February 27, 2009, CSX filed a motion to compel directed at Defendant Harron alleging Defendant Harron's responses were deficient and in violation of the applicable rules of civil procedure.[12]

6. None of the defendants filed a responsive pleading.

7. On March 13, 2009, the Peirce Firm and the lawyer defendants filed a collateral motion for protective order concerning the same documents at issue in the Motion to Compel.[13]

8. On March 18, 2009, an evidentiary hearing and argument was held in this Court

---

[10] Doc. No. 363

[11] Doc. No. 377

[12] Doc. No. 363

[13] Doc. No. 377

regarding CSX's Motion to Compel.[14]

9. On March 27, 2009, CSX filed a Response in Opposition to the Peirce Firm and the lawyer defendants' Motion for Protective Order.[15]

10. On March 30, 2009, the Peirce Firm and the lawyer defendants filed a Reply to CSX's Response in Opposition.[16]

11. On May 14, 2009, this Court issued a Memorandum Opinion and Order granting CSX's Motion to Compel.[17]

12. On May 18, 2009, the Peirce Firm and the lawyer defendants filed an Emergency Motion for Partial Stay of and Objections to the May 14, 2009 Order.[18]

13. On May 21, 2009, CSX filed a Response in Opposition to the Emergency Motion for Partial Stay of and Objections to the May 14, 2009 Order.[19]

14. On May 21, 2009, the Peirce Firm and the lawyer defendants filed a Reply to the Response to the Emergency Motion for Partial Stay of and Objections to the May 14, 2009 Order.[20]

15. On June 5, 2009, the District Court issued a Memorandum Opinion and Order

---

[14] Doc. No. 394

[15] Doc. No. 412

[16] Doc. No. 414

[17] Doc. No. 526

[18] Doc. No. 534

[19] Doc. No. 543

[20] Doc. No. 544

Denying the Peirce Firm and the lawyer defendants' Emergency Motion for Partial Stay of and Objections to the May 14, 2009 Order and Denying the Peirce Firm and the lawyer defendants' Motion for Protective Order.[21]

16. On June 23, 2009, this Court issued a paperless order directing CSX to file an affidavit of reasonable expenses related to the Motion to Compel Responses to its First Requests for Production of Documents to Defendant Harron by July 7, 2009, and setting an Opportunity to be Heard for counsel for the Peirce Firm and the lawyer defendants concerning the award of reasonable expenses and sanctions on July 27, 2009.[22]

17. On July 7, 2009, counsel for CSX filed an affidavit of costs in connection with the May 14, 2009 Order.[23]

18. On July 27, 2009, a hearing was held regarding awarding reasonable expenses or sanctions against counsel for the Peirce Firm and the lawyer defendants related to the May 14, 2009 Order.[24]

### III. REASONABLE EXPENSES AS TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

A. <u>Contentions of the Parties</u>

CSX contends Defendant Harron's responses were deficient and in violation of the applicable rules of civil procedure. CSX avers that Defendant Harron produced no documents whatsoever. Secondly, CSX contends that Defendant Harron relied almost entirely on non-

---

[21] Doc. No. 560

[22] Doc. No. 580

[23] Doc. No. 589

[24] Doc. No. 613, 705

specific "General Objections," which are impermissible under Fed. R. Civ. P. 34(b)(2)(B) and Local Rule 34.01(b)(1). Also, CSX contends that Defendant Harron failed to produce a privilege log in violation of Fed. R. Civ. P. 26(b)(5) and Local Rule 26.04(a)(2).

CSX is seeking $5,352.19 for fees and expenses.

Defendant Harron made no response to either CSX's Motion to Compel or financial affidavit.

B.   Discussion

Rule 37 of the Federal Rules of Civil Procedure governs imposition of expenses and sanctions for discovery violations. A party may move for an order compelling discovery or disclosure after attempting to obtain discovery without court action. Fed. R. Civ. P. 37(a)(1). Rule 37(a)(3)(B)(iv) permits a party to move for an order compelling a party "to respond that inspection will be permitted . . . as requested under Rule 34." If the motion is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court must not order the payment if the movant filed the motion before attempting in good faith to obtain discovery without court action, the opposing party's action was substantially justified, or other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

CSX filed its Motion to Compel Responses to its First Requests for Production of Documents to Defendant Ray Harron, M.D., on February 27, 2009, alleging Defendant Harron's responses were deficient and in violation of the applicable rules of civil procedure, and Dr.

Harron relied almost entirely on non-specific "General Objections," which are impermissible under Fed. R. Civ. P. 34(b)(2). Defendant Harron did not respond. An evidentiary hearing and argument was held on March 18, 2009, regarding CSX's Motion to Compel, and on May 14, 2009, this Court granted CSX's Motion to Compel. CSX, at the instruction of this Court, entered an affidavit of costs in connection with the its Motion to Compel. Defendant Harron was given an opportunity to be heard as to why reasonable expenses should not be granted in connection with CSX's Motion to Compel.

Because CSX's Motion to Compel was granted, this Court must, under Rule 37, order the payment of reasonable expenses to CSX unless CSX filed the motion without attempting in good faith to obtain discovery, Defendant Harron's actions were substantially justified, or other circumstances exist making the award unjust. The Court can find nothing in the record indicating Defendant Harron either issued a response to CSX's Motion to Compel or made any argument at the July 27, 2009, hearing. At the hearing, after discussing the sealing of the continued portion of Dr. Cassoff's deposition, the decision regarding instructions at Defendant Harron's deposition, and the objections to Dr. Cassoff's deposition, the following transpired:

| | |
|---|---|
| THE COURT: | Thank you. Now has everybody who is entitled to have an opportunity to be heard, been heard? |
| MR. BOLEN: | Yes, Your Honor. |
| MR. STRASSBURGER: | Yes, Your Honor. |
| MR. LOCKHART: | Yes, Your Honor. |
| MR. BERARDINELLI: | Yes, Your Honor. |
| MS. McARDLE: | Yes.[25] |

The transcript neither shows a response by counsel for Defendant Harron nor does it indicate counsel for Defendant Harron was excused before the end of the proceedings.

---

[25] Doc. 705 P.36 LN 14-20

C.  Decision

Reasonable expenses against counsel for Defendant Harron are necessary here because the Court granted CSX's Motion to Compel and counsel for Defendant Harron failed to argue, written or oral, against the imposition of reasonable expenses. Plaintiff is awarded Five Thousand Three Hundred Fifty-Two Dollars and Nineteen Cents (**$5,352.19**) in reasonable expenses.

### IV. REASONABLE EXPENSES AS TO THE PEIRCE FIRM AND THE LAWYER DEFENDANTS MOTION FOR PROTECTIVE ORDER

A.  Contentions of the Parties

The Peirce Firm and the lawyer defendants contend that CSX's discovery requests on Defendant Harron are overly broad, irrelevant, and unrelated to the current issues in the case. Alternatively, the Peirce Firm and the lawyer defendants argue CSX's discovery requests seek privileged information.

CSX first claims that the Peirce Firm and the lawyer defendants failed to meet and confer in regards to the potential problems with the discovery request but sought, and was given, additional time to respond to the discovery requests. Second, CSX argues that under the Federal Rules of Civil Procedure, the requested information is relevant and not overly broad or burdensome.

B.  Discussion

Fed. R. Civ. P. 26(c) permits the court to limit the use and dissemination of discovery when the requesting party can show good cause. The burden of showing good cause rests with the party requesting the protective order. U.S. v. Duke Energy Corp., 214 F.R.D. 383, 385 (M.D.N.C. 2003). "In determining whether there is good cause to issue a Rule 26(c) order that


prohibits the dissemination of discovery materials, the initial inquiry is whether the moving party has shown that disclosure will result in clearly defined and very serious injury." Koster v. Chase Manhattan Bank, 93 F.R.D. 471 (S.D.N.Y. 1982). The requesting party, "must make a particular request and a specific demonstration of facts in support of the request, as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one." Duke Energy Corp., 214 F.R.D. at 385-386, see also Gulf Oil v. Bernard, 452 U.S. 89, 102 n. 16 (1981); J.T. Baker, Inc. v. Aetna Cas. and Sur. Co., 135 F.R.D. 86, 90 (D. N.J. 1989) (stating that a party must demonstrate a particular need for protection, not a broad allegation of harm unsubstantiated by specific examples). "This requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts." Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991).

     Rule 26 incorporates Rule 37, governing the imposition of expenses and sanctions for discovery violations, by expressly stating "Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(c)(3). The Peirce Firm and the lawyer defendants' Motion for Protective Order was denied; therefore, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The Court must not order payment "if the motion was substantially justified or other circumstances make an award of expenses unjust." Id.

     CSX served its first request for production of documents from Defendant Harron on December 22, 2008. All defendants received copies of this discovery request. Dr. Harron served his responses on January 21, 2009. Alleging that Dr. Harron's responses were deficient and in

9

violation of the applicable rules of civil procedure, CSX filed a motion to compel directed at Defendant Harron on February 27, 2009.  None of the defendants filed a response to CSX's Motion to Compel; however, the Peirce Firm and the lawyer defendants filed a collateral Motion for Protective Order on March 13, 2009, concerning the same documents at issue in the Motion to Compel.

In deciding the Peirce Firm and the lawyer defendants' Emergency Motion for Partial Stay of and Objections to this Court's May 14, 2009 Discovery Order regarding production of privileged documents from Defendant Harron, the District Court also denied the Peirce Firm and the lawyer defendants' Motion for Protective Order adopting the same reasoning given by this Court in its May 14, 2009 Discovery Order.[26]  The Peirce Firm and the lawyer defendants were given an opportunity to be heard as to whether reasonable expenses should be awarded in connection with their Motion for Protective Order.[27]

Because the Peirce Firm and the lawyer defendants' Motion for Protective Order was denied, this Court must, under Rule 37, order the payment of reasonable expenses to CSX unless the Peirce Firm and the lawyer defendants' actions were substantially justified or other circumstances exist making the award unjust.  The Court can find nothing in the record indicating the Peirce Firm and the lawyer defendants made any argument at the July 27, 2009, hearing as to the imposition of reasonable expenses in connection with their Motion for Protective Order.  At the hearing, after discussing the sealing of the continued portion of Dr. Cassoff's deposition, the decision regarding instructions at Defendant Harron's deposition, and

---

[26] Doc. No. 560

[27] Doc. No. 613

the objections to Dr. Cassoff's deposition, the following transpired:

| | |
|---|---|
| THE COURT: | Thank you.  Now has everybody who is entitled to have an opportunity to be heard, been heard? |
| MR. BOLEN: | Yes, Your Honor. |
| MR. STRASSBURGER: | Yes, Your Honor. |
| MR. LOCKHART: | Yes, Your Honor. |
| MR. BERARDINELLI: | Yes, Your Honor. |
| MS. McARDLE: | Yes.[28] |

The Peirce Firm and the lawyer defendants were given an opportunity to be heard but failed to show their actions were substantially justified or that other circumstances existed making an award unjust.

C.   Decision

Reasonable expenses against counsel for the Peirce Firm and the lawyer defendants are necessary here because the Court denied the Peirce Firm and the lawyer defendants' Motion for Protective Order and counsel for the Peirce Firm and the lawyer defendants failed to argue, written or oral, against the imposition of reasonable expenses.  Plaintiff shall submit within ten (10) days of this Order an affidavit of reasonable expenses in relation to the Peirce Firm and the lawyer defendant's Motion for Protective Order.

Plaintiff CSX is **GRANTED** reasonable expenses.  Because Plaintiff CSX prevailed on its Motion to Compel Responses to its First Requests for Production of Documents to Defendant Ray Harron, M.D., and counsel for Defendant Harron failed to oppose the granting of reasonable expenses, Defendant Harron and counsel for Defendant Harron shall pay Plaintiff CSX the sum of Five Thousand Three Hundred Fifty-Two Dollars and Nineteen cents (**$5,352.19**) for

---

[28] Doc. 705 P.36 LN 14-20

reasonable expenses incurred in relation to the motions to compel discovery responses within thirty days of this Order.  Because the Peirce Firm and the lawyer defendants' Motion for Protective Order was denied and counsel for the Peirce Firm and the lawyer defendants failed to oppose the granting of reasonable expenses, the Peirce Firm and the lawyer defendants shall pay Plaintiff CSX its reasonable expenses within thirty days of Plaintiff CSX's affidavit of reasonable expenses.

Filing of objections does not stay this Order.  Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: September 15, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE