IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

        Plaintiff,

v.                                                                                                  Civil Action: 5:05-CV-202
                                                                                                                                          (Senior Judge Stamp)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER AND RAY HARRON, M.D.,

        Defendant.

**MEMORANDUM, OPINION, AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REASONABLE EXPENSES**

        On May 1, 2009, came the above named Plaintiff, by J. David Bolen, in person, the above named Defendants Peirce, Raimond & Coulter, P.C., Robert Peirce, Jr., Louis A. Raimond, and Mark T. Coulter, by David Berardinelli and Walter DeForest, in person, the above named Defendant Ray Harron, by Jerald Jones and Elizabeth Johnson, via telephone, and interested party Richard Cassoff, M.D., by Elgine McArdle and David Strassburger, in person, for an evidentiary hearing and argument on the Motion to Terminate the Deposition of Richard Cassoff, M.D. and Protective Order, Emergency Motion of the Peirce Law Firm and the Lawyer Defendants for Protective Order Regarding the Third Party Deposition of Richard Cassoff, M.D., and the Emergency Motion of the Peirce Firm and the Lawyer Defendants to Quash Plaintiff's

1

Subpoena Duces Tecum Directed to Richard Cassoff, M.D.[1] Thereafter, the Motion to Terminate the Deposition of Richard Cassoff, M.D., was denied, Motion for a Protective Order was granted in part, Emergency Motion for Protective Order Regarding the Third Party Deposition of Richard Cassoff, M.D., was denied, and Emergency Motion to Quash Plaintiff's Subpoena Duces Tecum Directed to Richard Cassoff, M.D. was denied.[2] Counsel for defendant Peirce Firm and the lawyer defendants and counsel for Richard Cassoff, M.D., were given an opportunity to be heard on the awarding of reasonable expenses and sanctions on July 27, 2009.

## I.  INTRODUCTION

A.   Background

Plaintiff, CSX Transportation, Inc. (CSX) filed this action[3] on December 22, 2005, against Robert V. Gilkison (Gilkison), Peirce, Raimond & Coulter, P.C. (the Peirce Firm) and John Does alleging Gilkison and the Peirce Firm committed fraud against CSX with respect to one May and alleging once count of fraud and three counts of negligence against the Peirce Firm.  Subsequently, the Court dismissed the negligence claims and limited the fraud claim to the May claim.  On July 5, 2007, Plaintiff filed an Amended Complaint alleging civil RICO, RICO conspiracy, common law fraud and civil conspiracy against Gilkison, the Peirce Firm, Robert Peirce, Jr., Louis A. Raimond, Mark T. Coulter (the lawyer defendants) and Ray Harron, M.D. ("Defendant Harron").[4]  The Court dismissed the RICO claims against the lawyer

---

[1] Doc. No. 506

[2] Doc. No. 524

[3] Doc. No. 1

[4] Doc. No. 208

defendants on March 28, 2008.[5] For trial, the Court bifurcated the claim into the May claim and the Baylor claim.[6] Dr. Harron and the lawyer defendants are not parties to the May claim.[7]

B.  The Motions

    1.  Motion to Terminate the Deposition of Richard Cassoff, M.D., and for a Protective Order.[8]

    2.  Emergency Motion of the Peirce Law Firm and the Lawyer Defendants for Protective Order Regarding the Third Party Deposition of Richard Cassoff, M.D.[9]

    3.  The Emergency Motion of the Peirce Firm and the Lawyer Defendants to Quash Plaintiff's Subpoena Duces Tecum Directed to Richard Cassoff, M.D.[10]

C.  Decision

Plaintiff is **GRANTED IN PART** and **DENIED IN PART** reasonable expenses as hereinafter set forth.

## II.  FACTS

    1.  Discovery in this civil action commenced on April 7, 2006.

    2.  A number of discovery disputes have arisen between the parties.

    3.  The most recent dispute arises from the deposition of Richard Cassoff, M.D.,

---

[5] Doc. No. 264

[6] Doc. No. 293

[7] Doc. No. 289, P. 7 - 8

[8] Doc. No. 490

[9] Doc. No. 466

[10] Doc. No. 477

taken on April 24, 2009.

  4.  On or about March 20, 2009, CSX served a Notice of Deposition on Dr. Cassoff.

  5.  On April 17, 2009, defendant Peirce Firm and the lawyer defendants filed an Emergency Motion for Protective Order Regarding the Third Party Deposition of Richard Cassoff, M.D.[11]

  6.  On April 21, 2009, defendant Peirce Law Firm filed an Emergency Motion to Quash the Plaintiff's Subpoena Duces Tecum Directed to Richard Cassoff, M.D.[12]

  7.  On April 29, 2009, Richard Cassoff, M.D., filed his Motion to Terminate or Limit his Examination and for a Protective Order alleging that his counsel properly instructed him not to answer certain questions at his deposition that were asked in bad faith and motivated by the collateral purpose of falsely accusing Dr. Cassoff of professional misconduct.[13]

  8.  On May 4, 2005, an evidentiary hearing and argument was held before this Court concerning the various motions.

  9.  On May 14, 2009, this Court issued an Order denying the Motion to Terminate the Deposition of Richard Cassoff, M.D., granting in part the Motion for a Protective Order, denying the Emergency Motion for Protective Order Regarding the Third Party Deposition of Richard Cassoff, M.D., and denying the Emergency Motion to Quash Plaintiff's Subpoena Duces Tecum

---

[11] Doc. No. 466

[12] Doc. No. 477

[13] Doc. No. 490

Directed to Richard Cassoff, M.D.[14]

10. On May 26, 2009, defendant Peirce Firm filed objections to the May 14, 2009 Order.[15]

11. On June 10, 2009, plaintiff CSX filed a response to defendant Pierce Firm's objections.[16]

12. On June 11, 2009, defendant Peirce Firm filed a reply brief.[17]

13. On July 9, 2009, the District Court entered a Memorandum Opinion and Order Denying Defendant Robert Peirce & Associates, P.C. and the Lawyer Defendants' Objections to the May 14, 2009 Discovery Order Regarding Richard Cassoff, M.D.[18]

14. On July 27, 2009, a hearing was held regarding the award of reasonable expenses or sanctions against counsel for defendant Peirce Firm and the lawyer defendants and counsel for Dr. Cassoff related to the May 14, 2009 Order.

### III. REASONABLE EXPENSES AS TO DR. CASSOFF'S MOTION TO TERMINATE OR LIMIT THE DEPOSITION OF RICHARD CASSOFF, M.D., AND FOR A PROTECTIVE ORDER

A. <u>Contentions of the Parties</u>

Counsel for Dr. Cassoff contends that counsel for CSX did not confer in good faith under Rule 37 with regard to limiting Dr. Cassoff's deposition. Because counsel for CSX did not

---

[14] Doc. No. 524

[15] Doc. No. 548

[16] Doc. No. 561

[17] Doc. No. 569

[18] Doc. No. 590

5

confer in good faith, counsel for Dr. Cassoff instructed Dr. Cassoff not to answer certain questions.  Counsel contends that the questions Dr. Cassoff was instructed not to answer were asked in bad faith, intended to cause unreasonable annoyance, embarrassment and oppression, and motivated by the collateral purpose of falsely accusing Dr. Cassoff of professional misconduct.  Counsel also contends that the instruction not to answer was based upon his seeking an order to terminate or limit the examination, which was in bad faith and unreasonably annoyed, embarrassed and oppressed Dr. Cassoff under Fed. R. Civ. P. 30(d)(3).  Counsel contends the subpoena duces tecum is procedurally defective because it was not issued from the United States District Court for the Western District of Pennsylvania where Dr. Cassoff's office is located.  Finally, Dr. Cassoff contends his 1099's should not be produced because they have no relevance to this action.

Counsel for CSX contends that they did meet and confer with regard to limiting the deposition.  Additionally, counsel contends that the questions objected to dealt little with licensing and professional disciplinary actions but dealt with Dr. Cassoff's activities on the examination day.

CSX is seeking $2,468.80 for fees and expenses associated with Richard Cassoff, M.D.'s Motion to Terminate or Limit the Deposition of Richard Cassoff.

Defendants made no response to the affidavit of expenses.

B.  Discussion

Rule 30 governs depositions by oral examination, including grounds for objections.  A deponent may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R.

Civ. P. 30(c)(2). A party or deponent may, at any time during a deposition, "move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). The court is permitted to terminate or limit the scope of the deposition. Fed. R. Civ. P. 30(d)(3)(B). The Rule explicitly subjects motions to terminate or limit to Rule 37(a)(5) expenses and sanctions. Fed. R. Civ. P. (d)(3)(C).

Rule 37 of the Federal Rules of Civil Procedure governs imposition of expenses and sanctions for discovery violations. If the motion is denied, "the court. . . *must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). "The court must not order this payment if the motion was substantially justified or other circumstances make the award unjust." Fed. R. Civ. P. 37(a)(5)(B).

Counsel for Dr. Cassoff instructed Dr. Cassoff, the deponent, not to answer questions which he believed were asked in bad faith and to unreasonably annoy, embarrass, and oppress Dr. Cassoff. Counsel stated during the deposition he intended to seek an order to terminate or limit the examination based on those grounds under Fed. R. Civ. P. 30(d)(3). Shortly after the deposition, counsel did seek the order. This Court found that counsel for Dr. Cassoff correctly identified one of the three permissible reasons for instructing a person not to answer under Rule 30(d)(3) and properly filed the motion as soon as he received a copy of the deposition transcript.

C.     Decision

Because this Court found that counsel permissibly instructed the deponent Dr. Cassoff

7

not to answer in accordance with the Federal Rules of Civil Procedure, CSX is denied reasonable expenses in connection with Dr. Cassoff's Motion to Terminate or Limit the Deposition of Richard Cassoff, M.D., and for a Protective Order.

     Plaintiff CSX is **DENIED** reasonable expenses.

### IV. REASONABLE EXPENSES AS TO THE EMERGENCY MOTION OF THE PEIRCE FIRM AND THE LAWYER DEFENDANTS FOR PROTECTIVE ORDER REGARDING THE THIRD PARTY DEPOSITION OF RICHARD CASSOFF, M.D.

A.     Contentions of the Parties

     The Peirce Firm and the lawyer defendants contend that they were justified in their motion for protective order because this action was limited by the District Court to matters related to the Baylor WV claim. Therefore, the deposition of Dr. Cassoff could not lead to the discovery of admissible evidence. The Peirce Firm and the lawyer defendants argued that Dr. Cassoff examined Earl Baylor after the filing of the West Virginia State Claim and for another purpose - the third party bankruptcy claims.

     CSX contends that the reasoning of the Peirce Firm and the lawyer defendants is "absurd" because the defendants in an answer to CSX interrogatories claimed Dr. Cassoff's examination of Earl Baylor buttressed defendant Harron's report.

     CSX is seeking $3,569.15 for fees and expenses associated with the Peirce Firm and the lawyer defendants' Emergency Motion for Protective Order Regarding the Third Party Deposition of Richard Cassoff, M.D.

     Defendants made no response to the affidavit of expenses.

B.     Discussion

     Fed. R. Civ. P. 26(c) permits the court to limit the use and dissemination of discovery

when the requesting party can show good cause. The burden of showing good cause rests with the party requesting the protective order. U.S. v. Duke Energy Corp., 214 F.R.D. 383, 385 (M.D.N.C. 2003). "In determining whether there is good cause to issue a Rule 26(c) order that prohibits the dissemination of discovery materials, the initial inquiry is whether the moving party has shown that disclosure will result in clearly defined and very serious injury." Koster v. Chase Manhattan Bank, 93 F.R.D. 471 (S.D.N.Y. 1982). The requesting party, "must make a particular request and a specific demonstration of facts in support of the request, as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one." Duke Energy Corp., 214 F.R.D. at 385-386, see also Gulf Oil v. Bernard, 452 U.S. 89, 102 n. 16 (1981); J.T. Baker, Inc. v. Aetna Cas. and Sur. Co., 135 F.R.D. 86, 90 (D. N.J. 1989) (stating that a party must demonstrate a particular need for protection, not a broad allegation of harm unsubstantiated by specific examples). "This requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts." Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991).

  Rule 26 incorporates Rule 37, governing the imposition of expenses and sanctions for discovery violations, by expressly stating "Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(c)(3). The Peirce Firm and the lawyer defendants' emergency motion for a protective order was granted in part and denied in part; therefore, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

  In arguing their emergency motion for protective order, the Peirce Firm and the lawyer defendants contended that because the action had been limited by the District Court to matters

9

related to the Baylor WV claim, the deposition of Dr. Cassoff could not lead to the discovery of admissible evidence.  However, as first decided by this Court and affirmed and adopted by the District Court, the motion seeking to prohibit CSX from inquiring about the circumstances surrounding the Baylor examination is absurd.  The standard for discovery is whether the information appears reasonably calculated to lead to the discovery of admissible evidence, not whether the information is itself admissible.  Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992).  The questions asked of Dr. Cassoff were germane to the subject matter of the pending action in the Baylor claim and could have easily led to the discovery of admissible information, including whether what Dr. Harron found was baseless.  Therefore, the Peirce Firm and lawyer defendants have no valid basis to argue CSX should have been prohibited from deposing Dr. Cassoff.

Alternatively, counsel for the Peirce Firm and the lawyer defendants contend that they, in fact, were successful because the deposition was limited.  Technically speaking, CSX was limited; however, the only limitation imposed on CSX was the ability to inquire into Dr. Cassoff's examinations of other patients who were also clients of the Peirce Firm and the lawyer defendants.  CSX was permitted to ask Dr. Cassoff "about everything that happened the day of the Baylor examination and Dr. Cassoff's financial and other relationships with the Peirce firm."[19]  The only true prevailing party was CSX.

It is within this Court's sound discretion to apportion reasonable expenses for this motion.  This Court found that the motion for protective order by the Peirce Firm and the lawyer defendants was absurd as written and the only objection was to this Court's language and

---

[19] Doc. No. 524

10

characterization of the claims.

C.      Decision

Reasonable expenses against counsel for the Peirce Firm and the lawyer defendants is necessary here because counsel for the Peirce Firm and the lawyer defendants had no valid legal basis to argue CSX was not entitled to take the deposition of Dr. Cassoff.  Additionally, the Peirce Firm and the lawyer defendants did not prevail because CSX was permitted to inquire into the events surrounding the examination of Earl Baylor.  Plaintiff seeks $3,569.15 in reasonable expenses.

Plaintiff CSX is **GRANTED** reasonable expenses.  Counsel for the Peirce Firm and the lawyer defendants, the Peirce Firm, and the lawyer defendants shall pay Plaintiff CSX the sum of Three Thousand Five Hundred and Sixty-Nine Dollars and Fifteen Cents (**$3,569.15**) for reasonable expenses incurred in relation to the Emergency Motion for Protective Order Regarding the Third Party Deposition of Dr. Richard Cassoff within thirty days of this Order.

**V. REASONABLE EXPENSES AS TO THE EMERGENCY MOTION OF THE PEIRCE FIRM AND THE LAWYER DEFENDANTS TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM DIRECTED TO RICHARD CASSOFF, M.D.**

A.      Contentions of the Parties

The Peirce Firm and the lawyer defendants say the subpoena is contrary to Fed. R. Civ. P. 45(a)(2)(B) and (c).        They also incorporate their arguments from their Emergency Motion for Protective Order.

The Court could not find a response by CSX.

B.      Discussion

Rule 45 of the Federal Rules of Civil Procedure governs deposition subpoenas duces

tecum for the production of documents with or without the taking of a deposition. This rule also provides grounds for quashing or modifying a subpoena. Fed. R. Civ. P. 45(c)(3). Unlike Rule 26, which incorporates Rule 37 for reasonable expenses and sanctions into the Rule's provisions, Rule 45 does not explicitly subject failed motions to quash a subpoena duces tecum to Rule 37 penalties. However, district courts have imposed reasonable expenses upon moving parties losing their motion to quash.

Under Rule 37, if a motion is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Peirce Firm and the lawyer defendants had no substantial basis in filing the motion, nor do other circumstances exist to make an award unjust.

Generally, a party must have standing to quash a subpoena served upon a third party, unless the party has "claims of privilege relating to the documents being sought." Windsor v. Martindale, 175 F.R.D. 665, 6668 (D. Colo. 1997) (citing Oliver Cannon & Son, Inc. V. Fidelity & Cas. Co. of N.Y., 519 F. Supp. 668 (D. Del. 1981)). The Peirce Firm and the lawyer defendants, relying on a number of cases,[20] argue that they have standing to quash based on claims of privilege in the documents sought. However, this reliance is misplaced. In each case cited by the Peirce Firm and the lawyer defendants, the party moving to quash the subpoena *had* a personal privilege in the documents being sought (e.g., employer's business records, plaintiff

---

[20] Doc. No. 548, P. 14

employee's employment records, defendant customer's bank account and credit card records). However, as indicated in the Peirce Firm and the lawyer defendants' motion to quash, the "scope of CSX's subpoena *could have implicated* Peirce Firm documents, i.e., Dr. Cassoff's reports of examination of Peirce Firm clients, and *could have implicated* confidential information of Peirce Firm clients should any such reports turn up in Dr. Cassoff's possession"[21] (emphasis added). Moreover, these documents were in the possession of, belonged to, and were drafted by Dr. Cassoff; neither the Peirce Firm nor the lawyer defendants had any privilege in the documents. Additionally, as first indicated by this Court and later affirmed and adopted by the District Court, Dr. Cassoff's examination of Baylor and the documents surrounding his practice with the Peirce Firm could lead to the discovery of admissible evidence and thus were relevant to the Baylor claim.

     Nevertheless, this Court cannot impose reasonable expenses and sanctions on counsel for the Peirce Firm and the lawyer defendants. Rule 45 is not explicitly covered by Rule 37; however, certain district courts have imposed reasonable expenses "when a motion to quash is opposed and the moving party loses" after the opposing party moves for such expenses. See Ceramic Corp. of America v. INKA Maritime Corporation Inc., 163 F.R.D. 584 (C.D. CA 1995); In re Akros Installations, Inc., 834 F.2d 1526 (9th Cir. 1987); Rockwell Int'l, Inc. V. Pos-A-Traction Indus., 712 F.2d 1324 (9th Cir. 1983); Warzon v. Drew, 155 F.R.D. 183 (E.D. WI 1994). It does not appear that any memorandum in opposition was filed by CSX, and the deposition proceeded as scheduled. The Court believes that intentional and willful action in blatant violation of the Federal Rules of Civil Procedure should always afford payment of reasonable

---

[21] Doc. No. 548, P. 14

13

expenses and be sanctionable. Failure to impose expenses and sanctions only encourages this intentional and willful conduct that violates the Federal Rules of Civil Procedure. Nonetheless, the Court cannot find any authority that providing for reasonable expenses and sanctions are appropriate in absence of a memorandum in opposition.

C.   Decision

Reasonable expenses against counsel for the Peirce Firm and the lawyer defendants cannot be imposed. It is the position of the Court that any motion filed without a legal basis should subject the moving party to reasonable expenses and sanctions. However, it does not appear that a memorandum in opposition to the Peirce Firm and the lawyer defendants' motion to quash subpoena duces tecum was filed and the deposition proceeded.

Therefore, plaintiff CSX is **DENIED** reasonable expenses.

Filing of objections does not stay this Order. Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: September 15, 2009

>                  */s/ James E. Seibert*
>                  JAMES E. SEIBERT
>                  UNITED STATES MAGISTRATE JUDGE