IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

        Plaintiff,

v.                                                        Civil Action: 5:05-CV-202
                                                        (Senior Judge Stamp)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER AND RAY HARRON, M.D.,

        Defendant.

**MEMORANDUM, OPINION, AND ORDER UNSEALING THE RESUMED DEPOSITION TESTIMONY OF RICHARD CASSOFF, M.D.**

On July 27, 2009, came the above named Plaintiff, by J. David Bolen and Mitchell Morris, in person, the above named Defendants Peirce, Raimond & Coulter, P.C., by David Berardinelli, Walter DeForest, Robert Martin, David Strassburger, and Robert Lockhart, in person, the above named Defendant Ray Harron, by Elizabeth Johnson, via telephone, and the interested party, Richard Cassoff, M.D., by Elgine McCardle, in person, for an evidentiary hearing and argument on Plaintiff's Emergency Motion to Unseal Document of Resumed Deposition of Richard Cassoff, M.D.[1]

**I. INTRODUCTION**

A.    <u>Background</u>

---

[1] Doc. No. 565.

1

Plaintiff, CSX Transportation, Inc. (CSX) filed this action[2] on December 22, 2005, against Robert V. Gilkison (Gilkison), Peirce, Raimond & Coulter, P.C. (the Peirce Firm) and John Does alleging Gilkison and the Peirce Firm committed fraud against CSX with respect to one May and alleging once count of fraud and three counts of negligence against the Peirce Firm. Subsequently, the Court dismissed the negligence claims and limited the fraud claim to the May claim. On July 5, 2007, Plaintiff filed an Amended Complaint alleging civil RICO, RICO conspiracy, common law fraud and civil conspiracy against Gilkison, the Peirce Firm, Robert Peirce, Jr., Louis A. Raimond, Mark T. Coulter (the lawyer defendants) and Ray Harron, M.D. ("Defendant Harron").[3] The Court dismissed the RICO claims against the lawyer defendants on March 28, 2008.[4] For trial, the Court bifurcated the claim into the May claim and the Baylor claim.[5] Dr. Harron and the individual lawyers are not parties to the May claim.[6]

B.  The Motion

Plaintiff's Motion to Unseal Document of Resumed Deposition of Richard Cassoff, M.D.[7]

C.  Decision

Plaintiff's Motion to Unseal Document of Resumed Deposition of Richard Cassoff, M.D.

---

[2] Doc. No. 1.

[3] Doc. No. 208.

[4] Doc. No. 264.

[5] Doc. No. 293.

[6] Doc. No. 289, P. 7 - 8.

[7] Doc. No. 565.

is **GRANTED** because the public's right of access is not heavily outweighed by counterveiling interests.

## II. FACTS

1. Discovery in this civil action commenced on April 7, 2006.

2. A number of discovery disputes have arisen between the parties.

3. The most recent dispute arises from the deposition of Richard Cassoff, M.D., taken on April 24, 2009.

4. On or about March 20, 2009, CSX served a Notice of Deposition on Dr. Cassoff.

5. On April 17, 2009, the Peirce Firm and the lawyer defendants filed an Emergency Motion for Protective Order Regarding the Third Party Deposition of Richard Cassoff, M.D.[8]

6. On April 21, 2009, defendant Peirce Firm filed an Emergency Motion to Quash the Plaintiff's Subpoena Duces Tecum Directed to Richard Cassoff, M.D.[9]

7. On April 24, 2009, Dr. Cassoff was deposed.

8. On April 29, 2009, Richard Cassoff, M.D., filed his Motion to Terminate or Limit his Examination and for a Protective Order.[10]

8. On May 1, 2005, an evidentiary hearing and argument was held before this Court concerning the various motions.[11]

---

[8] Doc. No. 466.

[9] Doc. No. 477.

[10] Doc. No. 490.

[11] Doc. No. 506.

9. On May 14, 2009, this Court issued an Order denying the Motion to Terminate the Deposition of Richard Cassoff, M.D., granting in part the Motion for a Protective Order, denying the Emergency Motion for Protective Order Regarding the Third Party Deposition of Richard Cassoff, M.D., and denying the Emergency Motion to Quash Plaintiff's Subpoena Duces Tecum Directed to Richard Cassoff, M.D.[12]

10. In the May 14, 2009 Order, this Court granted in part Dr. Cassoff's Motion for Protective Order reasoning that Dr. Cassoff is not a party and it is appropriate that the portion of the deposition to be taken is sealed, at least temporarily, until the sealing issue can be appropriately briefed, argued, and decided.[13]

11. On June 11, 2009, CSX filed an Emergency Motion to Unseal Document of Resumed Deposition of Richard Cassoff, M.D.[14]

12. On June 15, 2009, the Peirce Firm and the lawyer defendants filed a Response in Opposition to CSX's Emergency Motion to Unseal Document of Resumed Deposition of Richard Cassoff, M.D.[15]

13. On June 16, 2009, Richard Cassoff, M.D., filed a Response in Opposition to CSX's Emergency Motion to Unseal Document of Resumed Deposition of Richard Cassoff,

---

[12] Doc. No. 524.

[13] Doc. No. 524, P. 10.

[14] Doc. No. 565.

[15] Doc. No. 570.

M.D.[16]

14. On June 19, 2009, this Court issued an Order Granting in Part and Denying in

Part

CSX's Emergency Motion for Relief from Temporary Sealing of Resumed Deposition of

Richard Cassoff, M.D. and setting an evidentiary hearing for July 27, 2009.[17]

15. On July 27, 2009, a hearing was held to determine whether Dr. Cassoff's resumed

deposition testimony should be unsealed.

### III. THE RESUMED DEPOSITION TESTIMONY OF RICHARD CASSOFF, M.D., SHOULD BE UNSEALED BECAUSE THE PUBLIC'S RIGHT OF ACCESS IS NOT HEAVILY OUTWEIGHED BY COUNTERVEILING INTERESTS

A. Contentions of the Parties

CSX first argues that Dr. Cassoff's deposition testimony is highly relevant to CSX's claims and there is no counterveiling interest that weighs against unveiling it. CSX contends that it needs to cite information contained in the deposition to oppose the Peirce Firm and the lawyer defendants' motion for summary judgment, and Dr. Cassoff has no expectation of privacy because the persons examined were not subject to gag orders and Dr. Cassoff knew the reports were being submitted to third parties in connection with asbestosis lawsuits. Second, CSX argues that the deposition impeaches the credibility of evidence on which the Peirce Firm and the lawyer defendants heavily rely in their motion for summary judgment.

The Peirce Firm and the lawyer defendants raise four arguments. First, that CSX could file their response to the motion for summary judgment under seal. Second, that CSX never filed

---

[16] Doc. No. 572.

[17] Doc. No. 576.

objections to the original sealing. Third, Dr. Cassoff's examination of Earl Baylor occurred nearly two years after Baylor's suit against CSX was filed; therefore, Dr. Cassoff's examination is irrelevant to this case. Last, the deposition does not impeach medical evidence because Baylor was not examined by the cited doctors for the Peirce Firm.

Dr. Cassoff argues that CSX did not object to the original sealing, and CSX can file its response under seal.

B.     Discussion

"The public's right of access to judicial records and documents may be abrogated only in unusual circumstances." Stone v. University of Maryland Medical System, 855 F.2d 178, 182 (4th Cir. 1988). This right to access documents and other court materials derives from two independent sources: the common law and the First Amendment. Id. at 180. The distinction between the two sources of access is significant because "the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).

The Supreme Court recognized a common law right to inspect and copy judicial records and documents. In re Knight, 743 F.2d 231, 235 (4th Cir. 1984) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1979)). However, this presumption of access is not absolute, and the trial court, in its discretion, has supervisory power over its own records and may seal documents if the public's right of access is outweighed by competing interests. Id. The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. Virginia Dept. of State Police, 386 F.3d at 575. Some of the

6

factors to be weighed include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight, 743 F.2d at 235. The district court must use its discretion in light of the relevant facts and circumstances of the particular case. Virginia Dept. of State Police, 386 F.3d at 575.

In contrast to the common law, the First Amendment right of access has been extended only to particular judicial records and documents. Id. If the First Amendment is applicable, "a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" Id. (quoting Stone, 855 F.2d at 180). The party seeking to restrict access has the burden to overcome the First Amendment right of access and must present specific reasons in support of its position. Id.

When presented with a request to seal judicial records or documents, a court must comply with both substantive and procedural requirements. Id. at 576. The court must first determine, substantively, the source of the right of access with respect to each document. Id. The court must then follow a procedure to accurately and correctly weigh the appropriate competing interests: give public notice of the request to seal and a reasonable opportunity to challenge the sealing; consider less drastic alternatives to sealing; and, if deciding to seal, state the specific reasons and supporting findings for the decision and the reasons for rejecting alternatives. Id.

In the case at bar, we are presented with a motion to unseal the deposition testimony of Dr. Cassoff. Counsel for the Peirce Firm and the lawyer defendants are correct in stating that a motion to unseal previously sealed documents submitted in conjunction with a motion for

7

summary judgment must be decided at the time the motion for summary judgment is decided. See Id. at 576. The Fourth Circuit recognized that there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion, and the district court must make that determination "at the time it grants a summary judgment motion and not merely allow continued effect to a pretrial discovery protective order." Id. (citing Rushford, 846 F.2d at 253. The Court further recognized that "the reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents." Id. (citing Rushford, 846 F.2d at 254.

CSX contends that the pre-trial order sealing discovery must be lifted so that it may cite the discovery in its brief in opposition of the Peirce Firm and the lawyer defendants' motion for summary judgment. The Peirce Firm and the lawyer defendants argue that because the motion to unseal is made for the purposes of opposing a motion for summary judgment, the decision to unseal should be made at the time the motion for summary judgment is decided. Defendants are correct in their statement of the law; however, these documents were originally sealed temporarily because the Court did not have sufficient information to balance the interests of Dr. Cassoff and the public's interests in access to the documents.[18] As the Court stated in the May 14, 2009 Order, "you can't put the toothpaste back in the tube." Therefore, the deposition was to be sealed temporarily until the Court could have adequate time to hear and weigh the competing

---

[18] Doc. No. 524, P. 10 "The Motion for Protective Order is **GRANTED IN PART** because Dr. Cassoff is not a party to this action and it is appropriate that the portion of the deposition that is to be taken be sealed, at least temporarily, until the sealing issue can be appropriately brief, argued and decided."

interests, which was to be done at the July 27, 2009 evidentiary hearing and argument.[19]

As stated above, the Fourth Circuit has ruled very clearly that there is a strong presumption for allowing public access to court documents. "The publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." Virginia Dept. of State Police, 386 F.3d at 575. In light of this presumption and after considering the relevant facts and circumstances, the Court finds the counterveiling interests do not heavily outweigh the public interests in access.

Complying with the substantive and procedural requirements, the Court first finds that the source of the right of access lies in the common law. The Fourth Circuit has previously determined that the First Amendment standard applies to documents filed in connection with plea and sentencing hearings and motions for summary judgment in civil cases because they serve as substitutes for trial. Id. at 276. This motion to unseal is not in connection with a motion for summary judgment; therefore, the less-rigorous common law standard applies.

In applying the common law standard, the Court must determine whether the public's right of access is outweighed by competing interests. As the party seeking to overcome the presumption of public access, the Peirce Firm and the lawyer defendants have the burden of proving the counterveiling interests heavily outweigh the public interests in access. The defendants have simply not done so. In the brief submitted in connection with the Response in Opposition of Plaintiff's Emergency Motion to Unseal Document of Resumed Deposition of Richard Cassoff, the Peirce Firm and the lawyer defendants merely offer alternatives to

---

[19] Doc. No. 576, P. 1 "an evidentiary hearing and argument will be held . . . on whether Dr. Cassoff's resumed deposition testimony should be unsealed."

unsealing the resumed deposition testimony. The Peirce Firm and the lawyer defendants make no mention of whether the records are being sought for improper purposes, the public had previous access to the information, or the release would fail to enhance the public's understanding of an important historical event. Similarly in Response in Opposition of Plaintiff's Emergency Motion to Unseal Document of Resumed Deposition Testimony of Richard Cassoff, Dr. Cassoff only offers alternatives to unsealing the documents. Additionally, at the July 27, 2009 hearing, neither the Peirce Firm and the lawyer defendants nor Dr. Cassoff presented any evidence of counterveiling interests but only argued that the issue was not ripe for argument. Ironically, counsel for the Peirce Firm and the lawyer defendants alluded to the public's interest in the case at the May 1, 2009 hearing on the Peirce Firm's original Motion for Protective Order.[20] Simply stated, neither the Peirce Firm and the lawyer defendants nor Dr. Cassoff stated any counterveiling interest to weigh against the public interests in access to the information.

C.   Order

Plaintiff's Motion to Unseal Document of Resumed Deposition of Richard Cassoff, M.D. is **GRANTED** because neither the Peirce Firm and the lawyer defendants nor Dr. Cassoff stated any counterveiling interest to weigh against the public interests in access to the information. Therefore, the presumption of public access to court records and information under the common law has not been rebutted, and the Court, in its supervisory power, will **UNSEAL** the temporarily sealed resumed deposition testimony of Dr. Cassoff.

---

[20] Doc. No. 506, P. 19 "it seems like everything that happens in this litigation ends up in the newspaper somehow."

Filing of objections does not stay this Order.  Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: September 16, 2009

> */s/ James E. Seibert*
> JAMES E. SEIBERT
> UNITED STATES MAGISTRATE JUDGE