IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

**CSX TRANSPORTATION, INC.,**

    Plaintiff,

v.                    Civil Action No. 5:05-CV-202

**ROBERT V. GILKISON,** *et al*

    Defendants.

## PLAINTIFF CSX TRANSPORTATION, INC.'S OPPOSITION TO DEFENDANT RAY HARRON M.D.'S OBJECTIONS TO MAGISTRATE JUDGE SEIBERT'S SEPTEMBER 2, 2009 ORDER AWARDING COSTS AGAINST DR. HARRON

Comes now Plaintiff, CSX Transportation, Inc. ("CSXT"), by and through counsel, and submits this Opposition to Ray Harron M.D.'s Objections to Magistrate Judge Seibert's September 2, 2009 Order (Doc. No. 782) Awarding Costs Against Dr. Harron.

### INTRODUCTION

Magistrate Judge Seibert's September 2, 2009 Order awarded CSXT its reasonable expenses incurred in connection with its Motion to Compel Deposition Testimony From Defendant Ray Harron, M.D. (Doc No. 437). That motion was necessitated by counsel for Harron's conduct in repeatedly instructing the witness not to answer questions for reasons other than "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *See* Fed. R. Civ. P. 30(c)(2). As Magistrate Judge Seibert correctly held, "Reasonable expenses against Defendant Harron and counsel for Defendant Harron are necessary here because counsel for Defendant Harron had no legal basis for her conduct and acted expressly in violation of the Federal Rules of Civil Procedure." (Doc. No. 782 at 6.) Harron has not and cannot show that Magistrate Judge Seibert's decision to award CSXT its

reasonable expenses resulting from counsel for Harron's "intentional and willful action in blatant violation of the Federal Rules of Civil Procedure" was clearly erroneous. (*Id.*)

## LEGAL STANDARD

"The great operative principle of Rule 37(a)[5] is that the loser pays." *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Specifically, Rule 37(a)(5)(A) provides that when a motion to compel is granted, "the court **must** . . . require the [losing side] to pay the movant's reasonable expenses incurred in making the motion" unless the movant failed to meet and confer,[1] the opposing party's position was "substantially justified," or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). "A rebuttable presumption exists in favor of imposing expense shifting sanctions on the party against whom a motion to compel . . . discovery is resolved." *Calkins v. Pacel Corp.*, 2008 U.S. Dist. LEXIS 2258, *9 (W.D. Va. 2008) (quoting Moore's Fed. Prac. & Proc. (3d) § 37.23). This presumption "reflects the importance of using monetary sanctions to deter abusive or otherwise unjustifiable resort to the judiciary in the discovery process." Moore's Fed. Prac. & Proc. (3d) § 37.23[1].

Pursuant to Rule 72(a), a magistrate judge's order on a non-dispositive matter – including an award of reasonable expenses pursuant to Rule 37(a)(5) – shall not be modified or set aside unless it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); *see also Flexible Benefits Council v. Feldman*, 2008 U.S. Dist. LEXIS 79226, *16-18 (E.D. Va. Oct. 8, 2008) (affirming magistrate's award of reasonable expenses where no "clear error"). This standard vests "broad discretion" in the magistrate judge with regard to the resolution of discovery disputes. *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D. W. Va. 1994). The clear error standard allows reversal only where, after review of the entire record, the district court is left with the

---

[1] Harron does not contend that CSXT failed to meet and confer before filing its motion to compel.

"definite and firm conviction that a mistake has been committed." *Id.* (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Harman v. Robertson*, 772 F.2d 1150, 1153 (4th Cir. 1985); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 536 (N.D. W. Va. 2000) ("The standard of review of a Magistrate Judge's order, pursuant to objections made under Rule 72(a) of the Federal Rules of Civil Procedure, is typically deferential, clearly erroneous or contrary to law standard of review.").

## ARGUMENT

### I. COUNSEL FOR HARRON'S INSTRUCTIONS NOT TO ANSWER BASED ON "SCOPE" WERE NOT SUBSTANTIALLY JUSTIFIED.

A losing party cannot escape paying reasonable expenses simply because it made a "colorable argument." *See Valente v. Univ. of Dayton*, 2009 U.S. Dist. LEXIS 66719, *3-4 (S.D. Ohio July 27, 2009) ("That . . . is not the standard adopted by the Supreme Court in Fed. R. Civ. P. 37."). Rather, the losing party's conduct must have been "substantially justified" such that "a reasonable person could think it correct." *Decision Insights, Inc. v. Sentia Group, Inc.*, 311 Fed. Appx. 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988)). Discovery conduct "is not substantially justified if there is no legal support for it, if the party concedes the validity of his opponent's position after costing everyone time and money, or, worse, defies an unequivocally clear obligation." *Cobell v. Norton*, 226 F.R.D. 67, 91 (D.D.C. 2005).

As noted above, CSXT's motion to compel was necessitated by counsel for Harron's repeated refusal to allow Harron to respond to deposition questions which she unilaterally deemed to be "not relevant to or outside the scope of this action. Mr. Johnson stated it was not a privilege objection." (*See* Doc. No. 525 at 3.) Harron has not and cannot identify any Fourth Circuit authority holding that it is permissible, much less "substantially justifiable," for counsel

to instruct a witness not to answer deposition questions for reasons other than those specifically enumerated in Rule 30(c)(2). Quite to the contrary, as one district court in the Fourth Circuit has observed: "**The Fourth Circuit has recognized for over twenty-five years that lawyers may not instruct witnesses not to answer questions during a deposition unless to assert a privilege**." *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 420-21 (D. Md. 2005) (emphasis added) (citing *Ralston Purina Co. v. McFarland*, 550 F.2d 967 (4th Cir. 1977)). Indeed, even if questions are purportedly "irrelevant, they should [be] answered, subject to objection, or the deponent should [move] to terminate the examination [pursuant to Rule 30(d)(3)]." *Alexander v. Cannon Mills Co.*, 112 F.R.D. 404, 406 (M.D.N.C. 1986). In the words of the Fourth Circuit, counsel for Harron's instructions not to answer were "indefensible and utterly at variance with the discovery provisions of the Federal Rules of Civil Procedure." *Ralston Purina*, 550 F.2d at 973. Simply put, no "reasonable person could think" what counsel for Harron did was "correct." *Decision Insights*, 311 Fed. Appx. at 599.

Harron's ex post facto attempts to justify his counsel's conduct only underscore the indefensibility of their position. For instance, they now claim "counsel felt an especial need to be cautious and protect the client from unnecessarily having to respond to questions in areas unrelated to this lawsuit." (Doc. No. 784 at 6.) Be that as it may, the proper and substantially justifiable course would have been to file a motion to terminate pursuant to Rule 30(d)(3). *See Ralston Purina*, 550 F.2d at 973-74 ("If counsel felt that the discovery procedures were being conducted in bad faith or abused in any manner, the appropriate action was to present the matter to the court by motion under Rule 30(d)."). That is what counsel for Cassoff did when he believed his client's deposition was being conducted improperly, and although Magistrate Judge Seibert ultimately overruled the motion and ordered Cassoff's deposition to be resumed, he did

not award reasonable expenses against Cassoff because he followed the Rules. (*See* Doc. No. 788 at 7-8 ("Because this Court found that counsel permissibly instructed the deponent Dr. Cassoff not to answer in accordance with the Federal Rules of Civil Procedure, CSX is denied reasonable expenses in connection with Dr. Cassoff's Motion to Terminate or Limit the Deposition of Richard Cassoff, M.D. and for a Protective Order.").) In contrast, at no time did Harron ever bother to file a motion to terminate or for protective order.

Harron also argues that his counsel's violation of Rule 30(c)(2) was substantially justified because CSXT's deposition questions related to conduct Harron contends would have ultimately been inadmissible at trial pursuant Federal Rule of Evidence 404(b).[2] (*See* Doc. No. 784 at 3-6.) However, the "Federal Rules distinguish between discoverability and admissibility of evidence," *U.S. v. Three Bank Accounts*, 2008 U.S. Dist. LEXIS 29992, *17 (D.S.D. 2008), and "[a]dmissibility at trial is not the test for whether information is discoverable." *Johnson v. Runnels*, 2009 U.S. Dist. LEXIS 34086, *26 (E.D. Cal. 2009).[3] Indeed, at least one court has squarely held that objections to discovery – such as Harron's here – based "on the claim that the information sought would not be admissible at trial under Fed. R. Evid. 403 and 404(b) . . . [are] **fundamentally misconceived**." *525 Fulton St. Holding Corp. v. Mission Nat'l Ins. Co.*, 1984 U.S. Dist. LEXIS 17759, *4 (S.D.N.Y. 1984) (emphasis added). Yet another court has held that

---

[2] CSXT obviously does not agree that the testimony at issue would have been inadmissible under Rule 404(b), which the Fourth Circuit has characterized as a "one of inclusion." *U.S. v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). However, that issue is not before the Court.

[3] *See also Salvatore v. Mobile Diagnostech, Inc.*, 2009 U.S. Dist. LEXIS 40597, *3-4 (W.D. Pa. 2009) ("There is a vast difference between the standard needed to render documents discoverable, *see* Fed. R. Civ. P. 26(b), and the standard that must be met to make a document admissible at trial, *see, e.g.*, Fed. R. Evid. 402, 403."); *Beckner v. El Cajon Police Dep't*, 2008 U.S. Dist. LEXIS 38234, *9 (S.D. Cal. 2008) ("While Plaintiff's objection recalls the Federal Rules of Evidence's balancing of probative versus prejudicial value, admissibility under evidentiary rules is not an issue during discovery, as discoverable information 'need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"); *Hawkins v. Anheuser-Busch, Inc.*, 2006 U.S. Dist. LEXIS 59217, *8 (S.D. Ohio 2006) ("This is not to say, of course, that all of these records will ultimately be admitted at trial or that evidence of the various conditions disclosed in these records will be admissible. The showing needed to obtain records during discovery and the showing needed to . . . overcome other barriers to admissibility, such as [FRE] 403, are quite different.").

objections based on inadmissibility under Federal Rules of Evidence 401-404 "**lack of any supporting facts or law**." *Three Bank Accounts*, 2008 U.S. Dist. LEXIS 29992 at *17 (emphasis added). Thus, even assuming it were ever permissible in the Fourth Circuit to instruct a deponent not to answer for reasons other than those enumerated in Rule 30(c)(2), which *Ralston Purina* makes clear is not the case, Harron's claimed basis for the improper instructions – possible inadmissibility at trial – itself was not "substantially justified."[4] Simply put, no matter how Harron wishes to frame the issue, Magistrate Judge Seibert did not clearly err in holding that counsel's conduct was not substantially justified and that an award of reasonable expenses was warranted.

## II. MAGISTRATE JUDGE SEIBERT'S AWARD OF REASONABLE EXPENSES WAS NOT "UNJUST."

Initially, CSXT notes that it will not dignify Harron's accusations that CSXT's claims were "groundless" and that CSXT and its counsel "concealed" evidence with a response. (*See* Doc. No. 784 at 6-7.) Instead, CSXT refers the Court to its written oppositions to Defendants' motions for summary judgment, as well as counsel's statements on the record at the August 31, 2009 pre-trial conference in response to Defendants' untimely motions based on what they claimed was newly discovered evidence. While this Court may have ultimately concluded that the evidence was insufficient to create a material issue of fact on certain elements of CSXT's common law fraud claims,[5] that hardly makes CSXT's allegations "groundless" or its conduct otherwise improper.

---

[4] Notably, as Harron concedes in his Objections, the questioning at his resumed deposition led to testimony concerning how x-ray technique can be used to make certain types of profusion easier to identify on a B read, which plainly would **not** have been excludable as so-called "bad character evidence." (*See* Doc. No. 784 at 4 n.2.)
[5] CSXT respectfully disagrees with the Court's summary judgment ruling and has timely filed a notice of appeal to the Fourth Circuit. (*See* Doc. No. 777.)

In any event, while it is true that Rule 37(a)(5)(A)(iii) provides that courts must not award reasonable expenses when "other circumstances make an award of expenses unjust," Harron has not demonstrated the existence of any such circumstances here. In essence, Harron argues that he should not be responsible for CSXT's reasonable expenses incurred as a result of his counsel's indefensible conduct because he ultimately prevailed on the merits. (*See* Doc. No. 784 at 6-7.) This position is directly contrary to the purpose of Rule 37's expense shifting provisions, which is "to press counsel and parties to understand that it is their responsibility to operate the systems for sharing and generating evidence without substantial intervention by the judiciary." Moore's Fed. Prac. & Proc. (3d) § 37.23[1]. Under Harron's distorted view, exactly the opposite would occur – litigants would be incentivized to be as obstructionist as possible in discovery so as to maximize their chances of prevailing and being immune from any award of reasonable expenses. If a court cannot award reasonable expenses where counsel's conduct constituted "intentional and willful action in blatant violation of the Federal Rules of Civil Procedure" as was the case here, it is difficult to imagine when expense shifting would ever be proper. (*See* Doc. No. 782 at 6.) Given Magistrate Judge Seibert's findings, CSXT respectfully submits that he did not clearly err in awarding CSXT's its reasonable expenses.

### III. THE AMOUNT OF EXPENSES AWARDED WAS NOT CLEARLY ERRONEOUS.

Per Magistrate Judge Seibert's May 14, 2009 Order granting its motion to compel, CSXT submitted an affidavit outlining its reasonable expenses incurred as a result of counsel for Harron's improper instructions not to answer. This affidavit outlined the categories of work performed by CSXT, the hours billed and fees for each category, and the names and positions (partner, associate, paralegal) of all relevant timekeepers. On July 27, 2009, Judge Seibert held a hearing as to why or why not reasonable expenses should be awarded and all parties and their

counsel were given an opportunity to be heard. Harron did not present any specific evidence showing why the hours worked or expenses claimed by CSXT were unreasonable and has similarly failed to do so in his Objections to this Court. Given the total failure to evidence on this point, Harron cannot satisfy his burden of showing that Judge Seibert's award of expenses was clearly erroneous. Indeed, there is simply nothing in the record from which this Court could be left with the "definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 547. As such, Magistrate Judge Seibert's award of reasonable expenses should be affirmed in its entirety.

## CONCLUSION

Wherefore, for the foregoing reasons, CSXT respectfully requests that this Court affirm Magistrate Judge Seibert's September 2, 2009 Memorandum, Opinion, and Order Granting Plaintiff Reasonable Expenses.

**CSX TRANSPORTATION, INC.**

By    /s/ J. David Bolen
               Of Counsel

Marc E. Williams, Esquire
Robert L. Massie, Esquire
J. David Bolen, Esquire
**HUDDLESTON BOLEN LLP**
611 Third Avenue
P.O. Box 2185
Huntington, WV 25722-2185
(304) 529-6181--Telephone
(304) 522-4312—Facsimile

E. Duncan Getchell, Jr., Esquire
Samuel L. Tarry, Jr., Esquire
Mitchell K. Morris, Esquire
**MCGUIREWOODS LLP**
One James Center
901 East Cary Street
Richmond, VA 23219-4030
(804) 775-7873—Telephone
(80) 698-2188—Facsimile

**COUNSEL FOR THE PLAINTIFF
CSX TRANSPORTATION, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                                Civil Action No. 5:05-CV-202

ROBERT V. GILKISON; PEIRCE,
RAIMOND & COULTER, P.C.,
A Pennsylvania Professional Corporation a/k/a
ROBERT PEIRCE & ASSOCIATES, P.C., a
Pennsylvania Professional Corporation: ROBERT
PEIRCE, JR.; LOUIS A. RAIMOND; MARK T.
COULTER; AND RAY HARRON, M.D.,

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing *"Plaintiff CSX Transportation, Inc.'s Opposition to Defendant Ray Harron M.D.'s Objections to Magistrate Judge Seibert's September 2, 2009 Order Awarding Costs Against Dr. Harron"* upon the following individuals via electronic filing with the Court's CM/ECF system, on the 1st day of October 2009:

Daniel R. Schuda, Esquire
**SCHUDA & ASSOCIATES, PLLC**
232 Capitol Street, Suite 200
P.O. Box 3425
Charleston, WV 25335-3425

Stanley W. Greenfield, Esquire
**GREENFIELD & KRAUT**
1040 Fifth Avenue
Pittsburgh, PA 15219

Walter P. DeForest, Esquire
**DEFOREST KOSCELNIK YOKITIS & KAPLAN**
3000 Koppers Building
Pittsburgh, PA 15219

Ron Barroso, Esquire
5350 S. Staples
Suite 401
Corpus Christi, TX 78411

| | |
|---|---|
| John E. Gompers, Esquire<br>**GOMPERS, McCARTHY & McCLURE**<br>60 Fourteenth Street<br>Wheeling, WV 26003 | Jerald E. Jones, Esquire<br>**WEST & JONES**<br>360 Washington Avenue<br>P.O. Box 2348<br>Clarksburg, West Virginia 26302-2348 |

Lawrence S. Goldman, Esquire
Elizabeth M. Johnson, Esquire
**LAW OFFICES OF LAWRENCE S. GOLDMAN**
500 Fifth Avenue, 29th Floor
New York, NY 10110

                                                                          /s/ J. David Bolen