IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

CSX TRANSPORTATION, INC.,

        Plaintiff,

v.                                                            Civil Action No. 5:05-CV-202

ROBERT V. GILKISON, *et al*

        Defendants.

## PLAINTIFF CSX TRANSPORTATION, INC.'S OPPOSITION TO DEFENDANT RAY HARRON M.D. AND HIS COUNSEL'S OBJECTIONS TO MAGISTRATE JUDGE SEIBERT'S SEPTEMBER 15, 2009 ORDER AWARDING COSTS AGAINST THEM

Comes now Plaintiff, CSX Transportation, Inc. ("CSXT"), by and through counsel, and submits this Opposition to Ray Harron, M.D. and his Counsel's Objections to Magistrate Judge Seibert's September 15, 2009 Order (Doc. No. 787) Awarding Costs Against Them.

## INTRODUCTION

Magistrate Judge Seibert's September 15, 2009 Order awarded CSXT its reasonable expenses incurred in connection with its Motion to Compel Responses to its First Requests for Production to Defendant Ray Harron, M.D. (Doc. No. 363). There is perhaps no clearer case for reasonable expenses being awarded than here. CSXT filed its motion because Harron did not produce any documents in response to certain of CSXT's requests, his written responses relied almost entirely on impermissible "General Objections" and he failed to produce a privilege log. (*See* Doc. 787 at 5-6.) Harron, in turn, did not even bother to file a response in opposition to CSXT's motion. (*See id.* at 7.) In fact, Harron did not provide Magistrate Judge Seibert with **any** written justification for his conduct in resisting CSXT's motion to compel until he filed a response to CSXT's affidavit of costs on July 21, 2009 – **five months** after CSXT originally

{H0518832.1}

filed its motion, **four months** after it was argued to the Court, **two months** after it was granted, and just **four business days** before the show cause hearing. (*See* Doc. No. 600.) Where a party necessitates a motion to compel by "intentionally and willfully fail[ing] to comply with the Federal and Local Rules of Civil Procedure," (Doc. No. 526 at 5), files **no** response to the motion and then makes **no** effort to justify their conduct until two months **after** the motion is granted, an award of reasonable expenses is proper.

## LEGAL STANDARD

"The great operative principle of Rule 37(a)[5] is that the loser pays." *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Specifically, Rule 37(a)(5)(A) provides that when a motion to compel is granted, "the court **must** . . . require the [losing side] to pay the movant's reasonable expenses incurred in making the motion" unless the movant failed to meet and confer,[1] the opposing party's position was "substantially justified," or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(a) (emphasis added). "A rebuttable presumption exists in favor of imposing expense shifting sanctions on the party against whom a motion to compel . . . discovery is resolved." *Calkins v. Pacel Corp.*, 2008 U.S. Dist. LEXIS 2258, *9 (W.D. Va. 2008) (quoting Moore's Fed. Prac. (3d) § 37.23). This presumption "reflects the importance of using monetary sanctions to deter abusive or otherwise unjustifiable resort to the judiciary in the discovery process." Moore's Fed. Prac. (3d) § 37.23[1].

Pursuant to Rule 72(a), a magistrate judge's order on a non-dispositive matter – including an award of reasonable expenses pursuant to Rule 37(a)(5) – shall not be modified or set aside unless it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); *see also Flexible Benefits Council v. Feldman*, 2008 U.S. Dist. LEXIS 79226, *16-18 (E.D. Va. 2008) (affirming

---

[1] Harron does not contend that CSXT failed to meet and confer before filing its motion to compel.

magistrate's award of reasonable expenses where no "clear error"). This standard vests "broad discretion" in the magistrate judge with regard to the resolution of discovery disputes. *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D. W. Va. 1994). The clear error standard allows reversal only where, after review of the entire record, the district court is left with the "definite and firm conviction that a mistake has been committed." *Id.* (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Harman v. Robertson*, 772 F.2d 1150, 1153 (4th Cir. 1985); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 536 (N.D. W. Va. 2000) ("The standard of review of a Magistrate Judge's order, pursuant to objections made under Rule 72(a) of the Federal Rules of Civil Procedure, is typically deferential, clearly erroneous or contrary to law standard of review.").

## ARGUMENT

I.  **HARRON'S GENERAL OBJECTIONS, FAILURE TO PROVIDE A PRIVILEGE LOG AND FAILURE TO RESPOND TO CSXT'S MOTION TO COMPEL WERE NOT SUBSTANTIALLY JUSTIFIED AS A MATTER OF LAW.**

As noted above, CSXT's motion to compel was necessitated by Harron's incomplete document production paired with his reliance on "General Objections" and his failure to produce a privilege log. Harron has not and cannot point to any authority holding that it is permissible, much less "substantially justified," to rely on general objections and produce no privilege log when practicing before this Court. As a starting point, Federal Rule of Civil Procedure 34(b)(2)(B) plainly states that for "each item or category, [a party's] response must either state that inspection and related activities will be allowed as requested, or state an objection to the request, including the reasons." As to objections based on claims of privilege, Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.04(a)(2) further require that the objecting party describe the documents not produced with sufficient particularity to "enable parties to asses the

claim." Consistent with these Rules, it "**is well established from the published precedent of this district that general objections are impermissible**." *Etter v. Mazzotti*, 2008 U.S. Dist. LEXIS 23446, *3-4 (N.D. W. Va. 2008) (Seibert) (emphasis added) (citing *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 622 (N.D. W. Va. 2006)). It is equally well established that the failure to produce a privilege log is not tolerated and may result in waiver of the privilege. *See Twigg v. Pilgrim's Pride Corp.*, 2007 U.S. Dist. LEXIS 14669, *26 (N.D. W. Va. 2007) (Seibert) ("This Court agrees with those courts holding patently insufficiently assertions of privilege result in waiver. If a party is free to disregard, or even claim ignorance of the Rules, there is no reason to have the Rules."). In light of the foregoing unambiguous rules and precedent, no "reasonable person could think" Harron's reliance on general objections and failure to produce a privilege log was "correct." *Decision Insights, Inc. v. Sentia Group, Inc.*, 311 Fed. Appx. 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988)).

The indefensibility of Harron's conduct is reinforced by his failure to file any response whatsoever to CSXT's motion to compel. In the words of one district court, "Since no opposition to the motion to compel was filed, it is **impossible** to find any 'substantial justification' to the opposition." *M&D Builders, Inc. v. Pack*, 109 F.R.D. 410, 412 (D. Mass. 1986) (emphasis added).[2] As Magistrate Seibert commented at the hearing on CSXT's motion to compel,

> And you see because of your pleading – **because you didn't file a response to this motion**, number one, because you didn't comply with the Federal Rules of

---

[2] *See also Brown v. State of Iowa*, 152 F.R.D. 168, 174 (S.D. Iowa 1993) ("Indeed, the Assistant Attorney General failed to even file a resistance to Brown's and Andre's motion to compel. In the absence of any resistance, Defendants' position cannot be substantially justified."); *Jankins v. TDC Mgmt. Corp., Inc.*, 131 F.R.D. 629, 633 (D.D.C. 1989) ("[D]efendants filed no written opposition to plaintiff's Motion to Compel, and, at the hearing on plaintiff's Motion to Compel, offered no lawful justification for their failure to make discovery. It is thus impossible to find any 'substantial justification' or other circumstance which would make an award unjust."); Moore's Fed. Prac. (3d) § 37.23[2] ("Not surprisingly, when parties fail to respond at all to a motion to compel . . . courts are likely to impose expense shifting sanctions.").

> Civil Procedure and tell me what your specific objections were. . . . And because you failed to comply with Rule 26()(5) and Local Rule 26.04(a)(2), **I have no clue. I have no clue.**\*\*\*
>
> You provided no evidence to this Court in the evidentiary hearing. I don't know what you are taking about. I heard [your] explanation, you told me three categories. I tried to write them down . . . But, **I don't know what you are talking about.**

(Hr'g Tr. at 16:17-17:6 (March 18, 2009) (emphasis added).) Thus, not only did Harron's conduct require CSXT to incur the expense of filing and arguing its motion to compel, it also needlessly consumed the Court's time by forcing Judge Seibert to attempt to divine Harron's position based solely on statements made by his counsel over the telephone. Harron cannot claim that his conduct was "substantially justified" when he did not even provide the Court with the basic courtesy of a written opposition to CSXT's motion. While Harron now offers a litany of justifications for his conduct in his Objections to this Court, (*see* Doc. No. 796 at 4-10), there is simply no excuse for his failure to comply with the Federal and Local Rules of Civil Procedure in responding to CSXT's discovery and his failure to explain – in writing, prior to the motion hearing – his opposition to CSXT's motion. Under these circumstances, Magistrate Judge Seibert did not clearly err in awarding CSXT's its reasonable expenses. Moreover, because Harron filed no response to CSXT's motion to compel and Judge Seibert unambiguously "**GRANTED**" it, (*see* Doc. No. 527 at 7), Judge Seibert did not clearly err in refusing to apportion costs pursuant to Rule 37(a)(5)(C). (*See* Doc. No. 796 at 7-10.) Simply put, there was nothing to apportion.

## II.   MAGISTRATE JUDGE SEIBERT'S AWARD OF REASONABLE EXPENSES WAS NOT "UNJUST."

Initially, CSXT notes that it will not dignify Harron's accusations that CSXT's claims were "groundless" and that CSXT and its counsel "concealed" evidence with a response. (*See*

Doc. No. 798 at 10-11.) Instead, CSXT refers the Court to its written oppositions to Defendants' motions for summary judgment, as well as counsel's statements on the record at the August 31, 2009 pre-trial conference in response to Defendants' untimely motions based on what they claimed was newly discovered evidence. While this Court may have ultimately concluded that the evidence was insufficient to create a material issue of fact on certain elements of CSXT's common law fraud claims,[3] that hardly makes CSXT's allegations "groundless" or its conduct otherwise improper.

In any event, while it is true that Rule 37(a)(5)(A)(iii) provides that courts must not award reasonable expenses when "other circumstances make an award of expenses unjust," Harron has not demonstrated the existence of any such circumstances here. In essence, Harron argues that he should not be responsible for CSXT's reasonable expenses incurred as a result of his counsel's indefensible conduct because he ultimately prevailed on the merits. (*See* Doc. No. 798 at 10-11.) This position is directly contrary to the purpose of Rule 37's expense shifting provisions, which is "to press counsel and parties to understand that it is their responsibility to operate the systems for sharing and generating evidence without substantial intervention by the judiciary." Moore's Fed. Prac. (3d) § 37.23[1]. Under Harron's distorted view, exactly the opposite would occur – litigants would be incentivized to be as obstructionist as possible in discovery so as to maximize their chances of prevailing and being immune from any award of reasonable expenses. If a court cannot award reasonable expenses where "counsel for Harron intentionally and willfully failed to comply with the Federal and Local Rules of Civil Procedure, specifically Fed. R. Civ. P. 26(b)(5) and L. R. Civ. P. 26.04(2)," it is difficult to imagine when expense shifting would ever be proper. (*See* Doc. No. 526 at 5.) Given Magistrate Judge

---

[3] CSXT respectfully disagrees with the Court's summary judgment ruling and has timely filed a notice of appeal to the Fourth Circuit. (*See* Doc. No. 797.)

Seibert's findings, CSXT respectfully submits that he did not clearly err in awarding CSXT's its reasonable expenses.

### III. THE AMOUNT OF EXPENSES AWARDED WAS NOT CLEARLY ERRONEOUS.

Per Magistrate Judge Seibert's June 23, 2009 paperless order (Doc. No. 580), CSXT submitted an affidavit outlining its reasonable expenses incurred in connection with its motion to compel. This affidavit outlined the categories of work performed by CSXT, the hours billed and fees for each category, and the names and positions (partner, associate, paralegal) of all relevant timekeepers. On July 27, 2009, Judge Seibert held a hearing as to why or why not reasonable expenses should be awarded and all parties and their counsel were given an opportunity to be heard. Harron did not present any specific evidence showing why the hours worked or expenses claimed by CSXT were unreasonable and has similarly failed to do so in his Objections to this Court. Given the total failure of evidence on this point, Harron cannot satisfy his burden of showing that Judge Seibert's award of expenses was clearly erroneous. Indeed, there is simply nothing in the record from which this Court could be left with the "definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 547.

### CONCLUSION

Wherefore, for the foregoing reasons, CSXT respectfully requests that this Court affirm Magistrate Judge Seibert's September 15, 2009 Memorandum, Opinion, and Order Granting Plaintiff Reasonable Expenses.

CSX TRANSPORTATION, INC.

By /s/ J. David Bolen
Of Counsel

Marc E. Williams, Esquire
Robert L. Massie, Esquire
J. David Bolen, Esquire
**HUDDLESTON BOLEN LLP**
611 Third Avenue
P.O. Box 2185
Huntington, WV 25722-2185
(304) 529-6181--Telephone
(304) 522-4312—Facsimile

E. Duncan Getchell, Jr., Esquire
Samuel L. Tarry, Jr., Esquire
Mitchell K. Morris, Esquire
**MCGUIREWOODS LLP**
One James Center
901 East Cary Street
Richmond, VA 23219-4030
(804) 775-7873—Telephone
(80) 698-2188—Facsimile

**COUNSEL FOR THE PLAINTIFF**
**CSX TRANSPORTATION, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

CSX TRANSPORTATION, INC.,

       Plaintiff,

v.                                                  Civil Action No. 5:05-CV-202

ROBERT V. GILKISON; PEIRCE,
RAIMOND & COULTER, P.C.,
A Pennsylvania Professional Corporation a/k/a
ROBERT PEIRCE & ASSOCIATES, P.C., a
Pennsylvania Professional Corporation: ROBERT
PEIRCE, JR.; LOUIS A. RAIMOND; MARK T.
COULTER; AND RAY HARRON, M.D.,

       Defendants.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing *"Plaintiff CSX Transportation, Inc.'s Opposition to Defendant Ray Harron M.D. and His Counsel's Objections to Magistrate Judge Seibert's September 15, 2009 Order Awarding Costs Against Them"* upon the following individuals via electronic filing with the Court's CM/ECF system, on the 2nd day of October 2009:

Daniel R. Schuda, Esquire
**SCHUDA & ASSOCIATES, PLLC**
232 Capitol Street, Suite 200
P.O. Box 3425
Charleston, WV 25335-3425

Stanley W. Greenfield, Esquire
**GREENFIELD & KRAUT**
1040 Fifth Avenue
Pittsburgh, PA 15219

Walter P. DeForest, Esquire
**DEFOREST KOSCELNIK
YOKITIS & KAPLAN**
3000 Koppers Building
Pittsburgh, PA 15219

Ron Barroso, Esquire
5350 S. Staples
Suite 401
Corpus Christi, TX 78411

| | |
|---|---|
| Lawrence S. Goldman, Esquire<br>Elizabeth M. Johnson, Esquire<br>**LAW OFFICES OF LAWRENCE S. GOLDMAN**<br>500 Fifth Avenue, 29th Floor<br>New York, NY 10110 | Jerald E. Jones, Esquire<br>**WEST & JONES**<br>360 Washington Avenue<br>P.O. Box 2348<br>Clarksburg, West Virginia 26302-2348 |

                                                                                                               /s/ J. David Bolen