**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT WHEELING**

| | |
|---|---|
| **CSX TRANSPORTATION, INC.,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**ROBERT V. GILKISON, JR.,** *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 5:05-CV-202<br><br>Assigned to:<br>The Hon. Frederick P. Stamp |

**CSX TRANSPORTATION INC.'S MOTION FOR LEAVE TO FILE**
**THIRD AMENDED COMPLAINT**

Comes now Plaintiff, CSX Transportation, Inc. ("CSXT"), by counsel, and respectfully submits this Motion for Leave to File Third Amended Complaint:

**I.    Introduction**

The recent issuance of an Opinion and Mandate by the Court of Appeals has clarified the factual and legal issues that remain to be adjudicated in this case. However, neither the Amended Complaint nor CSXT's proposed Second Amended Complaint concisely and accurately reflects the current state of this litigation. In the interest of bringing the governing pleadings in line with the post-mandate scope of the case, CSXT hereby requests leave to file its Third Amended Complaint.[1]

The Third Amended Complaint adds no new legal theories; it simply removes the already-adjudicated May/Jayne allegations, updates the case caption to accurately reflect those parties still in the case, adds allegations related to the same eleven objectively baseless asbestos claims that were proposed in the Second Amended Complaint and subsequently approved by the Court of Appeals, and updates some of the factual allegations made in the earlier complaints to account for the passage of time. These changes in the structure and factual allegations in the complaint are necessitated by the passage of time since the filing of the Amended Complaint (four years ago) and the proposal of the Second Amended Complaint

---

[1] A copy of the proposed Third Amended Complaint is attached hereto as Exhibit 1.

(three years ago) and by the significant changes in this litigation since those pleadings were filed. Defendants would not suffer prejudice by virtue of the filing of the Third Amended Complaint, and CSXT has not offered the Third Amended Complaint in bad faith. Therefore, this Court should grant CSXT's motion for leave to file the Third Amended Complaint as it comports with both Federal Rule of Civil Procedure 15 ("Rule 15") and the Mandate of the Court of Appeals.

II. **Procedural Background**

While the Court is intimately familiar with the procedural history of this case, a brief review of some key events is useful in demonstrating the necessity of further amendment of the Amended Complaint and proposed Second Amended Complaint. CSXT's Amended Complaint (Doc. 208) was filed on July 5, 2007. On May 2, 2008, after this Court granted Defendants' motion to dismiss various portions of the Amended Complaint, CSXT sought leave to file its Second Amended Complaint, which was based on the same legal theories as the Amended Complaint but which added eleven additional examples of objectively baseless asbestos claims made by Defendants. (*See* CSXT's Motion for Leave to File Second Am. Compl. at 1-2 (Doc. 278).) This Court denied CSXT's motion on the grounds that such amendment would be futile. (*See* Mem. Op. and Order dated Nov. 3, 2008 (Doc. 284).) Thereafter, the case continued forward to trial and judgment on CSXT's May/Jayne fraud allegations and to summary judgment for Defendants on CSXT's remaining claims. (*See* Judgment dated Aug. 14, 2009 (Doc. 789).)

CSXT then appealed to the Court of Appeals for the Fourth Circuit. The Court of Appeals upheld the jury's verdict as to the May/Jayne allegations, but vacated the dismissal of Counts One through Four of the Amended Complaint, reversed the summary judgment as to the Baylor claims, and held that CSXT should have been permitted to file the Second Amended Complaint. *CSX Transp., Inc. v. Gilkison*, 406 Fed. Appx. 723, 736 (4th Cir. 2010). On February 2, 2011, the Court of Appeals issued a Mandate compelling further proceedings consistent with its opinion.

Pursuant to this Mandate, this Court held a status conference on March 7, 2011. At that hearing, CSXT presented the idea of filing a Third Amended Complaint in order to reflect the changes in the case both since the filing of its Amended Complaint in 2007 and since its Second Amended Complaint was proposed in 2008. (*See* Hr'g Tr. 10:7-13, March 7, 2011 (Doc. 832).) Defendants requested the opportunity to see a copy of the proposed complaint prior to its filing, but stated that they would not object if the Third Amended Complaint simply updated the caption and did not otherwise add new claims. (*See id.* at 10:17-21; *see also* Order dated March 8, 2011 at 2 (Doc. 831).) Also, discovery in the case was stayed pending the resolution of Defendants' petition for certiorari to the United States Supreme Court. (*See* Order dated March 8, 2011 at 3 (Doc. 831).)

On June 17, CSXT sent a draft Third Amended Complaint to Defendants' counsel for review. (*See* Email from Bob Massie to David Berardinelli dated June 17, 2011 (attached as Ex. 2.).) Defendants' counsel responded on July 1, 2011 and informed CSXT that Defendants objected to the proposed Third Amended Complaint on the basis that it "is replete with new allegations." (*See* Email from Walter DeForest to Bob Massie, July 1, 2011 (attached as Ex. 3).) This motion followed, pursuant to the Court's Order of March 8 (Doc. 831). (*See also See* Hr'g Tr. 10:22-25, March 7, 2011 (Doc. 832).)

**III.    Legal Analysis**

*A.    Under Rule 15, Leave to Amend Should Be Freely Granted.*

Rule 15(a)(2) provides that the court should freely grant leave to amend "when justice so requires." The Court of Appeals has interpreted this phrase to mean that leave to amend should be granted absent a "declared reason" such as futility, bad faith or a dilatory motive on the part of the offering party, or undue prejudice to the opposing party.[2] *See Ward Electronics Serv. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir. 1987) (quotation omitted). Furthermore, the

---

[2] The Court of Appeals has already determined that CSXT's material factual amendments would not be futile and therefore would not cause undue prejudice to Defendants, so that issue need not be further considered here. *See Gilkison*, 406 Fed. Appx. at 731-32.

3

court has noted that "a lack of prejudice would alone ordinarily warrant granting leave to amend." *Id.* (citation omitted). Thus, even an untimely amendment should be permitted if it does not cause prejudice to the opposing party. *See Pittson Co. v. Buffalo Mining Co.*, 199 F.3d 694, 706 (4th Cir. 1999).

> B. *Defendants Would Not Be Prejudiced by the Filing of the Third Amended Complaint.*

The prejudicial effect of an amendment, *vel non*, "will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). For example, simply adding specificity to underlying factual allegations "in a situation where defendants are aware of the circumstances giving rise to the action" does not cause prejudice to the opposing party. *Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 195 (4th Cir. 2009). Similarly, amendments adding factual allegations based on information learned during discovery generally do not cause prejudice so long as they "regard[] matters already contained in the complaint in some form." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *see also Marks Constr. Co. v. Huntington Nat'l Bank*, 614 F. Supp. 2d 701, 713 (N.D. W. Va. 2009) (amendment was not prejudicial when defendants had been "put on notice" of the likely content of the amendment and its role in the litigation); *Connelly v. General Medical Corp.*, 880 F. Supp. 1100, 1110 (E.D. Va. 1995) ("the case for granting the plaintiff's motion [for leave to amend] is even more compelling here, where she proposes additional facts, not a fresh theory of liability.")

The nature of CSXT's amendments are modest and do not change the underlying nature of the suit. First, CSXT seeks to remove the allegations related to the already-adjudicated May/Jayne fraud and to update the case caption. (*See* Second Am. Compl. at ¶¶ 206-40 (allegations related to May/Jayne incident) (attached as Ex. 4). Even Defendants have indicated that these types of largely administrative housecleaning tasks are probably

4

appropriate at this stage.  (*See* Hr'g Tr. 10:17-21, March 7, 2011; Email from Walter DeForest to Bob Massie, July 1, 2011 (Ex. 3).)

Second, the Third Amended Complaint adds the same eleven objectively baseless asbestos claims that were originally presented in the Second Amended Complaint.  (*Compare* Second Am. Compl. ¶ 133 (Ex. 4) *with* Third Am. Compl. ¶ 147 (Ex. 1).)  The addition of these particular baseless claims to the governing complaint has already been addressed by the Court of Appeals and found to be non-prejudicial.  *See Gilkison*, 406 Fed. Appx. at 731-32.

In the Third Amended Complaint, the factual allegations regarding those eleven claims have also been updated to reflect events since the Second Amended Complaint was drafted, most particularly including Judge Recht's Order of July 11, 2009 dismissing several of the claims. (*See* Third Am. Compl. ¶ 147 (Ex. 1).)  Even assuming that the issue of the updating of some factual particulars regarding these baseless claims was not addressed by the Court of Appeals' Opinion and Mandate, Defendants still cannot show any prejudice caused by their addition, particularly since they have been on notice of the eleven underlying claims that CSXT seeks to add for over three years.  *See Matrix Capital*, 576 F.3d at 195; *Connelly*, 880 F.Supp at 1110.

Beyond the addition of the eleven objectively baseless asbestos claims, CSXT seeks to add a handful of factual allegations, all of which concern events that occurred either roughly contemporaneously with or after the filing of the Amended Complaint.  (*See, e.g.,* Third Am. Compl. at ¶¶ 28-37, 61, 72-73, 79, 122, 128, 133-42.)  For instance, Paragraphs 28 through 31 of the Third Amended Complaint concern a civil action instituted by the federal government against Robert Gilkison and his wife for engaging in a fraudulent scheme related to their operation of the Peirce firm.  This suit was filed and settled in February, 2011.  (*See id.* at ¶¶ 28, 31.)  Similarly, the allegations in Paragraphs 79 and 133-42 of the Third Amended Complaint concern relevant events in the West Virginia state court asbestos actions that have occurred

from November 2007 to the present. Finally, some of the additional allegations are based on information learned in discovery. (*See id.* at ¶ 61.)

None of these factual allegations alter the *gravamen* of the complaint; they serve only to update CSXT's pleading to account for the time that passed while the May/Jayne portion of the case and the appeal were litigated. Defendants cannot reasonably argue that the addition of these factual allegations causes them any prejudice, because the amendments do not change the underlying legal theories presented in the complaint and, indeed, all are related to issues already raised in the Amended Complaint and Second Amended Complaint. *See Edwards*, 178 F.3d at 243. Furthermore, the addition of these particular allegations has not been dilatory, since this is CSXT's first reasonable opportunity to add them following the Court of Appeals' decision that vacated the dismissal of CSXT's claims to which they are relevant.

The second consideration in the determination of whether a proposed amendment is prejudicial is the timing of the amendment. *See Laber*, 438 F.3d at 427. The primary question in the timing analysis is whether the opposing party will have the opportunity to respond to the new allegations. *See Ward Electronics*, 819 F.2d at 497 (reversing district court's denial of leave to amend when discovery was not closed and opposing party would have opportunity to respond to new allegations). Therefore, an amendment is generally not prejudicial if discovery has not closed and the motion is made significantly in advance of the trial date. *See Watkins v. Wells Fargo Home Mortg.*, 631 F. Supp. 2d 776, 780 (S.D. W. Va. 2008) (finding no prejudice from amendment made before close of discovery and months prior to trial); *Ambrose v. Southworth Prods. Corp.*, 953 F. Supp. 728, 732 (W.D. Va. 1997) (no prejudice when defendant had opportunity to discover facts related to new allegations).

No trial date is imminent in this case, and discovery on CSXT's RICO allegations has only just begun in earnest. (*See* Order dated March 8, 2011 (Doc. 831) (staying discovery pending ruling on petition for certiorari).) Defendants will have ample time in which to conduct

6

discovery to enable them to respond to CSXT's updated factual allegations. Thus, the timing of CSXT's amendment would not cause any prejudice to Defendants.

> B. *CSXT Has Not Sought Leave to File the Third Amended Complaint in Bad Faith or with a Dilatory Motive.*

The presence, *vel non*, of a bad faith or dilatory motive in requesting leave to amend is one of the most important considerations in evaluating such a request. See *Laber*, 438 F.3d at 428. The Court of Appeals has already noted that no evidence of bad faith or a dilatory motive was present in the record with regard to the addition of the allegations related to the eleven baseless asbestos claims. See *Gilkison*, 406 Fed. Appx. at 732 n.4 ("[T]here is no evidence that CSX's delay was in bad faith[.]"). Similarly, no bad faith or dilatory motive has animated the administrative changes to the complaint; as noted previously, those changes are the product of a desire to align the governing pleading with the current procedural state of affairs. (*See* Hr'g Tr. 10:7-13, March 7, 2011 (Doc. 832).) Finally, no bad faith or dilatory motive can be imputed to CSXT's updated factual allegations—those allegations were made at the first reasonable opportunity and none of them serve to provide CSXT with an unfair advantage. Therefore, there is no basis in the record to deny CSXT's request for leave to amend on the basis of bad faith or dilatory motive and CSXT's motion for leave to amend should be granted. See *North Carolina ex rel. Long v. Alexander & Alexander Services, Inc.*, 711 F. Supp. 257, 259-260 (E.D.N.C. 1989) (granting leave to amend factual allegations in RICO case in absence of bad faith or prejudice).

**IV. Conclusion**

WHEREFORE, for the forgoing reasons, CSXT respectfully requests that the Court grant CSXT leave to file the attached Third Amended Complaint.

**CSX TRANSPORTATION, INC.**

By  /s/Marc E. Williams
         Of Counsel

Marc E. Williams, Esquire
Robert L. Massie, Esquire
**Nelson Mullins Riley & Scarborough LLP**
949 Third Avenue, Suite 200
Huntington, WV 25701
(304) 526-3501 (Telephone)
(304) 526-3541 (Facsimile)

Samuel L. Tarry, Jr., Esquire
Mitchell K. Morris, Esquire
**McGuireWoods LLP**
One James Center
901 E. Cary Street
Richmond, VA 23219
(804) 775-1000 (Telephone)
(804) 775-1061 (Facsimile)
**COUNSEL FOR THE PLAINTIFF
CSX TRANSPORTATION, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

**CSX TRANSPORTATION, INC.,**

    **Plaintiff,**

v.                                                                                       Civil Action No. 5:05-CV-202

**ROBERT V. GILKISON**; **PEIRCE,
RAIMOND** & **COULTER, P.C.,**
A Pennsylvania Professional Corporation a/k/a
**ROBERT PIECE** & **ASSOCIATES, P.C.**, a
Pennsylvania Professional Corporation: **ROBERT
PEIRCE, JR.; LOUIS A. RAIMOND; MARK T.
COULTER**; AND **RAY HARRON, M.D.,**

    **Defendants.**

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing "**CSX Transportation Inc.'s Motion For Leave To File Third Amended Complaint**" upon the following individuals via electronic filing with the Court's CM/ECF system, on the 14th day of July, 2011:

| | |
|---|---|
| Robert A. Lockhart, Esquire<br>**SCHUDA** & **ASSOCIATES, PLLC**<br>232 Capitol Street, Suite 200<br>P.O. Box 3425<br>Charleston, WV 25335-3425 | Walter P. DeForest, Esquire<br>**DEFOREST KOSCELNIK<br>YOKITIS** & **KAPLAN**<br>3000 Koppers Building<br>Pittsburgh, PA 15219 |
| Ron Barroso, Esquire 5350 S. Staples<br>Suite 401<br>Corpus Christi, TX 78411 | Jerald E. Jones, Esquire<br>**WEST** & **JONES**<br>360 Washington Avenue P.O. Box 2348<br>Clarksburg, West Virginia 26302-2348 |

                                                                                                            /s/Marc E. Williams