```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

CSX TRANSPORTATION, INC.,

      Plaintiff,

v.                                      Civil Action No. 5:05CV202
                                                         (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR LEAVE**
**TO FILE THIRD AMENDED COMPLAINT**[1]

I. Background[2]

The plaintiff commenced the above-styled civil action by filing a complaint in this Court on December 22, 2005. The plaintiff later filed an amended complaint on July 5, 2007. On May 2, 2008, after this Court granted the defendants' motion to dismiss various portions of the amended complaint, the plaintiff sought

---

[1] This Court notes that although the plaintiff has styled its pleading as a motion for leave to file a third amended complaint, this will actually be only the second amended complaint to be filed in this case, as this Court denied the plaintiff's motion for leave to file a second amended complaint on November 3, 2008 (ECF No. 284). However, to maintain consistency in the pleadings, this Court will continue to refer to the most recent proposed amended complaint as the third amended complaint.

[2] For the purpose of resolving the pending motion, this Court believes that the following abbreviated summary of this case is sufficient.

leave to file a second amended complaint. This Court denied the plaintiff's motion for leave to file a second amended complaint on the grounds that such amendment would be futile and would unduly prejudice the defendants by extending discovery when it is not necessary. Thereafter, the case continued forward to trial and judgment on the plaintiff's May/Jayne fraud allegations and to summary judgment for the defendants on the plaintiff's remaining claims.

Following the entry of this Court's judgment in favor of the defendants regarding the May/Jayne fraud, the plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. In its judgment of December 30, 2010, the Fourth Circuit upheld the jury's verdict as to the May/Jayne allegations but vacated the dismissal of Counts One through Four of the amended complaint, reversed the summary judgment as to the Baylor claims, and held that the plaintiff should have been permitted to file the second amended complaint. On February 2, 2011, the Fourth Circuit issued a mandate compelling further proceedings consistent with its opinion.

Pursuant to this mandate, this Court held a status and scheduling conference on March 7, 2011. At that hearing, the parties discussed the plaintiff's proposal that a third amended complaint be filed in order to reflect the changes in the case and to offer a concise summary of the remaining claims. This Court instructed the plaintiff to prepare a proposed third amended

complaint and provide a copy to the defendants for their review prior to its filing.  If the parties agreed to the changes in the proposed third amended complaint, they were directed to submit it to the Court by stipulation or agreed order.  During the hearing, this Court also ordered that discovery in this case be stayed pending the resolution of the defendants' petition for certiorari to the United States Supreme Court.[3]

On June 17, 2011, the plaintiff sent a draft of the third amended complaint to the defendants' counsel for review.  Defendants' counsel responded on July 1, 2011, informing the plaintiff that they objected to the proposed third amended complaint on the basis that it contained new allegations.  On July 14, 2011, the plaintiff filed a motion for leave to file a third amended complaint.  In support of this motion, the plaintiff states that the third amended complaint adds no new legal theories, but instead only removes the already adjudicated May/Jayne allegations, updates the case caption, and updates the factual allegations.  The plaintiff further argues: (1) under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely granted; (2) the defendants would not be prejudiced by the filing of the third amended complaint; and (3) it is not acting in bad faith.

---

[3] On October 3, 2011 and October 4, 2011, the parties informed this Court via facsimile letters that the United States Supreme Court denied the defendants' petition for certiorari.

Defendants Robert N. Peirce, Jr., Louis A. Raimond, and Mark T. Coulter ("lawyer defendants") filed a response in opposition to the motion for leave to file a third amended complaint on July 28, 2011.[4]  According to the lawyer defendants, the plaintiff added new, irrelevant, and prejudicial allegations of fraud to the proposed third amended complaint.  The lawyer defendants argue that the plaintiff should be prohibited from adding certain paragraphs to the third amended complaint.

On August 4, 2011, the plaintiff filed a reply in support of its motion for leave to file a third amended complaint, in which it argues that the lawyer defendants failed to set forth a recognized objection to a motion made pursuant to Rule 15(a).  The plaintiff contends that the lawyer defendants have not met their burden of showing that certain allegations contained in the third amended complaint should be stricken.  For the reasons set forth below, this Court grants the plaintiff's motion for leave to file a third amended complaint.

## II.   Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other

---

[4]On July 28, 2011, the lawyer defendants also filed a motion for permission to file counterclaims, which is also currently pending before this Court.

cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

### III.  Discussion

The plaintiff seeks to amend its complaint in order to remove the allegations related to the already-adjudicated May/Jayne fraud and to update the case caption. According to the plaintiff, these changes are simply "administrative housecleaning tasks." Pl.'s Mot. for Leave to File Third Am. Compl. 4. In the third amended complaint, the plaintiff also seeks to add the same eleven asbestos claims that were originally presented in the second amended complaint. The plaintiff contends that the addition of these claims to the governing complaint has already been addressed by the Fourth Circuit and found to be non-prejudicial. The plaintiff

further states that in the third amended complaint, it updated the factual allegations regarding those eleven claims to reflect events that have taken place since the drafting of the second amended complaint, particularly, a July 11, 2009 order in a West Virginia state court dismissing several of the claims in a case in that court.

Beyond the addition of the eleven asbestos claims, the plaintiff also seeks to add certain factual allegations, all of which concern events that occurred either roughly contemporaneously with or after the filing of the amended complaint. For example, the plaintiff included in the third amended complaint paragraphs discussing the civil action instituted by the federal government against Robert Gilkison and his wife, as well as events in the West Virginia state court asbestos actions. The plaintiff states that none of these factual allegations alter the gravamen of the complaint. Instead, they serve only to update the complaint to account for the time that passed while the May/Jayne portion of the case and the appeal were litigated.

In their response in opposition to the motion for leave to file a third amended complaint, the lawyer defendants object to portions of the third amended complaint. Specifically, the lawyer defendants argue that the plaintiff should be prohibited from adding the allegations contained in paragraphs 27-31, 72-73, 79, and 136-142. The lawyer defendants contend that the objected-to

allegations are "immaterial, impertinent, or scandalous," and that they violate Rule 12(f) of the Federal Rules of Civil Procedure and are therefore, futile.  Opp'n of Defs. to Mot. for Leave to File Third Am. Compl. 5.

After a review of the record, this Court concludes that the plaintiff has not exhibited any undue delay, bad faith, or dilatory motive.  Moreover, any prejudice to the defendants is not so significant as to prevent this Court from allowing the amendments, and this Court cannot conclude at this point that the plaintiff's amendments would be futile, as they relate back to the original complaint and serve to update the complaint by removing those issues already adjudicated.  In fact, certain paragraphs of the proposed third amended complaint that were objected to by the lawyer defendants are not newly added allegations – they are the same allegations that were contained in the first and second amended complaints.[5]

In general, the lawyer defendants have not satisfied their "sizable burden" of showing that any portion of the proposed third amended complaint should be stricken.  See Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) ("A motion to strike is a drastic

---

[5]Paragraph 27 of the proposed third amended complaint is the same allegation that was previously contained in paragraph 29 of the first and second amended complaints.  Paragraphs 72 and 73 of the proposed third amended complaint, which contain allegations regarding Dr. Harron's medical misconduct in the silica litigation, also previously appeared in both the first and second amended complaints.

remedy which is disfavored by the courts and infrequently granted."). This Court also finds the lawyer defendants' objections to the motion for leave to file a third amended complaint to be more relevant to a motion to dismiss or a motion for summary judgment. Accordingly, this Court grants the plaintiff's motion for leave to file a third amended complaint.

IV. Conclusion

For the reasons set forth above, the plaintiff's motion for leave to file a third amended complaint is hereby GRANTED. The plaintiff is DIRECTED to file a signed copy of the third amended complaint, which was attached to the plaintiff's motion for leave to file a third amended complaint, ECF No. 841, Exhibit 1. The plaintiff is further DIRECTED to serve the third amended complaint on the defendants. The parties served with the third amended complaint shall make any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims or cross-claims pursuant to Federal Rule of Civil Procedure 13.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 18, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE