IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                          Civil Action No. 5:05CV202
                                                      (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR PERMISSION
TO FILE COUNTERCLAIMS AND HAVE THE
COUNTERCLAIMS DEEMED FILED NUNC PRO TUNC[1]**

I. Background[2]

The plaintiff commenced the above-styled civil action by filing a complaint in this Court on December 22, 2005. The plaintiff later filed an amended complaint on July 5, 2007. On May 2, 2008, after this Court granted the defendants' motion to dismiss various portions of the amended complaint, the plaintiff sought leave to file a second amended complaint. This Court denied the plaintiff's motion for leave to file a second amended complaint on

---

[1] "Nunc pro tunc." Having retroactive legal effect through a court's inherent power. Black's Law Dictionary 1174 (9th ed. 2009).

[2] For the purpose of resolving the pending motion, this Court believes that the following abbreviated summary of this case is sufficient.

the grounds that such amendment would be futile and would unduly prejudice the defendants by extending discovery when it is not necessary.  Thereafter, the case continued forward to trial and judgment on the plaintiff's May/Jayne fraud allegations and to summary judgment for the defendants on the plaintiff's remaining claims.

Following the entry of this Court's judgment in favor of the defendants regarding the May/Jayne fraud, the plaintiff appealed to the United States Court of Appeals for the Fourth Circuit.  In its judgment of December 30, 2010, the Fourth Circuit upheld the jury's verdict as to the May/Jayne allegations but vacated the dismissal of Counts One through Four of the amended complaint, reversed the summary judgment as to the Baylor claims, and held that the plaintiff should have been permitted to file the second amended complaint.  On February 2, 2011, the Fourth Circuit issued a mandate compelling further proceedings consistent with its opinion.

Pursuant to this mandate, this Court held a status and scheduling conference on March 7, 2011.  At that hearing, the parties discussed the plaintiff's proposal that a third amended complaint be filed in order to reflect the changes in the case and to offer a concise summary of the remaining claims.  This Court instructed the plaintiff to prepare a proposed third amended complaint and provide a copy to the defendants for their review prior to its filing.  If the parties agreed to the changes in the

proposed third amended complaint, they were directed to submit it to the Court by stipulation or agreed order. During the hearing, this Court also ordered that discovery in this case be stayed pending the resolution of the defendants' petition for certiorari to the United States Supreme Court.[3]

On July 14, 2011, the plaintiff filed a motion for leave to file a third amended complaint. In support of this motion, the plaintiff states that the third amended complaint adds no new legal theories, but instead only removes the already adjudicated May/Jayne allegations, updates the case caption, and updates the factual allegations. Defendants Robert N. Peirce, Jr., Louis A. Raimond, and Mark T. Coulter ("lawyer defendants") filed a response in opposition to the motion for leave to file a third amended complaint on July 28, 2011. According to the lawyer defendants, the plaintiff added new, irrelevant, and prejudicial allegations of fraud to the proposed third amended complaint.[4]

Also on July 28, 2011, the lawyer defendants filed a motion for permission to file counterclaims and have the counterclaims deemed filed <u>nunc pro tunc</u> as of that date. In support of their motion for permission to file counterclaims, the defendants state

---

[3]On October 3, 2011 and October 4, 2011, the parties informed this Court via facsimile letters that the United States Supreme Court denied the defendants' petition for certiorari.

[4]This Court has issued a memorandum opinion and order granting the plaintiff's motion for leave to file a third amended complaint.

that they seek to avoid any potential statute of limitations problems by filing their counterclaims now.  On August 10, 2011, the plaintiff filed a response to the motion for permission to file counterclaims, in which it states that it does not object to this Court deeming the proposed counterclaims filed as of July 28, 2011.  For the reasons set forth below, this Court grants the defendants' motion for permission to file counterclaims and have the counterclaims deemed filed nunc pro tunc as of July 28, 2011.

## II.   Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  This broad grant of authority applies with equal force to counterclaims. See Lone Star Steakhouse & Saloon v. Alpha of Va., Inc., 43 F.3d 922, 940 (4th Cir. 1995) ("Rule 13(f) of the Federal Rules of Civil Procedure, which permits amendment of the pleadings to add an omitted counterclaim, is interpreted together with Rule 15(a) on amendment of pleadings.").

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted

absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

### III.  Discussion

In support of their motion for permission to file counterclaims and have the counterclaims deemed filed nunc pro tunc, the lawyer defendants state that they seek to avoid any potential argument that their counterclaims are untimely.  The lawyer defendants highlight the fact that the statute of limitations on the fraud claims asserted in the counterclaims is two years.  See W. Va. Code § 55-2-12.  According to the lawyer defendants, if they wait to file their counterclaims in the due course of this litigation, they risk the possibility that their counterclaims will be filed more than two years after August 28, 2009.  The lawyer defendants further argue that the counterclaims are not futile or the product of bad faith or a dilatory motive.

In response, the plaintiff states that it does not object to the Court deeming the lawyer defendants' proposed counterclaims filed as of July 28, 2011 for purposes of the statute of

limitations. However, the plaintiff does expressly reserve its right to assert all available defenses to the lawyer defendants' proposed counterclaims. The plaintiff also responds to the lawyer defendants' accusations that it deliberately delayed the submission of the proposed third amended complaint by arguing that this claim is unfounded.

Because the plaintiff does not object and because the lawyer defendants have not exhibited any undue delay, bad faith, or dilatory motive, this Court concludes that the lawyer defendants' motion for permission to file counterclaims and have the counterclaims deemed filed <u>nunc pro tunc</u> as of July 28, 2011 should be granted. Since this Court has granted the plaintiff's motion for leave to file a third amended complaint, this Court considers the lawyer defendants' counterclaims to be filed in response to the third amended complaint.

## IV.   <u>Conclusion</u>

For the reasons set forth above, the defendants' motion for permission to file counterclaims and have the counterclaims deemed filed <u>nunc pro tunc</u> as of July 28, 2011 is hereby GRANTED. The Clerk is DIRECTED to file the lawyer defendants' counterclaims, previously submitted as an attachment to the motion for permission to file counterclaims (Doc. 842, Ex. 1), in response to the third amended complaint, a signed copy of which is to be filed by the

plaintiff.  These counterclaims shall be deemed filed <u>nunc pro tunc</u> as of July 28, 2011.

   IT IS SO ORDERED.

   The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

   DATED:    October 19, 2011


                           <u>/s/ Frederick P. Stamp, Jr.</u>
                           FREDERICK P. STAMP, JR.
                           UNITED STATES DISTRICT JUDGE