IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                             Civil Action No. 5:05CV202
                                                                   (STAMP)
ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER CONCERNING
MARK COULTER'S FIRST SET OF DOCUMENT REQUESTS TO
PLAINTIFF REGARDING THIRD AMENDED COMPLAINT,
GRANTING IN PART AND DENYING IN PART
DEFENDANT MARK T. COULTER'S MOTION TO COMPEL
AND GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS
FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS
ROBERT PEIRCE, LOUIS RAYMOND AND MARK COULTER
AND DENYING MOTION FOR STAY**

I.  Background[1]

In February 2012, the parties in the above-styled civil action filed the following discovery motions: (1) CSX Transportation, Inc.'s ("CSX") motion for protective order concerning Mark Coulter's first set of document requests to plaintiff regarding

---

[1] For the purpose of resolving the pending motions, this Court believes that the following abbreviated summary of this case is sufficient.

third amended complaint (ECF No. 931); (2) Defendant Mark Coulter's motion to compel (ECF No. 933); and (3) CSX's motion to compel responses to its first requests for production to defendants Robert Peirce, Louis Raymond, and Mark Coulter (ECF No. 934).  Pursuant to Local Rule of Civil Procedure 72.01, these discovery motions were referred to United States Magistrate Judge James E. Seibert.

On February 27, 2012, the magistrate judge held an evidentiary hearing and argument on the motions.  On March 27, 2012, the magistrate judge issued an order granting in part and denying in part plaintiff's motion for protective order concerning Mark Coulter's first set of document requests to plaintiff regarding third amended complaint, granting in part and denying in part defendant Mark T. Coulter's motion to compel and granting in part and denying in part plaintiff's motion to compel responses to its first requests for production to defendants Robert Peirce, Louis Raymond and Mark Coulter ("March 27th Order") (ECF No. 993).  The March 27th Order provided that any party may file objections to the order within fourteen days of the date of the order.

On April 10, 2012, CSX filed timely objections to the March 27th Order (ECF No. 1016), as well as a motion to stay portions of the March 27th Order (ECF No. 1017).  In its objections, CSX argues that the March 27th Order is clearly erroneous and contrary to law to the extent it requires CSX to provide information contained in its outside counsels' files from the 10,000 non-Peirce Firm cases.

According to CSX, the magistrate judge failed to conduct the proportionality analysis required by Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure.  In its motion to stay, CSX requests that this Court stay the portions of the March 27th Order requiring CSX to provide information contained in its outside counsels' files from the 10,000 non-Peirce Firm cases until this Court rules upon CSX's objections.  CSX argues that such a stay is necessary in order to prevent the waste and irreparable harm that would result if CSX is required to expend the significant resources necessary to provide discovery that, as set forth in its objections, is improper under Rule 26.

The defendants filed a response in opposition to the motion for stay on April 13, 2012 (ECF No. 1027).  In their response, the defendants contend that this Court should deny CSX's request for a stay and CSX should begin to gather and prepare the relevant discovery so that it can be expeditiously produced after the Court rules on the objections.  Both the objections and CSX's motion for stay are now pending before this Court.  For the reasons set forth below, this Court finds that the March 27th Order must be affirmed and the motion for stay denied.

## II.  Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C.

3

§ 636(b)(1).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused.  Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

### III.  Discussion

In its objections, CSX argues that the magistrate judge did not conduct a proportionality analysis with respect to the discovery of information contained in CSX's outside counsels' files from the 10,000 non-Peirce Firm claims, but instead focused solely on CSX's ability to pay.  CSX argues that when properly considered in light of the factors set forth in Rule 26(b)(2)(C), the burden of providing discovery from CSX's outside counsels' files from the 10,000 non-Peirce Firm cases far outweighs any potential benefit to the defendants.[2]

---

[2] As CSX explains, the record is undisputed that the 10,000 non-Peirce Firm case files in question are located at 40 different law firms scattered across the eastern United States and that it will cost CSX an estimated $1.5 million to make information and documents contained in those files available to Coulter.  (CSX's Objs. 9.)

4

In discussing the burden of providing this discovery, CSX first discusses the Harron-related documents, arguing: (1) discovery of Harron-related documents from CSX's outside counsels' files from the 10,000 non-Peirce Firm cases is unreasonably cumulative and duplicative because CSX has already produced thousands of these documents; and (2) to the extent Harron-related documents from cases brought by law firms other than the Peirce Firm are relevant at all, they are substantially less relevant than documents related to Peirce Firm cases, which have already been provided to Coulter.

Next, CSX turns to the ILO forms related to the 13,000 asbestos-related claims settled by CSX since 1993.  Again, CSX objects to providing these documents insofar as they relate to non-Peirce Firm cases.  In support of this objection, CSX claims that discovery of thousands of additional ILOs from cases brought by other law firms is unreasonably cumulative and duplicative in light of the volume of comparable information that has or otherwise will be provided to Coulter.  CSX also argues that these ILOs are, at best, only marginally relevant to the issues in this case.

Third, CSX objects to the portion of the March 27th Order that requires it to provide certain information concerning each B reader that CSX ever used to interpret a chest x-ray in an asbestos case settled with the Peirce Firm between January 1, 1993 and July 1, 2007.  Again, CSX asserts that discovery of its doctors' "read

rates" from the 10,000 non-Peirce Firm cases is unreasonably cumulative and duplicative.

CSX then discusses information concerning experts used and medical conditions alleged in each of the 13,000 asbestos-related claims settled by CSX since 1993. According to CSX, the defendants already have in their possession the information that they need to make comparisons between Harron and non-Harron claims brought by the Peirce Firm. Thus, CSX argues that the massive burden associated with the discovery of the non-Peirce Firm claims are of little to no probative value.

Finally, CSX objects to the disclosure of documents related to its knowledge of the use of screenings by law firms other than the Peirce Firm. CSX contends that information concerning its knowledge of the use of screenings by law firms other than the Peirce Firm is, at best, marginally relevant. Also, CSX alleges that it has or will produce documents relating to its knowledge of the use of screenings by law firms other than the Peirce Firm to the extent they are located in its own internal files or its outside counsels' files from the insurance arbitration.

The central question before this Court is whether the magistrate judge conducted a proper Rule 26 proportionality analysis in determining that CSX must produce information and documents contained in its outside counsels' files from the 10,000

asbestos-related cases brought by non-Peirce law firms. Rule 26 states, in pertinent part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). As CSX explained in its objections, Rule 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 523 (D. Md. 2010). "Both the Supreme Court and the Federal Rules of Civil Procedure Advisory Committee have emphasized the importance of the 26(b)(2)(C) proportionality limit on fair and efficient operation of discovery rules." Dongguk Univ. v. Yale Univ., 260 F.R.D. 70, 73 (D. Conn. 2010).

Although CSX contends that the magistrate judge did not conduct a proper proportionality analysis, this Court finds that the record undermines that argument. Importantly, during the

7

February 27, 2012 evidentiary hearing, counsel for CSX acknowledged that the magistrate judge was considering Rule 26 in deciding whether to order the discovery of documents in the non-Peirce Firm cases. Following questions by the court concerning the cost of this discovery and CSX's annual revenue, counsel for CSX stated, "I understand the Court's concern there. We're talking about 26(b)(3)[3] that says the Court should weigh the relevance, the issues at stake in the litigation, the burden to the parties. And I understand the Court's point on the cost versus the total cost, but I think the Court also has to weigh the relevance." (Evid. Hr'g Tr. 89-90, Feb. 27, 2012.) Counsel for CSX then went on to argue his position as to the relevance of the documents, as well as the burden of producing them. (Evid. Hr'g Tr. 90.) Thus, not only did CSX acknowledge that the magistrate judge was analyzing Rule 26 in making a determination as to the discovery of these documents, it also had the opportunity to present argument as to the three prongs of Rule 26(b)(2)(C). The record reveals that in addition to hearing evidence on CSX's ability to pay, the magistrate judge also considered CSX's arguments with regard to the relevance of the documents and the burden of producing them. This Court finds no clear error in the magistrate judge's rejection of CSX's arguments

---

[3]This Court assumes that CSX is referring to Rule 26(b)(2)(C), as counsel later references the prongs of Rule 26(b)(2)(C).

that the production of these documents would be cumulative and burdensome.

As the magistrate judge stated in his findings of fact, CSX has "declined to narrow its allegations or enter into a stipulation that the scope of the instant litigation is limited to those eleven claimants mentioned in the complaint." (March 27th Order at 4.) This finding is based upon CSX's representation at the February 27, 2012 evidentiary hearing that it cannot narrow its claims to the eleven claimants mentioned in the complaint.  Even though CSX stated that it will not attempt to prove frauds other than the eleven claimants at issue, it also argued that the Peirce Firm's general asbestos practice and the settlement of claims other than the eleven currently at issue could be very compelling evidence of a conspiracy. (Evid. Hr'g Tr. 79-80.)  Counsel for CSX went on to confirm that CSX's position is that it "can use other relevant evidence that shows what was going on that goes beyond the eleven people." (Evid. Hr'g Tr. 81.)  Considering the broad nature of the allegations in this case, this Court finds no clear error in the magistrate judge's determination that there is no unreasonable burden in ordering the requested discovery.

## IV.  Conclusion

For the reasons set forth above, the March 27th Order (ECF No. 993) is hereby AFFIRMED and CSX Transportation, Inc.'s motion for stay (ECF No. 1017) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     April 18, 2012

>      /s/ Frederick P. Stamp, Jr.
> FREDERICK P. STAMP, JR.
> UNITED STATES DISTRICT JUDGE