```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                    Civil Action No. 5:05CV202
                                              (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO DISMISS
THE LAWYER DEFENDANTS' COUNTERCLAIMS**

I.  Background[1]

The plaintiff, CSX Transportation, Inc. ("CSXT") commenced the above-styled civil action by filing a complaint in this Court on December 22, 2005. The plaintiff later filed an amended complaint on July 5, 2007. (ECF No. 208.) On May 2, 2008, after this Court granted the defendants' motion to dismiss various portions of the amended complaint, the plaintiff sought leave to file a second amended complaint. (ECF No. 278.) This Court denied the plaintiff's motion for leave to file a second amended complaint on the grounds that such amendment would be futile and would unduly

---

[1] For the purpose of resolving the pending motion, this Court believes that the following abbreviated summary of this case is sufficient.

prejudice the defendants by extending discovery when it is not necessary. (ECF No. 284.) Thereafter, the case continued forward to trial and judgment on the plaintiff's May/Jayne fraud allegations and to summary judgment for the defendants on the plaintiff's remaining claims.

Following the entry of this Court's judgment in favor of the defendants regarding the May/Jayne fraud, the plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. In its judgment of December 30, 2010, the Fourth Circuit upheld the jury's verdict as to the May/Jayne allegations but vacated the dismissal of Counts One through Four of the amended complaint, reversed the summary judgment as to the Baylor claims, and held that the plaintiff should have been permitted to file the second amended complaint. (ECF No. 817.) On February 2, 2011, the Fourth Circuit issued a mandate compelling further proceedings consistent with its opinion. (ECF No. 821.)

Pursuant to this mandate, this Court held a status and scheduling conference on March 7, 2011. At that conference, the parties discussed the plaintiff's proposal that a third amended complaint be filed in order to reflect the changes in the case and to offer a concise summary of the remaining claims. On July 14, 2011, the plaintiff filed a motion for leave to file a third amended complaint (ECF No. 841), which this Court granted on October 18, 2011. (ECF No. 850.) The third amended complaint,

filed on October 19, 2011 (ECF No. 853) names Robert N. Peirce, Jr., Louis A. Raimond, Mark T. Coulter ("lawyer defendants") and Ray Harron, M.D. as defendants.  In short, the third amended complaint alleges that the defendants have orchestrated a scheme to inundate CSXT with thousands of asbestos cases without regard to their merit.  (Third Am. Compl. ¶ 1.)

On July 28, 2011, the lawyer defendants filed a motion for permission to file counterclaims and have the counterclaims deemed filed *nunc pro tunc* as of that date.  (ECF No. 842.)  On October 19, 2011, this Court issued a memorandum opinion and order granting the lawyer defendants' motion for permission to file counterclaims and have the counterclaims deemed filed *nunc pro tunc* as of July 28, 2011.  (ECF No. 851.)

On November 23, 2011, CSXT filed a motion to dismiss the lawyer defendants' counterclaims.  (ECF No. 885.)  In support of this motion, CSXT argues: (1) Count I fails to state a claim for which relief can be granted because the counterclaims fail to plead facts establishing the falsity of any alleged representation by CSXT; and (2) Count II fails to state a claim for which relief can be granted because CSXT did not make any misrepresentations regarding the existence of the release and, in any event, the lawyer defendants have failed to sufficiently plead justifiable reliance.

The lawyer defendants filed a response in opposition to CSXT's motion to dismiss the counterclaims on December 16, 2011, in which they contend that CSXT's arguments against both Count I and Count II are without merit. (ECF No. 907.) CSXT filed a reply in support of its motion to dismiss the lawyer defendants' counterclaims on December 23, 2011. (ECF No. 912.) The motion to dismiss the counterclaims is currently pending before this Court. For the reasons set forth below, this Court finds that the motion to dismiss the counterclaims must be denied.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest

about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

5

III.  Discussion

A.  Count I

Count I of the lawyer defendants' counterclaims sets forth a claim of fraud/fraudulent misrepresentation in the amended complaint.  Specifically, the lawyer defendants allege that CSXT falsely represented that it incurred damages by being forced to defend against the claims filed on behalf of Earl Baylor and to prosecute the Baylor-related claims in this action.[2]  (Countercls. ¶ 39.)  According to the lawyer defendants, CSXT's assertions of its need to spend money to defend against Baylor's case in state court and to assert the Baylor-related claims in this action are false because CSXT had a Release of Baylor's claims when they were filed in state court and when it filed its amended complaint. (Countercls. ¶ 3.)  However, despite having this Release, CSXT allegedly did not inform the lawyer defendants of its existence until August 28, 2009 -- over two years after the amended complaint was filed.  (Countercls. ¶ 16.)  The lawyer defendants further allege that in justifiable reliance on CSXT's misrepresentations, they incurred substantial costs and expenses in defending CSXT's claims related to Baylor.  (Countercls. ¶ 43.)

---

[2]The lawyer defendants refer to Charles S. Adams v. CSX Trans., Inc., Civil Action No. 06-C-72, filed on February 21, 2006 in the Circuit Court of Harrison County, West Virginia.  This lawsuit asserted a claim on behalf of Earl Baylor for personal injuries arising from asbestos exposure.  CSXT's claims in the third amended complaint are based on the lawyer defendants' fraudulent filing of this 2006 suit.

In its motion to dismiss the counterclaims, CSXT argues that the lawyer defendants failed to set forth any facts establishing the falseness of CSXT's representation that it incurred damages by being forced to defend Baylor's claim.  CSXT also argues that Count I fails because the facts pled in the counterclaims establish that CSXT did, in fact, incur at least some damages as a result of the lawyer defendants' fraudulent filing of Baylor's 2006 claim.[3]  CSXT asserts that the lawyer defendants attack only the reasonableness of the damages that CSXT incurred, but cannot establish the falsity of CSXT's factual representation that it incurred damages to defend Baylor's 2006 claim.

In response, the lawyer defendants argue that CSXT mischaracterizes the counterclaims, which assert that CSXT was not forced to incur any damages.  The lawyer defendants highlight the fact that CSXT's amended complaint accuses them of forcing CSXT to expend substantial money and resources to defend the Baylor claim. (Third Am. Compl. ¶¶ 165, 172.)  According to the lawyer defendants, these contentions regarding the Baylor claim are false and the counterclaims properly plead them to be such.  The lawyer defendants also argue that the counterclaims expressly plead that

---

[3]CSXT points to paragraphs 24-29 of the counterclaims in support of this assertion.  According to CSXT, the annoyance and inconvenience associated with going back and tracking prior claims recorded in its computer tracking system (as the lawyer defendants admit CST would have had to do) constitute damages.  (Mot. to Dismiss Countercls. 6.)

CSXT knowingly made false representations on both the issue of its "reasonable reliance" and on its incurring damages because of the reliance. The question, according to the lawyer defendants, is not simply whether CSXT incurred <u>any</u> costs, but rather, whether those claimed costs are properly attributable to CSXT's being allegedly duped by reasonable reliance on Baylor's claim filed by the Peirce Firm.

Under West Virginia law, the essential elements of fraud are as follows:

> (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.

<u>Poling v. Pre-Paid Legal Servs., Inc.</u>, 575 S.E.2d 199, 202 (W. Va. 2002) (quoting <u>Horton v. Tyree</u>, 139 S.E. 737, 738 (W. Va. 1927)). Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

After reviewing the pleadings, this Court finds that Count I of the lawyer defendants' counterclaims survives CSXT's motion to dismiss. Count I alleges that CSXT falsely represented that it incurred damages by being forced to defendant against the claims filed on behalf of Baylor and to prosecute the Baylor-related claims in this action. (Countercls. ¶ 39.) The lawyer defendants

also allege that these representations by CSXT were both material and false. (Countercls. ¶¶ 40-41.) Finally, the lawyer defendants contend that in justifiable reliance on CSXT's misrepresentations, they incurred substantial costs and expenses. (Countercls. ¶ 43.) The lawyer defendants do not attack the reasonableness of the damages that CSXT incurred -- they argue that CSXT was perpetrating a fraud by alleging that it incurred costs due to its reasonable reliance on allegedly fraudulent representations in Baylor's second claim.  Thus, this Court finds that Count I of the lawyer defendants' counterclaims alleges enough facts with enough particularity to state a claim to relief and must not be dismissed.

B.  Count II

Count II of the lawyer defendants' counterclaims sets forth a claim of fraud/fraudulent misrepresentations in discovery responses.  The lawyer defendants assert that in failing to disclose the Release of Baylor's claims in responding to discovery, CSXT intentionally deceived them.[4] (Countercls. ¶ 46.) The lawyer defendants go on to argue that CSXT's failure to timely produce the Release perpetuated its representations concerning the false fact that it reasonably incurred damages by being forced to defend

---

[4]The Release, executed by Earl Baylor in 2002, allegedly indicates that CSX entered into a settlement with Baylor in which it paid him $7,500.00 to obtain a release that covered his asbestosis claims asserted in the 2006 suit, among other claims. (Countercls. ¶ 4.)

9

against the claims filed on behalf of Baylor and to prosecute the claims in this action relating to Baylor. (Countercls. ¶ 51.)

In its motion to dismiss the counterclaims, CSXT first argues that the lawyer defendants fail to specifically identify the misrepresentations CSXT is alleged to have made regarding the existence of the Release.  Second, CSXT contends that it promptly and voluntarily produced the Release after the lawyer defendants provided it with a privacy release from Baylor on August 28, 2009. Finally, CSXT contends that any claimed reliance by the lawyer defendants on CSXT's discovery objections and responses was legally unjustified under the circumstances because CSXT expressly withheld responsive documents based on its objections to the lawyer defendants' document requests.

In response, the lawyer defendants counter that CSXT's failures to timely produce the Release were material representations upon which they reasonably relied.  Further, the lawyer defendants assert that the counterclaims provide clear notice of what constitutes fraudulent conduct committed by CSXT, and therefore, are properly pled under Rule 9.  Second, the lawyer defendants state that it will be a fact question for the jury whether CSXT was, as they contend, fraudulently misleading when it claimed it was forced to spend substantial money and resources to defend against Baylor's claim when it had a Release from Baylor in its possession.  Moreover, the lawyer defendants argue that a fact

question exists as to whether CSXT's disclosures in its privilege log were adequate under the circumstances or whether they were intentionally misleading.

This Court finds that Count II of the lawyer defendants' counterclaims alleges a valid cause of action and presents numerous issues for determination by a jury. Count II sets forth facts in support of the lawyer defendants' contention that CSXT's discovery responses were part of the alleged fraud. Contrary to CSXT's assertion, the counterclaims do identify the misrepresentations CSXT is alleged to have made regarding the Release. Count II alleges that CSXT failed to timely disclose and produce the Release in responding to discovery, either in its responses or on the required privilege log. (Countercls. ¶¶ 45; 51.) The counterclaims also describe the nature of the Release. (Countercls. ¶¶ 4-5.) Based upon the standard of review for motions to dismiss, this Court believes that the allegations presented in the counterclaims are sufficient to warrant denial of the motion to dismiss. More detailed factual allegations at this stage are not necessary, thus, both Count I and Count II have been pled with sufficient specificity.

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion to dismiss the lawyer defendants' counterclaims (ECF No. 885) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 24, 2012

                                  /s/ Frederick P. Stamp, Jr.
                                  FREDERICK P. STAMP, JR.
                                  UNITED STATES DISTRICT JUDGE