```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

CSX TRANSPORTATION, INC.,

     Plaintiff,

v.                                      Civil Action No. 5:05CV202
                                                   (STAMP)

ROBERT N. PEIRCE, JR.,
LOUIS A. RAIMOND,
MARK T. COULTER,
and RAY HARRON, M.D.,

     Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING THE MAGISTRATE JUDGE'S ORDER
DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO REQUEST NO. 3 IN ITS FOURTH
SET OF REQUESTS REGARDING CSX'S THIRD AMENDED COMPLAINT**

I. *Background*[1]

On October 19, 2011, the plaintiff in the above-styled civil action filed a third amended complaint against Robert N. Peirce, Jr., ("Peirce"), Louis A. Raimond, Mark T. Coulter (collectively, the "lawyer defendants"), and Ray Harron, M.D. The third amended complaint alleges that the lawyer defendants prosecuted fabricated asbestos claims against CSX Transportation, Inc. ("CSX"), including a claim filed on behalf of Earl Baylor ("Baylor"), and thereby violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and the common law of West Virginia.

---

[1] For the purpose of resolving the pending motion, this Court believes that the following abbreviated summary of this case is sufficient.

Also on October 19, 2011, the lawyer defendants filed counterclaims against CSX alleging that, in light of a release that Baylor executed in connection with a prior claim, CSX committed fraud (1) when it alleged in its amended complaint[2] that it had sustained damages in defending the Baylor asbestos claim; and (2) when it did not immediately produce the release in response to a discovery request in this case, instead of waiting until it obtained a disclosure authorization from Baylor.[3]

Earlier this year, this Court denied the lawyer defendants' motion to dismiss the third amended complaint (ECF No. 1050), and also denied CSX's motion to dismiss the counterclaims (ECF No. 1039).  CSX's claims in the third amended complaint and the lawyer defendants' counterclaims are scheduled to be tried jointly on December 11, 2012.  On October 4, 2012, this Court approved the parties' stipulation to dismiss defendant Mark T. Coulter.  Thus, all claims against Mr. Coulter were dismissed and all counterclaims brought by Mr. Coulter were dismissed.

---

[2]The amended complaint was filed on July 5, 2007.  ECF No. 208.  Later, the plaintiff sought leave to file a second amended complaint.  This Court denied the plaintiff's motion to file a second amended complaint -- a decision was eventually reversed by the United States Court of Appeals for the Fourth Circuit.

[3]Defendant Ray A. Harron also filed a separate counterclaim against CSX.  ECF No. 875.  Harron later requested that his counterclaim be dismissed.  On January 30, 2012, this Court entered an order granting Harron's motion to voluntarily dismiss his counterclaim without prejudice.  ECF No. 928.

On September 10, 2012, the defendant, Robert N. Peirce, Jr. filed a motion to compel the production of documents responsive to Request No. 3 of defendant Peirce's fourth set of document requests to plaintiff regarding allegations in CSX's third amended complaint. Within this motion, Peirce is specifically seeking documents that relate to damages sought by CSX in the form of legal fees incurred by CSX in the prosecution of this action. Defendant Peirce argues that CSX's legal bills that relate to CSX's legal fees are relevant, are not privileged, and should be timely produced.

CSX filed a response wherein it argued that while it does intend to seek attorneys' fees incurred in the prosecution of the case, the Court will determine this amount. Therefore, CSX argues that discovery of such information at this time is premature. If a verdict for the plaintiff is returned, however, and the plaintiff files a fee application, CSX argues that at that time it would be proper to address additional requests for information pertaining to attorneys' fees. Defendant Peirce filed a reply arguing that discovery of legal fees before a liability determination is in fact proper. Defendant Peirce claims that production of the legal fees will not result in a second major litigation, as CSX would be producing bills it already has.

On September 26, 2012, United States Magistrate Judge James E. Seibert held an evidentiary hearing regarding this motion.

Thereafter, on October 4, 2012, the magistrate judge issued an order denying the motion to compel. The magistrate judge asserted that the attorneys' fee information is not admissible at trial nor is it reasonably calculated to lead to the discovery of admissible evidence. Therefore, he concluded that it is not relevant and thus not discoverable. The magistrate judge's order also instructed the parties that they may file written objections to his order within fourteen days after being served with a copy of the order. Defendant Peirce filed objections on October 18, 2012. For the reasons set forth below, this Court affirms the order of the magistrate judge.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

III. <u>Discussion</u>

Defendant Peirce objects to the magistrate judge's order, claiming that CSX's current legal bills relate to its claimed damages and potential monetary recovery and are thus relevant and should be produced. To support this claim, defendant Peirce first argues that because CSX has placed its legal fees at issue by claiming them as part of its alleged damages, the defendant is entitled to discovery on that issue. This Court, however, agrees with the magistrate judge concerning this issue and finds that this evidence is not in fact relevant and therefore not discoverable.

As stated by the magistrate judge, Federal Rule of Civil Procedure 26(b)(1) permits the discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." This evidence sought "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." According to Federal Rule of Civil Procedure 54(d), claims for attorneys' fees "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages . . . no later than 14 days after the entry of judgment." Thus, unless substantive law requires, the

amount of attorneys' fees is not "of consequence" in determining the initial judgment. Instead, it is the court's responsibility to determine and assess the attorneys' fees once a motion is made after the entry of judgment. As the advisory committee notes to the 1993 Amendments of Rule 54(d)(2) states, such awards "should be made in the form of a separate judgment . . . since such awards are subject to review in the court of appeals."

While it is true that CSX is requesting attorneys' fees in this action, the statutes under which CSX is requesting these fees do not require a party to prove these fees at trial, nor has this Court or the magistrate judge found any case law indicating such a requirement. See 18 U.S.C. § 1964(c). Consequently, if a verdict is entered in CSX's favor, CSX must file a motion with this Court and thereafter this Court will make the determination of the amount of attorneys' fees, if any, that will be awarded to CSX. Such an award, if made, will be awarded in a separate judgment. The amount of attorneys' fees, then, is not a "fact of consequence" in the determination of the initial judgment, but rather it is a fact that this Court will only take into account if it makes an award of attorneys' fees in a separate judgment. Moreover, as the magistrate judge indicates, the advisory committee notes to the 1993 Amendments of Rule 54(d)(2) state that even after the initial judgment is entered and the Court is requested to assess attorneys' fees pursuant to Rule 54, discovery would only be useful to parties

"[o]n rare occasion." Thus, this Court finds that information regarding CSX's current attorneys' fees is certainly not relevant discoverable evidence in the pretrial context.

Defendant Peirce cites to advisory committee notes from 1993 regarding Federal Rule of Civil Procedure 26's provision requiring the initial disclosure of damages calculations. The notes state that the initial disclosure requirements were adopted "to accelerate the exchange of basic information about the case" and were "designed to eliminate certain discovery, help focus the discovery that is needed, and <u>facilitate preparation for trial or settlement</u>." Fed. R. Evid. 26 advisory committee's notes (emphasis added). Defendant Peirce cites the notes for the proposition that it is important to determine a party's potential liability exposure as it pertains to the possibility of settlement. As such, defendant Peirce argues that he is entitled to the discovery of information relating to CSX's current attorneys' fees. This Court, however, finds that these notes, which relate specifically to the initial disclosures required under Rule 26, are not relevant to such discovery in this instance as defendant Peirce's requests do not concern initial disclosures.

The final argument advanced by defendant Peirce concerns whether CSX may object to production of its legal bills on the grounds of privilege. Due to this Court's findings above, it is unnecessary to address this subject at length because CSX will not

7

be compelled to produce said documents. It is enough to note that the magistrate judge in this case previously determined that such billing records are not subject to attorney-client privilege. ECF No. 1093 *8-9.

## IV. Conclusion

For the reasons set forth above, C.F.R. § the magistrate judge's order denying defendant's motion to compel production of documents responsive to Request No. 3 in its fourth set of requests regarding CSX's third amended complaint (ECF No. 1336) is hereby AFFIRMED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   October 29, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE