```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

CSX TRANSPORTATION, INC.,

      Plaintiff,

v.                                    Civil Action No. 5:05CV202
                                                           (STAMP)
ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING LAWYER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**RELATED TO CSX'S EARL BAYLOR ALLEGATIONS AND CLAIMS**

I.  Background

     The plaintiff, CSX Transportation, Inc. ("CSX"), commenced the above-styled civil action by filing a complaint in this Court on December 22, 2005. The plaintiff later filed an amended complaint on July 5, 2007. ECF No. 208. On May 2, 2008, after this Court granted the defendants' motion to dismiss various portions of the amended complaint, the plaintiff sought leave to file a second amended complaint. ECF No. 278. This Court denied the plaintiff's motion for leave to file a second amended complaint on the grounds that such amendment would be futile and would unduly prejudice the defendants by extending discovery when it is not necessary. ECF No. 284. Thereafter, the case continued forward to trial and judgment on the plaintiff's May/Jayne fraud allegations and to

summary judgment for the defendants on the plaintiff's remaining claims.

Following the entry of this Court's judgment in favor of the defendants regarding the May/Jayne fraud, the plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. In its judgment of December 30, 2010, the Fourth Circuit upheld the jury's verdict as to the May/Jayne allegations but vacated the dismissal of Counts 1 through 4 of the amended complaint, reversed the summary judgment as to the Baylor claims, and held that the plaintiff should have been permitted to file the second amended complaint. ECF No. 817.

Pursuant to the Fourth Circuit's opinion, this Court held a status and scheduling conference on March 7, 2011. At that conference, the parties discussed the plaintiff's proposal to file a third amended complaint that would reflect the changes in the case and offer a concise summary of the remaining claims. On July 14, 2011, the plaintiff filed a motion for leave to file a third amended complaint (ECF No. 841), which this Court granted on October 18, 2011. ECF No. 850. The third amended complaint, filed on October 19, 2011 (ECF No. 853), names Robert N. Peirce, Jr., Louis A. Raimond, Mark T. Coulter ("lawyer defendants") and Ray Harron, M.D. as defendants. In short, the third amended complaint alleges that the defendants have orchestrated a scheme to inundate CSX with thousands of asbestos cases without regard to their merit.

CSX alleges that the defendants' conduct violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., and supports claims for common law fraud and conspiracy.

Earlier this year, this Court denied the lawyer defendants' motion to dismiss the third amended complaint (ECF No. 1050), and also denied CSX's motion to dismiss the counterclaims (ECF No. 1039). CSX's claims in the third amended complaint and the lawyer defendants' counterclaims are scheduled to be tried jointly beginning on December 11, 2012. On October 4, 2012, this Court approved the parties' stipulation to dismiss one of the lawyer defendants, defendant Mark T. Coulter. Thus, all claims against Mr. Coulter were dismissed and all counterclaims brought by Mr. Coulter were dismissed.

On September 25, 2012, the lawyer defendants filed a motion for summary judgment regarding CSX's Earl Baylor allegations and claims. This summary judgment motion is one of three summary judgment motions filed by the parties in this case. In this particular motion, the lawyer defendants assert that this Court should grant summary judgment in the lawyer defendants' favor for all claims asserted by CSX related to Mr. Baylor. The lawyer defendants make the following arguments in support of their assertion that summary judgment should be granted in their favor: (1) CSX cannot show that the lawyer defendants lacked an

evidentiary basis to assert that Earl Baylor had occupational exposure to asbestos; (2) CSX cannot prove the requisite reasonable reliance and related damages to establish fraud, because of the prior disposition of Mr. Baylor's 2001 claim against CSX; and (3) CSX's claims are precluded by the Noerr-Pennington doctrine.

The plaintiff thereafter filed a response contesting the lawyer defendants' arguments and stating: (1) a jury issue exists as to whether the lawyer defendants committed fraud in the filing of Mr. Baylor's claim; (2) summary judgment should not be granted on the basis of the disposition of Mr. Baylor's prior lawsuit as such arguments by the lawyer defendants are flawed; and (3) summary judgment should not be granted on the basis of the Noerr-Pennington doctrine as the lawyer defendants made this argument on appeal and it was explicitly rejected by the Fourth Circuit. The lawyer defendants then filed a reply contesting CSX's contentions and stating that CSX has failed to demonstrate that any material factual disputes related to the reasons defendants are entitled to summary judgment exist.

For the reasons stated below, this Court finds that the lawyer defendants' motion for summary judgment regarding CSX's Earl Baylor allegations and claims is denied, as genuine issues of material fact exist.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718-19 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of

either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(stating that summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Because the claims at issue in this particular motion for summary judgment involve fraud, a higher standard of proof applies. Under West Virginia law, "[a]llegations of fraud, when denied by proper pleading, must be established by clear and convincing

6

proof." Calhoun County Bank v. Ellison, 54 S.E.2d 182, syl. pt. 5 (W. Va. 1949). See also Tri-State Asphalt v. McDonough Co., 391 S.E.2d 907, 912 (W. Va. 1990) (same); Elk Refining Co. v. Daniel, 199 F.2d 479, 482 (4th Cir. 1952) ("The burden of proving fraud is unquestionably heavy . . . and it is also well established that one cannot rely blindly upon a representation without suitable investigation and reasonable basis."). Mere allegations in the pleadings, are not sufficient to survive a motion for summary judgment. Celotex, 477 U.S. at 322. As the Supreme Court noted in Anderson, 477 U.S. at 252, "the inquiry involved in a ruling on a motion for summary judgment . . . necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." Therefore, if the lawyer defendants show the absence of any genuine issue of material fact, this Court must determine whether CSX has "brought forth sufficient facts to meet the 'clear and convincing' standard of proof required to support an allegation of fraud." Schleicher v. TA Operating Corp., No. 5:06CV133, 2008 WL 111338 (N.D. W. Va. Jan. 9, 2008), aff'd, 319 F. App'x 303 (4th Cir. 2009).

III. Discussion

CSX made two claims in its third amended complaint that involve Mr. Baylor. First, CSX alleges that the lawyer defendants committed common law fraud by filing an action against CSX on behalf of Mr. Baylor. In the second claim involving Mr. Baylor,

7

CSX alleges that the defendants were involved in a civil conspiracy to defraud CSX, which included the filing of Mr. Baylor's action against CSX.

To state a claim for civil conspiracy to defraud, the elements of fraud must be proven, as "the plaintiff must prove that the defendants have actually committed some wrongful act" for a conspiracy claim to be actionable. Roney v. Gencorp, 431 F. Supp. 2d 622, 637 (S.D. W. Va. 2006); see also Marfolk Coal Co., Inc. v. Smith, 274 F.R.D. 193, 197 n.4 (S.D. W. Va. 2011) ("The elements of a civil conspiracy claim are met therefore when it is proven that (1) two or more people who are named as defendants (2) agreed to commit overt tortious act(s) for a common purpose (3) committed the overt tortious act(s) (4) proximately causing Plaintiff harm."). Therefore, if CSX's fraud claim regarding Mr. Baylor cannot survive summary judgment, then CSX's civil conspiracy claim must fail as well. Under West Virginia law, the essential elements in an action for fraud are as follows: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." Syl. Pt. 5, Kidd v. Mull, 595 S.E.2d 308 (W. Va. 2004).

The lawyer defendants make three arguments, as outlined above and discussed in further detail below, regarding why this Court

8

should grant summary judgment in the lawyer defendants' favor on CSX's claim of fraud as it pertains to Mr. Baylor. Viewing the facts in the light most favorable to CSX, the nonmoving party, however, this Court finds that there are genuine issues of material fact that must be determined at trial.

A. <u>Lawyer Defendants' Argument Regarding the Evidentiary Basis to Assert that Mr. Baylor had Occupational Exposure</u>

The lawyer defendants assert that the Fourth Circuit's reversal of this Court's prior grant of summary judgment in favor of the lawyer defendants regarding the Baylor claims was based upon the Fourth Circuit's reading of the state of the record at that time that "a jury could find that the lawyer defendants committed fraud by filing the lawsuit because there was no evidence upon which they could have believed that Baylor was exposed to asbestos-containing products in the course of his employment with CSX." <u>CSX Transp., Inc. v. Gilkison</u>, 406 F. App'x 723, 734 (4th Cir. 2010). The lawyer defendants argue that the more fully developed record, post-remand, demonstrates that no reasonable jury could make a finding that evidence of Mr. Baylor's occupational exposure was nonexistent. Therefore, the lawyer defendants argue that because the factual assumption upon which the Fourth Circuit reversed this Court's prior summary judgment decision is inapplicable, this Court should again enter summary judgment in their favor.

This Court finds that regardless of whether Mr. Baylor was exposed to asbestos while working for CSX, issues of fact still exist.  First, as CSX indicates, it presented three arguments as to why the Fourth Circuit should reverse this Court's initial grant of summary judgment.  The Fourth Circuit never addressed two of these arguments, as it found that one of the arguments was sufficient to make its determination.  See <u>Gilkison</u>, 406 F. App'x at 733 ("<u>If we assume, without deciding</u>, that sufficient evidence was before the district court so as to permit summary judgment on the first two issues, there clearly were material facts in dispute as to the last issue." (emphasis added)).

One of these remaining arguments was that this Court should not have granted summary judgment because a jury could find that "the Defendants manufactured unreliable medical evidence."  ECF No. 1350.  CSX contends, and this Court agrees, that there are triable issues of fact regarding whether Baylor's claim was based on fabricated medical evidence.  For instance, a reasonable jury may find that the evidence was manufactured by the defendants based on the report from Dr. John Parker concerning a panel's finding that Baylor's x-rays did not contain "findings required to establish a diagnosis of asbestosis."  ECF No. 1350 Ex. 1 *5.  The evidence presented by the lawyer defendants does not negate the possibility that they falsified the documents used to show that Mr. Baylor had occupational exposure before filing the claim on his behalf.

Instead, it only stands for the possibility that Mr. Baylor was occupationally exposed to asbestos. See ECF No. 1327 *3-5 (stating that CSX admitted Mr. Baylor had the opportunity to come into contact with asbestos, and that the lawyer defendants' expert believes, based upon historical knowledge, that the lawyer defendants had a good faith basis to believe Mr. Baylor was exposed to asbestos). While a possibility of exposure may certainly have existed, this does not stand for the proposition that the defendants did not still falsify the documents to show such an exposure, which CSX then relied upon to its detriment. Thus, this Court cannot grant summary judgment on behalf of the lawyer defendants based on their occupational exposure argument, as at least one issue of material fact exists -- whether the lawyer defendants falsified the documents that CSX relied upon.

B.  <u>Lawyer Defendants' Argument Regarding the Effect of the Disposition of Mr. Baylor's 2001 Claims</u>

The lawyer defendants' second argument for summary judgment on the Earl Baylor allegations concerns the disposition of Mr. Baylor's 2001 lawsuit against CSX. In 2001, Mr. Baylor was part of a lawsuit that alleged Mr. Baylor was injured as a result of asbestos exposure. The lawyer defendants did not represent Mr. Baylor in this action. CSX, however, settled this lawsuit and paid Mr. Baylor $7,500.00. Thereafter, CSX and Mr. Baylor entered into a release as a result of this settlement wherein the lawyer

11

defendants assert that Mr. Baylor released CSX from any future liability relating to any asbestos injury. The lawyer defendants argue that because CSX knew about this release, CSX could not have reasonably relied on any representation by the lawyer defendants as to Mr. Baylor's having a viable claim for asbestosis in 2006, nor could it have reasonably incurred damages resulting from such reliance. The lawyer defendants then argue that because of the res judicata effect of the dismissal following the execution of the release, CSX could not have reasonably relied or incurred damages in reliance on any representations made by the lawyer defendants. Furthermore, the lawyer defendants argue that no reasonable jury could conclude that it was fraud to have made basically the same asbestos-related allegations as those in a complaint that CSX previously settled. This Court, however, finds that there are genuine issues of material fact concerning whether or not the lawyer defendants did commit fraud relating to Mr. Baylor's claims. Therefore, this Court cannot grant summary judgment based on the lawyer defendants' arguments regarding the effects of the disposition of Mr. Baylor's 2001 claims.

First, regarding the lawyer defendants' argument concerning the release, this Court finds that a reasonable jury could find that CSX reasonably relied upon the lawyer defendants' assertions that there was a good faith basis for the claim. CSX's expert's report (ECF No. 1350 Ex. 13 *14-17) provides information that a

jury could consider concerning whether CSX could have reasonably relied on the lawyer defendants' assertions concerning Mr. Baylor despite the release.  Thus, such a determination must be left to the jury.

Second, it is not certain that the second lawsuit in 2006 would have been barred as a result of the disposition of the 2001 claim on res judicata grounds.  For res judicata to apply, "the issue raised and determined in the second action or suit must be identical with the issue raised and determined in the first action or suit."  White v. SWCC, 262 S.E.2d 752, 756 (W. Va. 1980) (citing Soto v. Hope Natural Gas Co., Syl. pt. 1, 95 S.E.2d 769 (W. Va. 1956)).  "The essential elements of res judicata are identity in the thing sued for, identity in the cause of action, identity of persons and of parties to the action, and identity of quality in the persons for or against whom the claim is made."  Id. (citing Pearson v. Dodd, 221 S.E.2d 171 (W. Va. 1975); Wolfe v. Forbes, 217 S.E.2d 899 (W. Va. 1975); Staubs v. Commissioner, 168 S.E.2d 730 (W. Va. 1969)).  To determine whether the causes of action are identical, a court must "inquire whether the same evidence would support both actions or issues."  Id. (citations omitted).  Here, based on the record presented, it is unclear whether the same evidence would support both the 2001 and the 2006 suit, which requires that this Court leave this matter for the jury to determine.

Finally, while a jury could conclude that because CSX settled Mr. Baylor's claim in 2001, a similar claim made in 2006 could not have been fraudulent, this is not the only conclusion available to a jury. The lawyer defendants seem to be arguing that because CSX settled the 2001 claim, that claim was in fact a valid, non-fraudulent claim, and because it was not fraudulent in 2001, a similar claim brought five years later, cannot be fraudulent. A reasonable jury, however, does not have to come to this conclusion. Instead, it could determine, for instance, that CSX determined it would be more cost-effective to settle with the defendant for the amount of $7,500.00 than to conduct further investigation into the validity of the 2001 claim. Such a determination does not necessarily mean CSX felt the claim was not fraudulent or that it was a valid claim. Ultimately, due to the issues of material fact regarding the effect of the 2001 disposition of Mr. Baylor's claim, this Court cannot grant summary judgment in the lawyer defendants' favor based on these arguments.

C. <u>Lawyer Defendants' Argument Regarding the Noerr-Pennington Doctrine</u>

The lawyer defendants' final argument in this particular motion for summary judgment is that CSX's claims related to Mr. Baylor are precluded by the <u>Noerr-Pennington</u> doctrine. The <u>Noerr-Pennington</u> doctrine "grants First Amendment immunity to those who engage in petitioning activity." <u>IGEN Intern., Inc. v. Roche</u>

14

Diagnostics GmBH, 335 F.3d 303, 310 (4th Cir. 2003) (citations omitted). "This includes the pursuit of litigation." Id. The doctrine, however, does not protect those who file "sham" lawsuits. Prof'l Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49, 51 (1993). Litigation is a "sham" if the underlying lawsuit was (1) objectively baseless and (2) subjectively intended to abuse process. Id. at 60-61. A lawsuit is objectively baseless if "no reasonable litigant could realistically expect success on the merits." Id. at 60.

CSX argues that the lawyer defendants' Noerr-Pennington argument is barred based on the mandate rule. The mandate rule promotes judicial economy and finality by providing "'that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988)). The defendants state that because the Fourth Circuit decided that the Noerr-Pennington doctrine was inapplicable in this case, the mandate rule prohibits further consideration of the question.

The Fourth Circuit specifically found that, because the record contained sufficient allegations to support the sham exception, summary judgment should not be granted based on the Noerr-Pennington doctrine. This Court, however, previously decided that

the mandate rule is not applicable in this case, regardless of the Fourth Circuit's decision on December 30, 2010. CSX Transp., Inc. v. Gilkison, No. 5:05CV202, 2012 WL 1598081, *7 (May 3, 2012) ("This Court finds that the mandate rule is not applicable in this case."). As stated in May 2012, the Fourth Circuit issued its opinion in December 2010, which was almost ten months before CSX filed its third amended complaint. Numerous differences exist between the complaint that the Fourth Circuit considered and the complaint currently at issue. Id. Because the summary judgment motion is "premised on CSXT's new allegations in the third amended complaint, these are arguments that were not available in responding to the amended complaint and they were not decided by the Fourth Circuit." Id.

Nevertheless, assuming that the Noerr-Pennington doctrine is even applicable in this case, this Court finds that the doctrine does not provide a basis for summary judgment based on the current record. There is sufficient evidence alleged in the record by CSX to support the sham exception. The lawyer defendants argue that CSX cannot carry its burden of demonstrating that the suit against CSX is objectively baseless. This argument is based on CSX's settlement of an early suit involving Mr. Baylor in 2001, which the lawyer defendants claim was substantively the same lawsuit as the lawsuit brought on behalf of Mr. Baylor by the lawyer defendants in 2006. The lawyer defendants state that because the lawsuits were

16

substantively the same and CSX settled the 2001 lawsuit, the 2006 lawsuit could not have been objectively baseless or CSX would not have settled the 2001 lawsuit. This Court agrees with CSX, however, in so much as it finds that the settlement of the 2001 lawsuit brought on behalf of Mr. Baylor does not establish that the 2006 lawsuit was not objectively baseless nor does it even establish that the 2001 lawsuit was not objectively baseless. Thus, because CSX alleges sufficient evidence at this stage to support the sham exception, this Court cannot grant summary judgment in the lawyer defendants' favor based on these arguments.

## IV. Conclusion

For the above stated reasons, the lawyer defendants' motion for summary judgment related to CSX's Earl Baylor allegations and claims (ECF No. 1326) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: November 26, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE