IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                               Civil Action No. 5:05CV202
                                                                               (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON THE COUNTERCLAIMS**

I. Background

This is one of three motions for summary judgment before this Court.[1] On September 14, 2012, the plaintiff, CSX Transportation, Inc. ("CSX"), filed this particular motion for summary judgment on the counterclaims. Within this motion, CSX argues this Court should grant its motion for summary judgment on the counterclaims because: (1) the lawyer defendants cannot prove that CSX made a false representation in the amended complaint; (2) the lawyer defendants cannot prove that they relied on any alleged misrepresentation in the amended complaint; (3) Count II of the

---

[1] For a brief procedural history of this case, please see this Court's memorandum opinion and order denying lawyer defendants' motion for summary judgment related to CSX's Earl Baylor allegations and claims (ECF No. 1436).

counterclaims against CSX fails if Count I of the counterclaims fails; (4) Count II of the counterclaims fails regardless of Count I failing because the lawyer defendants cannot prove falsity, justifiable reliance, and intent to defraud; and (5) the lawyer defendants cannot prove the conduct necessary to merit an award of punitive damages.

The lawyer defendants then filed a response to CSX's motion for summary judgment on the counterclaims.  In this response, the lawyer defendants argue: (1) the full scope of the counterclaims as pled raises numerous factual disputes that preclude summary judgment on Count I of the counterclaims; (2) even under the refined version of the counterclaims, numerous factual issues exist that preclude summary judgment on Count I of the counterclaims; (3) numerous factual issues exist that preclude summary judgment on Count II of the counterclaims; and (4) the lawyer defendants' claim for punitive damages is proper.

CSX then filed a reply in which it argued that the alleged factual disputes identified by the lawyer defendants do not preclude this Court from granting summary judgment on the counterclaims in CSX's favor.  In its reply, CSX further argued the reasons that this Court should grant summary judgment on the counterclaims in CSX's favor; again, stating that the lawyer defendants cannot prove falsity, reliance, or an intent to defraud as to either count in the counterclaim and in the alternative, CSX

is entitled to summary judgment on the requests for punitive damages.

For the reasons stated below, this Court finds that CSX's motion for summary judgment on the counterclaims is denied, as genuine issues of material fact exist.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718-19 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for

summary judgment may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(stating that summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all

inferences must be viewed in the light most favorable to the party opposing the motion.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Because the claims at issue in this particular motion for summary judgment involve fraud, a higher standard of proof applies. Under West Virginia law, "[a]llegations of fraud, when denied by proper pleading, must be established by clear and convincing proof." Calhoun County Bank v. Ellison, 54 S.E.2d 182, syl. pt. 5 (W. Va. 1949).  See also Tri-State Asphalt v. McDonough Co., 391 S.E.2d 907, 912 (W. Va. 1990) (same); Elk Refining Co. v. Daniel, 199 F.2d 479, 482 (4th Cir. 1952) ("The burden of proving fraud is unquestionably heavy . . . and it is also well established that one cannot rely blindly upon a representation without suitable investigation and reasonable basis.").  Mere allegations in the pleadings are not sufficient to survive a motion for summary judgment. Celotex, 477 U.S. at 322.  As the Supreme Court noted in Anderson, 477 U.S. at 252, "the inquiry involved in a ruling on a motion for summary judgment . . . necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."  Therefore, if CSX shows the absence of any genuine issue of material fact, this Court must determine whether the lawyer defendants have "brought forth sufficient facts to meet the 'clear and convincing' standard of proof required to support an allegation of fraud."  Schleicher v. TA Operating Corp., No.

5:06CV133, 2008 WL 111338 (N.D. W. Va. Jan. 9, 2008), aff'd, 319 F. App'x 303 (4th Cir. 2009).

### III. Discussion

The lawyer defendants' counterclaims against CSX consist of two counts. In Count I, the lawyer defendants allege that CSX made fraudulent misrepresentations in its amended complaint. In CSX's amended complaint, it alleged that the lawyer defendants committed fraud by bringing the claims on behalf of Mr. Baylor against CSX. The lawyer defendants claim that, in light of the release,[2] CSX's assertions in the amended complaint concerning the claims filed by the lawyer defendants on behalf of Mr. Baylor, were false. In Count II, the lawyer defendants argue that CSX made further fraudulent misrepresentations in its discovery responses. The lawyer defendants allege that CSX's failure to disclose the release in responding to discovery intentionally deceived the lawyer defendants and resulted in misrepresentations regarding the existence of the release.

Under West Virginia law, the essential elements in an action for fraud are as follows: "(1) that the act claimed to be

---

[2]In 2001, Mr. Baylor was part of a lawsuit that alleged Mr. Baylor was injured as a result of asbestos exposure. The lawyer defendants did not represent Mr. Baylor in this action. CSX, however, settled this lawsuit and paid Mr. Baylor $7,500.00. Thereafter, CSX and Mr. Baylor entered into a release as a result of this settlement wherein the lawyer defendants assert that Mr. Baylor released CSX from any future liability relating to any asbestos injury.

6

fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." Syl. Pt. 5, Kidd v. Mull, 595 S.E.2d 308 (W. Va. 2004). Further, actual fraud, which is the fraud at issue here "is intentional, and consists of intentional deception to induce another to part with property or to surrender some legal right, and which accomplishes the end designed." Stanley v. Sewell Coal Co., 285 S.E.2d 679, 683 (W. Va. 1981). There cannot be any dispute as to whether genuine issues of material fact exist concerning these elements in order for this Court to grant summary judgment in favor of CSX. CSX makes five arguments, as outlined above and discussed in further detail below, regarding why this Court should grant summary judgment in CSX's favor on the lawyer defendants' counterclaims. Viewing the facts in the light most favorable to the lawyer defendants, the nonmoving parties, however, this Court finds that there are genuine issues of material fact that must be determined at trial.

A. Count I: False Representations in CSX's Amended Complaint

CSX states that Count I of the lawyer defendants' counterclaims alleges that the statements made in CSX's amended complaint "are false because the Baylor claim . . . was 'barred by the Release.'" ECF No. 1316 Attach. 29 *10. CSX's first argument

7

is that to prove such an assertion of falsity, the lawyer defendants must prove at least three things: (1) that CSX was obligated to invoke the release; (2) that invoking the release necessarily would have resulted in dismissal of the Baylor claim; and (3) that CSX would have expended no money or resources in obtaining dismissal of the claim on that basis.  CSX argues that the lawyer defendants cannot prove these three things and thus, summary judgment should be granted in its favor concerning Count I.  The lawyer defendants, however, assert that this argument ignores the actual scope of the lawyer defendants' counterclaims.  Further, the lawyer defendants state that, even under CSX's version of the counterclaims, numerous factual issues exist that preclude summary judgment on Count I.

This Court finds that genuine issues of material fact do exist as to whether CSX made false assertions in its amended complaint, as a reasonable jury may find that CSX did not or could not have reasonably relied on the lawyer defendants' claims regarding Mr. Baylor.  Although showing that the lawyer defendants could not prove those three things may be evidence used to show that CSX's assertions in the amended complaint were not false because CSX did reasonably rely on the claims involving Mr. Baylor, the lawyer defendants still may be able to prove to a reasonable jury that CSX's assertions in the amended complaint were false.  As the lawyer defendants indicate, the release itself may provide evidence

which a reasonable jury could use to conclude that CSX did not reasonably rely on the lawyer defendants' claims regarding Mr. Baylor in incurring damages.

There are genuine issues of material fact regarding whether CSX's claims in the amended complaint were false. Therefore, this Court cannot grant summary judgment in favor of CSX based on the above argument.

B.   Count I: Reliance on Misrepresentations in the Amended Complaint

CSX next argues that because the lawyer defendants have consistently denied that CSX's statements concerning the Baylor asbestos claim are true, they cannot prove reliance. CSX relies upon Basic Inc. v. Levinson, 485 U.S. 224 (1988), for this proposition. Basic involved an action brought under Securities and Exchange Commission Rule 10b-5. In this case, the Court gave the following example of the way in which these particular defendants could rebut the presumption of reliance under Rule 10b-5:

> "For example, a plaintiff who believed that [defendant's] statements were false and that [defendant] was indeed engaged in merger discussions, and who consequently believed that [defendant's] stock was artificially underpriced, but sold his shares nevertheless because of other unrelated concerns, e.g., potential antitrust problems, or political pressures to divest from shares of certain businesses, could not be said to have relied on the integrity of a price he knew had been manipulated."[3]

---

[3]In CSX's memorandum in support of its motion for summary judgment on the counterclaims, CSX cites this sentence as follows: "[A] plaintiff who believed that [the defendant's] statements were

Basic, 485 U.S. at 249. CSX argues that this quoted language stands for the proposition that because the lawyer defendants disputed CSX's allegations of fraud, the lawyer defendants cannot now claim to have relied upon those allegations.

This Court, however, does not find this argument to be persuasive. The claims in this case do not involve the same subject matter, and thus they do not involve the same law as applied in Basic. Further, this Court cannot find, nor has CSX provided, any case law standing for the proposition that the denial of allegations in a complaint precludes a finding of reliance in a later action for fraud concerning those allegations. A reasonable jury may still find that the lawyer defendants relied on the allegations in defending against said allegations. Therefore, this Court cannot grant summary judgment based on this argument.

C. Count II: Falsity, Justifiable Reliance, and Intent to Defraud in Responding to Discovery Requests[4]

CSX next argues that this Court should grant summary judgment in its favor regarding Count II of the lawyer defendants' counterclaims. Count II of the lawyer defendants' counterclaims

---

false . . . could not be said to have relied on [them]." ECF No. 1316 Attach. 29.

[4]CSX also argues that if Count I fails, which concerns the alleged fraudulent misrepresentations in the amended complaint, then Count II concerning the alleged fraudulent misrepresentations in the discovery responses should also fail. This Court need not address this argument, however, because this Court did not find that Count I failed.

alleges that CSX made fraudulent misrepresentations in responding to the lawyer defendants' discovery requests. CSX alleges that the lawyer defendants cannot prove three separate essential elements of fraud as to Count II: (1) falsity; (2) justifiable reliance; and (3) intent to defraud. This Court, however, finds that there are genuine issues of material fact concerning these elements. Thus, this Court cannot grant summary judgment as to Count II of the counterclaims.

 1. <u>Falsity</u>

CSX first alleges that it did not make any false representations in responding to the lawyer defendants' discovery requests. CSX contends that the failure to produce the release immediately was not a representation that it did not exist. CSX relies upon <u>Anderson v. Criket Comms., Inc.</u>, No. 11-2004-STA-cgc, 2011 WL 4458758, at *3 (W.D. Tenn. Sept. 23, 2011), for the argument that "[a] failure to produce documents requested in discovery, in reliance on clearly stated objections, is not fraud." In opposition to this argument, the lawyer defendants state that the issue is not whether discovery was properly objected to, but instead it is about whether CSX's discovery responses were intentionally misleading.

CSX argues that the privilege log also did not constitute a representation that the release did not exist. The privilege log listed certain categories of information, including Mr. Baylor's

11

personnel file, as being withheld.  It did not specifically list the release that Mr. Baylor and CSX executed.  Specifically, CSX states that it was apparent that CSX was listing only categories of documents in the privilege log, so the log could not amount to a representation that a particular individual document did or did not exist.  Further, CSX asserts that the privilege log must be read in light of the corresponding responses to the requests for production.  These responses state that CSX was withholding Mr. Baylor's "personal information" which consisted of "his medical records, personnel files, and other documents which CSX is prohibited from disclosing"  ECF. No. 852 Ex. B *9 (emphasis added).  The lawyer defendants respond to these contentions by stating that the record demonstrates issues for the jury's determination.  The lawyer defendants cite to specific deposition testimony in support of this argument.  See ECF No. 1337 *10-13.

This Court agrees with the lawyer defendants, and finds that there are genuine issues of material fact that a jury must determine.  First, this issue is not resolved by the merely stating that "[a] failure to produce documents requested in discovery, in reliance on clearly stated objections, is not fraud." Anderson, 2011 WL 4458758, at *3.  The lawyer defendants are alleging more than objecting to and thus not producing the documents was fraud; they are alleging that the responses provided by CSX were themselves fraudulent.  Further, the record evidence cited by the

12

lawyer defendants illustrates evidence which shows that there is a genuine issue of material fact concerning whether CSX made fraudulent statements in the discovery responses and privilege log. See ECF No. 1337 *10-13. Specifically, this Court finds that the deposition testimony of CSX's 30(b)(6) deponent, which provides contradicting testimony concerning whether the release was left off of the privilege log or whether it was subsumed within a general category of documents, provides evidence that a jury could use to find in favor of the lawyer defendants. See ECF No. 1337 Ex. 12 *12-15. Further, inconsistencies between the discovery responses and deposition testimony regarding what is and is not contained within a CSX employee's personnel file also provides evidence that a jury could use to find in favor of the lawyer defendants. Therefore, this Court cannot grant summary judgment based on the above arguments.

    2.   <u>Justifiable Reliance</u>

CSX's next argument regarding why this Court should grant summary judgment in favor of CSX on Count II of the counterclaims, is that the lawyer defendants cannot prove that they justifiably relied on the supposed failure to state specifically that "other documents" were being withheld on privacy grounds in the privilege log. CSX argues that the lawyer defendants could not have justifiably relied on the failure because in CSX's response to the request for production of documents CSX said it was withholding

"other documents." CSX claims that due to this, the lawyer defendants were fully apprised of the "other documents" category. CSX states that this case is "just like" Rockley Manor v. Strimbeck, 382 S.E.2d 507 (W. Va. 1989). CSX states that in Rockley Manor that court affirmed summary judgment "on the ground that there was insufficient evidence of reliance, where the plaintiff alleged that a document provided by the defendant had misrepresented a fact but other documents provided by the defendant did not." ECF No. 1316 Attach. 29 *21. The lawyer defendants argue that this case is inapplicable to this situation, because "the defrauded party actually had possession of the documents . . . that were directly contrary to the allegedly fraudulent misrepresentations." ECF No. 1337 *23.

This Court agrees with the lawyer defendants. The court's holding in Rockley Manor is not applicable to this case. Rockley Manor dealt with a situation where a purchaser of property brought an action for misrepresentation of the property's boundaries based on a document provided by the defendant. Rockley Manor, 382 S.E.2d at 508. The purchaser, however, did his own investigation regarding the property and was also provided with other documents that did not contain the inaccurate description. Id. at 509. The lawyer defendants did not partake in any independent investigation, nor did they have any documents that were directly in contrast to either CSX's representations in the privilege log or in its

14

discovery responses. Further, this Court finds that there are genuine issues of material fact regarding whether the defendants justifiably relied on CSX's assertions in its privilege log and discovery responses. Specifically, the use of "other documents" in the discovery response could be seen by the jury to be too ambiguous to provide the lawyer defendants of notification that there was in fact a release executed by Mr. Baylor and CSX. As a result, a jury could find that the lawyer defendants justifiably relied on CSX's failure to inform the lawyer defendants of the release. Therefore, because there are genuine issues of material fact, this Court cannot grant summary judgment in favor of CSX based on their justifiable reliance argument.

    3.    <u>Intent to Defraud</u>

CSX's final argument concerning why this Court should grant summary judgment in its favor on Count II of the counterclaims, is that the lawyer defendants cannot prove an intent to defraud. Because this case involves actual fraud, the lawyer defendants must prove that CSX acted with the requisite fraudulent intent. <u>See</u> <u>Stanley</u>, 285 S.E.2d at 683. "[T]he existence of fraud is not deducible from facts and circumstances which would be equally consistent with honest intentions. In sum, a presumption always exists in favor of innocence and honesty in a given transaction and the burden is upon one who alleges fraud to prove it by clear and

15

distinct evidence." Steele v. Steele, 295 F. Supp. 1266, 1269 (S.D. W. Va. 1969).

CSX alleges that in at least four respects the facts and circumstances involved in this case are at the very least equally consistent with honest intentions and thus preclude the lawyer defendants from establishing the requisite fraudulent intent. First, CSX argues that the routine judgment calls parties make in responding to discovery requests are not indicative of evil intent or improper motive. Second, CSX states that the invitation it provided the lawyer defendants to provide an authorization that could have resulted in the immediate production of the release is inconsistent with an intent to keep the lawyer defendants from learning about it. Third, besides discovery, CSX argues that the lawyer defendants could have learned about the release in other ways, for instance, through Mr. Baylor. Fourth, CSX claims that it would have been irrational for CSX to make the disclosure regarding the Baylor case in its pretrial disclosures in August 2009 if its intention had been to keep the lawyer defendants in the dark about the release.

The lawyer defendants oppose this argument, and say that all of these four instances may be argued by CSX to a jury and all may weigh in favor of not finding that CSX acted with fraudulent intent. However, based on the factual record, the lawyer defendants state that the jury would still be entitled to find that

16

fraudulent intent did exist. The lawyer defendants state that based on the misleading discovery responses and privilege logs, along with the publicly available complaint and dismissal order in Mr. Baylor's original case, which was not provided to the lawyer defendants, a jury could find that CSX acted with fraudulent intent. This Court agrees with the lawyer defendants. There are genuine issues of material fact regarding CSX's fraudulent intent, as evidenced by the lawyer defendants' argument above, which must be left for a jury to determine. Therefore, this Court cannot grant summary judgment on CSX's argument regarding its lack of fraudulent intent.

D.  <u>Punitive Damages</u>

CSX lastly argues that even if CSX is not entitled to summary judgment on Count I and Count II of the lawyer defendants' counterclaims, it is at least entitled to summary judgment on the lawyer defendants' claim for punitive damages. Under West Virginia law, punitive damages may be awarded "[i]n actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear." <u>Wells v. Smith</u>, 297 S.E.2d 872, 877 (W. Va. 1982), <u>overruled in part on other grounds by</u> <u>Garnes v. Fleming Landfill, Inc.</u>, 413 S.E.2d 897 (W. Va. 1991). CSX states there is no rational basis for the jury to find that CSX committed anything more than ordinary fraud, as it claims there is no evidence of

aggravating circumstances. The defendants argue that whether CSX's alleged fraud merits punitive damages, is a jury question and at a minimum, this Court should hear the evidence at trial before deciding whether to let the issue of punitive damages go to the jury.

This Court finds that based on the record before it, it cannot say that a reasonable jury could not find the alleged fraud to be gross fraud, and thus subject to an award of punitive damages. Therefore, because there is a genuine issue of material fact concerning whether an award of punitive damages may or may not be appropriate, this Court cannot grant summary judgment in favor of CSX on the lawyer defendants' claim for punitive damages. This Court, however, will consider bifurcating the punitive damages claim, and this procedure will be discussed at the pretrial conference. "Whenever the district court orders a bifurcated trial [for punitive damages], the jury should be required, in the first phase, to determine whether punitive damages are to be awarded, and only if its verdict so determines, should it be presented in the second phase with the evidence relevant to the factors for finding the appropriate amount." Mattison v. Dallas Carrier Corp., 947 F.2d 95 (4th Cir. 1991).

## IV. Conclusion

For the above stated reasons, CSX's motion for summary judgment on the lawyer defendants counterclaims (ECF No. 1316) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    November 26, 2012

>                               /s/ Frederick P. Stamp, Jr.
>                               FREDERICK P. STAMP, JR.
>                               UNITED STATES DISTRICT JUDGE