IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

      Plaintiff,

v.                                 Civil Action No. 5:05CV202
                                            (STAMP)
ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## RELATING TO CSX TRANSPORTATION, INC.'S MOTIONS IN LIMINE

Pending before this Court are certain motions in limine filed by plaintiff, CSX Transportation, Inc. ("CSX"), and the defendants, Robert N. Pierce, Jr., Louis A. Raimond, and Ray Harron, M.D., relative to the jury trial that is scheduled to commence on Tuesday, December 11, 2012. This Court has reviewed these separate motions and makes the following findings concerning the plaintiff CSX's motions in limine:

1.   CSX's Motion in Limine to Exclude the Counterclaims-Related Testimony of the Lawyer Defendants' Expert Witness R. Gregory McDermott (ECF No. 1412) -- GRANTED IN PART AND DENIED IN PART.

By this motion, CSX seeks to preclude the lawyer defendants' expert, Gregory McDermott, from providing counterclaims-related testimony. In support of this, CSX asserts that each of the five

opinions in Mr. McDermott's reports runs afoul of the admissibility requirements of <u>Daubert v. Merrel Dow Pharm., Inc.</u>, 509 U.S. 579 (1993) and Fed. R. Evid. 702.   First, CSX asserts that Mr. McDermott's opinion that the lawyer defendants' past practice with respect to releases renders CSX's claim fraudulent should be excluded for the following three reasons: (1) Mr. McDermott has no "knowledge, skill, experience, training or education," in accordance with Fed. R. Evid. 702 that would qualify him to opine on the course of conduct between the lawyer defendants and CSX with respect to prior releases, and he has no experience with mass litigation; (2) Mr. McDermott offers no "scientific, technical, or other specialized knowledge" concerning the past release practice in accordance with Fed. R. Evid. 702; (3) Mr. McDermott's core testimony that, in light of this past practice, CSX's allegations in the amended complaint were "false" and "material" is an inadmissible legal conclusion.   Second, CSX argues that Mr. McDermott's assertion that the mere existence of the prior Baylor release renders CSX's Baylor-related claims fraudulent is purely a legal conclusion that is inadmissible.   Third, CSX asserts that Mr. McDermott's testimony regarding the duty of candor is unreliable and should not be admitted.   Fourth, CSX argues that Mr. McDermott's implicit opinion that the language of CSX's amended complaint should be interpreted to have alleged that CSX was forced to expend "substantial" resources to defend the Baylor claim alone

should be excluded because it is not based on scientific, technical, or specialized knowledge nor does he offer a factual basis or explanation for the interpretation or have personal knowledge of CSX's intent. Fifth, CSX argues that Mr. McDermott's opinion addressing the "discovery fraud" allegations in Count II of the counterclaims provides only a legal conclusion and is therefore inadmissible.

The lawyer defendants respond to these argument by stating: (1) that Mr. McDermott has the necessary qualifications of an expert witness under Fed. R. Evid. 402; (2) the testimony set forth in the McDermott report will be helpful to the jury under Fed. R. Evid. 702; and (3) the McDermott report does not contain an opinion on the duty of candor as described by CSX.

Insomuch as CSX argues that testimony by Mr. McDermott should be excluded because he is not qualified under Fed. R. Evid. 702, that argument fails. As the lawyer defendants indicate, CSX can certainly cross-examine Mr. McDermott on particulars of his experience, but that certainly does not render him unqualified. Mr. McDermott's background as a civil litigator along with his other achievements show that such an argument regarding his qualifications lacks merit. Therefore, this Court denies CSX's motion in limine insomuch as it argues that Mr. McDermott's testimony should be excluded based on his lack of qualifications.

However, Mr. McDermott's testimony that merely states legal conclusions and thus are unhelpful to the jury are excluded. Although, according to Federal Rule of Evidence 702, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact[,]" such testimony still "must be otherwise admissible under the Rules of Evidence." United States v. Perkins, 470 F.3d 150, 157 (4th Cir. 2006) (citing Weinstein's Federal Evidence § 704.03(1) (2d ed. 2002)).   The United States Court of Appeals for the Fourth Circuit explained this concept by stating:

> [T]he testimony must be helpful to the trier of fact, in accordance with Rules 701 and 702, and must not waste time, in accordance with Rule 403. "These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day."

Id. (citing United States v. Barile, 286 F.3d 749, 759-60 (4th Cir. 2002) (quoting Fed. R. Evid. 704 advisory committee note)).   The Fourth Circuit stated that it is therefore, "the district court's task . . . 'to distinguish [helpful] opinion testimony that embraces an ultimate fact from [unhelpful] opinion testimony that states a legal conclusion.'"   Id. (quoting United States v. Barile, 286 F.3d 749, 760 (4th Cir. 2001).   To do so, a court must "determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular."   Id. at 158 (citations omitted).   As

4

the Fourth Circuit indicates, this is not an easy task, as "[t]he rule makes ultra-fine distinctions, with admissibility often turning on word choice."   Id.

CSX's first contention regarding specific language found in Mr. McDermott's expert report that CSX would like to be excluded revolves around the words "false" and "material."  CSX believes that such statements should be excluded as they constitute impermissible legal conclusions.  Through analyzing the relevant case law above, this Court finds that while Mr. McDermott's use of the "false" in referring to CSX's statements is not an impermissible legal conclusion, Mr. McDermott's use of "material" is.  While "false" does not have a "separate, distinct and specialized meaning in the law different from that present in the vernacular[,]" "material" does.  As stated in Barile, "materiality has a specialized legal meaning, and it is therefore within the district court's discretion to exclude such testimony."  286 F.3d at 761.  Therefore, this Court grants CSX's motion insomuch as it seeks to preclude testimony from Mr. McDermott that uses the term "material."

CSX's second contention is that Mr. McDermott's assertion that the existence of the prior Baylor release renders CSX's Baylor-related claims fraudulent is purely a legal conclusion that is inadmissible.  This Court agrees.  The Fourth Circuit has held that "'[m]anipulation', 'scheme to defraud,' and 'fraud' are not self-

5

defining terms but rather have been the subject of diverse judicial interpretations." <u>United States v. Scop</u>, 846 F.2d 135 (4th Cir. 1988).  Because the use of the word "fraud" or "fraudulent" has a separate, distinct and specialized meaning in the law different from that present in the vernacular[,]" this Court grants CSX motion insomuch as it seeks to exclude testimony from Mr. McDermott that uses the terms "fraudulent."

CSX's third contention is that testimony by Mr. McDermott regarding the duty of candor is unreliable and therefore should be excluded.  The lawyer defendants respond that they do not intend to have Mr. McDermott testify about ethical rules or the duty of candor, because the lawyer defendants claim that such things are not subjects of his report.  Therefore, because the lawyer defendants do not intend to offer such evidence, this Court denies this portion of the motion as moot.

CSX's fourth contention is that Mr. McDermott's opinion that the language of CSX's amended complaint should be interpreted to have alleged that CSX was forced to expend "substantial" resources to defend the Baylor claim alone should be excluded.  CSX argues that such opinion is not based on scientific, technical, or specialized knowledge nor does Mr. McDermott offer a factual basis or explanation for the interpretation or have personal knowledge of CSX's intent.  The lawyer defendants respond by stating that CSX has not dealt with the actual opinion set forth in Mr. McDermott's

report.  They contend that Mr. McDermott used his expertise as a seasoned litigator to assess that the release, the parties' past practice, and the actions of a reasonable litigant make CSX's allegation false.  The lawyer defendants argue that this is not something in the experience of a lay juror and therefore it is helpful and should be admissible.  This Court finds there to be no basis in the rules of evidence to exclude the exact testimony cited by CSX.  CSX's concerns are better addressed through cross-examination.  Therefore, this portion of CSX's motion in limine is denied.

CSX's fifth contention is that Mr. McDermott's opinion addressing the "discovery fraud" allegations in Count II of the counterclaims provides only a legal conclusion and is therefore inadmissible.  Specifically, CSX argues that Mr. McDermott's assertion that "CSX's failure to disclose the Release and related documents and/or to properly list them on a privilege log constitutes a material, false representation[,]" (ECF No. 1412 Ex. 1) is a conclusion that invades the province of the jury.  The lawyer defendants respond, that Mr. McDermott's report does not provide an impermissible legal conclusion as it is helpful to a jury because discovery obligations and the proper preparation and interpretation of privilege logs are not within the experience of the lay juror.  This Court finds that Mr. McDermott's statement concerning the "material, false representations" is merely a legal

conclusion, because as stated above, "materiality has a specialized legal meaning, and it is therefore within the district court's discretion to exclude such testimony." <u>Barile</u>, 286 F.3d at 761. Therefore, insomuch as CSX argues that such statement should be excluded from testimony, the motion in limine is granted. However, with regard to the rest of Mr. McDermott's testimony dealing with Count II, this Court finds no basis to exclude such testimony. Thus, this Court must deny CSX's motion in limine insomuch as it seeks this Court to exclude all testimony concerning Count II of the lawyer defendants' counterclaims.

2.  <u>CSX's Motion to Exclude the Opinions and Report of Doctor Henry K. Smith</u> (ECF No. 1411) -- DENIED.

By this motion, CSX seeks to exclude the opinions and reports of one of the lawyer defendants' possible witnesses, Henry K. Smith, D.O. Dr. Smith reviewed x-rays of Earl Baylor in producing a B read used apart from this litigation and apart from the underlying Federal Employer's Liability Act ("FELA") claim filed by the lawyer defendants. In support of this motion, CSX argues that: (1) Dr. Smith's opinions should be excluded as unreliable because he took the liberty to perform a composite B read of two admittedly inadequate x-rays in violation of all known B reading conventions; and (2) the opinion of Dr. Smith should be excluded under Rule 403 because the minimal, if any, probative value is substantially outweighed by the risk of unfair prejudice and juror confusion. In

8

their response to this motion, the lawyer defendants assert that Dr. Smith's evidence is admissible under Fed. R. Evid. 702 standards, and his evidence is factually probative.

CSX's first contention that Dr. Smith's opinions should be excluded as unreliable lacks merit. CSX argues that, because he failed to follow the mandatory methodology prescribed by a federal agency in doing his B reads, and because there is nothing to suggest that his reading was permissible, acceptable, or reliable, this Court should exclude Dr. Smith's evidence under Rule 702 for not satisfying the <u>Daubert</u> standards. First, as the lawyer defendants indicate, they are calling him as a fact witness, and only reserve the right to qualify him as an expert if needed. <u>See</u> ECF No. 1447 *7. Therefore, it is unclear whether Mr. Smith's testimony or evidence must meet the <u>Daubert</u> standards. Even if it must meet such standards, this Court finds that it would.

The introduction of expert opinion testimony is governed by Rule 702 of the Federal Rules of Evidence, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;
>> (c) the testimony is the product of reliable principles and methods; and
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

9

Fed. R. Evid. 702.  This first prong of Fed. R. Evid. 702 is not in dispute.  However, the other three prongs are in dispute.  This Court agrees with the lawyer defendants in finding that those three prongs are met.  First, Dr. Smith's testimony will be based on his review of Mr. Baylor's x-rays, which constitutes adequate data and thus satisfies the second prong of Fed. R. Evid. 702.  Second, this Court finds that Dr. Smith used reliable principles and methods in reading both x-rays.  See ECF No. 1424 Ex. 2.  Even if Dr. Smith did not follow the mandatory methodology prescribed by a federal agency as CSX asserts, this does not mean his method of using two separate x-rays was unreliable.  The defendants produced a declaration from Dr. David Laman stating that the methodology prescribed by the federal agency does not affect the substantive reliability of an informed professional medical opinion based on the reading of multiple x-rays.  Id.  Dr. Laman also states that in his experience it is common to evaluate a person's medical condition based on a reading of multiple x-rays.  The lawyer defendants are correct in stating that CSX's criticism of the chosen methodology goes more towards the weight of the evidence rather than the admissibility and such criticism may be used during cross-examination.  The third prong is met based on a reading of Dr. Smith's deposition.  See ECF. 1424 Ex. 1.  This testimony indicates to this Court that he reliably applied the methodology he used to his reading of Mr. Baylor's x-rays.

CSX's next argument that Dr. Smith's evidence's probative value is substantially outweighed by the risk of unfair prejudice and juror confusion also lacks merit.  CSX argues that Dr. Smith's readings are not probative as they are based on different x-rays than those used by the lawyer defendants' B readers and the lawyer defendants did not even know about Dr. Smith's opinion prior to filing the underlying action.  CSX asserts that because the jurors may not appreciate these facts, the prejudice is extreme.  This Court disagrees.  As the lawyer defendants indicate, Dr. Smith's readings support the reasonableness or accuracy of later readings that found the same thing regardless of whether they were based on the same x-rays and thus the evidence is probative.  Further, this Court does not believe that CSX will be prejudiced from the introduction of such evidence, as it believes that a jury will be capable of understanding that different x-rays were used by the lawyer defendants' readers and the fact that the lawyer defendants did not know about the reports from Dr. Smith until after filing the Baylor suit.  This Court further does not believe that the introduction of Dr. Smith's evidence will confuse or overwhelm the jury, nor does it believe that it will cause such undue delay as to necessitate its exclusion.  Therefore, because this Court finds that such evidence should not be excluded under Fed. R. Evid. 702 or 403, it denies CSX's motion in limine concerning Dr. Smith.

3.  Counterclaim-Defendant CSX's Omnibus Motion in Limine (ECF No. 1414).

     By this motion, CSX seeks to exclude various testimony and evidence relating to the lawyer defendants' counterclaims. Specifically, CSX wishes to preclude the lawyer defendants from: (1) calling the parties' attorneys as witnesses at trial or introducing deposition testimony from those attorneys; (2) presenting new theories of liability to the jury on Count I of the counterclaims; (3) arguing to the jury or presenting evidence that CSX committed fraud by not producing the complaint and dismissal order from the 2002 Baylor action in discovery; (4) offering speculative evidence regarding damages allegedly stemming from the fraud asserted in Count II of the counterclaims; and (5) presenting evidence regarding attorneys' fees and costs incurred in prosecuting their counterclaims.  The lawyer defendants oppose the exclusion of this evidence and testimony.

     a.  Calling parties' attorneys as witnesses at trial or introducing deposition testimony from those attorneys -- GRANTED AS FRAMED.

     CSX argues that the lawyer defendants should be held to their representation in their opposition to CSX's motion for separate trials, that they will not rely on testimony from the parties' current attorneys to prove their counterclaims at trial.  CSX states that the lawyer defendants committed to not call CSX's

12

counsel to the stand "absent a door opening."  ECF. 1414 Ex. 1.
CSX claims that such an assurance is so vague as to not be an
assurance at all.   CSX argues that based on the doctrine of
judicial estoppel, which prevents a party from taking a stance that
is inconsistent with a prior litigation position, the lawyer
defendants should be precluded from calling any of CSX's attorneys
as witnesses.  Further, CSX states that the lawyers' assertion that
they reserved the right to introduce deposition testimony from
counsel for the parties rather than relying on live testimony is a
strained reading of the lawyer defendants' opposition to CSX's
motion for separate trials that cannot withstand scrutiny and flies
in the face of the Federal Rules of Civil Procedure.

The lawyer defendants respond by stating that they do not
intend to call the parties' attorneys as live witnesses and, if
necessary, would suggest that any testimony from counsel come via
deposition testimony that is rendered anonymous.  The lawyer
defendants state that they are only reserving the right to put on
attorney testimony in the unlikely event that some action by CSX
opens the door to such testimony.

This Court believes that the record adequately reflects the
lawyer defendants' intent to prove their counterclaims without
testimony of their current defense counsel or CSX's counsel.  While
the lawyer defendants seek to preserve the right to call such
attorneys if made necessary by some possible "door opening," the

lawyer defendants acknowledge that this is an "unlikely event." While this Court is willing to consider such a remote possibility should it arise, this Court believes there would be a heavy burden upon any party seeking to call any attorney during trial based upon the prior representations made in this case whether that testimony comes in through live testimony or by depositions.

     b.   <u>Presenting new theories of liability to the jury on Count I of the counterclaims</u> -- GRANTED.

     CSX argues that the lawyer defendants should be precluded from presenting new theories of liability to the jury on Count I of the counterclaims.  CSX argues that in the lawyer defendants' counterclaims, the lawyer defendants alleged that CSX's allegations regarding the Baylor claim were false because CSX had a release that the lawyer defendants, based on past practice, would have accepted.  Now, CSX states that the lawyer defendants disclaimed their initial theory of liability at the close of discovery and injected at least three new theories into the case.  These new theories are: (1) the allegations were fraudulent regardless of whether the lawyer defendants would have accepted the release; (2) the mere existence of the release rendered CSX's allegations fraudulent; and (3) the res judicata effect of the prior dismissal rendered the 2006 asbestosis claim not viable from the start.  CSX alleges that these new theories are untimely and that it would be prejudiced by the introduction of them.

14

The lawyer defendants respond to this motion in limine by arguing the CSX has invented the existence of supposed "entirely new theories of liability" and the counterclaims remain the same. The lawyer defendants argue that the new theories are either expressly pled or are merely unsurprising references by the lawyer defendants to evidence that is admissible as evidence of the fraud, even if not a separate basis for liability.

This Court agrees with plaintiff CSX that the matters raised recently by the lawyer defendants were not sufficiently pleaded in the counterclaims and should have been the subject of a timely motion to amend the counterclaim.  The plaintiff would be unfairly prejudiced by having to address these three matters at trial at this point.  The need to have included these matters in some detail is particularly true where, as here, the claims are for fraud which must follow the heightened pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure.  This Court does not agree with the lawyer defendants' contention that these matters are somehow subsumed expressed or implied by the assertions in the counterclaim.

c.   <u>Arguing to the jury or presenting evidence that CSX committed fraud by not producing the complaint and dismissal order from the 2002 Baylor action in discovery</u> -- GRANTED AS FRAMED.

CSX seeks to preclude the lawyer defendants from arguing or presenting evidence that CSX committed fraud by not producing the

complaint and dismissal order from the 2002 Baylor action in discovery, as this allegation is not included in the counterclaims. CSX argues that such an allegation by the lawyer defendants constitutes a new and additional claim of fraud, which was not pleaded in the counterclaim and thus cannot be alleged at trial. The lawyer defendants respond by stating that they are entitled to present the 2002 complaint and dismissal order.   The lawyer defendants argue that CSX's failure to turn over the documents shows a lack of mistake and motive on the fraud counterclaim related to the release.

This motion in limine is granted for the same reasons that the Court granted the above-referenced motion in limine relating to the presentation of "new theories of liability on Count I of the counterclaim."  Since the Court is not permitting any of the three matters raised above, of which the complaint and dismissal order is one, this Court does not believe that evidence regarding the complaint and dismissal in the first Baylor civil action should be used as evidence of fraud.   However, CSX argues that the 2002 complaint and dismissal order might be admissible to "the extent that the lawyer defendants can establish that evidence regarding the two documents is relevant to their claims that CSX committed fraud by not producing the release, it may be admissible for that limited purpose, provided it otherwise satisfies the Federal Rules of Evidence" (ECF No. 1414 *16).   The parties shall alert this

Court at or prior to trial as to how and when any such evidence would be offered.

d. <u>Offering speculative evidence regarding damages allegedly stemming from the fraud asserted in Count II of the counterclaims -- DEFERRED.</u>

CSX requests that this Court preclude the lawyer defendants from offering speculative evidence regarding damages allegedly stemming from the fraud asserted in Count II of the counterclaims. CSX alleges that the lawyer defendants' theory on damages for Count II of the counterclaims appears to be that, if CSX had produced the release in February 2009, the lawyer defendants would have soon after filed a motion for summary judgment and sought to stay discovery. CSX argues that this theory depends on the idea that this Court would have granted a stay and ruled in the lawyer defendants' favor on the summary judgment motion. CSX argues that the lawyer defendants cannot establish either of those propositions by anything other than conjecture at this point, and proof of damages cannot be sustained by mere speculation or conjecture. Therefore, CSX states that the lawyer defendants should not be allowed to offer speculative evidence on the damages. The lawyer defendants respond by stating that they are entitled to present evidence of damages stemming from Count II of the counterclaims. The lawyer defendants compare their evidence to that offered in a legal malpractice case to prove damages, and contend that the

17

amount and reasonableness of damages is a fact question for the jury.

At this stage of the case in which no evidence of any kind, much less evidence of any damages to any party, this Court will defer ruling on this motion until trial.  Assuming that the issue of any damages goes to the jury, this Court will instruct the jury on the issue of damages which can include the admonition that damages, like other issues, may not be awarded on speculation but also to the effect that it is the uncertainty as to the fact of damages and not as to the amount of damages resulted and mere uncertainty as to the amount does not justify a jury in refusing recovery.  Such instruction, along with other instructions, would, of course, be reviewed with counsel at the charge conference at the conclusion of all evidence.

e.   <u>Presenting evidence regarding attorneys' fees and costs incurred in prosecuting their counterclaims</u> -- GRANTED IN PART and DEFERRED IN PART.

Within this motion, CSX lastly seeks to preclude the lawyer defendants from presenting evidence regarding attorneys' fees and costs incurred in prosecuting their counterclaims.  CSX argues that because this Court previously ruled that a party's attorneys' fees for the prosecution of a fraud claim is not a "fact of consequence" to be proven at trial and are therefore not discoverable as relevant evidence, this Court should also preclude the lawyer

defendants from offering such evidence at trial under Fed. R. Evid. 402.   Further, CSX argues that inclusion of such fees in documentation submitted to the jury could easily confuse and mislead the jury, which would then prejudice CSX by opening the door to an inflated damages award.   Therefore, CSX argues that such evidence should also be precluded under Fed. R. Evid. 403.   The lawyer defendants respond by stating that they will not seek such fees as damages at trial but rather in the form of a post-trial petition.   The lawyer defendants do state however, that they "reserve the right to present the full picture as to the harm suffered by the [l]awyer [d]efendants by CSX's fraud so the jury understands that insurance will not cover the entire loss by CSX's fraud so the jury understands that insurance will not cover the entire loss and that a portion of that loss (in the form of fees spent defending against the Baylor claim prior to filing of the counterclaims) is recoverable as damages on the [c]ounterclaims."

As noted, the lawyer defendants respond to this motion by noting that "[b]ased on the court's prior ruling, the [l]awyer [d]efendants will not seek such fees as damages at trial but rather in the form of a post-trial petition."   That issue is resolved by agreement.   However, the lawyer defendants go on to "reserve the right to present the full picture as to the harm suffered by the [l]awyer [d]efendants by CSX's fraud so the jury understands that insurance will not cover the entire loss and that a portion of that

19

loss (in the form of fees spent defending against the Baylor claim prior to filing of the counterclaims) is recoverable as damages on the [c]ounterclaims." These defendants go on to state that "[i]n order to ensure a full recovery on the counterclaims, this will require submission of some evidence as to total attorney's fees and costs even if not under the rubric of trial damages." This strikes this Court as an attempt to accomplish somewhat the same thing being disallowed but only in a different way. However, this Court will defer a final ruling until it has had an opportunity to discuss this issue at trial prior to any offer of such proof.

4.   <u>CSX's Omnibus Motion in Limine to Exclude Certain Evidence and Argument</u>

By this motion, CSX seeks to exclude various testimony and evidence. Specifically, CSX wishes to have the following evidence and argument excluded: (1) evidence or argument concerning CSX's alleged negligence or fault with respect to asbestos; (2) evidence regarding alleged asbestos usage not related to the time periods, work locations, and crafts of the claimants at issue; (3) evidence of other claims or settlements as proof that any particular asbestos claim against CSX had merit; (4) evidence or argument concerning CSX tort reform initiatives and/or argument that this case is an attempt to eliminate asbestos litigation; (5) media coverage regarding this case or the underlying asbestos litigation; (6) evidence or argument that CSX had or did not have insurance

coverage for asbestos claims; (7) evidence or argument regarding any litigation or arbitration between CSX and its insurers; (8) any comment or argument regarding the dismissal of certain parties or the fact that certain parties were not named as defendants; and (9) evidence or argument concerning the amount any party has spent in the prosecution or defense of this case.

    a.   <u>Evidence or argument concerning alleged negligence or fault with respect to asbestos</u> -- GRANTED AS FRAMED.

    CSX seeks to preclude the defendants from introducing evidence that CSX or any of its predecessors was negligent or otherwise at fault with respect to asbestos as it is not a relevant issue in this case.   Further, CSX states that such evidence should be excluded as it would prejudice the jury or confuse the true factual issues at trial.   CSX states that to the extent that the lawyer defendants seek to introduce evidence of CSX's alleged failure to warn its employees regarding asbestos-containing products to show that the lawyer defendants' clients needed help identifying such products, such a point can be made without resorting to 80 years worth of historical documents.   The lawyer defendants respond by stating that they are entitled to introduce evidence and argue about CSX's fault with respect to asbestos, including its knowing exposure of employees to asbestos without adequate warning, as they argue that this was critical to their decision making in bringing the underlying FELA claims at issue.   The lawyer defendants contend

that such evidence is not unfairly prejudicial or likely to be excessively confusing to the jury.  Instead, they contend that it would be prejudicial for them not to be able to introduce such evidence.

This Court agrees with the plaintiff that presentation of evidence of historical exposure to asbestos of CSX employees is not relevant to either the claims of CSX or the lawyer defendants. Even if there is some slight relevance, it is outweighed by the danger of unfair prejudice and unnecessary use of time.  The response of the lawyer defendants to this motion makes it clear that while asserting that they want only to "explain to the jury all the bases on which the claims were founded, so that the jury can properly evaluate that the claims were meritless," they make it clear that they wish to go further and illustrate, apparently in some detail, the history of CSX and its predecessors with respect to the knowledge of asbestos dangers and the treatment of employees, including the claimants at issue, and the history of other claims filed against CSX.  This includes "historical use of asbestos on the railroad without warning to employees."  Even if the lawyer defendants had all of this same historical information as developed through discovery, there is no showing that the lawyer defendants would not have had a good faith basis for bringing the claims involved in this civil action.  This kind of detailed historical evidence is not necessary for the lawyer defendants'

22

good faith basis for bringing these suits.  Simply showing that the lawyer defendants knew that CSX products contained asbestos and that their particular clients were employed by CSX and likely exposed to asbestos would, along with other information that the lawyer defendants appear to have obtained from their clients prior to filing suit, be enough to establish a good faith basis for filing the lawsuits.  As noted by CSX, this is a fraud case and not a FELA case against CSX.  The lawyer defendants can certainly show the reasons why they had a good faith basis for bringing the claims in issue without further going into the lengthy history of asbestos use which, as this Court stated, is not relevant and even if marginally relevant, is nevertheless inadmissible under Federal Rule of Evidence 403.

b.   <u>Evidence regarding alleged asbestos usage not related to the time periods, work locations and crafts of the claimants at issue</u> -- DEFERRED.

CSX next wishes to exclude evidence regarding alleged asbestos usage not related to the time periods, work locations, and crafts of the claimants at issue.  CSX believes the defendants will attempt to introduce such evidence in an attempt to show that the lawyer defendants did have a basis to believe Mr. Baylor and the other claimants were exposed to asbestos during their employment with CSX.  CSX argues that, to the extent that such evidence is relevant, it is only relevant as it pertains to the eleven

23

claimants at issue and the times and places where they actually worked. CSX further argues, that such evidence should be excluded pursuant to Fed. R. Evid. 403 because it will be misleading to the jury and unfairly prejudicial to CSX. Finally, CSX argues that if the lawyer defendants do introduce the evidence, there must be an adequate foundation showing that any such exposure was significant enough to actually cause asbestosis.

The lawyer defendants argue that they are entitled to introduce evidence and argue about potential asbestos exposure for the eleven claimants at issue based on what the lawyer defendants knew or reasonably believed at the time of filing, including general knowledge of the use of asbestos by CSX. The lawyer defendants assert that the evidence is relevant and admissible. Further, they assert that CSX should be required to make objections to specific exhibits or testimony so that this Court can, in context, properly evaluate them on an individual basis. The lawyer defendants argue that the citations to case law provided by CSX for their contentions are inappropriate as they do not involve the same type of cases as the current case.

This Court believes that it is premature to grant this motion in limine as constructed by CSX as this Court is not able to ascertain at this time the type of evidence the lawyer defendants seek to introduce to show their good faith basis in bringing the eleven claims at issue. While it may indeed be shown at trial

that, as proposed by CSX, only evidence of asbestos usage related to the time periods, work locations and crafts of the eleven claimants is at issue, this Court is not willing or able at this pretrial stage to make that decision.

c.   Evidence of other claims or settlements as proof that any particular asbestos claim against CSX has merit -- GRANTED AS FRAMED.

CSX requests that this Court preclude the lawyer defendants from admitting evidence of other claims or settlements as proof that any particular asbestos claim against CSX had merit.   CSX believes that the lawyer defendants will argue that the existence and settlement of these other claims is circumstantial evidence that the eleven claims at issue were not fraudulent.   CSX states four specific reasons why such evidence should not be admitted. First,  CSX asserts that the existence of other claims fails to show anything beyond the fact that the defendant has been sued and is therefore not evidence that any particular claim has merit. Second, CSX asserts that if the other claims are probative of the merits at issue, the defendants would still need to show that the other claims were "substantially similar" to the claims at issue, which CSX argues they are not.   Third, CSX contends that if the evidence of the other claims is admitted for the purpose of establishing that the claims at issue were not fraudulent, then CSX must be permitted to show that the other claims against it were

bogus. Fourth, CSX argues that insofar as the settlement of other claims is at issue, Fed. R. Evid. 408 expressly states that settlements and offers of settlement are not admissible on behalf of any party to prove or disprove the validity or amount of a disputed claim. CSX further states that, not only is such evidence irrelevant, its presentation would also draw out trial and cause undue delay.

The lawyer defendants respond by stating that they are entitled to compare the Peirce Firm's FELA practice (including settlement history with CSX) with similarly situated law firms and other claims and settlements to show a lack of fraud and lack of justifiable reliance in that, among other things, CSX was making informed business decisions rather than being victimized by alleged fraud. The lawyer defendants argue that the evidence is relevant. They contend that by demonstrating that the Peirce Firm was one of several firms advocating on behalf of railroad workers that were involved in essentially the same kind of relationship with CSX, the lawyer defendants can show that their alleged conduct was not fraudulent. The lawyer defendants state that they are not using the evidence to prove CSX's ultimate liability on the eleven claims at issue or their liability in the present case, which might implicate Fed. Rule Evid. 408. Instead, the lawyer defendants contend that they are using the evidence to defend against accusations of fraud, not to prove liability. Further, the lawyer

defendants state that the production of such evidence will not result in mini-trials or rather undue delay, as it can be reduced to relatively simple numeric formats, or that which is already in deposition testimony.

Despite the lawyer defendants' contentions that they should be allowed to show other claims including settlements to "fully explain the nature of the relationship between the Peirce Firm and CSX, as well as discuss both the litigation relationship that the Peirce Firm had with other railroads in FELA litigation and the litigation relationship that CSX had with other law firms in FELA litigation," this Court is concerned about allowing a widespread production of the many lawsuits that involved CSX including the Peirce law firm.  This Court will allow the lawyer defendants to show such evidence in the context of showing how the Peirce law firm operates, particularly with cases involving CSX.  This can be accomplished without opening a discussion of particular lawsuits. This Court directs that before offering such evidence, the Court and the parties confer as to the approach to be taken.  However, this Court believes that any such evidence, if allowed, should be limited so that any probative value would not be substantially outweighed by including but not limiting the danger of confusing or misleading the jury.

d.  <u>Evidence or argument concerning CSX's tort reform initiatives and/or argument that this case is an attempt to eliminate asbestos litigation</u> -- GRANTED.

CSX next argues that evidence or argument concerning CSX's tort reform initiatives and/or argument that this case is an attempt to eliminate asbestos litigation should be excluded. Specifically, CSX contends that inquiry into or speculation about CSX's motives for its action would be unfairly prejudicial, along with the fact that such evidence would not assist a jury in resolving the issues in this case. The lawyer defendants contend that they are entitled to introduce evidence of CSX's tort reform initiatives because it is relevant evidence demonstrating lack of reasonable reliance and because it demonstrates motive for CSX's fraud as pled in the counterclaims. The lawyer defendants contend that the case law cited by CSX is not relevant to this case as none of the case law involves fraud claims.

After reviewing the contentions of the parties concerning this motion, this Court asserts that any such evidence of so-called "tort reform" initiatives or motives is not relevant to the resolution of the issues in this action. Parties on both sides of the litigation have the right to argue for or against changes in the law, not only in the law of torts but in every other field of law as well. This applies to the plaintiff and the defendants and lawyers and associations representing such parties. Such evidence

28

is not relevant and even if there were some relevancy for the limited reasons argued by the lawyer defendants, such slight probative value would be substantially outweighed by the dangers addressed in Fed. R. Evid. 403 including, but not limited to, confusion of the issues and needlessly presenting of cumulative evidence.

e.   Media coverage regarding this case or the underlying asbestos litigation -- GRANTED.

CSX next argues that this Court should preclude the introduction of newspaper articles, internet information, videos, or other media coverage dealing with this case or any of the underlying asbestos litigation. CSX contends that such evidence is irrelevant, prejudicial, and improper hearsay without an exception. The lawyer defendants respond by stating that they should be entitled to introduce evidence such as CSX's own statements in the media about FELA litigation or its conduct in this case, as it is evidence of CSX's lack of reasonable reliance and evidence of CSX's motive in attempting to carry out its fraudulent activity as alleged in the counterclaims. Specifically, the lawyer defendants state that the evidence is relevant to show that CSX was never deceived as to any aspect of the claims brought against it, but rather had a business model that entailed settling claims as a predictable business expense. Further, the lawyer defendants

contend that such evidence is not hearsay as it is not going to be offered to prove the truth of the matter asserted.

This Court believes that there is no appropriate basis for allowing such evidence.  The evidence is not relevant to a decision on the various issues asserted in this civil action and any relevancy is substantially outweighed under Fed. R. Evid. 403 by the danger of, among other things, confusing the issues and needlessly presenting cumulative evidence.  Such evidence is probably inadmissible hearsay and even if the evidence is not, as the lawyer defendants claim, offered for the truth of the matter asserted, such evidence must still be relevant which, for the reasons set forth above, it is not.

f.  <u>Evidence or argument that CSX had or did not have insurance coverage for asbestos claims</u> -- DENIED.

CSX claims that this Court should preclude the defendants from introducing evidence or argument regarding any insurance coverage that CSX may or may not have had for asbestos claims or any other type of litigation.  CSX claims that such evidence is not relevant to whether or not the defendants conspired to commit fraud. Further, CSX contends that such evidence should be excluded under Fed. R. Evid. 403 as the introduction of such evidence would be time consuming and confusing to the jury.  The lawyer defendants respond by stating that they are entitled to refer to CSX's insurance coverage for FELA claims, and CSX's positions taken in

disputes with those insurers, because such evidence is related to and cannot be separated from their defenses in this action. Specifically, the lawyer defendants state that such evidence is relevant evidence to demonstrate that CSX has taken positions in arbitration that are at odds with its own expert's opinion in the present case. Further, the lawyer defendants state that they should not be deprived of such evidence simply because it comes out of a dispute that involved insurance companies.

This Court agrees with the lawyer defendants that, to the extent that positions taken by CSX in the arbitration proceedings would be admissible as party admissions under Fed. R. Evid. 801(d)(2), they may be used without the need to relitigate the arbitration proceeding itself or to get into whether CSX has insurance coverage. Such evidence seems to be an appropriate part of the lawyer defendants' defense.

g. <u>Evidence or argument regarding any litigation or arbitration between CSX and its insurers</u> -- GRANTED IN PART and DENIED IN PART.

CSX argues that the defendants should be precluded from referencing any disputes between CSX and its insurers over coverage for asbestos-related claims. CSX anticipates that the defendants will attempt to introduce or use the insurers' allegations from the 1999 arbitration as proof that CSX purportedly settled claims without sufficient documentation. CSX, however, states that it has

no objection to otherwise permissible uses of deposition transcripts of the 1999 arbitration proceedings so long as those transcripts are used without reference to the arbitration proceedings. The lawyer defendants' response is the same as that found in section 3.f.

To the extent that the lawyer defendants may use statements by CSX during the arbitration proceeding and party admissions under Fed. R. Evid. 801(d)2), such statements should be allowed. Plaintiff acknowledges that it has no objection to any permissible use of deposition transcripts from the 1999 arbitration proceedings so long as those transcripts are used without reference to the arbitration proceeding but apparently does not wish such statements to be used "for other, more substantive purposes." Such proposed limitation by CSX is without merit. The Court may wish to consider a limiting instruction so that the jury is not mislead into believing insurance coverage for any liability in this case is involved. Counsel may wish to meet and confer concerning a proposed trial limiting instruction.

h. <u>Any comment or argument regarding the dismissal of certain parties or the fact that certain parties were not named as defendants</u> -- DENIED AS MOOT WITH MODIFICATION.

CSX requests that this Court exclude any reference to, speculation about, or comment on the fact that certain parties or individuals are not parties to this lawsuit or have been dismissed.

CSX argues that such evidence is commentary and inadmissible under Fed. R. Evid. 408, irrelevant under Fed. R. Evid. 401, and unfairly prejudicial under Fed. R. Evid. 403.  Specifically, CSX argues that under Fed. R. Evid. 408 the defendants should be precluded from arguing that CSX's settlement and/or dismissal of defendant Mark Coulter has any relevant to the validity of CSX's claims against the remaining defendants.  Further, CSX wishes to prevent the defendants from arguing that CSX's claims lack merit because CSX did not chose to name every conceivable participant in the lawsuit, as CSX considers this evidence irrelevant, highly prejudicial, and confusing for a jury.

The lawyer defendants assert that the "parties are essentially in agreement on this point" only adding that the lawyer defendants "do reserve the right to argue that CSX's evidence must be analyzed and proved with respect to the two specific individuals sued, not the Peirce Firm collectively, and there must be individual evidence of fraud."  This Court agrees that modification would be proper.

i.   Evidence or argument concerning the amount any party has spent in the prosecution or defense of this case -- GRANTED BY AGREEMENT.

Because this Court has already held that information regarding CSX's current attorneys' fees is not relevant at trial, CSX argues that the same analysis necessarily holds true with respect to the lawyer defendants' attorneys' fees in this case.  Therefore, CSX

argues that evidence or argument that the amount any party has spent in the prosecution or defense of this case should be excluded because it is irrelevant.  The lawyer defendants agree to abide by this Court's prior orders on this topic but wish to preserve their objection on the record.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     December 6, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE