IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                          Civil Action No. 5:05CV202
                                                      (STAMP)

ROBERT V. GILKISON,
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a ROBERT PEIRCE & ASSOCIATES, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER CONFIRMING THIS COURT'S PRONOUNCED ORDER GRANTING THE PLAINTIFF'S MOTION FOR SANCTIONS AS FRAMED**

I. Background[1]

On December 7, 2012, the plaintiff, CSX Transportation, Inc. ("CSX"), four days prior to the start of jury selection and trial of the above-styled civil action, filed an emergency motion for sanctions regarding the lawyer defendants' late production of documents in violation of prior court orders and a request for hearing. CSX claimed that on December 6 and December 7 the lawyer defendants produced 8,417 pages of responsive and non-privileged documents in violation of prior court orders, which required such documents to be produced by October 5, 2012. As a result of this

---

[1] For a brief procedural history of this case, please see this Court's memorandum opinion and order denying lawyer defendants' motion for summary judgment related to CSX's Earl Baylor allegations and claims (ECF No. 1436).

late production, CSX requested that the Court impose sanctions upon the lawyer defendants.

Specifically, CSX's motion requested that this Court dismiss the lawyer defendants' counterclaims pursuant to Federal Rule of Civil Procedure 37(b). In the alternative, plaintiff CSX requested that this Court prohibit the lawyer defendants from introducing evidence regarding their purported practice of dismissing FELA cases upon receipt of prior releases, or that this Court order a separate trial of the counterclaims to be held at a later date following the resolution of the plaintiff's claims. CSX further requested that this Court hold a hearing on this matter.

The lawyer defendants filed a response in opposition to this motion on December 9, 2012. The lawyer defendants stated that the plaintiff cannot demonstrate any real prejudice as a result of this mistake. As an alternative to the sanctions proposed by the plaintiff, the lawyer defendants requested that if any sanctions be imposed, this Court should preclude the lawyer defendants from using any of the documents in question as exhibits, and allow CSX to mark any of the documents as exhibits.

On December 10, 2012, this Court held a hearing on CSX's motion for sanctions. At this hearing, this Court determined that, under the circumstances, sanctions should be imposed, but as framed. This order confirms the rulings pronounced at the conclusion of the hearing. Specifically, this Court (1) prohibited

the lawyer defendants from using the late produced documents in any way during the trial and (2) allowed CSX to use the late produced documents without objection by any party.[2]  Therefore, CSX's motion for sanctions is granted as framed.

## II.  Applicable Law

Failure to comply with a discovery order or to supplement a discovery response can result in the imposition of sanctions. Federal Rule of Civil Procedure 37(b)(2)(A) states, in part, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where action is pending may issue further just orders."  A trial court has broad discretion in applying sanctions under Rule 37.  See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 644 (1976).  The sanctions enumerated in Rule 37 are "flexible and with reason, may be applied in many or varied forms as the court desires by exercising broad discretion in light of the facts of each case."  Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981), cert. denied, 454 U.S. 818 (1981). "The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even."  8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2284 (3d ed. 2012).

---

[2] The Court determined that it could, if necessary at trial, decline to admit any late produced document as an exhibit if the Court felt that it was inadmissible for any reason under the Federal Rules of Evidence.

Four factors, however, must be considered in determining what sanctions to impose: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)(quoting Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)).

### III. Discussion

This Court found that sanctions were warranted in this particular case. However, this Court believed that after considering the factors in Anderson, those sanctions requested by CSX were not appropriate. First, this Court was unable to find that the lawyer defendants acted in bad faith in not producing the documents at an earlier date. Second, while this Court did find that some prejudice resulted from the lawyer defendants not producing these documents before December 6 and December 7, CSX still had the opportunity to review these documents prior to the issues that those documents concerned arose at trial. Third, although not mentioned during the hearing, this Court also believed that granting the sanctions requested by CSX would not provide much of a deterrent affect against such things happening again in the future, as no bad faith was involved and the late

production seemed to be a mistake or oversight, albeit substantial, on behalf of the lawyer defendants. Fourth, this Court found that the less drastic sanctions that it imposed would be effective. Therefore, this Court granted CSX's motion as framed. Whereby, it (1) prohibited the lawyer defendants from using the late produced documents in any way in the case and (2) allowed CSX to use the late produced documents without objection by any party, subject to this Court's right to decline admission of an exhibit under the Federal Rules of Evidence.

## IV. Conclusion

For the above stated reasons, CSX's motion for sanctions (ECF No. 1496) is GRANTED AS FRAMED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     December 27, 2012

                                           /s/ Frederick P. Stamp, Jr.
                                          FREDERICK P. STAMP, JR.
                                          UNITED STATES DISTRICT JUDGE