IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                      Civil Action No. 5:05CV202
                                                     (STAMP)
ROBERT N. PEIRCE, JR.,
LOUIS A. RAIMOND,
and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT RAY HARRON, M.D.'S MOTION FOR
JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL**

I.  Background

On December 20, 2012, a jury rendered a verdict in favor of the plaintiff, CSX Transportation, Inc. ("CSX"), finding that the above-named defendants' conduct violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. Further, the jury found that Robert N. Peirce, Jr. and Louis A. Raimond (collectively the "lawyer defendants") were liable to CSX for fraud, and had participated in a conspiracy to commit fraud with defendant Ray Harron, M.D. ("Harron"). The jury, however, did not find that CSX was liable for fraud based on its representations made during this litigation, as was alleged in the defendants' counterclaims. The jury awarded CSX $429,240.47 in relation to the RICO violations, but did not award CSX any monetary relief in relation to the fraud claims. This Court then entered a judgment in favor of CSX as to these verdicts and ordered that CSX

also recover any post-judgment interest in accordance with 28 U.S.C. § 1961.

Thereafter, the parties filed various post-judgment motions. At issue is defendant Harron's motion for judgment as a matter of law or for a new trial. In this motion, defendant Harron argues that: (1) no evidence of Judge Jack's opinion should have been admitted whatsoever; (2) the Court should not have allowed any evidence of what the Peirce Firm paid defendant Harron over a period of twelve years for reading x-rays; (3) the Court should not have given the jury instruction on RICO, as the evidence CSX produced was insufficient; (4) CSX's argument and testimony concerning defendant Harron's lack of a doctor-patient relationship with those he performed B-reads for was improper; (5) judgment must be entered for the defendants under the Noerr-Pennington doctrine; (6) the jury verdict must be remitted from $429,240.47 to $95,368.98; and (7) CSX's violations of the lawyer defendants' Motion in Limine No. 1 prejudiced the defendants.

In its response in opposition to defendant Harron's motion for judgment as a matter of law or for a new trial, CSX argues that substantial evidence supports the jury's finding of defendant Harron's liability and defendant Harron's motion for a new trial should be denied. As defendant Harron primarily adopts the arguments raised by the lawyer defendants in their post-judgment motion for judgment as a matter of law or in the alternative for a

2

new trial ("post-judgment motion"), CSX incorporated its arguments made in opposition to the lawyer defendants' motion, and only specifically addressed defendant Harron's arguments that were not also included in the lawyer defendants' motion. Defendant Harron did not file a reply.

For the reasons more fully explained below, this Court denies defendant Harron's motion for judgment as a matter of law or for a new trial.

## II. Applicable Law

A. Renewed motion for judgment as a matter of law

Federal Rule of Civil Procedure 50(b) provides:

> [i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), . . . . the movant may file a renewed motion for judgment as a matter of law . . . . In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). Generally, a judgment as a matter of law is appropriate "when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." United States ex rel. DRC, Inc. v. Custer Battles, LLC, 562 F.3d 295, 305 (4th Cir. 2009) (citations omitted). The movant is entitled to judgment pursuant to Rule 50(b) "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Wheatley v. Wicomico County, Md., 390 F.3d 328,

332 (4th Cir. 2006) (citing <u>Singer v. Dungan</u>, 45 F.3d 823, 826-27 (4th Cir. 1995)). This Court reviews "the evidence in the light most favorable to the nonmoving party" in making this determination. <u>Myrick v. Prime Ins. Syndicate, Inc.</u>, 395 F.3d 485, 490 (4th Cir. 2005).

B.   <u>Motion for new trial</u>

When determining whether to grant a new trial under Federal Rule of Civil Procedure 59(a), this Court is "permitted to weigh the evidence and consider the credibility of witnesses." <u>Cline v. Wal-Mart Stores, Inc.</u>, 144 F.3d 294, 301 (4th Cir. 1998) (citation omitted). This Court, however, may only grant a new trial if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." <u>Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.</u>, 99 F.3d 587, 594 (4th Cir. 1996).

### III.   <u>Discussion</u>

A.   <u>Motion for judgment as a matter of law</u>

Defendant Harron seems to make four arguments as to why judgment as a matter of law should be entered, irregardless of the application of the <u>Noerr-Pennington</u> doctrine. First, he seems to argue that sufficient evidence did not exist for the jury to find that defendant Harron participated in a conspiracy. Specifically,

4

defendant Harron argues that he never personally met or communicated with the lawyer defendants until his first appearance in the Federal Courthouse in Wheeling, West Virginia in 2007. He claims that his contact with the Peirce Firm was with lawyers no longer at the firm or other non-lawyer employees. CSX, in response, argues that direct connection with his co-conspirators is not required and, even so, evidence was presented at trial showing that defendant Harron did have prior communications with lawyer defendant Raimond.

This Court need not even address defendant Harron's argument that he never personally met the lawyer defendants prior to 2007 and only had contact with other Peirce Firm employees, as sufficient evidence was presented to the jury to find otherwise. Lawyer defendant Raimond testified to speaking with defendant Harron regarding the B-readings performed by defendant Harron for the Peirce Firm. See ECF No. 1616 *283-87. Further, CSX presented a letter from lawyer defendant Raimond to defendant Harron, dated March 14, 1994. Id. at *287. These facts provided the jury with sufficient evidence to conclude that defendant Harron did in fact have direct contact with the lawyer defendants.

Defendant Harron next argues that Dr. John Parker's testimony regarding the prevalence rate of asbestosis in railroad workers was inadmissible because he based his opinion on expert writing that was hearsay. CSX argues in response that such argument has no

5

merit, as the argument ignores case law confirming that an expert is permitted to rely on hearsay in support of his opinions.

This Court agrees with CSX, in that Dr. Parker was an expert, and as an expert he is entitled "to rely on factual underpinnings—including those based on hearsay—that are 'of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.'" Tassi v. Holder, 660 F.3d 710, 720 (4th Cir. 2011) (quoting Fed. R. Evid. 703). Dr. Parker made clear during his testimony that these studies informed his opinion on defendant Harron's B-reading practice. See ECF 16116 *855-57. Therefore, defendant Harron's argument pertaining to this testimony is without merit.

Defendant Harron next argues that he is entitled to judgment as a matter of law because CSX did not bring a claim against another B-reader used by the Peirce Firm, Dr. Donald Breyer. CSX states that the fact that it did not bring suit against Dr. Breyer has no effect on the sufficiency of the evidence produced against defendant Harron. This Court agrees with such argument. Specifically, this Court finds that while CSX may have also brought suit against Dr. Breyer in addition to defendant Harron, the fact that it chose not to do so does not make CSX's claims or the evidence it produced against defendant Harron any less sufficient or legitimate.

Finally, insomuch as defendant Harron claims that the evidence as a whole was insufficient for the jury to find that defendant Harron participated in a conspiracy to commit fraud and violated RICO, this Court disagrees. This Court finds that the jury was presented with a great deal of evidence during the two-week long trial that supported the jury's findings on the RICO and conspiracy claims against defendant Harron. Thus, this Court cannot grant defendant Harron's motion for judgment as a matter of law based on a general insufficiency of the evidence argument.

B.  Motion for a new trial

Defendant Harron next outlines specific issues that he believes entitles him to a new trial. This Court will take up these arguments in turn. Defendant Harron, however, merely adopts the arguments made by the lawyer defendants in their post-judgment motion for many of these issues. Thus, as to those arguments that he does not elaborate on more fully, this Court will incorporate by reference its findings from its order on the lawyer defendants' post-judgment motion.

1.  Judge Janis Jack's opinion

Defendant Harron first argues that this Court should not have admitted any evidence of Judge Janis Jack's opinion. Further, insomuch as this Court allowed the use of such evidence based on its ruling regarding the lawyer defendants' Motion in Limine No. 5, defendant Harron argues that CSX frequently went outside of the

7

parameters of such ruling. CSX did not provide a direct response to this particular argument, as it previously addressed a similar argument in relation to the lawyer defendants' post-judgment motion.

First, this Court notes that it previously found that Judge Jack's opinion was only relevant for the issue of whether the opinion was generally critical of defendant Harron and whether it was a reason for the lawyer defendants to stop using defendant Harron as a B-reader. See ECF No. 1557 *11. Defendant Harron has not presented any argument that would alter this Court's finding of relevancy on these matters. Further, as to the argument that CSX violated this ruling, this Court incorporates by reference its order on the lawyer defendants' post-judgment motion. See ECF No. 1633 *9-11.

    2.   <u>Payments made to defendant Harron</u>

Defendant Harron next argues that evidence concerning the amount of money that the Peirce Firm paid defendant Harron for his B-readings was irrelevant as to whether the readings were accurate or fraudulent and such evidence was also prejudicial. CSX responds by arguing that the Court properly admitted such evidence as, based on the case law, such evidence is relevant to show evidence of a conspiracy and the length and breadth of any conspiracy. Further, CSX states that even if this evidence was improperly admitted, CSX presented overwhelming evidence to prove defendant Harron's

liability. Therefore, CSX states that the introduction of this evidence could not have caused him any prejudice.

This Court previously held in its ruling on defendant Harron's motion in limine concerning the preclusion of evidence of defendant Harron's income from the Peirce Firm, that such evidence was admissible based on case law as evidence of a conspiracy and the length and breadth of any conspiracy. This Court again makes the same finding. See United States v. Aleskerova, 300 F.3d 286, 293 (2d Cir. 2002) (finding that evidence that an individual "received or expected to receive a share of the profits from the conspiracy" was admissible circumstantial evidence); United States v. Vest, 842 F.2d 1319, 1327 (1st Cir. 1988) (finding that evidence of payments are probative to the existence of whether the defendant was a member of the conspiracy); see also United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) ("[E]vidence of a buy-sell transaction is at least relevant (i.e. probative) on the issue of whether a conspiratorial relationship exists"). Evidence that defendant Harron was receiving payments from the lawyer defendants for his B-reading, and the amount of such payments was relevant circumstantial evidence. Specifically, this evidence supported the inference that defendant Harron was a participating member in the conspiracy.

4.  <u>Testimony concerning the doctor-patient relationship</u>

Defendant Harron next adopts in full the lawyer defendants' argument that this Court improperly admitted testimony concerning the doctor-patient relationship between Dr. Harron and the eleven claimants. As defendant Harron does not elaborate on the lawyer defendants' arguments, this Court incorporates its ruling on the lawyer defendants' post-judgment motion as to this issue by reference, and finds that this Court cannot grant a motion for a new trial based on such argument. <u>See</u> ECF No. 1633 *13.

5.  <u>Lawyer Defendants' Motion in Limine No. 1</u>

Defendant Harron also adopts in full the lawyer defendants' argument that CSX's repeated violations of this Court's order on the lawyer defendants' Motion in Limine No. 1, which precluded CSX from presenting evidence or argument that any claims other than the eleven claims at issue were fraudulent, planted the seed for the jury to conclude that thousands of other claims filed by the Peirce Firm were fraudulent. As defendant Harron does not further elaborate on the lawyer defendants' arguments concerning this issue, this Court incorporates its ruling contained in its order on the lawyer defendants' post-judgment motion. <u>See</u> ECF 1633 *7-9. As such, this Court declines to grant defendant Harron a new trial based on the complained of violations.

C.  Motion for judgment as a matter of law based on the Noerr-Pennington doctrine

Defendant Harron adopts the lawyer defendants' argument as to the Noerr-Pennington doctrine. Defendant Harron specifically stated that he did not believe any additional argument on his behalf was helpful or required as to this issue. Because defendant Harron offers no additional argument, this Court incorporates by reference its ruling on the application of the Noerr-Pennington doctrine contained in its order concerning the lawyer defendants' post-judgment motion. See ECF 1633 *22-25. Accordingly, this Court must decline to grant defendant Harron's motion for judgment as a matter of law based on this argument.

D.  Remittitur

Defendant Harron also adopts the argument of the lawyer defendants regarding remittitur. Defendant Harron does not provide any additional argument on this issue. As such, this Court incorporates its ruling on this issue by reference from its order on the lawyer defendants' post-judgment motion, and finds that this Court cannot remit the jury award. See ECF No. 1633 *25-28.

## IV. Conclusion

For the reasons stated above, defendant Ray Harron, M.D.'s motion for judgment as a matter of law or for a new trial (ECF No. 1562) is DENIED.

IT IS SO ORDERED.

11

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 25, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
