IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                         Civil Action No. 5:05CV202
                                                               (STAMP)

ROBERT N. PEIRCE, JR.,
LOUIS A. RAIMOND,
and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING CSX'S MOTION TO AMEND THE
JUDGMENT TO REFLECT STATUTORILY-MANDATED
TREBLING OF RICO DAMAGES**

I.   Background

On December 20, 2012, a jury rendered a verdict in favor of the plaintiff, CSX Transportation, Inc. ("CSX"), finding that the above-named defendants' conduct violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. Further, the jury found that Robert N. Peirce, Jr. and Louis A. Raimond (collectively the "lawyer defendants") were liable to CSX for fraud, and had participated in a conspiracy to commit fraud with defendant Ray A. Harron, M.D. ("Harron"). The jury, however, did not find that CSX was liable for fraud based on its representations made during this litigation, as was alleged in the defendants' counterclaims. The jury awarded CSX $429,240.47 in relation to the RICO violations, but did not award CSX any monetary relief in relation to the fraud claims. This Court then entered a

judgment in favor of CSX as to these verdicts and ordered that CSX also recover any post-judgment interest in accordance with 28 U.S.C. § 1961.

Thereafter, the parties filed various post-judgment motions. At issue is CSX's motion to amend or correct the judgment to reflect the statutorily-mandated trebling of RICO damages. CSX argues that this Court's current judgment in the amount of $429,240.47 does not reflect the mandatory trebling of the RICO damages, and therefore, this Court should enter an amended judgment in the amount of $1,287,721.41. In response, the defendants[1] argue that this Court should deny CSX's motion because: (1) the underlying verdict is not based on sufficient admissible evidence to support CSX's RICO claims; (2) the verdict was achieved based on improper statements and arguments from counsel; (3) the defendants are entitled to a new trial because the verdict was against the weight of the evidence and was a miscarriage of justice; and (4) the defendants are entitled to a remittitur. The defendants assert such arguments in their post-judgment motions for judgment as a matter of law or in the alternative for a new trial ("post-judgment motions"). The defendants state that it would be premature to

---

[1]While defendant Ray Harron filed a separate response to CSX's motion to amend or correct the judgment (see ECF No. 1580), defendant Harron adopts all arguments of defendants Robert N. Peirce, Jr. and Louis A. Raimond and makes no further arguments in opposition in his separate response. Thus, this Court will refer to the defendants' responses as one collective response.

amend the judgment prior to this Court ruling on these issues. Further, the defendants argue that this Court should also consider CSX's repeated assurances during trial that "this case was not about the money."

## II. Discussion

"RICO provides for drastic remedies." H.J. v. Northwestern Bell Telephone Co., 492 U.S. 229, 233. If a party is found to have violated RICO in a private civil action, that party is "liable for treble damages, costs, and attorney's fees." Id. (citing 18 U.S.C. § 1964(c)); see US Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317 (4th Cir. 2010) ("Indeed, in a civil RICO action, a successful plaintiff may recover not only costs and attorney's fees, but also treble damages.").

In this case, the jury found that the defendants violated RICO. As a result of these violations, the jury awarded CSX damages in the amount of $429,240.47. Due to this award being based on the defendants' violations of RICO, CSX is entitled to treble damages. Thus, the $429,240.47 award should have been trebled in the judgment to total $1,287,721.41. The defendants' arguments that this Court should deny this motion as it would be premature to amend the judgment prior to this Court ruling on the issues contained in their post-judgment motions are moot. This Court has since denied the defendants' motions as to those issues and thus, it would not be premature to now amend the judgment.

3

Further, the defendants' argument concerning CSX's statements during trial that this case was not about the money have no bearing on the fact that based on the above-cited law, CSX is entitled to treble damages. As such, this argument is without merit.

Based on Federal Rule of Civil Procedure 60(a), courts have the power and duty "to correct judgments which contain clerical errors or judgments which have been issued due to inadvertence or mistake." American Trucking Ass'ns v. Frisco Transp. Co., 358 U.S. 133, 146 (1958). Such action may be taken based "on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Further, a judgment may be altered or amended pursuant to Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

CSX filed its motion to amend or correct the judgment pursuant to both Federal Rules of Civil Procedure 59(e) and 60(a). This Court finds that the judgment may be corrected or amended based on either rule, as an amended judgment would accurately state the law requiring a trebling of damages under RICO. Accordingly, this Court grants CSX's motion to amend or correct the judgment to reflect the statutorily-mandated trebling of the RICO damages.

III.  <u>Conclusion</u>

For the above stated reasons, CSX Transportation, Inc.'s motion to amend or correct judgment to reflect statutorily-mandated trebling of RICO damages (ECF No. 1558) is GRANTED.  Accordingly, the Clerk is DIRECTED to enter an amended judgment to reflect the trebling of the RICO damages nunc pro tunc as of the date of the original entry of judgment for $1,287,721.41 with post-judgment interest to be calculated from the date of the original judgment, which was December 21, 2012.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     September 25, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE