IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                        Civil Action No. 5:05CV202
                                                             (STAMP)
ROBERT N. PEIRCE, JR.,
LOUIS A. RAIMOND,
and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING LAWYER DEFENDANTS' MOTION
FOR APPROVAL OF SUPERSEDEAS BOND AND
STAY OF JUDGMENT PENDING APPEAL AND
GRANTING IN PART AND DENYING IN PART
CSX'S MOTION FOR ISSUANCE OF WRITS OF EXECUTION**

I.  Background

On December 20, 2012, a jury rendered a verdict in favor of the plaintiff, CSX Transportation, Inc. ("CSX"), finding that the above-named defendants' conduct violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. Further, the jury found that Robert N. Peirce, Jr. and Louis A. Raimond (collectively the "lawyer defendants") were liable to CSX for fraud, and had participated in a conspiracy to commit fraud with defendant Ray Harron, M.D. ("Harron"). The jury, however, did not find that CSX was liable for fraud based on its representations made during this litigation, as was alleged in the defendants' counterclaims. The jury awarded CSX $429,240.47 in relation to the RICO violations, but did not award CSX any monetary

relief in relation to the fraud claims. This Court then entered a judgment in favor of CSX as to these verdicts and ordered that CSX also recover any post-judgment interest in accordance with 28 U.S.C. § 1961.

Thereafter, CSX filed a motion to amend the judgment to reflect the statutorily-mandated trebling of RICO damages. This Court granted CSX's motion and entered an amended judgment in the amount of $1,287,721.41 with post-judgment interest. CSX also filed a motion for attorneys' fees and a bill of costs. This Court stayed the motion for attorneys' fees and a ruling on the bill of costs pending the resolution of any appeal in this matter or other resolution of the civil action. The lawyer defendants and defendant Harron filed post-judgment motions as well. Specifically, the defendants filed motions for judgment as a matter of law or for a new trial. This Court denied these motions.

After this Court entered its memorandum opinion and orders denying the motions for judgment as a matter of law or for a new trial, CSX filed a motion for the issuance of writs of execution against all defendants. The lawyer defendants then filed a notice of appeal and a motion for approval of supersedeas bond and stay of judgment pending the appeal. The lawyer defendants also responded in opposition to CSX's motion for issuance of writs of execution. CSX, thereafter, filed a response in opposition to the motion for approval of supersedeas bond and stay of judgment, arguing that the

bond was insufficient, as it did not take into account the possible award of attorneys' fees.  CSX also filed a reply in support of its motion for issuance of writs of execution, stating that because the lawyer defendants filed a notice of appeal and requested a stay of execution, the issuance of writ of execution rests on whether such motion will be granted.  As to defendant Harron, however, CSX noted that he had not taken any action to halt the execution of judgment against him.  After CSX filed its reply to its motion for issuance of writs of execution, defendant Harron did file a notice of appeal, but did not file any motion for the approval of a supersedeas bond.  The lawyer defendants then replied in support of their motion for approval of supersedeas bond arguing that the bond is sufficient as this Court has not entered a judgment regarding CSX's motion for attorneys' fees.

For the reasons set forth below, this Court grants the lawyer defendants' motion for approval of supersedeas bond and stay of judgment pending appeal.  As to CSX's motion for the issuance of writs of execution, this Court grants the motion insomuch as it seeks a writ of execution against defendant Harron, but denies the motion insomuch as it seeks writs of execution against the lawyer defendants.

## II. Discussion

### A. Motion for Approval of Supersedeas Bond and Stay of Judgment Pending Appeal

Rule 62(d) of the Federal Rules of Civil Procedure provides the following:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

This rule has been interpreted to entitle an appellant to a stay of execution of the judgment as a matter of right upon the filing of a supersedeas bond. Lightfoot v. Walker, 797 F.2d 505, 506 (7th Cir. 1986); Southeast Booksellers Ass'n v. McMaster, 233 F.R.D. 456, 457 (D. S.C. 2006); Alexander v. Chesapeake, Potomac and Tidwater Books, Inc., 190 F.R.D. 190, 191 (E.D. Va. 1999).

The lawyer defendants posted a bond in the amount of $1,350,000.00, taking into account both the amended judgment and post-judgment interest to be accrued. CSX argues that this bond is not adequate as it does not take into account the attorneys' fees and expenses that CSX has requested but has not yet been awarded. Further, CSX argues that the bond is inadequate because it does not take into account its anticipated appellate fees and costs. Therefore, CSX requests that the defendants be required to post a bond in the amount of $12,972,750.

This Court does not find CSX's argument persuasive. The amount that CSX is entitled to based on the current judgment is $1,287,721.41 with post-judgment interest. Thus, if the judgment was executed upon the lawyer defendants, this is the amount CSX would be entitled to collect, not $12,972,750. The lawyer defendants posted bond of $1,350,000 adequately protects CSX's interest in the current judgment. This Court will not now engage in speculation concerning the amount of attorneys' fees it may or may not award, or the amount of attorneys' fees that CSX will incur as a result of the appeal. Therefore, because the lawyer defendants' bond takes into account the judgment and the post-judgment interest, this Court finds it to be adequate and hereby approves such bond. Accordingly, pursuant to Rule 62(d), the lawyer defendants are entitled to a stay of execution of the judgment.

B.  Motion For Issuance of Writs of Execution

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Therefore, based on Rule 69, CSX requested that this Court issue writs of execution as to all defendants.

As stated in CSX's reply, however, after the lawyer defendants filed their notice of appeal and requested a stay of execution of the judgment, the issue was whether this Court found that the supersedeas bond posted by the defendants was adequate. If so, this Court would then stay the execution of the judgment as to the lawyer defendants. Thus, CSX's motion for the issuance of a writ of execution as to the lawyer defendants would be premature, as a the judgment could not be executed during the stay. For the reasons stated above, this Court did find that the lawyer defendants' supersedeas bond was adequate, and thus, stayed the execution of the judgment as to the lawyer defendants. Accordingly, insomuch as CSX's motion for the issuance of writs of execution pertains to the lawyer defendants, it is premature and, therefore, denied subject to refiling after the stay is lifted.

Defendant Harron, however, at the time of CSX's reply in support of its motion for the issuance of writs of execution, had not filed a notice of appeal or a motion for the approval of a supersedeas bond. While defendant Harron has now filed a notice of appeal, he still has not filed a motion for approval of a supersedeas bond or any motion to stay execution. Furthermore, defendant Harron has not responded in any way to CSX's motion for the issuance of writs of execution. As such, this Court grants CSX's motion insomuch as it pertains to defendant Harron as unopposed.

III. Conclusion

For the reasons stated above, the lawyer defendants' motion for approval of supersedeas bond and stay of judgment pending appeal (ECF No. 1640) is GRANTED. CSX's motion for issuance of writs of execution (ECF No. 1638) is GRANTED IN PART as it pertains to defendant Harron, but DENIED IN PART as it pertains to the lawyer defendants. Accordingly, CSX is DIRECTED to provide the Clerk's Office with sufficient information to allow for a writ of execution to be served upon defendant Harron.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 17, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE