IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                      Civil Action No. 5:05CV202
                                                    (STAMP)
ROBERT N. PEIRCE, JR.,
LOUIS A. RAIMOND,
and RAY HARRON, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING CSX'S MOTION FOR APPOINTMENT
OF SPECIAL COMMISSIONER TO CONDUCT PROCEEDINGS
IN AID OF EXECUTION AGAINST DEFENDANT HARRON**

I.  Background

On December 20, 2012, a jury rendered a verdict in favor of the plaintiff, CSX Transportation, Inc. ("CSX"), finding that the above-named defendants' conduct violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. Further, the jury found that Robert N. Peirce, Jr. and Louis A. Raimond (collectively the "lawyer defendants") were liable to CSX for fraud, and had participated in a conspiracy to commit fraud with defendant Ray Harron, M.D. ("Harron"). The jury, however, did not find that CSX was liable for fraud based on its representations made during this litigation, as was alleged in the defendants' counterclaims. The jury awarded CSX $429,240.47 in relation to the RICO violations, but did not award CSX any monetary relief in relation to the fraud claims. This Court then entered a

judgment in favor of CSX as to these verdicts and ordered that CSX also recover any post-judgment interest in accordance with 28 U.S.C. § 1961.

Thereafter, CSX filed a motion to amend the judgment to reflect the statutorily-mandated trebling of RICO damages. This Court granted CSX's motion and entered an amended judgment in the amount of $1,287,721.41 with post-judgment interest. CSX also filed a motion for attorneys' fees and a bill of costs. This Court stayed the motion for attorneys' fees and a ruling on the bill of costs pending the resolution of any appeal in this matter or other resolution of the civil action. The lawyer defendants and defendant Harron filed post-judgment motions as well. Specifically, the defendants filed motions for judgment as a matter of law or for a new trial. This Court denied these motions.

After this Court entered its memorandum opinion and orders denying the motions for judgment as a matter of law or for a new trial, CSX filed a motion for the issuance of writs of execution against all defendants. The lawyer defendants opposed such motion. Further, the lawyer defendants filed a notice of appeal and a motion for approval of supersedeas bond and stay of judgment pending the appeal. Defendant Harron did not oppose CSX's motion for the issuance of a writs of execution, but did thereafter file a notice of appeal. This Court granted the lawyer defendants' motion for approval of supersedeas bond and stay of judgment

pending appeal. As such, it denied CSX's motion for writs of execution against the lawyer defendants. However, due to defendant Harron's failure to file a supersedeas bond and motion to stay judgment pending appeal, this Court granted CSX's motion for the issuance of a writ of execution as to defendant Harron.

On November 4, 2013, this Court issued a writ of execution directed to defendant Harron in the amount of the amended judgment, which was served by the United States Marshal on November 25, 2013. On December 2, 2013, defendant Harron filed a response to the writ of execution, wherein he stated that "he cannot pay the $1,287,721.41, because he has no money or assets in the Northern District of West Virginia to pay the judgment." ECF No. 1667. On December 6, 2013, in response to defendant Harron's assertion, CSX filed a motion for appointment of special commissioner to conduct proceedings pursuant to West Virginia Code § 38-5-1 in aid of execution against defendant Harron. CSX specifically requests that United States Magistrate Judge James E. Seibert be appointed to serve as the commissioner.

## II. Discussion

Rule 69(a) of the Federal Rules of Civil Procedure guides this Court in execution procedures generally and in discovery in aid of execution. Chicago Pneumatic Tool Co. v. O.V. Stonestreet, 107 F.R.D. 674 (S.D. W. Va. 1995). Rule 69(a)(1)-(2) of the Federal Rules of Civil Procedure provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies . . . . In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(1). Pursuant to West Virginia Code § 38-5-1, a debtor can be brought before a commissioner in chancery "to answer upon oath such questions as shall be propounded at such time and place by counsel for the execution creditor, or by the commissioner." W. Va. Code § 38-5-1. While the federal court system does not have a commissioner in chancery, 28 U.S.C. § 636 provides, in pertinent part, that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3); Chicago Pneumatic Tool Co., 107 F.R.D. at 676. Accordingly, the magistrate judge may conduct a hearing as described by West Virginia Code § 38-5-1 pursuant to Federal Rule of Civil Procedure 69(a) and may also order the execution debtor to assign personal property to the United States Marshal for the purpose of satisfying a judgment. Id. at 677.

Pursuant to Rule 69, this Court appoints United States Magistrate Judge James E. Seibert to serve as a "commissioner" to conduct a hearing as described by West Virginia Code § 38-5-1. The

Clerk is DIRECTED to issue a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure upon defendant Harron, to appear before Magistrate Judge Seibert on **January 8, 2014 at 1:30 p.m** at the Magistrate Judge's Courtroom on the Fourth Floor of the United States Courthouse, 1125 Chapline Street, Wheeling, West Virginia 26003 to answer upon oath questions propounded by counsel for the plaintiff or by Magistrate Judge Seibert.  In addition, the Clerk is DIRECTED to attach a copy of this order to the subpoena issued to defendant Harron.  Accordingly, pursuant to Federal Rule of Civil Procedure 45, the United States Marshals Service is DIRECTED to serve process.  Any recovery in this action will be subject to an applicable service of process fee assessed by the United States Marshal.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

    DATED:     December 11, 2013

                                      /s/ Frederick P. Stamp, Jr.
                                      FREDERICK P. STAMP, JR.
                                      UNITED STATES DISTRICT JUDGE